Bradley T. Hunsicker (Wyo. Bar 7-4579)
**MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC**
106 East Lincolnway Suite 300
Cheyenne, WY  82001
Telephone: 307-778-8178
bhunsicker@markuswilliams.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POWELL VALLEY HEALTH CARE, INC., | ) | Case No. 16-20326 |
| | ) | |
| Debtor-in-Possession. | ) | |

### DEBTOR'S MOTION FOR AN IMMEDIATE ORDER AUTHORIZING THE DEBTOR TO LIMIT SERVICE OF PLEADINGS AND OTHER NOTICES

Powell Valley Health Care, Inc., the debtor and debtor-in-possession in the above captioned case (the "**Debtor**"), and pursuant to Fed.R.Bankr.P. 2002(m) and Local Rules 2002-1(D) and 2081-2, hereby files its motion (the "**Motion**") and requests that this Court enter an order authorizing the Debtor to limit service of pleadings and other notices as more particularly described in the Motion.  In support of this Motion, the Debtor relies upon the Declaration of Michael L. Long in Support of First Day Motions, which was filed contemporaneously herewith and is incorporated herein by reference (the "**First Day Declaration**").  In further support of this Motion, the Debtor states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are Bankruptcy Code section 105(a), Bankruptcy Rule 2002(m), and Local Rules 2002-1(D) and 2081-2.

## BACKGROUND

3. On May 16, 2016 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Clerk of this Court. The Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

4. To date, no creditors' committee has been appointed in this case.

5. The Debtor is a Wyoming non-profit corporation qualified to do business pursuant to section 501(c)(3) of the United States Internal Revenue Code as a public charity. The Debtor operates a hospital and long term care facility located in Powell, Wyoming. Its mission is to provide healthcare services and education to the greater-Powell, Wyoming community. In fulfilling its mission statement, the Debtor serves a total population of approximately 7,500 people with the highest concentration of the population in Powell, with over 6,000 residents.

6. A description of the background of the Debtor, and the events leading up to the filing of the voluntary petition by the Debtor, is provided in the First Day Declaration.

## RELIEF REQUESTED

7. By this Motion, the Debtor requests entry of an order pursuant to Bankruptcy Code section 105(a), Bankruptcy Rule 2002(m) and Local Rules 2002-1(D) and 2081-2 authorizing the Debtor to limit service of pleadings and other notices.

**BASIS FOR RELIEF**

8.  Pursuant to Local Rule 2002-1(D), a motion to shorten or limit notice under Fed.R.Bankr.P. 2002 may be heard *ex parte*.

9.  Pursuant to Local Rule 2081-2, a Chapter 11 debtor may file a motion to establish a limited notice list.  Such a motion should be considered where the Debtor can sufficiently plead the necessity for a limited notice list.

10. In this instance, the Debtor has over 650 unsecured creditors.

11. The burden and expense associated with serving all pleadings and other notices on all 650 unsecured creditors throughout the life of this Chapter 11 case has the potential to be extremely significant.  In fact, if some form of limited notice cannot be obtained, the Debtor will undoubtedly be forced to retain a claims and noticing agent.  The monies that would be used to pay said expenses would be better served if they could be used to help fund the Debtor's efforts to reorganization (*i.e.*, a plan).

12. Given the heavy burden and expense associated with serving all pleadings and other notices on all creditors, the Debtor requests that it be permitted to limit service of all pleadings and other notices solely to the following entities: (1) the Debtor's prepetition secured lenders; (2) the Debtor's top twenty (20) unsecured creditors; (3) the Tort Claimants (as defined in the First Day Declaration); (4) any committee appointed under § 1102; (5) any counsel to the committee appointed under § 1102; (6) the Office of the United States Trustee; (7) any party against whom relief is sought by the particular

intended action; (8) all priority creditors; and, (9) those who have formally appeared and requested notice. A "Limited Service List" is attached hereto.

13. Similar relief to the relief requested herein has routinely been granted by this Court. *See, e.g., In re Red Eagle Oil, Inc.*, Case No. 11-20857, <u>Order on Debtor's Motion for Order Authorizing Debtor to Limit Service of Pleadings and Other Notices</u> [Doc. 152] (Bankr. D. Wyo. September 12, 2011); *In re U.S. Bentonite Processing*, Case No. 13-20211, <u>Order Authorizing Debtor's Ex Parte Motion for Order Authorizing Debtor to Limit Service of Pleadings and Other Notices</u> [Doc. 34] (Bankr. D. Wyo. March 25, 2013); *In re Western Biomass Energy, LLC*, Case No. 12-21085, <u>Order on Debtor's Motion for Order Authorizing Debtor to Limit Service of Pleadings and Other Notices</u> [Doc. 9] (Bankr. D. Wyo. November 16, 2012).

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an Order immediately authorizing the Debtor to limit service of all pleadings and notices solely to: (1) the Debtor's prepetition secured lenders; (2) the Debtor's top twenty (20) unsecured creditors; (3) the Tort Claimants (as defined in the First Day Declaration); (4) any committee appointed under § 1102; (5) any counsel to the committee appointed under § 1102; (6) the Office of the United States Trustee; (7) any party against whom relief is sought by the particular intended action; (8) all priority creditors; and, (9) those who have formally appeared and requested notice, and such other and further relief as may be just and proper.

Dated: May 16, 2016

        MARKUS WILLIAMS YOUNG AND
ZIMMERMANN LLC

By: /s/ *Bradley T. Hunsicker*
Bradley T. Hunsicker (WY Bar No 7-4579)
106 East Lincolnway Suite 300
Cheyenne, WY 82001
Telephone: 307-778-8178
Facsimile: 307-638-1975
Email: bhunsicker@markuswilliams.com

Proposed Counsel for the Debtor and Debtor-in-Possession