B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## District of Wyoming

In re  **Powell Valley Health Care, Inc.**                                        Case No.  **16-20326**
                                        Debtor(s)                                  Chapter  **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ * |
   | Prior to the filing of this statement I have received | $ 134,593.82 |
   | Balance Due | $ * |

   *See attached engagement letters

2. The source of the compensation paid to me was:

   ■ Debtor    ☐ Other (specify):

3. The source of compensation to be paid to me is:

   ■ Debtor    ☐ Other (specify):

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]

   *See attached engagement letters.

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Preparation of tax returns, the Initial Operating Report, or Monthly Operating Reports.**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **June 6, 2016** | **/s/ Bradley T. Hunsicker WY** |
| *Date* | **Bradley T. Hunsicker WY 7-4579** |
| | *Signature of Attorney* |
| | **Markus Williams Young & Zimmermann LLC** |
| | **106 E. Lincolnway, Suite 300** |
| | **Cheyenne, WY 82001** |
| | **(307) 778-8178   Fax: (307) 778-8953** |
| | **bhunsicker@markuswilliams.com** |
| | *Name of law firm* |

## MARKUS ■ WILLIAMS
### YOUNG & ZIMMERMANN LLC
*Attorneys at Law*
COLORADO • UTAH • WYOMING
106 East Lincolnway • Suite 300 • Cheyenne, WY 82001
307| 778 8178 *ph* • 307| 638 1975 *fx*
www.MarkusWilliams.com

Bradley T. Hunsicker
307 778 8178
bhunsicker@markuswilliams.com

May 9, 2016

**VIA E-MAIL** (todom@PVHC.ORG)

Powell Valley Health Care, Inc.
c/o Terry Odom, CEO
777 Avenue H
Powell, WY 82435

      Re:    Engagement of Markus Williams Young & Zimmermann LLC by Powell Valley Health Care, Inc. (the "Client")

Dear Terry:

      This letter will confirm the terms upon which Markus Williams Young & Zimmermann LLC ("Markus Williams") has agreed to act as legal counsel for Client. We have agreed to act as counsel for Client in connection with the filing of a Chapter 11 bankruptcy petition. Representation shall include: assisting in the production of Client's schedules and statement of financial affairs and other pleadings necessary to file its chapter 11 case; assisting in the preparation of the Client's plan of reorganization and disclosure statement; preparing on behalf of the Client all necessary applications, complaints, answers, motions, orders, and other legal papers; representing the Client in adversary proceedings and contested matters related to the Client's bankruptcy case; providing legal advice with respect to the Client's rights, powers, obligations and duties as chapter 11 debtor-in-possession in the continuing operation of the Client's business and the administration of the estate; and, providing other legal services for the Client as necessary. Representation shall not include preparation of tax returns, the Initial Operating Report, or Monthly Operating Reports.

      Client will be billed for our fees and expenses on a regular monthly basis and billings will be supported by detailed invoices showing the time spent on each matter and the hourly rate applied to each matter. Our firm's bills are due and payable upon receipt. The range of hourly rates for attorneys at our firm is between $295 and $425. Paralegals are billed at the rate of $95 per hour. My hourly rate is currently $295, and I will be the attorney primarily responsible for handling this matter. I anticipate that John Young ($395/hr.) and Jim Markus ($425/hr.) will also assist on your case. Hourly rates are subject to change, review and adjustment by our firm as a matter of firm policy. As

our firm's hourly rates are changed, you will be promptly advised and thereafter billed at those rates. Other attorneys and paralegals within the firm may also perform services for you, as necessary, in the future. In addition to our fees for legal services, Client will be responsible for all costs incurred on its behalf. Typical costs include photocopying, telecopy charges, record searches, computerized research, filing fees and the like. All such costs incurred on Client's behalf will be billed at our actual cost. By execution of this Engagement Letter, Client authorizes us to incur those costs which we deem reasonably necessary to adequately perform the legal services described in this Letter Agreement on Client's behalf.

In connection with our representation of Client, we are to receive payment of a security retainer in the amount of approximately $250,000. Client has agreed that this security retainer is fair, reasonable and necessary given the nature of services to be performed by us. The retainer may be applied to billings on the matters approved by the Bankruptcy Court and any sums remaining in the retainer, if any, not applied to the payment of our fees and costs will be returned to Client at the completion of the representation (unless otherwise directly by the Bankruptcy Court).

We may stop performing legal services for and withdraw from our representation of Client's interests for its failure to pay our bills in full and timely manner or failure to follow any recommendations or advice we may render. Likewise, should any conflict of interest arise in our representation of Client's interests, we may be required to withdraw our representation and Client may need to obtain new counsel. I hope you understand these protections are necessary for our firm in order for our firm to devote the necessary resources to a matter of this type.

During our representation of Client's interests, we may generate, receive or accumulate various documents. Upon Client's request, prior to the closing of our file for this representation, we will forward to Client all important original documents accumulated by us. Within three (3) years after closing the file, all materials in our files (except for important original documents) may be destroyed with or without being electronically stored and without further notice to Client or any other party.

I believe the foregoing accurately sets forth the arrangements for our firm's representation of Client. There are no other representations or promises other than as expressly set forth herein. If this letter meets Client's approval, I would appreciate that Client's authorized representative execute the acknowledgment set forth below and return it to our firm along with the $250,000 retainer. Until and unless we receive this signed Engagement Letter and retainer, we will not be responsible for undertaking any actions on Client's behalf.

Do not hesitate to contact me if you have any questions on this matter.

                Sincerely,

                MARKUS WILLIAMS
                YOUNG & ZIMMERMANN LLC

                Bradley T. Hunsicker


## ACKNOWLEDGMENT

The undersigned has read the above Letter Agreement and acknowledges that it correctly sets forth the arrangement for the retention of Markus Williams Young & Zimmermann LLC for handling the matters set forth above, and hereby agrees to the terms and conditions set forth in the preceding letter on this ___ day of May, 2016.

**CLIENT:**

Powell Valley Health Care, Inc.

By: _/s/ Terry Odom_
TERRY Odom
Title: Chief Executive Officer    5-16-16

**MARKUS WILLIAMS**
YOUNG & ZIMMERMANN LLC
*Attorneys at Law*
COLORADO • UTAH • WYOMING
106 East Lincolnway • Suite 300 • Cheyenne, WY 82001
307 778 8178 *ph* • 307 638 1975 *fx*
www.MarkusWilliams.com

Bradley T. Hunsicker
307 778 8178
bhunsicker@markuswilliams.com

February 16, 2016

**VIA E-MAIL** (tracy@ckattorneys.net)

Powell Valley Health Care, Inc.
c/o Tracy J. Copenhaver
PO Box 839
Powell, WY 82435

Re:    Engagement of Markus Williams Young & Zimmermann LLC by Powell Valley Health Care, Inc. (the "Client")

Dear Tracy:

This letter will confirm the terms upon which Markus Williams Young & Zimmermann LLC ("Markus Williams") has agreed to act as legal counsel for Client. We have agreed to act as counsel for Client in connection with providing strategic alternatives and guidance to address Client's outstanding liabilities. Services shall include, but not be limited to, examining and evaluating Client's existing contracts and leases, assessing Client's liabilities, and generally, reviewing and analyzing Client's financial condition. We anticipate being involved in negotiations with Client's creditors in connection with efforts to reach consensual resolution of matters. At this point, we have not agreed to commence any litigation on Client's behalf, or defend any litigation that has been, or will be, initiated against the Client, and as such, our representation of Client is limited in scope.

Client will be billed for our fees and expenses on a regular monthly basis and billings will be supported by detailed invoices showing the time spent on each matter and the hourly rate applied to each matter. Our firm's bills are due and payable upon receipt. The range of hourly rates for attorneys at our firm is between $295 and $425. Paralegals are billed at the rate of $95 per hour. My hourly rate is currently $295, and I will be the attorney primarily responsible for handling this matter. I anticipate that John Young ($395/hr.) and Jim Markus ($425/hr.) will also assist on the case. Hourly rates are subject to change, review and adjustment by our firm as a matter of firm policy. As our firm's hourly rates are changed, you will be promptly advised and thereafter billed at those rates. Other attorneys and paralegals within the firm may also perform services for you, as necessary, in the future. In addition to our fees for legal services, Client will be responsible for all costs incurred on its behalf. Typical costs include photocopying, telecopy charges, record searches, computerized research, filing fees and the like. All such costs incurred on Client's behalf will be billed at our actual

cost. By execution of this Engagement Letter, Client authorizes us to incur those costs which we deem reasonably necessary to adequately perform the legal services described in this Letter Agreement on Client's behalf.

In connection with our representation of Client, we are to receive payment of a security retainer in the amount of $20,000. Client has agreed that this security retainer is fair, reasonable and necessary given the nature of services to be performed by us. Each month we will apply the retainer to accrued time and Client agrees that it will advance such sums to keep the retainer at $20,000. The retainer will be applied to billings on the matters and any sums remaining in the retainer, if any, not applied to the payment of our fees and costs will be returned to Client at the completion of the representation.

We may stop performing legal services for and withdraw from our representation of Client's interests for its failure to pay our bills in full and timely manner or failure to follow any recommendations or advice we may render. Likewise, should any conflict of interest arise in our representation of Client's interests, we may be required to withdraw our representation and Client may need to obtain new counsel. I hope you understand these protections are necessary for our firm in order for our firm to devote the necessary resources to a matter of this type.

During our representation of Client's interests, we may generate, receive or accumulate various documents. Upon Client's request, prior to the closing of our file for this representation, we will forward to Client all important original documents accumulated by us. Within three (3) years after closing the file, all materials in our files (except for important original documents) may be destroyed with or without being electronically stored and without further notice to Client or any other party.

I believe the foregoing accurately sets forth the arrangements for our firm's representation of Client. There are no other representations or promises other than as expressly set forth herein. If this letter meets Client's approval, I would appreciate that Client's authorized representative execute the acknowledgment set forth below and return it to our firm along with the $20,000 retainer. Until and unless we receive this signed Engagement Letter and retainer, we will not be responsible for undertaking any actions on Client's behalf.

Do not hesitate to contact me if you have any questions on this matter.

Sincerely,

MARKUS WILLIAMS
YOUNG & ZIMMERMANN LLC

Bradley T. Hunsicker

2

## ACKNOWLEDGMENT

The undersigned has read the above Letter Agreement and acknowledges that it correctly sets forth the arrangement for the retention of Markus Williams Young & Zimmermann LLC for handling the matters set forth above, and hereby agrees to the terms and conditions set forth in the preceding letter on this _29_ day of February, 2016.

**CLIENT:**

Powell Valley Health Care, Inc.

By: _[signature]_ CEO 2/29/16
Title:

3