RANDY L. ROYAL (Wyo. Bar 5-1754)
ATTORNEY AT LAW
P.O. BOX 551
GREYBULL, WY 82426
PHONE: 307-765-4433
rlroyal@randylroyalpc.com

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In Re: | ) | |
| POWELL VALLEY HEALTH CARE, INC. | ) | |
| | ) | Case No. 16-20326 |
| | ) | |
| Debtor(s) | ) | |

### RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO ENFORCE SCOPE OF THE AUTOMATIC STAY, OR IN THE ALTERNATIVE, MOTION TO EXTEND AUTOMATIC STAY

Creditors, Nathaniel and Sheena Bates *individually and as the parents and natural guardians of* I.S.B., Jan and Bart Brinkerhoff, Nancy and Earl Crawford, Anthony and Laurie DiPilla, Shannon Eller, Nancy and Larry Heiser, Sheryl and Darin Henderson, Joetta Johnson, Kalan Nicholson, Martha and Richard McMillen, Keela and Brock Meier, Michelle Oliver, Darcy Ronne, Jody and Jerry Sessions, Lynn and Janet Snell, Veronica and William Sommerville, *individually and as the parents and natural guardians of* A.L.S., by and through their counsel, Randy Royal of RANDY ROYAL, P.C., hereby file their Response in Opposition to Debtor's Motion to Enforce Scope of the Automatic Stay, or in the Alternative, Motion to Extend Automatic Stay, and state as follows:

I.    INTRODUCTION

Creditors are the Plaintiffs in sixteen underlying lawsuits[1] arising out of the medical

malpractice of Dr. Jeffrey Hansen and the negligence of Powell Valley Health Care, Inc.

("PVHC"), HealthTech Management Services, Inc. ("HealthTech") and/or William D. Patten.[2]

Creditors strongly oppose PVHC's Motion for an extension of the bankruptcy stay to PVHC's

solvent co-defendants because an extension of the stay would only serve to further delay their

day in court. The Court should decline to consider this Motion because PVHC has not filed an

adversary proceeding. Even if the Court decides to consider this Motion on the merits, the Court

should deny the Motion because (1) Creditors' claims against the solvent co-defendants do not

implicate the property of PVHC's estate; (2) the "unusual circumstances" exception does not

---

[1] The underlying lawsuits are: *Bates v. HealthTech Management Services, Inc., et al.*, Civ. No. 28112 (Wyo. Dist. Ct. 5th Jud. Dist. filed July 28, 2015); *Brinkerhoff v. HealthTech Management Services, Inc., et al.*, Civ. No. 27946 (Wyo. Dist. Ct. 5th Jud. Dist. filed Jan. 20, 2015); *Crawford v. HealthTech Management Services, Inc., et al.*, Civ. No. 28199 (Wyo. Dist. Ct. 5th Jud. Dist. filed Oct. 23, 2015); *DiPilla v. HealthTech Management Services, Inc., et al.*, Civ. No. 27947 (Wyo. Dist. Ct. 5th Jud. Dist. filed Jan. 20, 2015); *Eller v. HealthTech Management Services, Inc., et al.*, Civ. No. 28015 (Wyo. Dist. Ct. 5th Jud. Dist. filed Apr. 8, 2015); *Heiser v. HealthTech Management Services, Inc., et al.*, Civ. No. 28198 (Wyo. Dist. Ct. 5th Jud. Dist. filed Oct. 23, 2015); *Henderson v. HealthTech Management Services, Inc., et al.*, Civ. No. 28134 (Wyo. Dist. Ct. 5th Jud. Dist. filed Aug. 13, 2015); *Johnson v. HealthTech Management Services, Inc., et al.*, Civ. No. 27821 (Wyo. Dist. Ct. 5th Jud. Dist. filed Sept. 29, 2014); *Nicholson v. HealthTech Management Services, Inc., et al.* (Civ. No. 28178 (Wyo. Dist. Ct. 5th Jud. Dist. filed Oct. 6, 2015); *McMillen v. HealthTech, Management Services, Inc., et al.*, Civ. No. 27948 (Wyo. Dist. Ct. 5th Jud. Dist. filed Jan. 20, 2015); *Meier v. HealthTech Management Services, Inc., et al.*, Civ. No. 28084 (Wyo. Dist. Ct. 5th Jud. Dist. filed June 23, 2015); *Oliver v. HealthTech Management Services, Inc., et al.*, Civ. No. 28035 (Wyo. Dist. Ct. 5th Jud. Dist. filed May 4, 2015); *Ronne v. HealthTech Management Services, Inc., et al.*, Civ. No. 28123 (Wyo. Dist. Ct. 5th Jud. Dist. filed Aug. 5, 2015); *Sessions v. HealthTech Management Services, Inc., et al.*, Civ. No. 28090 (Wyo. Dist. Ct. 5th Jud. Dist. filed June 25, 2015); *Snell v. HealthTech Management Services, Inc., et al.*, Civ. No. 27805 (Wyo. Dist. Ct. 5th Jud. Dist. filed Sept. 12, 2014); *Sommerville v. HealthTech Management Services, Inc., et al.*, Civ. No. 27813 (Wyo. Dist. Ct. 5th Jud. Dist. filed Sept. 22, 2014).

[2] Although other tort claimants may have named the Powell Hospital District as a Defendant, the District was not named by these plaintiffs.

justify extending the stay; and (3) PVHC has not carried its burden of showing its entitlement to an extension of the stay under the preliminary injunction standard.

Debtor PVHC operates a hospital in Powell, Wyoming. Dr. Hansen is an orthopedic surgeon who treated patients at PVHC from 2006 until 2013, when Dr. Hansen's privileges were suspended for "patient safety concerns." Exh. A, Ilene Olson, *Powell hospital files for bankruptcy to deal with lawsuits*, POWELL TRIBUNE, May 16, 2016. HealthTech is a hospital management company that contracted with PVHC to manage the hospital. Pursuant to its Management Agreement with PVHC, HealthTech placed one of its employees, Mr. Patten, to serve as the CEO of PVHC. Although HealthTech still manages PVHC, Mr. Patten is no longer the CEO. Creditors' negligence claims against these parties are pending in the Park County District Court and while they are each at different stages of discovery, most of the claims were filed over a year ago. In fact, some of the cases have now been pending for almost two years.

While the nature of the malpractice claims against Dr. Hansen differs, each of the Plaintiffs has also asserted direct negligence claims against PVHC, HealthTech and/or Mr. Patten[3] based on the fact that they ignored credible complaints about Dr. Hansen. For example, Dr. Bradley Mangum, a doctor of chiropractic medicine and a nurse practitioner who worked closely with Dr. Hansen testified[4] that he expressed detailed concerns about Dr. Hansen to Mr. Patten and others. According to Mr. Mangum, in May 2013, he went to Mr. Patten and told him "that I felt like I had moved from a surgery suite into a butcher shop, and that there had been multiple injuries. And I turned it over to the right person and nothing was happening." Exh. B, Mangum Dep. (*Durose*), at 136:4-8. In fact, when Mr. Mangum questioned why the

---

[3] Mr. Patten is not named in the *Sommerville* or *Johnson* cases because he was not the CEO at the time of those surgeries.

[4] Mr. Mangum's testimony came in the case *Durose v. Powell Valley Healthcare, Inc., et al.,* Civ. No. 13-CV-216-S (D.Wyo. dismissed Aug. 3, 2015). That case settled.

administration was not acting on his concerns about Dr. Hansen, he was told by Timothy Seeley, the risk manager of PVHC, "we can't kill the goose that's laying the golden egg until we get another goose." *Id.* at 138:9-11.  Mr. Patten has admitted that he knew Mr. Seeley made this statement. *See* Exh. C, Patten Dep. (*Durose*), at 77.  Dr. Hansen was not suspended until the end of November 2013, roughly eight months after Mr. Mangum began complaining. *See* Exh. B, Mangum Dep. (*Durose*), at 140-141.

By way of illustration of the severity of Creditors' injuries and slow progression of these cases, Veronica "Ronnie" Sommerville was injured on October 11, 2011, when Dr. Hansen negligently performed a bunion surgery, a gastroc lengthening, and an unconsented medial column fusion.  Exh. D, *Sommerville First Amend. Compl.*, at ¶ ¶ 25, 27, 29.  Before this surgery Ms. Sommerville was an avid runner.  Today she endures constant and all-consuming nerve pain, which is so severe that she may have to have her foot amputated. *Id.* at ¶ 42.  Ms. Sommerville filed her case on September 22, 2014.  Depositions were scheduled to begin on May 17, 2016 — but PVHC filed this bankruptcy at the eleventh hour.

Similarly, Martha McMillen saw Dr. Hansen for a partial sprain of her MCL and a medial meniscus tear.  Exh. E*, McMillen First Amend. Compl.,* at ¶ 29.  On July 17, 2012, Dr. Hansen operated to addresses these injuries and intraoperativley expanded the scope of the surgery to include an unconsented lateral release. *Id.* at ¶ 30.  Only three months later, Dr. Hansen hastily recommended a total knee replacement, which he performed on November 13, 2012. *Id.* at ¶ 33.  This was followed by a manipulation of the knee, during which Dr. Hansen negligently fractured Ms. McMillen's distal femur. *Id.* at ¶ 38.  On March 29, 2013, Dr. Hansen operated yet again, this time to repair the fracture and perform a total knee revision. *Id.*  at ¶ 39.  Ms. McMillen filed her case on January 20, 2015.

Like Ms. McMillen and Ms. Sommerville, the other Creditors continue to endure constant physical pain as a result of Dr. Hansen's inexcusable conduct and PVHC, HealthTech and Mr. Patten's refusal to take action when faced with credible concerns.  Many of these people are awaiting relief in the underlying lawsuits in order to have the means to pursue much needed medical treatment.  Further delay is simply not an option for them.

## II.   LEGAL STANDARDS

### A.   Protection of the debtor and the estate's property

The bankruptcy code provides an automatic stay pursuant to 11 U.S.C. §362(a)(1)(staying the "continuation… of a judicial… proceeding against the debtor") and §362(a)(3)(staying any "act to obtain property of the estate…").  11 U.S.C. §362(a).  By its express terms, the automatic stay protects only the debtor, not solvent co-defendants such as HealthTech, Mr. Patten and Dr. Hansen.  *County Nat. Bank v. W & P Trucking, Inc.*, 754 F.2d 881, 883 (10th Cir. 1985)("Section 362(a) automatically stays proceedings against the debtor only and not co-debtors.").  The purpose of the stay is "to permit the debtor to organize his or her affairs without creditor harassment and to allow orderly resolution of the claims." *Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1330 (10th Cir. 1984).  In the words of the Tenth Circuit, "[i]t would make no sense to extend the automatic stay protections to solvent co-defendants.  They don't need it, and at the same time it would work a hardship on plaintiffs by giving unwarranted immunity from suit to solvent co-defendants." *Fortier*, 747 F.2d at 1330; *see Okla. Federated Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 141 (10th Cir. 1994) ("While § 362 extends the stay provisions of the Bankruptcy Code to the 'debtor', the rule followed by this circuit and the general rule in other circuits is that the stay provision does not extend to solvent codefendants of the debtor.")(citing *Fortier,* 747 F.2d at 1330).

Only actions to recover **the estate's property** may be stayed pursuant to §362(a)(3).  The mere fact that a judgment against a solvent co-defendant *may* implicate rights to the debtor's insurance policy does not justify staying claims against solvent co-defendants.  *In re Granite Partners, L.P.*, 194 B.R. 318, 337 (Bankr. S.D.N.Y. 1996)("We are not convinced that an action by a third party to recover a judgment against another third party, whose liability may be covered under an insurance policy that also grants the debtor separate rights, implicates the automatic stay.").

B.    The narrow "unusual circumstances" exception

Some courts have extended the §362(a)(1) stay to solvent co-defendants pursuant to 11 U.S.C. § 105 under the narrow "unusual circumstances" exception.  *See A.H. Robins Co. v. Piccinin,* 799 F.2d 994, 999 (4th Cir. 1986), *cert. denied*, 479 U.S. 876 (1986).  In *Okla. Federated Gold*, the Tenth Circuit stated: "A narrow exception allows a stay to be imposed under section 362(a)(1) against a nonbankrupt party in 'unusual situations'…," but went on to hold that the unusual circumstances doctrine would not apply in that case.  24 F.3d at 141.  In fact, Creditors have been unable to find, and PVHC has not cited, a single case in which the Tenth Circuit permitted an automatic stay to extend to non-debtors.  Moreover, to the extent that PVHC's motion seeks to "enforce the scope" of the §362(a) stay, the Court should note that "although the stay provided by §362(a) is automatic to the debtor, it is not automatic as to others.  Unless the bankruptcy court expressly extends the stay to others, it applies by its literal terms only to the debtor." *Fischer Sand & Gravel Co. v. Western Sur. Co.,* 2009 WL 4099768, at *4 (D.N.M. Oct. 20, 2009).  Thus, the "scope" of the automatic stay is currently limited to the debtor, PVHC, unless and until this Court orders otherwise.

C.    The preliminary injunction standard

Some courts have imposed a stay on claims against solvent co-defendants by issuing a preliminary injunction pursuant to §105, which provides "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provision of this title."  11 U.S.C. § 105.  "Although the language of Section 105 is broad, **relief under this section is 'extraordinary.'**"  Exh. F, *In re Medical Management Group, Inc.*, No. 01-14494-WV, 2003 WL 21487310, at *6 (B.A.P. 10th Cir. June 27, 2003) (quoting *In re Arrow Huss,* 51 B.R. 853, 857 (Bankr. D. Utah 1985))(emphasis added).  The Tenth Circuit applies the general principles that govern injunctions in determining whether to extend the scope of the bankruptcy stay to solvent co-defendants and it is the burden of the party seeking extension of the stay to prove:

> (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) [that] the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest.

*Id.* (quoting *Greater Yellowstone Coalition v. Flowers,* 321 F.3d 1250, 1255 (10th Cir. 2003)).  "The pivotal question is whether the ***debtor*** will suffer irreparable harm if the proceedings against the nondebtor go forward."  *Id.* (emphasis in original).

    D.    <u>The adversary proceeding requirement</u>

Finally, pursuant to the Federal Rules of Bankruptcy Procedure, Rule 7001, "a proceeding to obtain an injunction or other equitable relief" is an adversary proceeding.  Fed. R. Bankrupt. P. 7001(7).  In order to properly invoke the jurisdiction of the bankruptcy court — PVHC was required to file an adversary proceeding.  Exh. G, *In re Red Eagle Oil, Inc.*, No. 11-20957, *8 (Bankr. D. Wyo. Oct. 17, 2011) (holding that a motion for an injunction pursuant to §105 was not properly before the bankruptcy court where the debtor failed to file an adversary proceeding)(citing *In re Riding*, 44 B.R. 846 (Bankr. D. Utah 1984)).

III.    ARGUMENT

PVHC argues that the bankruptcy stay should be extended to Creditors' claims against HealthTech, Dr. Hansen, and Mr. Patten pursuant to §362(a)(3), §362(a)(1) and §105 — but PVHC has not carried its burden of persuasion.  As a preliminary matter, the Court should not consider this Motion because PVHC failed to file an adversary proceeding.  Assuming, however, that the Court reaches the merits of PVHC's arguments, the Court should deny this Motion because an extension of the stay is not warranted under §362(a) or §105.

A.    <u>The Court should refuse to consider this Motion because PVHC has not filed an adversary proceeding</u>

The Court should refuse to consider PVHC's motion because Rule 7001 requires a request for a preliminary injunction to be brought as an adversary proceeding, not by motion. Exh. F, *In re Medical Management Group, Inc.*, No. 01-14494-WV, 2003 WL 21487310, at *7 (B.A.P. 10th Cir. June 27, 2003) (holding that "presumably" a §105(a) injunction could only be granted in an adversary proceeding); *see* Exh. G, *In re Red Eagle Oil, Inc.*, No. 11-20957, *8 (Bankr. D.Wyo. Oct. 17, 2011) ("[T]he court finds that the Debtor's motion is improperly before this court."); *In re Bryant*, 296 B.R. 516, 520 (Bankr. D. Colo. 2003)("Tenth Circuit has concluded that it is not appropriate to consider *reimposition* of the automatic stay under 11 U.S.C § 105 as a contested matter"); *In re Nieves*, 290 B.R. 370, 380 (Bankr. C.D. Cal. 2003)("Because the UST has sought injunctive relief by motion rather than adversary proceedings, the matter is not properly before the court and is denied without prejudice.").  As the United States Court for the District of Colorado explained:

> Civil actions, generally, and adversary proceedings, specifically, have certain perquisites. They are commenced by the filing of a complaint, which must be personally served upon the defendant with a summons in order to create personal jurisdiction. Fed.R.Civ.P. 3 & 4; Fed. R. Bank. P. 7003 & 7004. The complaint must set forth a jurisdictional statement, a short and plain statement of the claim or claims, and a demand for judgment. Fed.R.Civ.P. 8; Fed. R. Bank. P. 7008.

The defendant has an opportunity to file an answer or otherwise respond. Fed.R.Civ.P. 12; Fed. R. Bank. P. 7012. The litigants may engage in discovery. Fed.R.Civ.P. 16, 26–36; Fed. R. Bank. P. 7016, 7026–7036.

*Fulton v. McVay*, 318 B.R. 546, 553 (Bankr. D. Colo. 2004).  Because PVHC has failed to comply with these requirements — this Court has no jurisdiction to consider the pending motion.

PVHC's request for extension of the automatic stay under §362(a), although phrased as a request to enforce the scope of the automatic stay, is also a request for injunctive relief under §105.  As one court explained: "Even where unusual circumstances exist, extension of the stay to nonbankrupt parties is not automatic and must be requested affirmatively by the debtor.  A request for such an extension must be made by adversary proceeding."  *In re Richard B. Vance & Co.*, 289 B.R. 692, 697 (Bankr. C.D. Ill. 2003); *see In re Lengacher,* 485 B.R. 380, 384-85 (Bankr. N.D. Ind. 2012) ("Extending the automatic stay is actually a request for an injunction and Rule 7001(7) of the Federal Rules of Bankruptcy Procedure requires and adversary proceeding to obtain that kind of relief.").  The Court may conclude its analysis here, and deny this Motion.

    B.    <u>If the Court decides to consider the merits, PVHC's motion should be denied in so far as it seeks to expand the scope of the stay under §362(a)</u>

    1.    **The extension of the stay is not warranted to protect PVHC's property pursuant to §362(a)(3)**

PVHC first argues that the stay should be extended to the solvent co-defendants pursuant to §362(a)(3) because HealthTech, Mr. Patten and Dr. Hansen are named as additional insured on PVHC's general liability polices and actions against these Defendants could deplete the insurance policy.  *Debtor's Motion*, at 5.  Under §362(a)(3), the automatic stay applies narrowly to "**an act to obtain possession** or **property of the estate**…or to exercise control over **property of the estate**." 11 U.S.C. § 362(a)(3)(emphasis added).  "Property" includes "all legal or

equitable interests of the debtor in property as of the commencement of the [Bankruptcy] case."

11 U.S.C. §541(a)(1).

First, this is not an act to obtain property of the estate.  Unlike the single case relied on by

PVHC, Creditors are not seeking to enforce rights under an insurance policy — that can only

happen after they have received judgments against HealthTech, Dr. Hansen and/or Mr. Patten.

As the court held in *Duval v. Gleason:*

> The present case, however, involves no such "direct action" against property of the estate.  **Rather, the present action seeks to determine the liability of individual defendants in the allegedly fraudulent marketing and selling of limited partnerships. Only if such liability attaches will there arise the separate issue of whether any insurance policy proceeds are available to satisfy claims on the basis of indemnity**…. Thus, at this point in the litigation, interest in the debtor's insurance policy proceeds seems premature. Clearly enforcement of any judgment awarded in the present action which entailed an action against the Equitec debtors' property, including the insurance policy, would fall within the reach of § 362. However, this Court does not find such future concerns to have a sufficient, direct impact on the present proceedings to compel that they be stayed.

*Duval v. Gleason*, No. C-90-0242-DLJ, 1990 WL 261364, at *6 (N.D. Cal. Oct. 19,

1990)(emphasis added); *see In re Granite Partners, L.P.*, 194 B.R. 318, 337 (Bankr. S.D.N.Y.

1996)("[T]he mere threat to the policy does not implicate the automatic stay…").

In fact, there is little chance that a judgment against HealthTech, Dr. Hansen, and/or Mr.

Patten would be paid under the insurance policies at this time, given that PVHC's insurance

carriers have denied coverage in each of the creditors' underlying tort claims.  The coverage

claims were being litigated in the United State Court for the District of Wyoming but that case

has been stayed pending further notice from this Court.  *See Homeland Insurance Company of*

*New York v. Powell Hospital District et. al.*, No. 15-CV-31 J (D. Wyo. filed Feb. 27, 2015) .  To

the extent that this Court is concerned about protecting the insurance policy, these concerns are

more efficiently addressed in the context of the insurance case, such as by extending the stay in

that case.

Second, PVHC has not demonstrated that the proceeds of its liability policies constitute property of the estate.  PVHC simply states that it has "several insurance polices…the proceeds of which are property of the estate."  *Debtor's Motion*, at ¶11.  But PVHC has the burden of showing "that the insurer was liable to the debtors pre-petition under the policy at issue in order for any proceeds to possibly be property of the estate."  *In re White*, 148 B.R. 330, 332 (W.D. Okla. 1992) & *id*. ("If the policy is one for liability, the insurer becomes liable when liability attached to the insured.").  Likewise, "when a policy provides the debtor with indemnification coverage but indemnification either has not occurred, is hypothetical, or speculative, the proceeds are not property of the bankruptcy estate."  *In re MF Global Holdings Ltd.*, 515 B.R. 193, 203 (Bankr. S.D.N.Y. 2014)(internal quotations omitted).  PVHC has not discussed any of the details of its insurance policies or explained why it believes that the proceeds of these policies qualify as property of the estate.

2.      **The "unusual circumstances" exception does not justify extending the stay under §362(a)(1)**

PVHC next argues that the stay should be extended pursuant to 11 U.S.C. §362(a)(1), which applies to "the commencement or continuation ... of a judicial ... proceeding **against the debtor**."  *See* 11 U.S.C. § 362(a)(1)(emphasis added).  The Tenth Circuit has been clear that §362(a) does not extend to solvent co-defendants.  The only exception is the narrow "unusual circumstances" doctrine — whereby the Debtor must demonstrate that "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor."  *Blodgett*, 24 F.3d at 141.  PVHC has not demonstrated a compelling "identity" between itself and Dr. Hansen, HealthTech and Mr. Patten to meet the unusual circumstances test.

PVHC first argues that any judgment in the underlying cases against Dr. Hansen would be "automatically imputed on PVHC under the doctrine of respondeat superior." *Debtor's Motion*, at ¶ 17; *see In re Crazy Eddie Securities Litigation*, 104 B.R. 582, 583 (Bankr. E.D.N.Y. 1989)("[W]here the debtor and another are joint tortfeasors or where the nondebtor's liability rests upon his own breach of duty, an automatic stay would clearly not extend to such nondebtor.")(internal quotations omitted).   PVHC makes the related argument that the non-debtor defendants are only secondarily liable to PVHC/ Dr. Hansen. *Debtor's Motion*, at ¶ 19. Both of these arguments assume that PVHC would be bound if Dr. Hansen was found to be negligent in the pending state court litigation because PVHC is vicariously liable for Dr. Hansen's conduct. *But see Day v. Davis,* 951 P.2d 378, 381 (Wyo. 1997)(holding an employee was not bound by a consent judgment against his employer for vicarious liability which was entered in a case to which the employee was not a party).[5]

PVHC's assumptions contradict Wyoming law, which holds that PVHC most likely would not be bound by findings against Dr. Hansen, HealthTech, or Mr. Patten in cases to which it is not a party.   The Wyoming Supreme Court has held "that an employer and an employee are not in privity for the purpose of applying the rules of res judicata or collateral estoppel with respect to tort liability." *Day v. Davidson*, 951 P.2d 378, 381 (Wyo. 1997).   In other words, even if Dr. Hansen, HealthTech, and Mr. Patten are found to be negligent in the pending litigation, PVHC will not be bound by that determination if it is not a party to the litigation.

---

[5] As an aside, it is unclear whether PVHC is still even contesting its liability in the underlying suits.  On May 25, 2016, PVHC's attorney Bradley Hunsicker conceded, "we do recognize that these tort claimants have legitimate claims and that they need to be paid" and "we don't believe that that the tort claimants should have to continue to litigate these matters any further." Document 70 (audio file of May 25, 2016 hearing), at 8:33.  Since PVHC appears to have conceded liability in the underlying cases, its arguments about being found vicariously liable are moot.

In fact, a judgment against the solvent co-defendants in the current litigation could actually protect PVHC from future claims based on vicarious liability. In *Day v. Davidson*, the plaintiff filed an action against an employer based solely on its vicarious liability for the acts of an employee. 951 P.2d at 379. After accepting a consent judgment from the employer for vicarious liability, the plaintiff brought a claim against the employee based on the same acts of negligence. *Id.* The Wyoming Supreme Court held that although the claims against the employer were not limited by the doctrines of res judicata or collateral estoppel, the employee should be credited with the amount of any judgment recovered from the employer for the same damages. *Id.* at 381. This left nothing to be recovered in the second suit. *Id.* at 382.

Creditors also have direct negligence claims against PVHC based on PVHC's negligent hiring, supervision, and credentialing of PVHC. These claims will not be litigated if the state court actions proceed against Dr. Hansen, HealthTech and Mr. Patten.

Second, PVHC argues that the stay should be extended to the co-defendants because HealthTech, Mr. Patten and Dr. Hansen may assert claims for indemnity against PVHC. *Debtor's Motion,* at ¶ 18. However, no claims for indemnity have been asserted to date. The mere fact that HealthTech "simply may seek indemnification" at an unknown date does not support extending the stay under § 362(a)(1). *In re W. Real Estate Fund, Inc.*, 922 F.2d 592, 599 (10th Cir. 1990), *modified sub nom. Abel v. W.*, 932 F.2d 898 (10th Cir. 1991).

In addition, HealthTech, Mr. Patten, and Dr. Hansen's rights to indemnity are far from absolute. For example, it is unclear whether PVHC and HealthTech's indemnity provision even applies to the claims that Creditors have made against PVHC, as the agreement explicitly does not apply if HealthTech and Mr. Patten were grossly negligent. *Ni Fuel Co., Inc. v. Jackson,* 257 B.R. 600, 616 (Bankr. N.D. Okla. 2000) (holding that a claim for indemnity was not absolute

where claims for gross negligence or willful conduct were excepted from the indemnity agreement). The merits of any indemnity claim will not be determined in the state court actions except to the extent that HealthTech and Mr. Patten might be found grossly negligent. *Forcine Concrete & Construction Co., Inc. v. Manning Equipment Sales & Services, et al.,* 426 B.R. 520, 525 (Bankr. E.D. Penn. 2012)("Because there is no indication that such obligations would be 'absolute' in this case, the prospect of indemnification does not provide the 'unusual circumstances' required… to extend the automatic stay to non-debtor parties."); *Ni Fuel Co., Inc.,* 257 B.R. at 616 ("The state court action would only determine liability and damages on the claims before the state court. Whether or not a claim for indemnity can be brought against the bankrupt debtors is a decision left for the bankruptcy court.").

Finally, PVHC argues that if the underlying lawsuits are not stayed as to the solvent co-defendants, "the ability of PVHC to pursue a successful plan of reorganization under Chapter 11 will suffer…." *Debtor's Motion,* at ¶ 20. Apparently, PVHC believes that it will be distracted from creating a reorganization plan because it will have to devote time to the ongoing lawsuits. PVHC has not explained this argument. As set forth above, to the extent that the lawsuits proceed against the underlying defendants, PVHC will not be bound by any judgment. PVHC will therefore not be required to devote any resources to defending those actions. *See* Exh. G, *In re Red Eagle, Inc.,* at *7 (the stress of pending litigation on individual officers does not justify extending the bankruptcy stay). PVHC's related argument, that unless the automatic stay is extended some creditors will be paid in full and others will be left with no recovery, is also unpersuasive and illogical. Again, PVHC overlooks the fact that Creditors' claims against the solvent co-defendants are not seeking assets from the estate.

B.       PVHC has not carried its burden of demonstrating that the stay should be extended under § 105(a)

Finally, PVHC has effectively asked the court to grant a preliminary injunction pursuant to 11 U.S.C. §105(a) to enhance the prospects of successful reorganization. *Debtor's Motion*, at ¶ 21. PVHC has not shown entitlement to this "extraordinary" relief. Exh. F, *In re Medical Management Group, Inc.*, at * 6. Assuming the Court is inclined to hear this argument even though PVHC has failed to file an adversary proceeding as required by the Bankruptcy Rules, the Court should hold that the facts do not weigh in favor of an injunction. *See id*. at *7 (explaining that in order to make the finding necessary to support a §105 injunction, the debtor would be required to present evidence, which could only be done in an adversary proceeding). PVHC has not carried its heavy burden to demonstrate that it is entitled to injunctive relief.

**No substantial likelihood of prevailing on the merits.** PVHC has addressed this requirement in a single sentence: "First, given the significant amount of revenue generated by PVHC, PVHC is a promising candidate for a successful reorganization." *Debtor's Motion*, at ¶ 22. The likelihood of reorganization turns on much more than PVHC's self-serving assertions. PVHC has not even supported its argument with any description of what a reorganization plan might look like or why this plan would be at all impacted if Creditors continue to pursue their claims against the solvent co-defendants.

**No showing of irreparable harm unless the injunction is issued**. As the court said in *In re Arrow,* "The movant must make out a clear showing of hardship and adverse impact on the reorganization case if there is even a fair possibility that the stay will prejudice an adverse party." *See* 51 B.R. at 859 ("It is therefore not surprising that injunctions to protect nondebtor co-obligors are seldom granted by this Court.")(internal citations omitted). PVHC's only argument in support of "irreparable harm" absent injunctive relief is that PVHC's officers might be distracted by having to defend the lawsuits. This is insufficient. *See* Exh. G, *In re Red Eagle,*

*Inc.,* at * 7 (holding that the stress of pending litigation on individual officers working to reorganize the debtor did not justify extending the bankruptcy stay); *In re Trans-Service Logistics, Inc.*, 304 B.R. 805, 808 (Bankr. S.D. Ohio 2004)("With appropriate scheduling and cooperation of counsel, discovery could be completed in a manner to minimize impact upon the Debtor's business operations."). PVHC would not be required to defend the underlying lawsuits, which would go forward only as to the claims against solvent co-defendants. The merits of Creditors' claims against PVHC would not be litigated in these suits. In fact, as discussed above, any judgment obtained against Dr. Hansen might actually protect PVHC from claims based on PVHC's vicarious liability for the same conduct. HealthTech and Mr. Patten might also be found grossly negligent, thereby eliminating the possibility of a claim for indemnification by HealthTech and Mr. Patten against PVHC.

**Threatened injury does not outweigh the harm that the preliminary injunction may cause the opposing party**. PVHC has completely overlooked the toll that an injunction would take on the Creditors, some of whom filed their cases almost two years ago. Instead, PVHC has merely asserted that the stay is necessary to assist it in its reorganization effort. But "[t]he power to prevent creditors from proceeding against nondebtors must only be used in extraordinary cases, and not simply to 'assist' the debtor in reorganizing or to relieve general 'pressure' on the debtor." *In re Arrow Huss,* 51 B.R. at 858.

**The injunction will adversely affect the public interest**. Finally, this injunction will adversely affect public interest by frustrating the ability of patients to recover when physicians injure them. Staying Creditors' claims against Dr. Hansen, HealthTech and Mr. Patten will only delay the opportunity for Creditors to recover for their injuries and their access to the medical

treatment that many desperately require.  PVHC cannot be allowed to prioritize its financial health over Creditors' continued pain and suffering.

IV.    CONCLUSION

For the reasons set forth above, Creditors respectfully request that this Court refuse to consider this Motion, as it was improperly presented.  If the Court is inclined to consider this Motion, it should deny this Motion on its merits.

DATED:        June 9, 2016

/s/ Randy L. Royal, Attorney at Law

**CERTIFICATE OF SERVICE**

I, Randy L. Royal, do hereby certify that a copy of the **RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO ENFORCE SCOPE OF THE AUTOMATIC STAY, OR IN THE ALTERNATIVE, MOTION TO EXTEND AUTOMATIC STAY** was served on the following parties on June 9, 2016 as indicated below as well as the attached mailing list.  The electronic notice will be done by the U.S. Bankruptcy Clerk.

<u>Via: United States Mail:</u>
Donald D. Allen
Markus Williams Young & Zimmermann, LLC
1700 Lincoln Street Suite 4550
Denver, CO 80203

Julie Nye Tiedeken
McKellar, Tiedeken & Scoggin, LLC
702 Randall Avenue
P.O. Box 748
Cheyenne, WY 82003

Stryker Medical, a Division of Stryker Corporation
c/o Lori L. Purkey, Esq.
Purkey & Associates, P.L.C.
5050 Cascade Road, SE, Suite A
Grand Rapids, MI 49546

Chris C. Voigt
Crowley and Fleck, PLLP
P.O. Box 10700
Billings, MT 59103-2529
Attorney for Defendant Jeffrey Hansen, M.D.

Paul Kapp
George E. Powers, Jr.
Sundahl, Powers, Kapp & Martin, LLC
1725 Carey Avenue
P.O. Box 328
Cheyenne, Wyoming 82003
Attorneys for Defendant HealthTech
and William D. Patten

Judith Struder
Schwartz, Bon, Walker & Studer, LLC
141 South Center Street, Suite 500
Casper, Wyoming 82601
Attorney for Plaintiff Homeland
Insurance Company of New York

Charles E. Spevacek
Tiffany M. Brown
Meagher & Geer, PLLP
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
Attorneys for Plaintiff Homeland
Insurance Company of New York

Joanna R. Vilos
Holland and Hart LLP
P.O. Box 1347
Cheyenne, Wyoming 82003-1347
Attorney for Defendants HealthTech
Management Services, Inc. and
William D. Patten

Jose A. Ramirez
Holland and Hart LLP
8390 E. Crescent Parkway, Suite 400
Greenwood Village, Colorado 80111
Attorney for Defendants HealthTech
Management Services, Inc. and
William D. Patten

Julie Nye Tiedeken
McKellar, Tiedeken & Scoggin, LLC
P.O. Box 748
Cheyenne, Wyoming 82003-0748
Attorney for CounterClaim Defendant
UMIA Insurance, Inc.

John F. Sands
Sweetbaum Sands Anderson PC
1125 Seventeenth Street, Suite 2100
Denver, Colorado 80202
Attorney for CounterClaim Defendant
UMIA Insurance, Inc.

R. Jeff Carlisle
Catherine A. Naltsas
Farah Naz A. Namvar
Lynberg & Watkins, APC
888 South Figueroa Street, 16th Floor
Los Angeles, California 90012
Attorneys for Lexington Insurance
Company

Deborah M. Kellam
Hall & Evans, LLC
2015 Central Avenue, Suite C
Cheyenne, Wyoming 82001
Attorney for Lexington Insurance Company

W. Henry Combs, III
Andrew Sears
Murane & Bostwick, LLC
201 North Wolcott Street
Casper, Wyoming 82601
Attorneys for Defendant Jeffrey Hansen,
M.D.

Scott E. Ortiz
Brian J. Marvel
Williams Porter Day & Neville, P.C.
P.O. Box 10700
Casper, WY 82602
Attorneys for Pre-Petition Debtor

Via: Electronic Notice:
Greg C. Dyekman
Timothy L. Woznick
Bradley T. Hunsicker
Jennifer M. Salisbury
John F. Young
Daniel J. Morse, Assistant UST
Alan Motes, UST, Region 19

                                        /s/ Randy L. Royal, Attorney at Law

# MAILING MATRIX

| 20 Largest Unsecured Creditors | |
|---|---|
| McKesson Corp Bank of America<br>Lock Box LAC-057256 2706<br>Media Center Dr<br>Los Angeles, CA 90065 | COMPHEALTH<br>P.O. Box 972651<br>Dallas, TX 75397-2651 |

| | |
|---|---|
| MRI CONTRACT STAFFING, INC.<br>10 Penn Center 14th<br>FI-MRI CS TREA<br>Philadelphia, PA 19103 | Vista Staffing Solutions, Inc.<br>#50834<br>File 50834<br>Los Angeles, CA 90074-0834 |
| Command Health<br>PO Box 844797<br>Dallas, TX 75284-4797 | WEATHERBY LOCUMS, INC.<br>PO Box 972633<br>Dallas, TX 75397-2633 |
| ENTECH<br>7300 West Detroit Street<br>Chandler, AZ 85226 | SYSCO FOOD SERVICES<br>PO Box 31198<br>Billings, MT 59107-1198 |
| OWENS & MINOR<br>PO Box 841420<br>Dallas, TX 75284-1420 | Toshiba Am Med Sys, Inc.<br>PO Box 91605<br>Chicago, IL 60693 |
| AIRGAS USA, LLC<br>P.O. Box 676015<br>Dallas, TX 75267-6015 | FUSION HEALTHCARE STAFFING<br>PO Box 1865<br>Sandy, UT 84091 |
| PHILIPS HC INFORMATICS<br>PO Box 403831<br>Atlanta, GA 30384-3831 | They Improv, LLC<br>17275 Collins Ave, #401<br>North Miami Beach, FL 33160 |
| West Park Hospital<br>ATTN: MELISSA WASSINK<br>707 Sheridan Avenue<br>Cody, WY 82414 | SIEMANS HLTHCR DIAG, INC.<br>PO Box 121102<br>Dallas, TX 75312-1102 |
| HEALTH TECH MGMNT (HTMS)<br>5110 Maryland Way Suite 200<br>Brentwood, TN 37027 | NOVA BIOMEDICAL CORPORATION<br>PO Box 983115<br>Boston, MA 02298-3115 |
| Epiphany Healthcare Data Mgmt LLC<br>3000 E Boundry Terrace, Suite 2<br>Midlothian, VA 23112 | Powell Electric<br>PO Box 151<br>Powell, WY 82435 |
| Personal Injury Tort Claimants 1-25<br>c/o Their counsel identified below | |

| **Tort Claimants** | |
|---|---|
| Spence Law Firm, LLC<br>Attn: Robert Krause<br>P.O. Box 548 or 15 South Jackson St.<br>Jackson , WY 83001 | Burg, Simpson, Kepler & Edwards<br>Attn: William L. Simpson<br>1135 14th St.<br>Cody WY 82414 |
| Moyers Law, P.C.<br>Attn: Jon M. Moyers<br>490 N 31st St, Suite 101<br>Billings, MT 59101 | Hallman Hunt & Mickelson, P.C.<br>Attn: Georgia Antley Hunt<br>PO Box 469<br>Greybull, WY 82426 |
| William R. Fix<br>350 E Broadway,<br>PO Box 297<br>Jackson 83001 | Wind River Law Center<br>Attn: Cynthia Van Fleet<br>202 S 6th St E,<br>Riverton, WY 82501 |
| The Law Offices of Collin Hopkins, P.C.<br>Attn: Collin C. Hopkins<br>705 E. Washington Ave.<br>Riverton, WY 82501 | |

| **Secured Creditor** |
|---|
| First Bank of Wyoming |
| 245 East 1st |
| PO Box 907 |
| Powell, WY  82435 |