Bradley T. Hunsicker (Wyo. Bar 7-4579)
**MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC**
106 East Lincolnway Suite 300
Cheyenne, WY  82001
Telephone: 307-778-8178
bhunsicker@markuswilliams.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POWELL VALLEY HEALTH CARE, INC., | ) | Case No. 16-20326 |
| | ) | |
| Debtor-in-Possession. | ) | |

## MOTION FOR APPROVAL OF MONTHLY FEE APPLICATIONS

Powell Valley Health Care, Inc. ("PVHC" or, the "Debtor"), by its undersigned counsel, Markus Williams Young & Zimmermann LLC ("MWYZ"), and pursuant to sections 328, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby submits its *Motion for Approval of Monthly Fee Applications* (the "Motion"), and in support of this Motion, states as follows:

### I.   PROCEDURAL BACKGROUND

1. On May 16, 2016 (the "Petition Date"), PVHC filed with this Court a voluntary petition (the "Petition") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-captioned bankruptcy case (the "Bankruptcy Case" or the "Chapter 11 Case").  PVHC is authorized to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No creditors' committee has been appointed in this

case by the Office of the United States Trustee, nor has any trustee or examiner been requested or appointed.

2. On the Petition Date, PVHC filed its *Application for Order Approving Employment of Markus Williams Young & Zimmermann LLC as Counsel for Debtor-in-Possession Nunc Pro Tunc to the Petition Date and Approving Security Retainer* (the "MWYZ Retention Application").

3. On June 8, 2016, the MWYZ Retention Application was approved by this Court.

## II. RELIEF REQUESTED

4. PVHC wishes to establish a reasonable procedure which would permit MWYZ, and any other professional employed by PVHC in the event that the requisite Court authorization is granted (individually, a "Professional", and collectively with MWYZ, the "Professionals"), to request allowance and payment of their respective fees and expenses on a monthly basis.

5. PVHC requests the Court's permission for Professionals to seek interim compensation on a basis as frequently as monthly with the following procedure:

   a. Professionals shall file interim applications (the "Application") on a monthly, or less frequently as desired by the Professional, basis. The Application shall include an itemized statement of services rendered and generally meet the requirements of Local Bankruptcy Rule 2016-1(B) and (D).

    b. The Application shall be served on PVHC at its corporate office, and those parties (the "Notice Parties") listed in the Court's *Order Granting Debtor's Motion for an Immediate Order Authorizing the Debtor to Limit Service of Pleadings and Other Notices* [Doc. 72] entered herein on May 26, 2016.

    c. Professionals shall issue a form of notice affording the Notice Parties twenty-four (24) days within which to file a formal objection.

    d. If a formal objection is filed, the Court will set the matter for a hearing.

    e. If no formal objections are filed, the Professional shall submit a certificate of non-contested matter and a form of order authorizing compensation.

    f. If the Court has any questions about any application, it may withhold approval of all or any portion of the requested fees. Any portion of the requested fees on which Court approval is withheld will be reconsidered through the Professional's final application.

    g. Upon entry of an order authorizing payment, PVHC shall be authorized to pay (or direct the Professional to apply any retainer held by the Professional for payment) the amount of the fees and expenses so allowed.

### III.  AUTHORITY

6. 11 U.S.C. § 331 permits a professional person employed under 11 U.S.C. § 327 of the Bankruptcy Code to apply to the Court no more than once every 120 days after an order for relief in a case under this title, or more often if the Court permits, for compensation for services rendered before the date of such an application or

reimbursement for expenses incurred before such date as is provided under 11 U.S.C. § 330.

7. PVHC believes that such procedures are necessary in light of the complexity of its affairs and the expected extent of the work in this case.

8. Notice of this Motion has been provided to the Notice Parties.

9. Similar relief has been granted by this Court. *See In re U.S. Bentonite Processing, Inc.*, Order Granting in Part and Denying in Part, the Motion for Approval of Monthly Fee Applications [Doc. 205] (Bankr. D. Wyo. June 17, 2013).

10. PVHC has conferred with the United States Trustee and PVHC believes that the United States Trustee has no objection to the relief requested herein.

## IV. CONCLUSION

WHEREFORE, PVHC respectfully requests that the Court enter an order, substantially in the form of the proposed order attached hereto as Exhibit A, allowing each Professional to request allowance of its fees and expenses on a monthly basis as set forth above, and for such other and further relief as the Court may deem just and proper under the circumstances.

Dated: June 10, 2016.
Cheyenne, Wyoming

**MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC**

By: /s/ Bradley T. Hunsicker
Bradley T. Hunsicker (WY Bar No 7-4579)
106 East Lincolnway Suite 300

        Cheyenne, WY 82001
        Telephone: 307-778-8178
        Facsimile: 307-638-1975
        Email: bhunsicker@markuswilliams.com

        Counsel for the Debtor and Debtor-in-Possession

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 10, 2016, a copy of the foregoing was served via U.S. Mail, postage prepaid, upon **The Office of the United States Trustee** and those parties as stated on the matrix attached hereto.

        *s/Jenny F. Tokuoka*
        Jenny F. Tokuoka