Bradley T. Hunsicker (Wyo. Bar 7-4579)
**MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC**
106 East Lincolnway Suite 300
Cheyenne, WY 82001
Telephone: 307-778-8178
bhunsicker@markuswilliams.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POWELL VALLEY HEALTH CARE, INC., | ) | Case No. 16-20326 |
| | ) | |
| Debtor-in-Possession. | ) | |

## MOTION TO ESTABLISH INTERIM COMPENSATION PROCEDURES

Powell Valley Health Care, Inc. ("PVHC" or, the "Debtor"), by its undersigned counsel, Markus Williams Young & Zimmermann LLC ("MWYZ"), and pursuant to sections 105, 327, 328, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby submits its *Motion to Establish Interim Compensation Procedures* (the "Motion"), and in support of this Motion, states as follows:

### I.     PROCEDURAL BACKGROUND

1. On May 16, 2016 (the "Petition Date"), PVHC filed with this Court a voluntary petition (the "Petition") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-captioned bankruptcy case (the "Bankruptcy Case" or the "Chapter 11 Case"). PVHC is authorized to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No creditors' committee has been appointed in this

case by the Office of the United States Trustee, nor has any trustee or examiner been requested or appointed.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. On the Petition Date, PVHC filed its *Application for Order Approving Employment of Markus Williams Young & Zimmermann LLC as Counsel for Debtor-in-Possession Nunc Pro Tunc to the Petition Date and Approving Security Retainer* (the "MWYZ Retention Application").

4. On June 8, 2016, the MWYZ Retention Application was approved by this Court.

## II. RELIEF REQUESTED

5. PVHC wishes to establish the following procedure which would permit MWYZ to request interim allowance and payment of its respective fees and expenses on a monthly basis:

   a. Within 14 days of the end of each calendar month, MWYZ may submit monthly billing statements describing the services provided and the fees and expenses incurred during the previous calendar month (each, a "Monthly Billing Statement") to: (i) PVHC; and, (ii) those parties indicated in this Court's *Order Granting Debtor's Motion for an Immediate Order Authorizing the Debtor to Limit Service of Pleadings and Other Notices* [Doc. 72] (collectively, with PVHC, the "Notice Parties");

b. Each Monthly Billing Statement must contain a list of the individuals and their respective titles (*e.g.*, attorney, paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the expenses incurred (no professional should seek reimbursement of an expense which would otherwise not be allowed pursuant to the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under Bankruptcy Code § 330 dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour;

c. Each Notice Party receiving a Monthly Billing Statement shall have 14 days from delivery of the Monthly Billing Statement within which to review advise MWYZ, together with the Notice Parties, of any objections to amounts over and above the 25% holdback (the "Holdback") that it believes also should be reserved (the "Informal Notice"). If no Informal Notices are submitted, then upon expiration of the 14 day objection period, PVHC shall be authorized to pay MWYZ 75% of the requested fees and 100% of the requested expense reimbursements as set forth in the applicable Monthly Billing Statement;

d. MWYZ and the party submitting an Informal Notice shall endeavor to resolve the Informal Notice issues promptly and consensually. Any

amounts that are not subject to any Informal Notice shall be paid by PVHC. The failure of any entity to provide Informal Notice shall not preclude any formal objection to the Court's allowance of interim or final professional compensation;

e. MWYZ may satisfy the 75% of any uncontested requested fees and 100% of any uncontested requested expenses to any approved retainer it has received and if such retainer has been depleted, then the Debtor shall pay directly to MWYZ (without further order of this Court) the uncontested fees and uncontested expenses described above;

f. The foregoing procedures notwithstanding, MWYZ shall file interim applications for approval of fees and expenses in accordance with Bankruptcy Code sections 330 and 331, any applicable rules, and the United States Trustee guidelines, at least every 120 days, and not more than every 180 days, from the date of the Court's order approving MWYZ's employment. Interim fee applications shall describe any Informal Notice received and efforts made to resolve the objections. In the event that MWYZ fails to file timely interim applications, PVHC shall cease making monthly payments to MWYZ otherwise contemplated by the procedures set forth in this Motion;

g. Any and all interim fees and expenses approved by the Court shall remain subject to disgorgement under any order of the Court allowing or disallowing MWYZ's final fee application;

h. Should the Court disallow any fees or expenses of MWYZ, MWYZ shall refund promptly any fees and/or expenses within 14 days from the entry of the Court's order disallowing the fees and/or expenses;

i. All Monthly Billing Statements and interim and final fee applications shall comply with the United States Trustee's guidelines for the form of timekeeping and expense documentation and applicable local rules, and shall be subject to the Court's orders under Bankruptcy Code §§ 330 and 331.

### III.   AUTHORITY

6.   11 U.S.C. § 331 permits a professional person employed under 11 U.S.C. § 327 of the Bankruptcy Code to apply to the Court no more than once every 120 days after an order for relief in a case under this title, or more often if the Court permits, for compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under 11 U.S.C. § 330.

7.   PVHC believes that such procedures are necessary in light of the complexity of its affairs and the expected extent of the work in this case.  Paying its counsel on a regular monthly basis will simplify PVHC's budgeting process, and in

addition, PVHC believes that the ability to regulate its expenses and cash flow and to make monthly payments is critical to making prudent business and financial decisions. Paying MWYZ monthly will allow PVHC to better monitor its expenses and cash flow, avoid the accrual of unpaid professional fees and costs, and allow creditors to more closely monitor the case's progression.

8. Further, it would be an unnecessary burden in a case of this size for MWYZ to be compensated only after a formal interim fee application filed every 120 days. In sum, the procedures set forth in this Motion are necessary and in the best interests of PVHC and its estate.

9. Similar relief has been granted by this Court, and other courts in the Tenth Circuit. *See In re U.S. Bentonite Processing, Inc.*, <u>Order Granting in Part and Denying in Part, the Motion for Approval of Monthly Fee Applications</u> [Doc. 205] (Bankr. D. Wyo. June 17, 2013); *see also In re Haimark Line, Ltd*., <u>Order Granting Motion to Approve Retainer Paid to Brownstein Hyatt Farber Schreck, LLP as Counsel for Debtor in Possession and Establish Interim Compensation Procedures</u> [Doc. 281] (Bankr. D. Colo. June 13, 2016).

10. Upon the best information and belief, PVHC believes that the United States Trustee has no objection to the relief requested herein.

### IV.   CONCLUSION

WHEREFORE, PVHC respectfully requests that the Court enter an order, substantially in the form of the proposed order attached hereto as Exhibit A, approving

the interim compensation procedures set forth herein, and for such other and further relief as the Court may deem just and proper under the circumstances.

Dated: June 15, 2016.
Cheyenne, Wyoming

**MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC**

By: /s/ Bradley T. Hunsicker
Bradley T. Hunsicker (WY Bar No 7-4579)
106 East Lincolnway, Suite 300
Cheyenne, WY 82001
Telephone: 307-778-8178
Facsimile: 307-638-1975
Email: bhunsicker@markuswilliams.com

Counsel for the Debtor and Debtor-in-Possession

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 15, 2016, a copy of the foregoing was served via U.S. Mail, postage prepaid, upon **The Office of the United States Trustee** and those parties as stated on the matrix attached hereto.

*s/Jenny F. Tokuoka*
Jenny F. Tokuoka