Bradley T. Hunsicker (Wyo. Bar 7-4579)
Jennifer Salisbury (Wyo. Bar. 7-5218)
**MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC**
106 East Lincolnway Suite 300
Cheyenne, WY 82001
Telephone: 307-778-8178
bhunsicker@markuswilliams.com
jsalisbury@markuswilliams.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF WYOMING

| | |
|---|---|
| In re: | ) |
| | ) Case No.: 16-20326 |
| POWELL VALLEY HEALTH CARE, INC., | ) Chapter 11 |
| | ) |
| Debtor. | ) |

### DEBTOR'S REPLY TO RESPONSE TO MOTION TO ENFORCE SCOPE OF THE AUTOMATIC STAY, OR IN THE ALTERNATIVE, MOTION TO EXTEND AUTOMATIC STAY

Powell Valley Health Care, Inc. (the "Debtor" or "PVHC"), hereby files this Reply to a Response (D.E. 130) and a related joinder thereto (D.E. 132) filed in regard to the Debtor's Motion to Enforce Scope of the Automatic Stay, or in the Alternative, to Extend Automatic Stay ("Stay Motion") (D.E. 60) and in support of the Stay Motion would show the Court as follows:

**A. Introduction**

The Debtor voluntarily filed its chapter 11 petition to obtain the time and statutory protections needed to resolve the Lawsuits in a fair, reasonable, and efficient manner while ensuring its long-term stability for the benefit of the community it serves. If this Court permits the Lawsuits to proceed against the non-Debtor parties, the purpose of this

{Z0120897/1 }

chapter 11 bankruptcy proceeding will be subverted and the likelihood of the Debtor proposing a successful plan of reorganization will diminish.

It cannot be overstated that the liability of *all* of the defendants (including the Debtor) in each of the twenty plus lawsuits is dependent upon a legal and factual finding that Dr. Hansen committed malpractice while in the course and scope of his employment by the Hospital (*i.e.*, the Debtor).  Even if the claims against the Debtor are severed from each litigation, the Debtor's officers, directors, counsel, and employees would still need to defend the Lawsuits, attend depositions, respond to discovery, attend twenty different trials/mediations, etc.  Further, as discussed at length in the Motion, the Debtor has contractually indemnified the District, Healthtech and Mr. Patten; a negligence judgment against any one of them (or all of them) gives rise to an identical contractual indemnity claim against the Debtor.  Thus, absent a finding that the automatic stay covers the entirety of the Lawsuits, the Debtor's officers and professionals will be faced with a choice of spending time defending twenty separate actions or overseeing the plan and reorganization process necessary for the Hospital's survival.

It must also be noted that without the automatic stay the creditors winning the race to judgment would likely be paid in full while those creditors who are delayed in obtaining a judgment will receive little or no recovery on their claims.  The Debtor filed bankruptcy to prevent this type of unjust result.  For these reasons and those discussed below, this case falls squarely within the "exceptional circumstances" under which bankruptcy courts routinely hold that the automatic stay applies to third parties.

**B. An Adversary Proceeding is Not Required to Obtain the Relief Requested in the Motion.**

Contrary to the Respondents' assertions, the Debtor need not file an adversary proceeding in order for this Court to determine that the automatic stay extends to the co-defendants in the litigation. First, the Debtor's primary contention in the Motion was that each of the claims asserted in the Lawsuits, even those claims against the co-defendants, implicates a right to the proceeds of the Debtor's insurance policies and thus were actions to obtain possession or exercise control over property of the estate under 11 U.S.C. 362(a)(3). *See Straccia v. Menard*, 2014 WL 4364904 *2-3 (D.N.H. 2014) (right of debtor to indemnification under insurance policy subjected proceeds to automatic stay); *see also In re Edgeworth*, 993 F.2d 51, 55 & n. 21 (5th Cir. 1993) (automatic stay prohibits any recovery from the debtor's insurer).

Importantly, the liability coverage provided by the Policies is not enough to cover the claims asserted in the Lawsuits. The total amount potentially available under the Policies is approximately $30 million while the claims asserted in the Lawsuits against the Debtor exceed $70 million. Each claim asserted against Dr. Hansen, Healthtech, and/or the District subjects the proceeds of these Policies to depletion and such depletion adversely effects the bankruptcy estate as the Polices protect the estate's other assets from diminution. *See In re Allied Digital Technologies, Corp.*, 306 B.R. 505, 511-12 (Bankr.D.Del. 2004). As explained by the First Circuit in holding that the proceeds of a liability insurance policy are subject to the automatic stay:

> The language of § 541(a)(1) is broad enough to cover an interest in liability insurance, namely, the debtor's right to

> have the insurance company pay money to satisfy one kind of debt – debts accrued through . . . the insured's negligent behavior.
>
> . . . .
>
> Any contrary holding could start a race to the courthouse whenever a policy is too small to satisfy several potential plaintiffs. Such a race could mean unfair results as between potential plaintiffs, it could also prevent a bankruptcy court from marshalling the insurance proceeds, and, along with other assets, arranging for their distribution so as to maximize their ability both to satisfy legitimate creditor claims and to preserve the estate.

*Tringali v. Hathaway Mach. Co. Inc.*, 796 F.2d 553, 560 (1st Cir.1986). Accordingly, the claims of all defendants in the Lawsuits are actions to "exercise control over property of the estate" and are subject to the automatic stay.

In the alternative, the Debtor has also requested that the Court extend the automatic stay to cover the entirety of the Lawsuits. If this Court determines that an adversary proceeding must be filed to extend the stay, the Debtor requests permission to file such a complaint.

**C.      The Automatic Stay Should Be Extended to the Entirety of the Lawsuits.**

This case falls squarely within the "exceptional circumstances" under which bankruptcy courts routinely hold that the automatic stay applies to third parties: (i) the Debtor is facing a tsunami of liability that threatens its existence; (ii) the Debtor has indemnified its co-defendants, Healthtech, Mr. Patten, and the District, for any liability that may be established against them in this litigation; (iii) it is possible that liability established against Dr. Hansen would be imputed to the Debtor; (iv) the issues between

{Z0120897/1 }                                                   4

the Debtor and non-debtor defendants and the opposing party are "intimately intertwined;" (v) the possibility of inconsistent results exists if both cases were allowed to proceed on parallel tracks; (vi) such identity of the parties as would make the debtor the real party in interest; and (vii) considerations of judicial economy. *In re Friedman's, Inc.*, 336 B.R. 896, 897-98 (Bankr. S. D. Ga. 2005).

As the Response makes clear, each of the Lawsuits concerns the alleged malpractice of Dr. Hansen committed while he was employed by the Debtor. Indeed, Respondents acknowledge that none of the defendants can be held liable (not the Debtor, not the District, not Mr. Patten, not Healthtech) unless and until Dr. Hansen is found to be negligent. (*See* Response at 3 "each of the Plaintiffs has asserted direct negligence claims against PVHC, Healthtech and/or Mr. Patten based on the fact that they ignored credible complaints about Dr. Hansen.")

Respondents do not seriously contend that the claims against the non-debtors are not factually and legally intertwined with the claims against the Debtor. Instead, Respondents argue that under Wyoming law, the Debtor would not be legally bound by a finding of liability against Dr. Hansen if the Debtor were not a party to the litigation. (Response at 12.) First, the Debtor is a party to the litigation. Second, even if Respondents sever the claims against the Debtor, the Debtor would still be bound by a judgment against any of the non-debtor defendants in the Lawsuits. The Debtor has indemnified Mr. Patten, the District, and Healthtech for any claims arising against them. Although Respondents allege that the claims for indemnity are not "absolute" (*i.e.*, they exclude claims for gross negligence), Mr. Patten, the District and Healthtech have been

sued for negligence and negligent supervision and Mr. Patten at least has *already* filed a proof of claim in this bankruptcy proceeding asserting a claim for indemnification for any liability asserted against him in the Lawsuits. (*See* Proof of Claim 9-1.) Further, if Dr. Hansen is found liable and the Debtor's insurance policies do not cover the claims, Dr. Hansen may be able to assert a breach of contract action against the Debtor for any liability found against him. Finally, the severance of claims against the Debtor would cause the exact same liability claims to be tried twice and thus lead to the possibility of inconsistent results and a waste of judicial and legal resources. Accordingly, these circumstances present the textbook case under which the stay should be extended to non-debtor parties.

Respondents additionally claim that the stay should not be extended because it would subject the Plaintiffs to delay in resolving their claims. Respondents' worries are overblown. First, none of the cases are yet set for trial. Indeed, per the Respondents' own admissions, discovery had just started in the case furthest along. Second, the Debtor has only just filed its petition; yet, it is already making substantial progress toward the filing of a chapter 11 plan and developing a process for estimating the dollar amount of the personal injury claims for purposes of voting on the plan. The Debtor anticipates filing a motion for the estimation of the tort claims involving Dr. Hansen (the "Estimation Motion") prior to the hearing to be held on this Motion.[1] The Estimation

---

[1] A draft copy of the Estimation Motion has been provided to counsel for the Committee herein, Scott Goldstein, and a copy has also been provided to counsel for substantially all of the personal injury claimants herein, Randy Royal. As of the filing of this reply, it is hoped that an agreed upon Estimation Motion can be promptly filed with the Court. However, an extension of the current hearing date of July 7, 2016 in regard to the Stay Motion may be necessary in order to accommodate further discussions between

Motion is a critical first step that must occur prior to the Debtor filing a plan of reorganization which it intends to do as expeditiously as possible. Indeed, the bankruptcy process is more likely to expedite a recovery for all of the Plaintiffs as opposed to having each of the Plaintiffs' separate lawsuits wend their way through the judicial process and, if successful, through the collection process.[2] For the forgoing reasons, this Court should find that the automatic stay under § 362(a)(1) extends to the entirety of the Lawsuits against all defendants.

WHEREFORE, the Debtor respectfully requests that the Court determine that the automatic stay applies to the Lawsuits in their entirety, *i.e.*, it applies to all claims against all defendants in the Lawsuits, and for such other and further relief as the Court deems proper.

---

the parties regarding the terms of the Estimation Motion and the process to be employed in estimating the personal injury claims.

[2]   The Court has the power to fashion a remedy that addresses the Plaintiffs' concerns regarding delay. For example, the Court could enter an order extending the automatic stay for a period of nine months from the entry of the order. After nine months, the parties and the Court could assess the status of the bankruptcy case, whether substantial progress was being made to resolve the Plaintiffs' claims within the bankruptcy, and whether the stay should be extended any further.

Cheyenne, Wyoming

Dated: June 30, 2016

        MARKUS WILLIAMS YOUNG AND ZIMMERMANN LLC

        By: /s/ *Jennifer Salisbury*
        Bradley T. Hunsicker (WY Bar No 7-4579)
        Jennifer Salisbury (WY Bar No. 7-5218)
        106 East Lincolnway Suite 300
        Cheyenne, WY 82001
        Telephone: 307-778-8178
        Facsimile: 307-638-1975
        Email: bhunsicker@markuswilliams.com; jsalisbury@markuswilliams.com

        Counsel for the Debtor and Debtor-in-Possession

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served this 30th day of June 30, 2016, by placing a copy in the U.S. mail, first class postage prepaid, upon those listed on the attached mailing list and those listed below:

**John C. Smiley**
**Ethan J. Birnberg**
Lindquist & Vennum P.L.L.P.
600 17th Street Suite 1800 South
Denver, CO 80202
*Attorney for HealthTech Management Services, Inc.* and *William D. Patten an interested party*

**George E. Powers, Jr.**
**Paul Kapp**
1725 Carey Avenue
PO Box 328
Cheyenne, WY 82003-0328
*Attorney for HealthTech Management Services, Inc.* and *William D. Patten, an interested party*

**Brent R. Cohen**
**Chad S. Caby**
Lewis Roca Rothgerber LLP
1200 17th Street, Suite 3000
Denver, CO 80202-5855
*Attorney for Powell Hospital District*

**Gregory C. Dyekman**
**Timothy L. Woznick**
Dray, Dyekman, Reed & Healey, P.C.
204 East 22nd Street
Cheyenne, WY 82001-3799
*Attorney for First Bank of Wyoming*

**Daniel J. Morse**
Assistant U.S. Trustee
308 West 21st Street, Room 203
Cheyenne, WY 82001
*Attorney for US Trustee*

**Alan Motes**
United States Trustee, Region 19
Byron G. Rogers Federal Building
1961 Stout Street, Suite 12-200
Denver, CO 80294
*US Trustee*

**Philip A. Pearlman**
Spencer Fane Britt & Browne LLP
1700 Lincoln St., Suite 2000
Denver, CO 80203
*Attorney for Official Committee of Unsecured Creditors*

**Scott J. Goldstein**
Spencer Fane Britt & Browne LLP
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
*Attorney for Official Committee of Unsecured Creditors*

**James T. Burghardt**
**Timothy M. Swanson**
Moye White LLP
1400 16th St., 6th Floor
Denver, CO 80202
*Attorney for UMIA Insurance, Inc.*

**Julie Nye Tiedeken**
McKellar, Tiedeken & Scoggin, LLC
702 Randall Avenue
P.O. Box 748
Cheyenne, WY 82003
*Attorney for UMI Insurance, Inc.*

{Z0120897/1}  9

**Randy L. Royal**
P.O. Box 551
524 5th Ave. S.
Greybull, WY 82426
*Attorney for Veronica and William Sommerville; Brinkerhoff and Bart Brinkerhoff; Lynn Snell and Janet Snell; Joetta Johnson; Shannon Eller; Jody Sessions and Jerry Sessions; Keela Meier and Brock Meier; Michelle Oliver; Nathaniel Bates and Sheena Bate; Darcy Ronne; Nancy Crawford and Earl Crawford, III; Nancy Heiser and Larry Heiser; Anthony DiPilla and Laurie DiPilla; Kalan Nicholson; and Sheryl Henderson and Darin Henderson.*

**Daniel R. Schimizzi**
Bernstien-Burkley, P.C.
707 Grant Street, Suite 2200
Gulf Tower
Pittsburgh, PA 15219
*Attorney for Beckman Coulter, Inc*

**Chris C. Voigt**
*Crowley and Fleck, PLLP*
P.O. Box 10700
Billings, MT 59103-2529
*Attorney for Defendant Jeffrey Hansen, M.D.*

**Judith Struder**
Schwartz, Bon, Walker & Studer, LLC
141 South Center Street, Suite 500
Casper, WY 82601
*Attorney for Plaintiff Homeland Insurance Company of New York*

**Charles E. Spevacek**
**Tiffany M. Brown**
Meagher & Geer, PLLP
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
*Attorneys for Plaintiff Homeland Insurance Company of New York*

**John F. Sands**
Sweetbaum Sands Anderson PC
1125 Seventeenth Street, Suite 2100
Denver, CO 80202
*Attorney for CounterClaim Defendant UMIA Insurance, Inc.*

**Joanna R. Vilos**
Holland and Hart LLP
P.O. Box 1347
Cheyenne, WY 82003-1347
*Attorney for Defendants HealthTech Management Services, Inc. and William D. Patten*

**Jose A. Ramirez**
Holland and Hart LLP
8390 E. Crescent Parkway, Suite 400
Greenwood Village, CO 80111
*Attorney for Defendants HealthTech Management Services, Inc. and William D. Patten*

**R. Jeff Carlisle**
**Catherine A. Naltsas**
**Farah Naz A. Namvar**
Lynberg & Watkins, APC
888 South Figueroa Street, 16th Floor
Los Angeles, CA 90012
*Attorneys for Lexington Insurance Company*

**Deborah M. Kellam**
Hall & Evans, LLC
2015 Central Avenue, Suite C
Cheyenne, WY 82001
*Attorney for Lexington Insurance Company*

{Z0120897/1 }          10

**W. Henry Combs, III**
**Andrew Sears**
Murane & Bostwick, LLC
201 North Wolcott Street
Casper, Wyoming 82601
*Attorneys for Defendant Jeffrey Hansen, M.D.*

                                                */s/ Jessica M. Anderson*
                                                Jessica M. Anderson