Ethan J. Birnberg (#7-4761)
John C. Smiley (#5-2381)
ebirnberg@lindquist.com
jsmiley@lindquist.com
LINDQUIST & VENNUM LLP
600 17th Street, Suite 1800-S
Denver, Colorado 80202
Phone: (303) 573-5900
Facsimile: (303) 573-1956
*Counsel for HealthTech Management Services, Inc. and William D. Patten*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| In re: ) | |
| ) | |
| POWELL VALLEY HEALTH CARE, INC., ) | Case No. 16-20326 |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| ) | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1452(a), HealthTech Management Services, Inc. ("HealthTech"), and William D. Patten ("Patten") (collectively, the "Management"), defendants in a state court lawsuit captioned as *Nathaniel Bates, individually and as the parent and natural guardian of I.S.B. and Sheena Bates, individually and as the parent and natural guardian of I.S.B. v. HealthTech Management Services, Inc., and William D. Patten*, civil case no. 28112, pending in the District Court of Park County, Wyoming, Fifth Judicial District (the "State Court Action"), remove the claims and causes of action alleged against Management to the United States Bankruptcy Court for the District of Wyoming (the "Bankruptcy Court"), Under Fed. R. Bankr. P. 9027, Management states:

A.   **Background.**

1. On May 15, 2016 (the "Petition Date"), Powell Valley Health Care, Inc. ("Debtor"), filed a voluntary petition for relief under chapter 11 of title 11, U.S.C., commencing this bankruptcy case.

2. Debtor is also a defendant in the State Court Action. On May 20, 2016, Debtor filed its Notice of Bankruptcy and Automatic Stay in the State Court Action.

3. On May 24, 2016, Debtor filed its Motion to Enforce Scope of the Automatic Stay, or in the Alternative, to Extend Automatic Stay (the "Stay Extension Motion"). *See* Dkt. #60.

4. On June 28, 2016, Management filed a joinder in support of the Stay Extension Motion. *See* Dkt. #159. Management believes the Stay Extension Motion should be granted, and the automatic stay should extend to the claims subject to this Notice of Removal. The Bankruptcy Court will hold a hearing on the Stay Extension Motion on August 17, 2016.

5. Management timely files this Notice of Removal within the 90-day period provided by 11 U.S.C. § 1452. Removing the claims against Management does not affect the Bankruptcy Court's discretion to grant the Stay Extension Motion.

B.   **Claims subject to removal.**

6. On July 28, 2015, Plaintiffs Nathaniel Bates, individually and as the parent and natural guardian of I.S.B. and Sheena Bates, individually and as the parent and natural guardian of I.S.B. filed their state court complaint, commencing the State Court Action. On January 29, 2016, Plaintiffs filed a Second Amended Complaint. The amended complaint alleged three claims or causes of action against Management: (1) negligence, (2) loss of consortium (as husband) and (3) loss of consortium (as father) (the "Claims").

7. Plaintiffs also pleaded claims against other defendants. These allegations state, in general, that defendant Dr. Jeffrey Hansen, M.D. ("Dr. Hansen") breached his duty of care through negligent acts and omissions related to medical treatment provided to Plaintiffs. At all times relevant to Plaintiffs' complaint, Dr. Hansen worked at the Powell Valley Hospital as an orthopedic surgeon. Debtor was Dr. Hansen's employer and is also a named defendant, and allegedly vicariously liable for Dr. Hansen's alleged negligence.

8. In 2010, the Debtor entered into a management services agreement with HealthTech. Under the agreement, HealthTech employed the chief executive officer of the Debtor. Patten was the CEO of the Debtor from 2012 to 2015.

9. The Plaintiffs allege that Management failed to properly supervise Dr. Hansen, and failed to use its power and authority to suspend or terminate Dr. Hansen's employment. Put simply, Plaintiffs filed the Claims against Management in an attempt to hold them liable for their alleged duty to supervise Dr. Hansen.

10. Finding negligence or wrongdoing by Dr. Hansen is a threshold issue before the Claims can be adjudged against Management. The Claims are <u>not</u> personal injury or wrongful death claims under 28 U.S.C. § 157(b)(5), but instead seek to impute liability to Management.

11. Through this Notice, Management removes the Claims to the Bankruptcy Court.

**C.    Removal to the Bankruptcy Court is proper.**

12. This Notice of removal has been timely filed within 90 days from the order of relief entered in this bankruptcy case. *See* 11 U.S.C. § 1452.

13. Debtor agreed to indemnify HealthTech (and its officers, employees, or agents) for any expenses, loss, liability or claims related to HealthTech's ownership or operation of the Powell Valley Hospital. HealthTech filed a proof of claim in Debtor's bankruptcy case for its

contractual right to indemnity. *See* Claims Register, Proof of Claim No. 8-1. Patten also filed a proof of claim in Debtor's bankruptcy case for his contractual right to indemnity. *See id.* at Claim No. 9-1.

14. The Bankruptcy Court has jurisdiction to adjudicate the Claims under 28 U.S.C. §§ 1334 and 1452. The Claims trigger certain obligations Debtor owes to Management including but not limited to contractual indemnity, and the outcome of the Claims could have a conceivable effect upon the Debtor's chapter 11 case.

15. The Court also has jurisdiction pursuant to the automatic referral of bankruptcy matters from the United States District Court for the District of Wyoming under U.S.D.C.L.R. 83.13.1(a). Accordingly, Management has properly filed this Notice with the Clerk of the Bankruptcy Court.

16. All process and pleadings from the State Court Action are attached hereto as **Exhibit A**. *See* Fed. R. Bankr. P. 9027(a)(1). Upon removal of the claims against Management, the Claims are non-core proceedings under 28 U.S.C. § 157. Management consents to entry of final orders by the Bankruptcy Court.

Dated: August 12, 2016.
           **LINDQUIST & VENNUM LLP**

By: */s/ Ethan Birnberg*
    Ethan J. Birnberg, #7-4761
    John C. Smiley, #5-2381
600 17th Street, Suite 1800 South
Denver, CO 80202-5441
Telephone: (303) 573-5900
Facsimile: (303) 573-1956
Email: ebirnberg@lindquist.com
     jsmiley@lindquist.com

*Counsel for HealthTech Management Services, Inc. and William D. Patten*

# CERTIFICATE OF SERVICE

      I hereby certify that on the 12th day of August, 2016, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was placed in the U.S. Mail addressed to the parties on the attached list. Exhibit A, which consists of all process and pleadings filed and served by these parties in the state court case, is not being served with this notice. Copies of Exhibit A can be obtained by contacting counsel for the Management.

Bradley Hunsicker, Esq.
Markus Williams Young and Zimmermann LLC
2016 E. Lincolnway, Suite 300
Cheyenne, WY  82001
*Attorneys for Debtor Powell Valley Health Care, Inc.*

Plaintiffs' counsel:

Robert A. Krause, Esq.
Mel C. Orchard, III, Esq.
Sarah A. Kellogg, Esq.
The Spence Law Firm LLC
P. O. Box 548
Jackson WY  83001
*Attorneys for Plaintiffs*

William L. Simpson, Esq.
Burg, Simpson, Eldredge, Hersh & Jardine PC
P. O. Box 490
Cody, WY  82414
*Attorneys for Plaintiffs*

Other state court defendants and/or their counsel:

Scott E. Ortiz, Esq.
Brian J. Marvel, Esq.
Williams Porter Day & Neville, P.C.
P. O. Box 10700
Casper, WY  82602
*Attorneys for Powell Valley Health Care, Inc.*

W. Henry Combs, III, Esq.
Murane & Bostwick LLC
201 N Wolcott St
Casper, WY  82601
*Attorney for Defendant Jeffrey Hansen, M.D.*

                                                /s/ Brandon Blessing_____