Bradley T. Hunsicker (Wyo. Bar 7-4579)
**MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC**
106 East Lincolnway, Suite 300
Cheyenne, WY  82001
Telephone: 307-778-8178
bhunsicker@markuswilliams.com

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POWELL VALLEY HEALTH CARE, INC., | ) | Case No. 16-20326 |
| | ) | |
| Debtor-in-Possession. | ) | |

**MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTOR TO ASSUME UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6006 AND (II) ESTABLISHING CURE AMOUNT**

Powell Valley Health Care, Inc., the debtor and debtor-in-possession in the above captioned case (the "Debtor", or "PVHC"), pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby files its *Motion for Entry of an Order (I)  Authorizing the Debtor to Assume Unexpired Non-Residential Real Property Leases Pursuant to Section 365 of the Bankruptcy Code and Bankruptcy Rule 6006 and (II) Establishing Cure Amount* (the "Motion").  In support of the Motion, PVHC respectfully represents as follows:

1

## I. BACKGROUND

1. PVHC is a Wyoming non-profit corporation qualified to do business pursuant to section 501(c)(3) of the United States Internal Revenue Code as a public charity. Its mission is to provide healthcare services to the greater-Powell, Wyoming community. In fulfilling its mission statement, PVHC serves a total population of approximately 7,500 people with the highest concentration of the population in Powell, with over 7,000 residents.

2. On May 16, 2016 (the "Petition Date"), PVHC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101, *et seq*.

3. PVHC has continued in the possession of its property and has continued to operate and manage its business as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

4. On June 21, 2016, the Office of the United States Trustee for Region 19 (the "U.S. Trustee") appointed an official committee of unsecured creditors for the Chapter 11 case (the "Creditor Committee") [D.E. 145].

5. A description of the background of PVHC and the events leading up to the filing of the voluntary petition by PVHC is provided in the Declaration of Michael L. Long in Support of First Day Motions (the "First Day Declaration") [Doc. 9], which is incorporated herein by reference.

## II. BACKGROUND FACTS SPECIFIC TO THE MOTION

6. The first hospital in Powell was constructed by Dr. J.R.A. Whitlock and was located at Avenue C and Edmonds Street. It was completed in 1919 and had 18 beds. Dr. Whitlock owned and operated the hospital as a private institution for nearly 20 years. After his death in 1936, the hospital was purchased by Dr. Robert Siddle. His death in the early 1940s prompted three Powell businessmen to purchase the hospital in order to maintain a medical facility in the community. The purchase price at that time was $17,000.

7. A community association was formed to take over the hospital operations. A board of directors was appointed, and a fund drive was initiated to allow for renovation of the hospital building. The facility was renamed War Memorial Hospital to honor World War II veterans. In 1946, a lease agreement was initiated with Lutheran Hospitals and Homes Society (LHHS) of Fargo, North Dakota. This lease agreement continued until 1992.

8. The hospital became a tax-supported facility with the establishment of Powell Hospital District (the "Hospital District") in September 1949. The decision was made to construct a new facility, and in 1952, the new War Memorial Hospital, located at 630 Avenue H (now the location of The Heartland Assisted Living) was dedicated. The old Whitlock Hospital was then converted to a rest home for older adults. In 1964, a nursing home addition was built onto the new hospital, and the name was changed to Powell Hospital & Nursing Home.

9.  In 1962, the Hospital District initiated ambulance service to the community. The forerunner of the auxiliary was formed in 1957 and was called the Gray Ladies. The present volunteer services organization (PVHC volunteer services) was established in 1982. The volunteers began offering LifeLine services within the community. They currently provide this service to over 100 community members.

10.  In 1983, the decision was made to build a new hospital. A bond issue of $8.5 million was passed by the voters, and the new facility was dedicated in April 1986. The old hospital was then renovated to provide additional nursing home capacity. In the 1980s, four medical office buildings were constructed south of the hospital building. A new nursing home facility (located at 777 Avenue H) was constructed and dedicated in February 1997.

11.  In 1992, Powell Valley Health Care, Inc. (*i.e.*, the Debtor or PVHC), a not for profit corporation, was formed for the purpose of leasing and operating the Hospital District's facilities.

12.  On May 18, 1999, the Hospital District, as lessor, and PVHC, as lessee, entered into a lease agreement (the "Heartland Lease"; attached hereto at Exhibit A) for real property located at:

> Block 1 of the Cary Addition consisting of that property situate west of Cary Street, north of Avenue H, East of Mountain View Street, extended north from Avenue H to the alley situate between Avenue H and Avenue J and situate south of the alley between Avenue H and Avenue J.

The Heartland Lease expires on May 31, 2019.

13. The purpose of the Heartland Lease was to allow for the demolition of the facilities situated thereon and for the construction of an assisted living facility. Specifically, in return for the Hospital District leasing the real property to PVHC, PVHC was to demolish the existing facility and construct a new assisted living facility and to purchase necessary equipment, furniture and furnishings to operate the facility. By virtue of the Heartland Lease, PVHC became the owner of the improvements, including the Heartland assisted living facility, together will all of the necessary equipment, furniture and furnishings to operate the facility.

14. In late 2000, a new assisted-living facility (The Heartland) was completed and occupied. In November of 2008, eight medical staff members and their support staff moved into the newly constructed Powell Valley Clinic building. The building is right next to Powell Valley Hospital. The facilities now include a 25-bed hospital, a 100-bed long-term care facility, four medical office buildings, a 24-unit assisted living facility and five emergency medical vehicles with equipment.

15. On January 1, 2011, the Hospital District, as lessor, and PVHC, as lessee, entered into a lease agreement (the "Hospital District "B" Lease "; attached hereto at Exhibit B) for real property more particularly described as follows:

> The following medical clinic facilities of Powell Hospital District situated within the Hospital Addition to the City of Powell, Wyoming,
>
> a. Buildings, "A", "B", and "C" located at 450 Mountain View Street, which collectively have approximately 14,300 interior square feet;
>
> b. The facility and detached garage located at 449 Mountain View Street, Powell, Wyoming, of approximately 1,700 interior square feet, which currently houses Information Technology.
>
> c. The new medical office building located immediately to the east of the main hospital building, of approximately 11,000 square feet, and the unfinished space located within this building, both the basement and the second level, of approximately 22,000 square feet.
>
> The total interior square footage of the leased space is 49,000 square feet.

The Hospital District "B" Lease was for a term of one (1) year, and continuing thereafter until sixty (60) days written notice of termination of the lease by either party. Rent under the Hospital District "B" Lease is the sum of $67,500 per month.

16. On August 1, 2012, the Hospital District, as lessor, and PVHC, as lessee, entered into a lease agreement (the "Hospital District Lease"; attached hereto at Exhibit C) for real property located at:

> All of the Hospital Addition to the Town of Powell, EXCEPTING THEREFROM that portion of the Hospital Addition situate in the southeast corner of the Hospital Addition consisting of the medical buildings A, B, C and campus, and that part of the Hospital Addition situate on the northeast portion consisting of the new medical clinic building and campus.

The Hospital Lease expires on July 31, 2017. Rent under the Hospital Lease was the sum of ten dollars ($10.00) for the full term of the lease.

17. On November 25, 2013, the Hospital District and PVHC entered into the "Heartland Purchase and Operation Agreement" (the "Heartland Operation Agreement"; attached hereto at Exhibit D). The purpose of the Heartland Operation Agreement was to

6

allow the Hospital District to purchase all of PVHC's right, title and interest to the Heartland assisted living facility. Pursuant to the Heartland Operation Agreement, the Hospital District became the owner of the Heartland assisted living facility, and PVHC was granted express authorization to operate and maintain the Heartland assisted living facility until such time as the indebtedness owed by PVHC related to the construction of the Heartland assisted living facility was paid in full, after which the parties contemplated entering into a new lease agreement.

18. On May 18, 2015, the Hospital District, as lessor, and PVHC, as lessee, entered into a lease agreement (the "Alan Road Lease"; attached hereto at Exhibit E) for real property located at:

> The following medical facilities of Powell Hospital District situated within the Brodrick Acres (Amended) to the City of Powell, Wyoming.
> a) The facility located at 428 Alan Road, Powell, Wyoming 82435, Amended Lot 13, of approximately 4,200 interior square feet, which currently houses Home Health and Business Office

The Hospital District "B" Lease was for a term of one (1) year, and continuing thereafter until sixty (60) days written notice of termination of the lease by either party. Rent under the Hospital District Lease B is the sum of $6,250 per month, subject to annual adjustments.

19. Collectively, the Heartland Lease, the Hospital District "B" Lease, the Hospital District Lease, the Heartland Operation Agreement and the Alan Road Lease shall be referred to herein as the "PVHC Hospital Leases". Notably, there are no prepetition amounts owing under the PVHC Hospital Leases.

7

### III. JURISDICTION

20. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### IV. RELIEF REQUESTED

21. By this Motion, PVHC seeks entry of an order (i) authorizing the assumption of the PVHC Hospital Leases pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006(a); and, (ii) establishing cure amount. PVHC has conferred with counsel for the Hospital District, and the Hospital District has consented to the relief requested herein.

### V. BASIS FOR RELIEF REQUESTED

22. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). A debtor's motion to assume or reject an unexpired lease or executory contract is subject to judicial review under the business judgment standard. See *Carey v. Mobil Oil Corp. (In re Tilco, Inc.)*, 558 F.2d 1369, 1372 (10th Cir. 1977) (adopting the business judgment rule to determine whether an unexpired lease or executory contract should be rejected or assumed); *In re Valley View Shopping Ctr.*, 260 B.R. 10, 36 (Bankr. D. Kan. 2001) (assuming an executory contract requires court approval, whereby the court must examine the contract and apply the "best business" judgment test to determine if assumption is beneficial to the

debtor's estate); *Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 39-40 (3rd Cir. 1989); *Wheeling-Pittsburgh Steel Corp. v. W. Penn Power Co.* (*In re Wheeling-Pittsburgh Steel Corp.*), 72 B.R. 845, 846 (Bankr. W.D. Pa. 1987). This standard is satisfied when a debtor determines that assumption or rejection will benefit the estate. See *Valley View Shopping*, 260 B.R. at 36; *Sharon Steel*, 872 F.2d at 39-40; *Wheeling-Pittsburgh*, 72 B.R. at 846.

23. A court should approve the assumption or rejection of an unexpired lease or executory contract where a debtor's business judgment has been reasonably exercised. See, e.g., *Wheeling-Pittsburgh*, 72 B.R. at 849 ("Ordinarily, courts accord the debtor's business judgment a great amount of deference since the decision to assume or reject an executory contract is an administrative not a judicial matter."); *Summit Land Co. v. Allen* (*In re Summit Land Co.*), 13 B.R. 310, 315 (Bankr. D. Utah 1981) ("[C]ourt approval under Section 365(a), if required, except in extraordinary situations, should be granted as a matter of course."); *cf. NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 526 (1984) (noting that the business judgment rule is the standard even though higher scrutiny would be required in the case of collective bargaining agreements).

24. Only where the debtor's actions are a product of bad faith, whim, caprice or a gross abuse of its managerial discretion should the business decision be disturbed. See *Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc.* (*In re Richmond Metal Finishers, Inc.*), 756 F.2d 1043, 1047 (4th Cir. 1985) ("Transposed to the bankruptcy context, the rule as applied to a bankrupt's decision to reject an executory contract

because of perceived business advantage requires that the decision be accepted by courts unless it is shown that the bankrupt's decision was one taken in bad faith or in gross abuse of the bankrupt's retained business discretion."); *Wheeling-Pittsburgh*, 72 B.R. at 849 ("[T]he court should not interfere with or second-guess the debtor's sound business judgment unless and until evidence is presented that establishes that the debtor's decision was one taken in bad faith or in gross abuse of its retained business discretion.").

25. Section 365(b)(1) of the Bankruptcy Code sets forth additional requirements that a debtor in possession must satisfy before it may assume an executory contract or unexpired lease if there has been a default in such contract or lease the debtor seeks to assume:

> If there has been a default in an executory contract . . . of the debtor, the trustee may not assume such contract . . . unless, at the time of assumption of such contract . . . , the trustee –
>
> (A)   cures, or provides adequate assurance that the trustee will promptly cure, such default . . . ;
>
> (B)   compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract . . . , for any actual pecuniary loss to such party resulting from such default; and
>
> (C)   provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1). If, however, the debtor is not in default under the executory contract or unexpired lease, the requirements of section 365(b)(1) are inapplicable. *In re Harry C. Partridge, J. & Sons, Inc.,* 43 B.R. 669, 671 (Bankr. S.D.N.Y. 1984) (stating

that the conditions in section 365(b)(1)(A) are inapplicable if no default exists); *In re Ridgewood Sacramento, Inc.*, 20 B.R. 443, 445 (Bankr. E.D. Cal. 1982) ("The language of [subsection 365(b)] as well as the legislative history of the subsection requires that the obligation be in default at the time that the trustee or the debtor-in-possession assumes the executory obligation in order for adequate assurances to be required."); *In re Nat'l Sugar Refining Co.*, 26 B.R. 765, 768 (Bank. S.D.N.Y. 1982) ("The Code provides for the assumption of an executory contract if there has been no default, and cure with adequate assurances if there has been a default.").

26. The assumption of the PVHC Hospital Leases is clearly based on PVHC's sound business judgment as the assumption is in the best interests of PVHC's creditors and estate. Without the assumption of the PVHC Hospital Leases, the PVHC Hospital Leases will automatically be deemed rejected. 11 U.S.C. § 365(d)(4)(A)(i). Rejection of the PVHC Hospital Leases would result in, at best, the temporary shutdown, and at worst, the permanent closure, of PVHC's hospital and assisted living facility as the properties would have to be immediately vacated. Either alternative would create a harmful void in medical services in the greater-Powell, WY community.

27. As PVHC has already included the rent under the PVHC Hospital Leases in its budget and the amount of the rent is relatively modest, PVHC does not expect the PVHC Hospital Leases' assumption to adversely affect its financial position. While assuming the PVHC Hospital Leases will not adversely impact PVHC's financial situation, it will positively impact PVHC's efforts to fulfill its mission, which is to provide high-quality healthcare to the Powell, WY community. Accordingly, the

assumption of the PVHC Hospital Leases is not only in the best interests of PVHC, the estate and its creditors, but the entire Powell, WY community.

28. Finally, PVHC submits that the requirements of section 365(b) of the Bankruptcy Code requiring that all defaults are cured prior to assumption of the PVHC Hospital Leases or that PVHC provides adequate assurance of curing such default are met. On the Petition Date, the PVHC Hospital Leases were not in default, and postpetition, PVHC has remained current. Accordingly, the cure obligations under section 365(b) of the Bankruptcy Code are $0. As no default has occurred, PVHC submits that the additional requirements of section 365(b) are not applicable.

## VI. CONCLUSION

**WHEREFORE**, for the reasons set forth herein PVHC respectfully requests that the Court grant (a) the relief requested herein; and (b) such other relief as the Court deems just and proper.

Dated: Cheyenne, Wyoming
August 18, 2016

                    MARKUS WILLIAMS YOUNG AND
                    ZIMMERMANN LLC

                    By: /s/ *Bradley T. Hunsicker*
                    Bradley T. Hunsicker (WY Bar No 7-4579)
                    106 East Lincolnway Suite 300
                    Cheyenne, WY 82001
                    Telephone: 307-778-8178 / Fax: 307-638-1975
                    Email: bhunsicker@markuswilliams.com

                    Counsel for the Debtor and Debtor-in-Possession