**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING**

FILED

10:25 am, 8/24/16

Tim J. Ellis
Clerk of Court

| | | |
|---|---|---|
| In re: | ) | Chapter 11  Case No. 16-20326 |
| | ) | |
| POWELL VALLEY HEALTH CARE, INC., | ) | |
| | ) | |
| Debtor-in-Possession. | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART, DEBTOR'S MOTION FOR
AUTHORITY TO EMPLOY PROFESSIONALS
USED IN THE ORDINARY COURSE OF BUSINESS**

Upon the motion of Powell Valley Health Care, Inc. ("PVHC" or, "Debtor"), pursuant to 11 U.S.C §§ 105, 327 and 328 for authority to employ professionals used in the ordinary course of business (the "Motion"); and upon consideration of the Declaration of Michael L. Long in Support of First Day Motions; and it appearing that the court has jurisdiction over this matter; and it appearing that due notice of the Motion as set forth therein is sufficient under the circumstances, and that no other or further notice need be provided; after due deliberation the court finds:

PVHC requests authority to employ the following Ordinary Course Professionals:

1. Copenhaver, Hath *et al*, to advise on policy employment and labor law;
2. Polsinelli, to advise on healthcare regulatory matters;
3. Williams, Porter *et al*, to provide legal counsel for tort litigation issues;
4. Park Street for legal counsel for tort litigation issues; and
5. Casey Peterson *et al* for accounting services.

Bankruptcy Code Section 327(a) provides:

Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

The term "professional" is not statutorily defined, but has been judicially defined by a number of courts examining the issue. The judicial trend in defining "professional" separates into two

camps: those adopting a quantitative analysis and those adopting a qualitative analysis. Under the quantitative analysis, the definition of "professional" is limited to those occupations that play a central role in the administration of the debtor's proceeding, and not those occupations involved in the day-to-day mechanics of a debtor's business.[1] Under the qualitative analysis, a "professional" is an employee that has discretion or autonomy in some part of the administration of the debtor's estate.[2]

The Eastern District of Virginia Bankruptcy Court made two observations regarding the two approaches to defining "professional." First, that the quantitative and qualitative analyses need not be mutually exclusive. The quantitative test focuses on the significance of the individual's role to the debtor's proceeding and the qualitative test focuses on the amount of discretion the individual has in accomplishing that role. The bottom line of both tests involves an examination of the types of duties the individual undertakes.[3] Second, both tests are somewhat vague and difficult to apply. While other courts have agreed with this view, they have been reluctant to propose an alternative method or to improve upon the methods previously discussed.[4]

In an effort to lend some clarity to this issue, the United States District Court for the District of Delaware examined cases to discern a list of factors to be considered and applied in making the determination of whether an employee is a "professional" within the meaning of Section 327. Although the list is not exclusive, the court believes that it reflects many of the considerations that

---

[1] *In re Seatrain Lines, Inc.,* 13 B.R. 980, 981 (Bankr. S.D.N.Y. 1981); *see also In re River Ranch,* 176 B.R. 603, 604 (Bankr. M.D. Fla. 1994); *In re Biocoastal Corporation,* 149 B.R. 216, 218 (Bankr. M.D. Fla. 1993) (defining professional as person who assists debtor in administration of bankruptcy).
[2] *In re Fretheim,* 102 B.R. 298, 299 (Bankr. D. Conn. 1989) (espousing qualitative analysis and criticizing quantitative approach as "difficult to apply and subject to arbitrary and inconsistent results"); *In re Semenza,* 121 B.R. 56, 57 (Bankr. D. Mont. 1990) (adopting qualitative analysis).
[3] *In re Sieling Associates Limited Partnership,* 128 B.R. 721, 722 (Bankr. E.D. Va. 1991) (describing *Fretheim* qualitative approach as only "deviating slightly" from *Seatrain* quantitative approach).
[4] *In re First Security Mortgage Company, Inc.,* 117 B.R. 1001, 1006–1007 (Bankr. N.D. Okla. 1990) (criticizing both approaches, but assuming arguendo that employee in issue was "professional" and thereby avoiding clarification of approaches).

have influenced judicial decisions in this area.  The court list factors that embrace both the qualitative and quantitative approaches and include the following: (1) whether the employee controls, manages, administers, invests, purchases or sells assets that are significant to the debtor's reorganization; (2) whether the employee is involved in negotiating the terms of a Plan of Reorganization; (3) whether the employment is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations; (4) whether the employee is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate, i.e. the qualitative approach; (5) the extent of the employee's involvement in the administration of the debtor's estate, i.e. the quantitative approach; and (6) whether the employee's services involve some degree of special knowledge or skill, such that the employee can be considered a "professional" within the ordinary meaning of the term. In applying these factors, the Court stressed that no one factor is dispositive and that the factors should be weighed against each other and considered in toto.[5]

In the case before this court, PVHC did not provide an analysis for each entity to determine whether Section 327 controls as they are seeking to employ "professionals in the ordinary course." Therefore, based upon the limited information provided, the court analyzes each entity.

Copenhaver, Kath *et al* and Polsinelli

PVHC indicates Copenhaver, Kath advises on policy, employment and labor law. Polsinelli advises PVHC on health care regulatory matters.  This court's review of the purpose of the services provided reflect that the duties: are not specific to the administration of the bankruptcy estate; do not involve the negotiation of the Plan of Reorganization; and appear to be directly related to the

---

[5] *In re First Merchants Acceptance Corp.* 1997 WL 873551 at *3, Dec. 15, 1997.

type of work PVHC performs or routine to the maintenance of PVHC's business operations. It does not appear that either Copenhaver, Kath, or Polsinelli are given discretion to exercise its own professional judgment as to some part of the bankruptcy estate's administration; and are not involve in the estate's administration. Neither Copenhaver, Kath, nor Polsinelli meet the requirements of a professional under Section 327(a). Each may be employed as a professional in the ordinary course subject to the limitations below.

Williams, Porter *et al* and Park Street

PVHC indicates that these firms are "legal counsel for tort litigation issues." The court finds that the firms are in a position of managing and controlling the tort litigation, which PVHC contends, is the sole reason for filing for bankruptcy protection. Each firm is involved in the terms of the plan of reorganization in that the disposition of the tort litigation is an integral part of Debtor's reorganization. The firms are not providing services directly related to PVHC's business operations. Williams, Porter, and Park Street meet the definition of a professional for the purposes of Section 327(a) and are required to file an application for approval of its fees upon retention by the bankruptcy estate.

Casey Peterson *et al*

PVHC indicates that Casey Peterson will provide accounting services. The court is not able to determine whether the services are for the administration of Debtor's business or the bankruptcy estate. Therefore, if the services provided to PVHC are related to Debtor's day-to-day operations, court approval under Section 327(a) is not necessary. However, if the services relate to the bankruptcy estate, such as monthly operating reports or similar services, or the litigation, the services would be subject to the court's approval and require further approval of fees.

**THEREFORE IT IS ORDERED** that pursuant to sections 105, 327 and 328 of the Bankruptcy Code, Debtor is authorized to employ and retain the Ordinary Course Professionals, Copenhaver, Kath, *et al* and Polsinelli, effective as of the date of the filing of the Motion; and it is further

**ORDERED** that Debtor is authorized to make monthly payments for compensation and reimbursement of expenses up to $20,000 to each Ordinary Course Professional. Such monthly payments shall be made in the manner customarily made by Debtor in the full amount billed by such professional, upon receipt therefrom of reasonably detailed invoices indicating the nature of the services rendered and calculated in accordance with such professional's standard billing practices (without prejudice to Debtor's right to dispute any such invoices); and it is further

**ORDERED** that to the extent the compensation requested by the Ordinary Course Professional exceeds $20,000 per month, payment to such professional of such excess shall be subject to the court's approval in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and this court's orders; and it is further

**ORDERED** that approximately every ninety (90) days, Debtor shall file with the court and serve on the United States Trustee and counsel to the Official Committee of Unsecured Creditors a statement that includes the following information for each Ordinary Course Professional: (a) the name of such Ordinary Course Professional; (b) for each month, the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the first sixty (60) days of each ninety (90) day period and the last thirty (30) days of the immediately prior ninety (90) day period, if applicable; and (c) a general description of the services rendered by each Ordinary Course Professional; and it is further

**ORDERED** the motion to employ Williams, Porter *et al* and Park Street as Ordinary Course Professionals is denied and it is further

**ORDERED** that these entities may be employed as professionals within the scope of Section 327(a), and shall apply to the court for compensation pursuant to Section 330; and it is further

**ORDERED** that the motion is granted as to Casey Peterson limited to the services provided to Debtor in the ordinary course of PVHC's business, but denied as to services performed for the bankruptcy estate. To the extent Casey Peterson is employed as a professional within the scope of Section 327(a), it must apply to the court for approval of all fees, pursuant to Section 330; and it is further

**ORDERED** that Debtor is authorized, without need for further hearing or court Order, to employ and retain additional Ordinary Course Professionals by filing with the court a supplement to Exhibit A (the "Supplement"), listing the name and address of the additional Ordinary Course Professionals, along with a brief description of the services to be rendered and by otherwise complying with the terms of this Order; and it is further

**ORDERED** that any employment of professionals under Section 327(a) requires a separate motion and court approval; and it is further

**ORDERED** that no provision contained herein is intended or should be construed as an admission as to the validity of any claim against Debtor, a waiver of Debtor's rights to dispute any claim, or an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code; and it is further

**ORDERED** that this Order shall not apply to any professional retained by Debtor pursuant to a separate order of the court; and it is finally

**ORDERED** that this court shall, and hereby does, retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

BY THE COURT

8/24/2016

_____

Honorable Cathleen D. Parker
United States Bankruptcy Judge