Bradley T. Hunsicker (Wyo. Bar 7-4579)
**MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC**
106 East Lincolnway Suite 300
Cheyenne, WY  82001
Telephone: 307-778-8178
bhunsicker@markuswilliams.com

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF WYOMING

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| POWELL VALLEY HEALTH CARE, INC., | ) Case No. 16-20326 |
| | ) |
| Debtor-in-Possession. | ) |

### DEBTOR'S APPLICATION TO EMPLOY HAMMOND HANLON CAMP, LLC AS FINANCIAL ADVISOR AND INVESTMENT BANKER

Powell Valley Health Care, Inc. ("**PVHC**", or the "**Debtor**"), the debtor and debtor in possession in the above captioned case, hereby files this Application to Employ Hammond Hanlon Camp, LLC as Financial Advisor and Investment Banker (the "**Application**") pursuant to §§ 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "**Bankruptcy Code**"), Rule 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2002-1(D) of the Local Bankruptcy Rules (the "**Local Rules**") to employ H2C as its financial advisor and investment banker in the above-captioned chapter 11 case (the "**Chapter 11 Case**") effective as of the date of the filing of this Application.  In support hereof, PVHC states as follows:

## I.   INTRODUCTION

1. PVHC desires to employ Hammond Hanlon Camp, LLC ("**H2C**"), an independent, healthcare-focused strategic advisory and investment banking firm, as its financial advisor and investment banker to assist it in determining an evidence-based valuation of PVHC's business, formulating and negotiating a chapter 11 plan of reorganization and providing expert support to demonstrate the viability of any proposed chapter 11 plan.  Additionally, it is conceivable that H2C would be utilized to conduct a sale process of PVHC's assets pursuant to § 363 of the Bankruptcy Code.  Said services are crucial to the success of this Chapter 11 Case. With offices across the country and a firm heritage that traces back almost 30 years, H2C has the resources, capabilities, and experience to help PVHC meet its financial goals. A qualified and experienced investment banker, such as H2C, fulfills a critical service that complements the services provided by PVHCs' other professionals. H2C's experience and skill will undoubtedly aid PVHC in expeditiously restructuring its assets.

## II.   JURISDICTION AND VENUE

2. The Court has jurisdiction over PVHC, its estate, and this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory basis for the relief requested herein is 11 U.S.C. §§ 327(a) and 328(a).

## III.   BACKGROUND INFORMATION

3. PVHC is a Wyoming non-profit corporation qualified to do business pursuant to section 501(c)(3) of the United States Internal Revenue Code as a public charity. Its mission is to provide healthcare services to the greater-Powell, Wyoming community. In fulfilling its mission statement, PVHC serves a total population of approximately 7,500 people with the highest concentration of the population in Powell, with over 7,000 residents.

4. On May 16, 2016 (the "**Petition Date**"), PVHC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101, *et seq*.

5. PVHC has continued in the possession of its property and has continued to operate and manage its business as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

6. On June 21, 2016, the Office of the United States Trustee for Region 19 (the "U.S. Trustee") appointed an official committee of unsecured creditors for the Chapter 11 case (the "**Creditor Committee**") [D.E. 145].

7. A description of the background of PVHC and the events leading up to the filing of the voluntary petition by PVHC is provided in the Declaration of Michael L. Long in Support of First Day Motions (the "**First Day Declaration**") [Doc. 9], which is incorporated herein by reference.

### IV. DESCRIPTION OF H2C

8. H2C is an independent, healthcare-focused strategic advisory and investment banking firm with a particular emphasis on the not-for-profit sector. The firm traces its heritage back almost 30 years through its predecessor organizations, including

3

Shattuck Hammond Partners. With offices in Atlanta, Chicago, New York and San Diego, H2C is uniquely positioned to help debtors meet their financial goals. The firm's principals have been lead advisors on hundreds of transactions in the healthcare industry representing billions of dollars in value, offering the experience and industry knowledge to achieve the most favorable results for debtors' estates. H2C has assembled a team of senior professionals that have worked with leading health systems around the country and executed many of the most creative transactions in the healthcare industry. The firm's leadership leverages more than 230 years of combined experience in the field of healthcare strategy and finance.

9. PVHC identified and interviewed multiple potential candidates to serve as its financial advisor in this Chapter 11 Case. H2C was eventually selected by PVHC based, in part, on H2C's strong reputation as an industry leader in assisting similarly situated debtors. H2C will provide investment banking services to PVHC in accordance with that certain engagement agreement dated August 22, 2016 (the "**Engagement Agreement**"), a copy of which is attached as **Exhibit A** to this Application. This Application is further supported by the evidence contained in the Affidavit of Thomas M. Barry in Support of Debtor's Application to Employ Hammond Hanlon Camp LLC as Financial Advisor and Investment Banker (the "**Barry Affidavit**") attached as **Exhibit B**.

## V. RELIEF REQUESTED

10. PVHC seeks the entry of an order authorizing the employment and retention of H2C as financial advisor and investment banker to PVHC pursuant to the

4

terms and conditions of the Engagement Agreement, which was negotiated by PVHC and H2C at arm's length and in good faith, effective as of the date of the filing of this Application. The Engagement Agreement contemplates that H2C will provide the following investment banking services to PVHC:

a. Phase I

  i. Prepare a report on the value of PVHC on a standalone basis and provide such valuation upon request for purposes including settlement with creditors and/or supporting a plan of reorganization;

  ii. Advise and assist PVHC regarding the viability of any proposed reorganization plan based on the valuation determined in accordance with paragraph (i) above;

  iii. Advise and assist PVHC regarding any valuation reports or other valuations presented by other parties in the Chapter 11 Case, including analyzing the financial projections used therein and all assumptions, methodologies, and bases underlying or applied to such projections;

  iv. Participate in in-person meetings with PVHC's creditors or creditor representatives and/or hearings before the Bankruptcy Court with respect to the matters upon which H2C has been engaged pursuant to the Engagement Agreement, including testifying at any hearing or deposition in the Chapter 11 Case relating to financial matters involving PVHC, including matters relating to valuation and/or viability; and,

  v. Cooperate with any third-party consultants retained by PVHC and/or outside bankruptcy counsel ("**Counsel**") in connection with the Chapter 11 Case, the valuation of PVHC's assets, and any other matter related to the services to be provided by H2C pursuant to the Engagement Agreement.

b. Phase II (if deemed necessary)

> i. Advise and assist PVHC and Counsel with respect to conducting a sale process and closing a sale of PVHC's assets (each, a "**Transaction**") including assisting with identifying and soliciting potentially interested parties as required;
>
> ii. Assist in the coordination of all activities related to closing the Transaction(s); and,
>
> iii. Provide additional financial advisory services mutually agreed upon between PVHC and H2C that is usual and customary in the Chapter 11 Case.

11. PVHC respectfully submits that it will be necessary to employ and retain H2C pursuant to 11 U.S.C. §§ 327 and 328 to serve as financial advisor and investment banker in this Chapter 11 Case and that the employment of H2C for the purposes set forth above is appropriate and in the best interests of PVHC and its creditors and estate.

12. The services that H2C will provide to PVHC are necessary to enable PVHC to maximize the recovery to its creditors. The services of H2C will complement, and not duplicate, the services rendered by any other professionals retained in this Chapter 11 Case. H2C understands that PVHC may retain additional professionals during the term of the engagement, and H2C agrees to work cooperatively with such professionals to coordinate the work conducted by PVHCs' professionals in order to avoid any unnecessary duplication of services.

## VI. TERMS OF ENGAGEMENT

13. H2C's willingness to enter into this engagement to advise and assist PVHC is contingent upon its ability to be retained in accordance with the terms and conditions

of the Engagement Agreement and being compensated for its services and reimbursed for the expenses it incurs in accordance therewith.

14. Except as described below, H2C intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this Chapter 11 Case, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules and the Local Rules, any applicable guidelines established by the U.S. Trustee and any other applicable procedures and orders of the Court and consistent with the proposed compensation set forth in the Engagement Agreement (the "**Compensation Structure**"). Further, because PVHC is seeking to compensate H2C pursuant to § 328(a) of the Bankruptcy Code, PVHC believes that H2C's compensation should not be subject to any additional standard of review under section 330 of the Bankruptcy Code.

15. In summary, the Compensation Structure provides as follows:

   a. H2C shall earn a fixed fee of $50,000 for the valuation of PVHC and a viability analysis to demonstrate any proposed reorganization plan based on said valuation has a reasonable chance of success, due and payable upon completion and presentation of its report and findings, subject to Bankruptcy Court approval of its retention. Additionally, said $50,000 fee will include: one (1) in-person meeting with PVHC's creditors or creditor representatives in order for H2C to present H2C's findings with respect to the valuation of PVHC and any viability analysis completed by H2C; **OR**, one (1) in-person participation in an evidentiary hearing before the Bankruptcy Court to testify as to H2C's findings with respect to the valuation of PVHC and any viability analysis completed by H2C, regardless if such participation occurs after September 22, 2016;

   b. If H2C's services required to testify in front of the Bankruptcy Court or negotiate with creditors extends beyond September 22, 2016, H2C's fees

7

for services rendered providing expert witness testimony, including further negotiation with creditors, subsequent to such date, shall be billed at a blended hourly rate of $500, plus expenses.

c. In addition, should PVHC request the services of H2C to negotiate an affiliation agreement with a local provider and assist in garnering creditor support related thereto, H2C shall be due a completion fee of $100,000 in addition to its stated hourly rates.

d. Should H2C be engaged to provide services as outlined in Phase II (see above), H2C shall be due a completion fee of the greater of $350,000 or two percent (2%) of consideration, upon the successful completion of a Transaction, subject to the terms and conditions to be negotiated in an amendment to the Engagement Agreement.

e. PVHC shall reimburse H2C upon request for its reasonable expenses, including, without limitation, disbursements and travel expenses (and in the event PVHC is requested or required to indemnify H2C for any matter that may arise in any manner out of or in connection with the rendering of services by H2C pursuant to the Engagement Agreement, its professional and/or legal fees) incurred in connection with its engagement. Such expenses will be immediately due and payable promptly upon receipt by PVHC of invoices from H2C in relation to all or part of such expenses.

f. All fees and expenses payable are net of all applicable withholding and similar taxes and shall be paid in immediately available funds.

g. PVHC shall provide H2C a retainer of $25,000 upon the commencement of the engagement subject to the approval by the Bankruptcy Court.

16. PVHC believes that the Compensation Structure is reasonable and comparable to compensation generally charged by investment banking firms of similar stature to H2C and for comparable engagements, both in and out of bankruptcy proceedings, and reflects a balance between a fixed, monthly fee, and a deferred amount which is tied to the consummation and closing of the transactions and services contemplated by PVHC and H2C in the Engagement Agreement. The hours worked,

results achieved and the ultimate benefit to PVHC for the work performed by H2C in connection with its engagement may vary and PVHC and H2C have taken this into account in setting the fees above. The Compensation Structure was established to reflect the difficulty and challenging nature of the engagement.

17. Further, the Compensation Structure is consistent with H2C's normal and customary billing practices for cases of this size and complexity both in and out of bankruptcy proceedings which require the level of services to be provided. Accordingly, H2C and PVHC believe that the Compensation Structure is both reasonable and market-based.

## VII.   DISINTERESTEDNESS

18. To the best of PVHCs' knowledge, information and belief, H2C (i) is a disinterested person within the meaning of section 101(4) of the Bankruptcy Code as required by section 327(a) of the Bankruptcy Code and modified by sections 328(c) and 1107(b) of the Bankruptcy Code, (ii) does not hold or represent an interest adverse to PVHC or its estate with respect to matters as to which H2C is to be employed, and (iii) has no connection to PVHC, its creditors, or related parties.

19. Specifically, H2C (i) is not a creditor, equity security holder, or an insider of PVHC, (ii) is not and was not, within the two years before the Petition Date, a director, officer, or employee of PVHC, and (iii) does not have an interest materially adverse to the interest of PVHCs' estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in PVHC.

20. H2C has reviewed its databases and, as further described in the Barry Affidavit, provided disclosures, if any, regarding engagements it may have had with potential parties in interest. To the extent H2C discovers any additional material relationships bearing on the matters described in the Barry Affidavit during the period of H2C's retention, H2C will use reasonable efforts to supplement the information provided in the Barry Affidavit.

21. Lastly, H2C has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with this Chapter 11 Case.

**WHEREFORE**, for the reasons described herein, PVHC respectfully requests that the Court enter the attached order approving the retention and employment of H2C as financial advisor and investment banker to PVHC, and grant other relief as is just and proper.

Dated: August 25, 2016.

**MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC**

By: */s/ Bradley T. Hunsicker*
Bradley T. Hunsicker (WY Bar No 7-4579)
John F. Young (Pro Hac Vice)
106 East Lincolnway, Suite 300
Cheyenne, WY 82001
Telephone: 307-778-8178
Facsimile: 307-638-1975
Email: bhunsicker@markuswilliams.com

Counsel for the Debtor and Debtor-in-Possession

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 25, 2016, a copy of the foregoing was served via U.S. Mail, postage prepaid, upon the parties who have entered their appearance and to the parties on the Limited Service List attached hereto.

*/s/Jenny F. Tokuoka*
Jenny F. Tokuoka