Jamie N. Cotter (Wyoming Bar No. 74721)
Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver, Colorado 80203
Telephone: (303) 839-3800
Facsimile: (303) 839-3838
jcotter@spencerfane.com
*Counsel to Official Committee of
Unsecured Creditors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| **In Re:** | ) | **Chapter 11** |
| | ) | **Case No. 16-20326** |
| **POWELL VALLEY HEALTH CARE, INC.,** | ) | |
| | ) | |
| **Debtor-in-possession.** | ) | |

### COMMENT TO NOTICES OF REMOVAL AND REQUEST
### FOR STATUS CONFERENCE

The Official Committee of Unsecured Creditors (the "Committee"), for its Comment to Notices of Removal and Request for Status Conference (the "Comment"), states as follows:

1. HealthTech Management Services, Inc. ("Management") sought removal of 16 cases in which it is a co-defendant on August 15, 2016, by filing its Notices of Removal (collectively, the "Notices"). As to the Notices, the Committee, to the extent necessary, denies all allegations contained therein and reserves all rights.

2. In the Notices, Management points out that finding negligence or wrongdoing by the alleged tortfeasor Dr. Hansen is a threshold issue to liability of Management. What is not considered, however, is that each tort claimant is entitled to a trial by jury on that very issue which involves personal injury tort and/or wrongful death claims, which cannot be had in the Bankruptcy Court, and about which the Committee is certain the tort claimants would never agree to entry of final orders by the Bankruptcy Court. 28 U.S.C. § 157(b)(5); 28 U.S.C. § 1411(a) (the result of removal with no remand may be 16 jury trials before the Federal District

Court, thereby creating even more litigation and delays). Thus, at the end of the day, Management's actions here seem to be designed only to delay and further thwart the legitimate rights and expectations of the tort claimants to have their claims determined for purposes of distribution before a jury, should they decide to do so.

3.  Given the Court's recent Order Approving Motion Extending Period Within Which Parties May Remove Actions, which extended the time for all parties to remove any actions to February 17, 2017, the Committee believes the parties should be focused on payment of the legitimate claims of the tort claimants, all of whom have now been in litigation for years after the harm suffered them, rather than becoming enmeshed in expensive removal and remand litigation. To the extent the Court deems it appropriate, the Committee believes a Status Conference is appropriate to discuss these proceedings and whether, as the Debtor indicated in its Motion seeking such extension, there is an opportunity for a consensual resolution of the tort claimants' claims in a Chapter 11 Plan. The Court may take notice, however, that the tort claimants' wish at this point is to have the cases proceed in state court as soon as possible so they can liquidate their claims against Management and the other defendants.

4.  In further response to certain of the allegations set forth in the Notices, and to give the Court further context as to the nature of the disputes with Management, the Committee points out the following:

- The Agreement for Management Services (the "Management Agreement") upon which Management relies, generally provided that the Board of the Debtor authorized Management, "on the Board's behalf, to exercise, in accordance with written policies of the Board, the reasonable business judgment in the discharge of its duties hereunder, including supervision and effective management of the day-to-day business operations of [Debtor] through the CEO," which was an employee of Management.

- The Committee believes, therefore, that Management and its employees stood in a fiduciary capacity, and had a fiduciary obligation to the Debtor.

- In connection therewith, Management was to provide policies of insurance under the Management Agreement to protect the Debtor from breaches of fiduciary duty by Management. The Committee just received two (2) such policies from Lexington Insurance Company, covering the years 9-30-2013 to 9-30-2014 and 9-30-2014 to 9-30-2015 (both in the amount of $7,000,000). The COMMITTEE intends to make demand on Management and its insurer (and may seek derivative standing to pursue litigation relating thereto) in the near future.[1]

- The Committee believes that not only does Debtor not owe any indemnification obligation to Management, but that Management owes an unlimited indemnification obligation to Debtor. (Paragraphs 10.1 and 10.3 of the Management Agreement). The Committee intends to object to Proofs of Claim 8-1 and 9-1 filed by Management and its former employee William D. Patten and, if necessary, seek equitable subordination of their claims under 11 U.S.C. § 510 of the Bankruptcy Code.

5. As the Court may ascertain, the issues regarding Management and its potential liability to the tort claimants and/or the estate is more complex than as set forth in the Notices and should be the subject of a methodical process to resolve this case, rather than having the parties focus on removal and remand issues.

WHEREFORE, the Committee comments on the Notices as aforesaid, and respectfully requests a Status Conference if the Court deems it appropriate.

Respectfully submitted,

SPENCER FANE LLP

/s/ Jamie N. Cotter
Jamie N. Cotter        WY #74721
Philip A. Pearlman     CO #11426
(pro hac pending)
1700 Lincoln Street, Suite 2000
Denver, CO 80203-4554
(303) 839-3800
(303) 839-3838—Fax
jcotter@spencerfane.com
ppearlman@spencerfane.com

---

[1] Pursuant to any suit for breach of fiduciary duty, the Committee may seek a jury trial. It is also interesting to note that Lexington Insurance Company is also one of the insurance companies in the declaratory judgment action which insured the Debtor and is denying coverage on the malpractice claims.

        Scott J. Goldstein    MO #28698
        1000 Walnut, Suite 1400
        Kansas City, MO 64106
        (816) 474-8100
        (816) 474-3216– Fax
        sgoldstein@spencerfane.com

        COUNSEL TO OFFICIAL COMMITTEE OF
        UNSECURED CREDITORS

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 26th day of August, 2016, the above and foregoing was served via electronic filing to all parties requesting/receiving electronic notice in this case and via U.S. Mail postage pre-paid upon the attached service list.

        /s/ Jamie N. Cotter
        Counsel to Official Committee of Unsecured
        Creditors