B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>Powell Valley Health Care, Inc. | DEFENDANTS<br>Nathaniel Bliss, Shedric Bates and P.S.B, Mark Bonasmarte, Jan Brinkerhoff, Bart Brinkerhof, Nancy Crawford, Earl Crawford III, Anthony DiPilla, Laurie DiPilla, Shannon Eller, Nancy Heiser, Larry Heiser, Sheryl Henderson, Darin Henderson, Joetta Johnson, Martha McMillan, Richard McMillan, Keela Meier, Brock Meier, Kalan Nicholson, Michelle Oliver, Darcy Ronne, Jody Sessions, Jerry Sessions, Lynn Snell, Janet Snell, Veronica Sommerville, William Sommerville, A.L.S., Susan Stanbaugh, Scott Stambaugh, Shane Wilson, Jayme Wilson, Peggi Jo Werbelow, Powell Hospital District No. 1, Jeffrey Hansen, M.D., William Patten, and Healthtech Management Services, Inc |

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br><br>Jennifer Salisbury, Brad Hunsicker<br>Markus Williams Young & Zimmermann<br>106 E. Lincoln, Suite 300, Cheyenne, WY 82001 | ATTORNEYS (If Known)<br><br>Randy L. Royal<br>P.O. Box 551<br>Greybull, WY 82426 |

| PARTY (Check One Box Only)<br>☒ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor      ☐ Other<br>☐ Trustee |

| CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>Claims for Declaratory Judgment and for Injunctive Relief |
|---|

| NATURE OF SUIT |
|---|
| (Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.) |

| FRBP 7001(1) – Recovery of Money/Property | FRBP 7001(6) – Dischargeability (continued) |
|---|---|
| ☐ 11-Recovery of money/property - §542 turnover of property | ☐ 61-Dischargeability - §523(a)(5), domestic support |
| ☐ 12-Recovery of money/property - §547 preference | ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury |
| ☐ 13-Recovery of money/property - §548 fraudulent transfer | ☐ 63-Dischargeability - §523(a)(8), student loan |
| ☐ 14-Recovery of money/property - other | ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation |
| | (other than domestic support) |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien** | ☐ 65-Dischargeability - other |
| ☐ 21-Validity, priority or extent of lien or other interest in property | |
| | **FRBP 7001(7) – Injunctive Relief** |
| **FRBP 7001(3) – Approval of Sale of Property** | ☑ 71-Injunctive relief – imposition of stay |
| ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) | ☐ 72-Injunctive relief – other |
| | |
| **FRBP 7001(4) – Objection/Revocation of Discharge** | **FRBP 7001(8) Subordination of Claim or Interest** |
| ☐ 41-Objection / revocation of discharge - §727(c),(d),(e) | ☐ 81-Subordination of claim or interest |
| | |
| **FRBP 7001(5) – Revocation of Confirmation** | **FRBP 7001(9) Declaratory Judgment** |
| ☐ 51-Revocation of confirmation | ☑ 91-Declaratory judgment |
| | |
| **FRBP 7001(6) – Dischargeability** | **FRBP 7001(10) Determination of Removed Action** |
| ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims | ☐ 01-Determination of removed claim or cause |
| ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, | **Other** |
| actual fraud | ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.* |
| ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny | ☐ 02-Other (e.g. other actions that would have been brought in state court |
| **(continued next column)** | if unrelated to bankruptcy case) |

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Powell Valley Health Care, Inc. | BANKRUPTCY CASE NO.  16-20326 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Wyoming | DIVISION OFFICE | NAME OF JUDGE<br>Parker |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>August 30, 2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Jennifer Salisbury | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Bradley T. Hunsicker (Wyoming Bar No. 7-4579)
Jennifer Salisbury (Wyoming Bar No. 7-5218)
Markus Williams Young & Zimmermann LLC
106 East Lincolnway, Suite 300
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (307) 638-1975
bhunsicker@MarkusWilliams.com
jsalisbury@MarkusWilliams.com

Attorneys for Powell Valley Health Care, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| POWELL VALLEY HEALTH CARE, INC. | ) | Case No. 16-20326 |
| | ) | CHAPTER 11 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| POWELL VALLEY HEALTH CARE, INC. | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Adversary No. _____ |
| | ) | |
| Nathaniel Bates, Sheena Bates and I.S.B. a | ) | |
| minor child, Mark Bonamarte, Jan Brinkerhoff | ) | |
| and Bart Brinkerhof, Nancy Crawford and Earl | ) | |
| Crawford III, Anthony DiPilla and Laurie | ) | |
| DiPilla, Shannon Eller, Nancy Heiser and Larry | ) | |
| Heiser, Sheryl Henderson and Darin Henderson, | ) | |
| Joetta Johnson, Martha McMillan and Richard | ) | |
| McMillan, Keela Meier and Brock Meier, Kalan | ) | |
| Nicholson, Michelle Oliver, Darcy Ronne, Jody | ) | |
| Sessions and Jerry Sessions, Lynn Snell and | ) | |
| Janet Snell, Veronica Sommerville, William | ) | |
| Sommerville and A.L.S., a minor child, Susan | ) | |
| Stambaugh and Scott Stambaugh, Shane Wilson | ) | |
| and Jayme Wilson, Peggi Jo Werbelow, Powell | ) | |

Hospital District No. 1, Jeffrey Hansen, M.D,   )
William Patten, and Healthtech Management   )
Services, Inc.   )
   )
   )
           Defendants.   )

---

## COMPLAINT FOR DECLARATORY JUDGMENT AND FOR INJUNCTION RELIEF

---

**COMES NOW** Plaintiff Powell Valley Health Care, Inc. (the "Debtor", or "PVHC"), by and through its counsel, and for its complaint against Nathaniel Bates, Sheena Bates and I.S.B. a minor child, Mark Bonamarte, Jan Brinkerhoff and Bart Brinkerhof, Nancy Crawford and Earl Crawford III, Anthony DiPilla and Laurie DiPilla, Shannon Eller, Nancy Heiser and Larry Heiser, Sheryl Henderson and Darin Henderson, Joetta Johnson, Martha McMillan and Richard McMillan, Keela Meier and Brock Meier, Kalan Nicholson, Michelle Oliver, Darcy Ronne, Jody Sessions and Jerry Sessions, Lynn Snell and Janet Snell, Veronica Sommerville, William Sommerville and A.L.S., a minor child, Susan Stambaugh and Scott Stambaugh, Shane Wilson and Jayme Wilson, Peggi Jo Werbelow, Powell Hospital District No. 1, Jeffrey Hansen, M.D, William Patten, and Healthtech Management Services, Inc. (the "Defendants"), states and alleges as follows:

### THE PARTIES

1.      Nathaniel Bates and Sheena Bates are individuals who reside in Big Horn County, Wyoming.  The Bates initiated litigation against the Debtor in Park County, Wyoming in *Nathaniel Bates, individually and as the parent and natural guardian of I.S.B., and Sheena Bates, individually and as the parent and natural guardian of I.S.B v. Healthtech*

*Management Services, Inc., Williams D. Patten, Jeffrey Hansen, MD., and Powell Valley Health Care, Inc.*, Case No. 28112, in the District Court of Park County, Wyoming, Fifth Judicial District.

2.    Mark Bonamarte is an individual who initiated an application for claim review to the Wyoming Medial Review Panel entitled *Mark Bonamarte v. Powell Valley Health Care, Inc., Powell Valley Hospital, Powell Valley Hospital District No. 1, and Dr. Jeffrey Hansen*, Docket no. 15-52.

3.    Jan Brinkerhoff and Bart Brinkerhoff are individuals who reside in Park County, Wyoming.  The Brinkerhoffs initiated litigation against the Debtor in Park County, Wyoming in *Jan Brinkerhoff and Bart Brinkerhoff v. Healthtech Management Services, Inc., Williams D. Patten, Jeffrey Hansen, MD., and Powell Valley Health Care, Inc.*, Case No. 27946, in the District Court of Park County, Wyoming, Fifth Judicial District.

4.    Nancy Crawford and Earl Crawford III are individuals who reside in Park County, Wyoming.  The Crawfords initiated litigation against the Debtor in Park County, Wyoming in *Nancy Crawford and Earl Crawford III v. Healthtech Management Services, Inc., Williams D. Patten, Jeffrey Hansen, MD., and Powell Valley Health Care, Inc.*, Case No. 28199, in the District Court of Park County, Wyoming, Fifth Judicial District.

5.    Anthony DiPilla and Laurie DiPilla are individuals who reside in Park County, Wyoming.  The DiPillas initiated litigation against the Debtor in Park County, Wyoming in *Anthony DiPilla and Laurie DiPilla v. Healthtech Management Services, Inc., William D. Patten, Jeffrey Hansen, and Powell Valley Health Care, Inc.*, Case No. 27947, in the District

Court of Park County, Wyoming, Fifth Judicial District.

6.      Shannon Eller is an individual who resides in Park County, Wyoming.  Ms. Eller initiated litigation against the Debtor in Park County, Wyoming in *Shannon Eller v. Jeffrey Hansen, MD., and Powell Valley Health Care, Inc.*, Case No. 28103, in the District Court of Park County, Wyoming, Fifth Judicial District.

7.      Nancy Heiser and Larry Heiser are individuals who reside in Washakie County, Wyoming.  The Heisers initiated litigation against the Debtor in Park County, Wyoming in *Nancy Heiser and Larry Heiser v. Healthtech Management Services, Inc., William D. Patten, Jeffrey Hansen, and Powell Valley Health Care, Inc.*, Case No. 28198, in the District Court of Park County, Wyoming, Fifth Judicial District.

8.      Sheryl Henderson and Darin Henderson are individuals who reside in Big Horn County, Wyoming.  The Hendersons initiated litigation against the Debtor in Park County, Wyoming in *Sheryl Henderson and Darin Henderson v. Healthtech Management Services, Inc., William D. Patten, Jeffrey Hansen, and Powell Valley Health Care, Inc.*, Case No. 28134, in the District Court of Park County, Wyoming, Fifth Judicial District.

9.      Joetta Johnson is an individual who resides in Park County, Wyoming.  Ms. Johnson initiated litigation against the Debtor in Park County, Wyoming in *Joetta Johnson v. Healthtech Management Services, Inc., Jeffrey Hansen, MD., and Powell Valley Health Care, Inc.*, Case No. 27821, in the District Court of Park County, Wyoming, Fifth Judicial District.

10.     Martha McMillan and Richard McMillan are individuals who reside in Big

Horn County, Wyoming.  The McMillans initiated litigation against the Debtor in Park County, Wyoming in *Martha McMillan and Richard McMillan v. Healthtech Management Services, Inc., William D. Patten, Jeffrey Hansen, and Powell Valley Health Care, Inc.*, Case No. 27948, in the District Court of Park County, Wyoming, Fifth Judicial District.

11.     Keela Meier and Brock Meier are individuals who reside in Big Horn County, Wyoming.  The Meiers initiated litigation against the Debtor in Park County, Wyoming in *Keela Meier and Brock Meier v. Jeffrey Hansen, and Powell Valley Health Care, Inc.*, Case No. 28160, in the District Court of Park County, Wyoming, Fifth Judicial District

12.     Kalan Nicholson is an individual who resides in Park County, Wyoming.  Ms. Johnson initiated litigation against the Debtor in Park County, Wyoming in *Kalan Nicholson v. Healthtech Management Services, Inc., Jeffrey Hansen, MD., and Powell Valley Health Care, Inc.*, Case No. 28178, in the District Court of Park County, Wyoming, Fifth Judicial District.

13.     Michelle Oliver is an individual who resides in the State of Montana.  Ms. Oliver initiated litigation against the Debtor in the United States District Court, District of Wyoming, in *Michelle Oliver v. Healthtech Management Services, Inc., William D. Patten, Jeffrey Hansen, MD., and Powell Valley Health Care, Inc.*, Case No. 14cv168-S and in the District Court of Park County, Wyoming, Fifth Judicial District, *Michelle Oliver v. Healthtech Management Services, Inc., William D. Patten, Jeffrey Hansen, MD, and Powell Valley Health Care, Inc.*, Case No. 28035.

14.     Darcy Ronne is an individual who resides in Sheridan County, Wyoming.  Ms.

Ronne initiated litigation against the Debtor in Park County, Wyoming in *Darcy Ronne v. Healthtech Management Services, Inc., William D. Patten, Jeffrey Hansen, MD., and Powell Valley Health Care, Inc.*, Case No. 28123, in the District Court of Park County, Wyoming, Fifth Judicial District.

15.    Jody Sessions and Jerry Sessions are individuals who reside in Park County, Wyoming.  The Sessions initiated litigation against the Debtor in Park County, Wyoming in *Jody Sessions and Jerry Sessions v. Jeffrey Hansen, MD., and Powell Valley Health Care, Inc.*, Case No. 28161, in the District Court of Park County, Wyoming, Fifth Judicial District.

16.    Lynn Snell and Janet Snell are individuals who reside in Park County, Wyoming.  The Snells initiated litigation against the Debtor in Park County, Wyoming in *Lynn Snell and Janet Snell v. Healthtech Management Services, Inc., Williams D. Patten, Jeffrey Hansen, MD., and Powell Valley Health Care, Inc.*, Case No. 27805, in the District Court of Park County, Wyoming, Fifth Judicial District.

17.    Veronica Sommerville, William Sommerville and A.L.S., a minor child, are individuals who reside in Park County, Wyoming.  The Sommervilles initiated litigation against the Debtor in Park County, Wyoming in *Veronica Sommerville, William Sommerville, individually and as the parents and natural guardians of their minor child, A.L.S. v. Healthtech Management Services, Inc., Jeffrey Hansen, MD., and Powell Valley Health Care, Inc*, Case No. 27813, in the District Court of Park County, Wyoming, Fifth Judicial District.

18.    Susan Stambaugh and Scott Stambaugh are individuals who reside in Park

{Z0130430/1 }                                          6

County, Wyoming.  The Stambaughs initiated litigation against the Debtor in Park County,

Wyoming in *Susan Stambaugh and Scott Stambaugh v. Jeffrey Hansen, MD., Powell Valley*

*Health Care, Inc. and Powell Valley Hospital District*, Case No. 27818, and *Susan*

*Stambaugh and Scott Stambaugh v. Healthtech Management Services, Inc., Powell Hospital*

*District, and Powell Valley Health Care, Inc.*, Case No. 27758, both in the District Court of

Park County, Wyoming, Fifth Judicial District.

19.    Shane Wilson and Jayme Wilson are individuals who reside in Lovell,

Wyoming.  The Wilsons initiated litigation against the Debtor in Park County, Wyoming in

*Shane Wilson and Jayme Wilson v. Powell Valley Health Care, Inc., Powell Valley Hospital*

*District No. 1, Dr. Jeffrey Hansen, and John Does 1 - 10*, Case No. 28050, in the District

Court of Park County, Wyoming, Fifth Judicial District.

20.    Peggi Jo Werbelow is an individual who resides in Riverton, Wyoming.  Ms.

Werbelow initiated litigation against the Debtor in Park County, Wyoming in *Peggi Jo*

*Werbelow v. Powell Valley Health Care, Inc., Powell Valley Hospital District No. 1, Dr.*

*Jeffrey Hansen, and John Does 1 - 10*, Case No. 28031, in the District Court of Park County,

Wyoming, Fifth Judicial District.

21.    Powell Hospital District No. 1 (the "District") is a special hospital district,

organized pursuant to Wyo.Stat. Ann. 35-2-401 *et seq.*; the District is a governmental entity

or agency, as defined by Wyo.Stat.Ann. 26-3-101 (b)(1).

22.    Jeffrey Hansen, M.D., is a resident of the State of Montana.

23.    William Patten is a resident of the State of New Mexico.

24.     Healthtech Management Services, Inc. ("Healthtech") is an Oregon corporation with its principal place of business in the State of Tennessee.

## JURISDICTION AND VENUE

25.     On May 16, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11, U.S.C. (the "Bankruptcy Code"), commencing bankruptcy case number 16-20326 (the "Bankruptcy Case") in the United State Bankruptcy Court for the District of Wyoming (the "Bankruptcy Court").

26.     The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334.

27.     Venue is proper under 28 U.S.C. §§ 1408 and 1409.

28.     This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G), and (O) and accordingly, this Court has the power to enter final findings of fact and conclusions of law.

29.     Venue herein is proper pursuant to the provisions of 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

30.     From 2006 to 2014, Dr. Jeffery Hansen was an orthopedic surgeon employed by PVHC.

31.     Prior to the Petition Date, twenty civil lawsuits were pending against PVHC stemming from a series of procedures performed at PVHC by Dr. Hansen (collectively, the twenty civil lawsuits will be referred to herein as the "Lawsuits").  The defendants in the Lawsuits include PVHC, Dr. Hansen, Healthtech, the District and Mr. Patten.

{Z0130430/1 }                                        8

32.    In each of the Lawsuits, the plaintiffs allege damages caused by Dr. Hansen's alleged malpractice, with associated claims for vicarious liability against PVHC, along with claims for negligent hiring and supervision/negligent training and supervision against PVHC, the District, Mr. Patten and/or Healthtech.  The Lawsuits seek to recover over $70 million in alleged damages suffered by the plaintiffs.

33.    PVHC rents its buildings, land, and certain equipment from the District.  Under the Lease Agreement between the District and PVHC, PVHC agreed to indemnify the District as follows:

    13.    **Indemnification of DISTRICT**.  DISTRICT shall not be held liable for any loss, injury, death or damage to persons or property which at any time may be suffered or sustained by PVHC or by any person whosoever may at any time be using, occupying or visiting the demised premises or be in, on or about the same, whether such loss, injury, death or damage shall be caused by or in any way result from or arise out of any act, omission, or negligence of PVHC or of any occupant, visitor, or user of any portion of the premises, or shall result from or be caused by any other matter or thing whether of the same kind as or of a different kind than the matters or things above set forth.  PVHC shall indemnify and hold harmless DISTRICT against all claims, liability, loss or damage whatsoever on account of any such loss, injury, death, or damage arising by reason of the negligence or misconduct of PVHC.

34.    PVHC has an Agreement for Management Services with Health Tech Management Services, Inc. ("Healthtech"), under which Healthtech was responsible for selecting and employing the chief executive officer of PVHC.  William D. Patten was the

chief executive officer of PVHC from 2012 to 2015, and he was selected by Healthtech for this position. Under the Management Services Agreement, PVHC agreed to indemnify Healthtech as follows:

> 10.2 <u>By Hospital</u>. Hospital shall indemnify, defend and hold HTMS, its officers, employees and agents harmless from and against any and all expense (including but not limited to reasonable attorney fees and court costs), loss, liability, and claims of any kind whatsoever directly or indirectly arising from or alleged to arise from or in any way connected with the ownership or operation of the Hospital or the performance by the Board and/or Hospital of their respective obligations under this Agreement (including but not limited to errors or omissions in the Hospital's cost reports), unless such claim is caused primarily as a result of (a) the grossly negligent acts or omissions of HTMS or (b) the willful and wanton misconduct of HTMS.

Healthtech and Mr. Patten have already made claims against the PVHC estate for indemnification based upon costs and potential liability under the Lawsuits.

35.    Pursuant to an "Employment Agreement – Orthopedic Surgery" between PVHC and Dr. Hansen dated July 1, 2010, as amended, PVHC agreed to the following with respect to Dr. Hansen:

> 3.7 <u>Liability Insurance.</u> PVHC agrees to provide Physician with professional liability (malpractice) insurance coverage during the term of this agreement. The limits of coverage under said insurance shall be not less than one million dollars ($1,000,000) per occurrence and three million dollars ($3,000,000) in the aggregate annually. Upon termination of this Agreement, PVHC agrees to provide Physician with professional liability insurance tail coverage for all professional services rendered by Physician under this Agreement.

36.    Additionally, pursuant to a "Vice-Chief of Staff Agreement" between PVHC and Dr. Hansen dated January 19, 2012, PVHC agreed to the following with respect to Dr. Hansen:

2.2   <u>Insurance and Indemnification</u>.  PVHC agrees to provide liability insurance coverage which is applicable to the services rendered under this Agreement.

37.     PVHC is the named insured on several liability insurance policies (the "Policies").  Healthtech and Dr. Hansen are also named "insureds" under the Policies. Furthermore, the Policies provide coverage for the indemnification claims asserted against PVHC.

38.     The total amount of proceeds available under the Policies is insufficient to cover the liability claims asserted in the Lawsuits.  At best, the insurance policies provide total coverage capped at approximately $30 million against claims of over $70 million.

39.     However, the insurance companies have denied coverage under the Policies (in certain of the Lawsuits, the insurance companies have tendered defense costs subject to a reservation of rights).

40.     The liability of *all* of the defendants in each of the Lawsuits is dependent upon a legal and factual finding that Dr. Hansen committed malpractice while in the course and scope of his employment by PVHC (*i.e*., the Debtor).

41.     The records regarding the procedures that form the basis of the Lawsuits are in PVHC's possession.

42.     Fact witnesses include the Debtor's employees, its officers and directors.

43.     Even if the claims against the Debtor are severed from each litigation, the Debtor's officers, directors, counsel, and employees would still need to defend the Lawsuits,

attend depositions, respond to discovery, attend twenty different trials, attend twenty different mediations, *etc*.

## COUNT I

### Claim for Declaratory Relief

44.     PVHC incorporates paragraphs 1- 43 as if they were set forth herein.

45.     The automatic stay applies to all actions taken in the Lawsuits because each of the claims therein is "an act to obtain possession or property of the estate . . . or to exercise control over property of the estate."  11 U.S.C. § 362(a)(3).

46.     The Policies are property of PVHC's estate.

47.     The proceeds of the Policies are also property of PVHC's estate.

48.     Each of the claims asserted in the Lawsuits, including the claims asserted against Dr. Hansen, Mr. Patten, Healthtech and the District, may be covered by the Policies and thus implicate a right to the proceeds of the Policies.

49.     The liability coverage provided by the Policies is not enough to cover the claims asserted in the Lawsuits.

50.     Each claim asserted against Dr. Hansen, Healthtech, and/or the District subjects the proceeds of these Policies to depletion and such depletion adversely effects the bankruptcy estate as the Polices protect the estate's other assets from diminution.

51.     Accordingly, pursuant to 28 U.S.C. § 2201(a), PVHC seeks a declaratory judgment that the claims of all defendants in the Lawsuits are actions to "exercise control over property of the estate" and are subject to the automatic stay.

## COUNT II

### In the Alternative, Claim for Injunctive Relief Under 11 U.S.C. § 105(a) and Bankr.R.Civ.P. 7065

52.    PVHC incorporates paragraphs 1 - 43 as if they were set forth herein.

53.    PVHC requests that this Court enter an injunction staying the Lawsuits in their entirety pending further order of this Court.  In particular, PVHC requests an injunction staying the claims asserted against the co-defendants in the Lawsuits: Dr. Hansen, Healthtech, Mr. Patten, and the District.

54.    PVHC is a likely candidate for a successful reorganization.  It is an operating entity which operated in the black.  Its assets exceeded its liabilities before it faced a tsunami of litigation in the form of the Lawsuits and before its insurance carriers denied liability for those Lawsuits under the Policies.

55.    PVHC will face irreparable harm if the Court does not issue an injunction prohibiting any further proceedings against its co-defendants in the Lawsuits.  An identity of interests exists between PVHC and the non-debtor defendants such that PVHC is the real party defendant and the litigation will directly affect the Debtor and, more particularly, the Debtor's assets or its ability to pursue a successful plan of reorganization under Chapter 11.

56.    If the Lawsuits are permitted to proceed, management of PVHC will be forced to devote substantial time and energy in connection with their defense, including attending depositions, responding to discovery, attending twenty different trials/mediations, etc.

57.     If the Lawsuits are not stayed, the directors, officers and employees of PVHC will not be able to focus their efforts in making the reorganization successful.

58.     PVHC faces significant uncertainty as well as administrative and financial burdens in defending the Lawsuits.

59.     PVHC has no adequate remedy at law if an injunction is not issued.

60.     If the Lawsuits go forward (even if PVHC is no longer a party), PVHC will have to devote substantial resources to defending those Lawsuits.  The time and financial resources that would be needed to defend its employees, respond to discovery, etc., would be time and financial resources that could better be spent formulating and funding a plan of reorganization to fairly and equitably pay all unsecured creditors including the claims of the plaintiffs in the Lawsuits.

61.     PVHC has no remedy at law if it is ultimately unable to confirm a plan of reorganization or is forced into a chapter 7 liquidation.  Also, there is no remedy at law if PVHC is forced to spend the time and resources needed to defend the Lawsuits rather than devote these resources to paying creditor claims through a plan of reorganization.

62.     The balance of harms favors PVHC.  The purpose of PVHC's bankruptcy petition is to marshal its assets and to resolve the Lawsuits equitable and fairly; without the stay, all plaintiffs in the Lawsuits are still in a scramble for assets and in a race for judgments.  Some creditors may win this race and others will lose.  As a result similarly situated creditors will not be treated equally, a result the Bankruptcy Code is intended to prevent.

63.     Upon information and belief, none of the named defendants in the Lawsuits have the financial resources that would enable them to satisfy $70 million of judgments against them.

64.     The imposition of the stay would permit all of the plaintiffs in the Lawsuits to participate in a more equal and expeditious recovery, but only if the PVHC has the time and ability to devote its energies to confirming a plan of reorganization.

65.     The public interest favors the granting of an injunction.

66.      A stay would allow PVHC's officers, directors and employees to devote their attention to the bankruptcy process in order to confirm a plan of reorganization beneficial to all creditors, rather than the few creditors who might win the race to disassemble PVHC and its assets.

67.     A successful reorganization would result in the continued employment of approximately 400 employees, and the continued provision of a hospital for the Powell area of northwestern Wyoming.

68.     Pursuant to Fed.R.Bankr.P. 7065, PVHC need not provide any security upon issuance of the forgoing injunction.

**WHEREFORE** Plaintiff PVHC prays for judgment against Defendants as follows:

a.      As to Count I, a declaration that the Policies and their proceeds are property of the estate and that the claims against PVHC's co-defendants in the Lawsuits are acts to exercise control over property of the estate and thus are subject to the automatic stay arising under 11 U.S.C. § 362(a)(3); or in the alternative,

{Z0130430/1 }                                         15

      b.      As to Court II, an injunction staying all the Lawsuits in their entirety until such further order of this Court.

      c.      For such other and further relief as this Court deems just and proper under the circumstances.

**DATED** this 30th day of August, 2016.

POWELL VALLEY HEALTH CARE, INC.

By:___/s/_____*Jennifer Salisbury*_____
Bradley T. Hunsicker (Wyo. Bar No. 7-4579)
Jennifer Salisbury (Wyo. Bar No. 7-5218)
Markus Williams Young & Zimmermann LLC
106 East Lincolnway, Suite 300
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (307) 638-1975
bhunsicker@MarkusWilliams.com
jsalisbury@MarkusWilliams.com

Attorneys for Powell Valley Health Care, Inc.