Jamie N. Cotter (Wyoming Bar No. 74721)
Philip A. Pearlman (Colorado Bar No. 11426)
Scott J. Goldstein (Missouri Bar No. 28698)
Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver, Colorado 80203
Telephone: (303) 839-3800
Facsimile: (303) 839-3838
jcotter@spencerfane.com
*Counsel to the Official Committee of
Unsecured Creditors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| **In Re:** | ) | **Chapter 11** |
| | ) | **Case No. 16-20326** |
| **POWELL VALLEY HEALTH CARE, INC.,** | ) | |
| | ) | |
| **Debtor-in-possession.** | ) | |

### Motion to Establish Interim Compensation Procedures

The Official Committee of Unsecured Creditors, by and through its undersigned counsel, Spencer Fane LLP ("Spencer Fane"), submits the following Motion to Establish Interim Compensation Procedures (the "Motion") pursuant to 11 U.S.C. § 328, 330 and 331, and Federal Rule of Bankruptcy Procedure 2016, and states as follows:

### INTRODUCTION

1. On May 16, 2016, Powell Valley Health Care, Inc. (the "Debtor") filed its voluntary petition under chapter 11 of the Bankruptcy Code (the "Petition Date").

2. The United States Trustee appointed the Official Committee of Unsecured Creditors (the "UCC") on June 21, 2016 pursuant to 11 U.S.C. § 1102. (Docket #145).

3. The UCC consists of the following members: Larry Heiser, Veronica Sommerville, Michelle Oliver, and Joetta Johnson. (Docket # 145 and #210).

4. No trustee or examiner has been appointed in the Debtor's chapter 11 case.

5. The UCC filed its Application to employ Spencer Fane as counsel for the UCC on July 14, 2016 (the "Application"). (Docket # 217).

6. The Court approved the Application on July 19, 2016, *nunc pro tunc* to June 21, 2016. (Docket # 219).

7. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334.

## RELIEF REQUESTED

9. By this Motion, the UCC requests that the Court approve a procedure that would permit Spencer Fane to request interim allowance and payment of its fees and expenses on a monthly basis. This Motion requests that the Court approve the same procedures that have already been approved for interim payments to the Debtor's counsel, Markus Williams Young & Zimmermann LLC ("MWYZ").

10. On June 15, 2016, the Debtor filed its Motion to Establish Interim Compensation Procedures for the Payment of Monthly Interim Compensation to MWYZ ("MWYZ Motion"). (Docket # 140). The Court granted the MWYZ Motion on July 11, 2016. (Docket #211). The UCC requests that the Court approve the same procedures for payment of Spencer Fane as were previously approved for payment to MWYZ.[1] Specifically, the UCC requests that the following procedures be approved:

   (a) Within 14 days after the end of each calendar month, Spencer Fane may submit monthly billing statements describing the services provided and the fees and

---

[1] The UCC states that it has copied the procedures suggested by the Debtor in the MWYZ Motion and approved by the Court and listed those procedures here, with one exception. That is, a provision has been added allowing Spencer Fane to submit Monthly Billing Statements for past months within 14 days of any Court order approving interim payment procedures. Thereafter, all Monthly Billing Statements must be submitted within 14 days after the end of each calendar month.

expenses incurred during the previous calendar month (each, a "Monthly Billing Statement"). The Monthly Billing Statements must be provided to: (1) the Debtor, (2) the UCC, and (3) all parties indicated in the Court's Order Granting Debtor's Motion for an Immediate Order Authorizing the Debtor to Limit Service of Pleadings and Other Notices (Docket #72) (collectively, the "Noticed Parties");

(b)     Each Monthly Billing Statement must contain a list of the individuals and their respective titles who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the expenses incurred (subject to 11 U.S.C. § 330), and contemporaneously maintained time entries for each individual in increments of tenths of an hour;

(c)     Each Noticed Party receiving a Monthly Billing Statement shall have 14 days from delivery of the Monthly Billing Statement within which to review and advise Spencer Fane (and the Noticed Parties) of any objections to amounts over and above the 25% holdback (the "Holdback") that it believes also should be reserved (the "Informal Notice"). If no Informal Notices are submitted, then upon expiration of the 14 day objection period, the Debtor shall be authorized to pay Spencer Fane 75% of the requested fees and 100% of the requested expense reimbursements as set forth in the applicable Monthly Billing Statement;

(d)     Spencer Fane and the party submitting an Informal Notice shall endeavor to resolve the Informal Notice issues promptly and consensually. Any amounts that are not subject to any Informal Notice shall by paid by the Debtor. The failure of any entity to provide an Informal Notice shall not preclude any formal objection to the Court's allowance of interim or final professional compensation;

(e) The foregoing procedures notwithstanding, Spencer Fane shall file interim applications for approval of fees and expenses in accordance with 11 U.S.C. § 330 and 331, any applicable Court rules, and the U.S. Trustee's guidelines, at least every 120 days, and not more than every 180 days, from the date of the Court's order approving Spencer Fane's employment. Interim fee applications shall describe any Informal Notice received and efforts made to resolve the objections. In the event that Spencer Fane fails to file timely interim applications, the Debtor shall cease making monthly payments to Spencer Fane otherwise contemplated by the procedures set forth in this Motion;

(f) Any and all interim fees and expenses approved by the Court shall remain subject to disgorgement under any order of the Court allowing or disallowing Spencer Fane's final fee application;

(g) Should the Court disallow any fees or expenses of Spencer Fane, Spencer Fane shall refund promptly any fees and/or expenses within 14 days from the entry of the Court's order disallowing the fees and/or expenses;

(h) All Monthly Billing Statements and interim and final fee applications shall comply with the U.S. Trustee's guidelines for the form of timekeeping and expense documentation and applicable local rules, and shall be subject to the Court's orders under 11 U.S.C. § 330 and 331; and

(i) In the event that procedures for interim payment are granted by the Court, Spencer Fane shall submit a Monthly Billing Statement for all past months within 14 days of the date of any Court order. Thereafter, all Monthly Billing Statements must be submitted within 14 days of the end of each calendar month.

11. As set forth in the MWYZ Motion, 11 U.S.C. § 331 sets forth the procedures applicable to the payment of professional persons' interim compensation. For the same reasons described by MWYZ, the UCC believes that the procedures set forth herein are appropriate for the payment of its counsel on a regular monthly basis. Importantly, the Debtor consents to this Motion. The Debtor's updated budget contains an allowance for payment of Spencer Fane in an amount of $40,000 per month for September, October and November 2016. Any payments made subject to this budgeted line item will be subject to the conditions and requirements set forth herein. Allowing the Debtor to pay the UCC's counsel on a regular monthly basis will simplify the Debtor's budgeting process and will allow the Debtor to better monitor its expenses and cash flow.

12. Further, it would be an unnecessary burden in a case of this size for Spencer Fane to be compensated only after a formal interim fee application filed every 120 days. For the same reasons set forth herein and in the MWYZ Motion, it is in the best interest of the Debtor and the Estate to adopt these procedures for the payment of the UCC's counsel. The UCC incorporates the cases set forth in the MWYZ Motion explaining that a similar procedure had been adopted in other cases in the 10th Circuit.

13. Neither the U.S. Trustee nor the Debtor have any objection to this Motion.

WHEREFORE, the Official Committee of Unsecured Creditors respectfully requests that the Court enter an order, substantially in the form of the proposed order submitted herewith, approving the interim compensation procedures set forth herein, and for such other and further relief as the Court may deem just and proper.

Dated September 30, 2016

        Respectfully submitted,

        SPENCER FANE LLP

        /s/ Jamie N. Cotter

| | |
|---|---|
| Jamie N. Cotter | WY #74721 |
| Philip A. Pearlman | CO #11426 |
| Scott J. Goldstein | MO #28698 |

        COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

WA 8689633.1