IN THE UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In Re: ) | Chapter 11 |
| ) | Case No. 16-20326 |
| POWELL VALLEY HEALTH CARE, INC., ) | |
| ) | |
| Debtor-in-possession. ) | |

FILED
8:47 am, 10/20/16
Tim J. Ellis
Clerk of Court

ORDER ON MOTION
TO ESTABLISH INTERIM COMPENSATION
PROCEDURES

Upon the *Motion to Establish Interim Compensation Procedures* (the "Motion"), filed by the Official Committee of Unsecured Creditors (the "UCC"), pursuant to 11 U.S.C. § 328, 330 and 331, and Federal Rule of Bankruptcy Procedure 2016, the Court, after reviewing the Motion and the relief requested therein, finds that it is appropriate for counsel to the UCC, Spencer Fane LLP ("Spencer Fane"), to seek interim compensation in accordance with procedure outlined in the Motion. Accordingly, it is:

**HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein;

**IT IS FURTHER ORDERED THAT:**

2. Spencer Fane may seek and obtain interim compensation in accordance with the following procedures:

a. Within 14 days after the end of each calendar month, Spencer Fane may submit monthly billing statements describing the services provided and the fees and expenses incurred during the previous calendar month (each, a "Monthly Billing Statement"). The Monthly Billing Statements must be provided to: (1) the Debtor, (2) the UCC, and (3) all parties indicated most current list of parties on the limited service list;

2                                    WA 8724340.1

  b. Each Monthly Billing Statement must contain a list of the individuals and their respective titles who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the expenses incurred (subject to 11 U.S.C. § 330), and contemporaneously maintained time entries for each individual in increments of tenths of an hour;

  c. Each Noticed Party receiving a Monthly Billing Statement shall have 14 days from delivery of the Monthly Billing Statement within which to review and advise Spencer Fane (and the Noticed Parties) of any objections to amounts over and above the 25% holdback (the "Holdback") that it believes also should be reserved (the "Informal Notice"). If no Informal Notices are submitted, then upon expiration of the 14 day objection period, the Debtor shall be authorized to pay Spencer Fane 75% of the requested fees and 100% of the requested expense reimbursements as set forth in the applicable Monthly Billing Statement;

  d. Spencer Fane and the party submitting an Informal Notice shall endeavor to resolve the Informal Notice issues promptly and consensually. Any amounts that are not subject to any Informal Notice shall by paid by the Debtor. The failure of any entity to provide an Informal Notice shall not preclude any formal objection to the Court's allowance of interim or final professional compensation;

  e. The foregoing procedures notwithstanding, Spencer Fane shall file interim applications for approval of fees and expenses in accordance with 11 U.S.C. § 330 and 331, any applicable Court rules, and the U.S. Trustee's guidelines, at least every 120

days, and not more than every 180 days, from the date of the Court's order approving Spencer Fane's employment. Interim fee applications shall describe any Informal Notice received and efforts made to resolve the objections. In the event that Spencer Fane fails to file timely interim applications, the Debtor shall cease making monthly payments to Spencer Fane otherwise contemplated by the procedures set forth in this Motion;

      f.      Any and all interim fees and expenses approved by the Court shall remain subject to disgorgement under any order of the Court allowing or disallowing Spencer Fane's final fee application;

      g.      Should the Court disallow any fees or expenses of Spencer Fane, Spencer Fane shall refund promptly any fees and/or expenses within 14 days from the entry of the Court's order disallowing the fees and/or expenses;

      h.      All Monthly Billing Statements and interim and final fee applications shall comply with the U.S. Trustee's guidelines for the form of timekeeping and expense documentation and applicable local rules, and shall be subject to the Court's orders under 11 U.S.C. § 330 and 331; and

      i.      In the event that procedures for interim payment are granted by the Court, Spencer Fane shall submit a Monthly Billing Statement for all past months within 14 days of the date of any Court order. Thereafter, all Monthly Billing Statements must be submitted within 14 days of the end of each calendar month.

3.      This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

                                      BY THE COURT

*Cathleen D. Parker*
10/20/2016
_____
Honorable Cathleen D. Parker
United States Bankruptcy Judge