Jamie N. Cotter (Wyoming Bar No. 74721)
Philip A. Pearlman (Colorado Bar No. 11426)
Scott J. Goldstein (Missouri Bar No. 28698)
Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver, Colorado 80203
Telephone: (303) 839-3800
Facsimile: (303) 839-3838
jcotter@spencerfane.com
*Counsel to the Official Committee of
Unsecured Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | Case No. 16-20326 |
| **POWELL VALLEY HEALTH CARE, INC.,** | ) | |
| | ) | |
| Debtor-in-possession. | ) | |

**APPLICATION FOR ORDER AUTHORIZING RETENTION OF EISNERAMPER LLP AS ACCOUNTANT AND FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

The Official Committee of Unsecured Creditors (the "Committee"), for its Application for Order Authorizing Retention of EisnerAmper LLP as Accountant and Financial Advisor to the Official Committee of Unsecured Creditors (the "Application") pursuant to 11 U.S.C. §§ 328(a) and 1103(a), and states as follows:

**INTRODUCTION**

1. Through this Application, the Committee seeks authority to retain EisnerAmper LLP ("EisnerAmper") as an accountant and financial advisor to the Committee. As the Court is aware, the Debtor Powell Valley Health Care, Inc. (the "Debtor") has received authorization to hire Hammond Hanlon Camp, LLC ("H2C") as a financial advisor to the Debtor. The Court approved the Debtor's application to employ H2C over the Committee's limited objection. The

Committee's limited objection to the Debtor's employment of H2C stemmed primarily from the fact that the Debtor chose H2C as its financial advisor, without consultation or coordination with the Committee.  Importantly, the Debtor and the Committee have reached no agreement on a consensual plan or with respect to the treatment of the Powell Valley Hospital District (the "District") and H2C's scope of employment does not include analyzing or valuing any assets allegedly belonging to the District. Equally important, the District is an insider and controls the Debtor.  Now that the Debtor is moving forward with H2C as its financial advisor, the Committee is in need of its own financial advisor which will largely review and supplement the Debtor's financial advisor's analyses, but will also assist the Committee regarding discussions with the Debtor regarding a consensual plan, and to provide analysis of the Debtor's proposed plan in the event of a contested plan.  The Committee respectfully submits that it needs to hire a financial advisor now so that the Committee can be poised to analyze and evaluate the Debtor's financial information in a timely fashion and without delays, which inures to the benefit of all parties.

## JURISDICTION AND VENUE

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

5. The Committee seeks to retain EisnerAmper pursuant to 11 U.S.C. §§ 328(a) and 1103(a).

**BACKGROUND INFORMATION**

6. On May 16, 2016, (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Wyoming.

7. The Debtor remains in possession of its assets and continues to operate as debtor-in-possession in accordance with 11 U.S.C. §§ 1107 and 1108.

8. On June 21, 2016, the Office of the United States Trustee filed its Notice of Appointment of the Committee. (Docket #145).

9. On August 25, 2016, the Debtor filed its application to employ H2C as its financial advisor. (Docket # 259) The Court granted that application on September 29, 2016. (Docket # 329).

10. The Committee objected to the Debtor's application to employ H2C (Docket #276), which objection was overruled. At that time, the Committee indicated it may select its own financial advisor to protect the interests of the creditors, but that such work is intended to only supplement the analyses of the Debtor's financial advisor and assist the Committee in either discussing a consensual plan or representing the interests of the creditors if there is a contested plan confirmation hearing.

11. The Committee believes, as heretofore stated, that given the fact that the District controls the Debtor, it is in need of its own financial advisor to interface with the Debtor's financial advisor and maximize the value of the estate for the Debtor's creditors.

12. The contemplated role of the Committee's financial advisor would be to: (1) assist it with the interpretation and analysis of the Debtor's financial records; (2) advise the Committee as part of negotiations of a consensual plan; (3) advise the Debtor with respect to the

valuation of assets that are alleged to be owned by the District and presumably leased to the Debtor, as well as the Debtor's assets; and, (4) to advise the Committee in the event of a contested plan. To the extent that the Committee does not retain a financial advisor to assist with the analysis of these issues now, it will delay this case and it will not move forward as quickly as the parties are hopeful that it will.

### **EISNERAMPER**

13. The Committee has selected EisnerAmper because of its considerable experience in chapter 11 proceedings and in restructuring and insolvency accounting. The Committee believes that EisnerAmper is duly qualified to provide it with financial advisory services throughout this case, and the services of EisnerAmper are necessary and essential to the Committee's performance of its fiduciary duties as described above.

14. EisnerAmper has significant healthcare related experience, including the restructuring/turnaround of more than 10 healthcare entities. EisnerAmper understands that its role as financial advisor to the Committee will be in the limited capacity of assisting the Committee where needed in light of the Debtor's employment of H2C.

15. The professional services that EisnerAmper is to render include, but are not limited to:

    a. Assist the Committee with gaining an understanding of the Debtor's books, business, and records;

    b. Review key pleadings and filings in connection with the bankruptcy case, including the Debtor's statement of financial affairs, chapter 11 schedules and financial budgets;

    c.    Consult with the Committee, the Committee's counsel, the Debtor's counsel and H2C regarding the Debtor's financial performance;

    d.    Assist the Committee with investigation of assets, liabilities and financial condition of Debtor and of the operation of Debtor's business in order to maximize the value of Debtor's assets for the benefit of all creditors;

    e.    Consult with the Committee in preparing and reviewing financial information required in a plan of reorganization whether consensual or contested, including long-term projections and liquidation analysis;

    f.    Assist the Committee in its analysis of and negotiation with any third party concerning matters related to, among other things, the terms of a plan of reorganization;

    g.    Provide expert witness testimony, as required, in connection with financial issues relating to this chapter 11 matter;

    h.    Evaluate the property claimed to be owned by the District and consult with the Committee and Committee's counsel regarding financial issues related to the District; and

    i.    Advise the Committee in connection with any potential sales of assets or business.

16.    EisnerAmper will bill for its services in accordance with its usual and customary billing rates as follows:

| Partners/Principals/Directors | $435 - $610/hour |
|---|---|
| Senior Managers/Managers | $270-$435/hour |
| Staff/Paraprofessionals | $190-$205/hour |

17. For this case, EisnerAmper has agreed to discount its fees billed at its normal hourly rate by 10%.

18. The Committee understands that EisnerAmper will be submitting detailed statements to the Court setting forth the services rendered and seeking compensation and reimbursement of expenses. Subject to Court approval upon application for compensation, EisnerAmper will be compensated at the rates reflected above and shall be reimbursed for its out-of-pocket disbursements.

19. EisnerAmper has agreed to accept as compensation such sums as may be allowed by the Court on the basis of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estate, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance, and nature of the problems, issues or tasks addressed in this chapter 11 case.

20. To the best of the Committee's knowledge and in reliance upon the Declaration of Thomas Buck, (the "Declaration"), a copy of which is attached as **Exhibit A**, EisnerAmper has not had nor presently has any connection with the Debtor, its creditors, equity security holders, or any other party in interest, or its respective attorneys, accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, in any matters related to the Debtor or its estate other than those disclosed in the Declaration. As set forth in the Declaration, EisnerAmper was interviewed by the Debtor when the Debtor was seeking its own financial advisor. It is the Committee's understanding that a number of calls were held with EisnerAmper concerning its potential retention, at which times presumably the Debtor's financial condition was discussed. EisnerAmper was not chosen as the financial advisor for the Debtor (H2C was chosen) and the Debtor has not expressed any concern with EisnerAmper's employment by the

Committee. Therefore, to the best of the Committee's knowledge, EisnerAmper is a "disinterested person" within the meaning of 11 U.S.C. § 101(14).

21. The Committee submits that its proposed retention of EisnerAmper is in the best interests of the Committee and the Debtor's creditors as a whole.

WHEREFORE, the Committee respectfully requests that the Court enter an Order approving its retention of EisnerAmper LLP as financial advisor under the terms specified herein to represent it in the captioned case and granting such other and further relief as the Court deems just and proper.

Date: October 24, 2016

Respectfully submitted,

SPENCER FANE LLP

/s/ Jamie N. Cotter
Jamie N. Cotter    WY #74721
Philip A. Pearlman    CO #11426
Scott J. Goldstein    MO #28698

COUNSEL TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS