## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re: ) | |
| ) | Case No. 16-20326 |
| POWELL VALLEY HEALTH CARE, INC., ) | Chapter 11 |
| ) | |
| Debtor-in-Possession. ) | |

___

**INSURANCE COMPANIES' JOINT MOTION FOR RELIEF FROM AUTOMATIC STAY TO PERMIT PREPETITION LITIGATION TO CONTINUE IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF WYOMING, AND NOTICE OF OPPORTUNITY TO OBJECT**
___

COME NOW UMIA Insurance, Inc. ("**UMIA**"), Lexington Insurance Company ("**Lexington**"), and Homeland Insurance Company of New York ("**Homeland**") (collectively, the "**Insurance Companies**"), each a party in interest in the Debtor's Chapter 11 case, for their Joint Motion for Relief From Automatic Stay to Permit Prepetition Litigation to Continue in the United States District Court for the District of Wyoming (the "**Motion**"). In support of the Motion, the Insurance Companies state as follows:

### I.    INTRODUCTION

1.    Since February 2015, the Insurance Companies and Debtor, among other parties, have been involved in insurance coverage litigation in the United States District Court for the District of Wyoming (the "**District Court**"), styled as *Homeland Insurance Company of New York, et al., v. Powell Hospital District, et al*., No. 15-CV-00031-ABJ (the "**Insurance Coverage Litigation**"). The Insurance Coverage Litigation primarily involves the issue of what, if any, insurance coverage is available to the Debtor, Powell Hospital District, Jeffrey Hansen, M.D. ("**Dr. Hansen**"), HealthTech Management Services, Inc. ("**HealthTech**") and William D. Patten ("**Patten**") for the various patient claims resulting from medical procedures performed by

02705035.2

Dr. Hansen while he was employed by the Debtor (the "**Patient Claims**"). As of May 16, 2016, the petition date herein, the Insurance Coverage Litigation had been pending for approximately 15 months and the parties had engaged in substantial written discovery in accordance with a phased schedule ordered by the District Court. The extent of any insurance coverage for the Patient Claims—assuming coverage exists—is of material importance to the Debtor's reorganization, because any proceeds from such insurance coverage are anticipated to be among the primary assets available to creditors under any Chapter 11 plan that may be proposed in the bankruptcy case.

2.      The determination of whether and what insurance coverage may exist is an issue that should remain in the District Court. Accordingly, the Insurance Companies seek relief from the automatic stay to proceed with the Insurance Coverage Litigation in District Court.

## II.     JURISDICTIONAL STATEMENT

3.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (G). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and rule-based predicates for relief in this Motion are Section 362(d) of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 4001-1 of the Local Bankruptcy Rules of this Court (the "**Local Rules**").

## III.    FACTUAL BACKGROUND

*A.     The Insurance Coverage Litigation.*

4.      On February 27, 2015, Homeland, one of the joint movants herein, initiated the Insurance Coverage Litigation requesting declaratory relief, pursuant to 28 U.S.C. §§ 2201 and

2

4820-6208-2107, v. 2

2202, that its insurance policies issued to Powell Hospital District provide no coverage for the Patient Claims and, consequently, that it is under no obligation to defend or indemnify the Patient Claims. (*See* D-ECF No. 1).[1]

5. Claims for insurance coverage have been asserted by the Debtor, Dr. Hansen, HealthTech and Patten against Homeland, UMIA and Lexington, under their respective insurance policies, seeking defense and indemnity for the Patient Claims. (*See* D-ECF Nos. 15, 16, 17, 18, 22, 30, 45, 51, 69, and 72.)

6. Throughout the Insurance Coverage Litigation, the Insurance Companies have denied that their respective insurance policies provide coverage for the Patient Claims. The Insurance Companies' contentions with respect to coverage are based upon specific terms and conditions of the respective insurance policies. The Insurance Companies' primary contentions, without waiving any of their claims or defenses in the Insurance Coverage Litigation, may be very briefly summarized as follows:

    a. Homeland denies that the Patient Claims are covered by its insurance policies because, pursuant to the terms of the Homeland policies, the Patient Claims are "Related Claims" deemed to have been first made prior to the inception date of the Homeland policies and are otherwise excluded from coverage.

    b. Lexington denies that the various claims are covered because Lexington issued a claims-made policy and the claims were not first made during the Lexington policy period.

---

[1] Citations styled as "D-ECF No. __" are citations to the electronic docket in the Insurance Coverage Litigation, whereas citations styled as "B-ECF No. __" are citations to the electronic docket in the Debtor's Chapter 11 case.

3

      c.    UMIA denies that there is coverage under the terms of the relevant policy issued by UMIA because the claims were not first made during the policy period. UMIA further seeks rescission of the policy for the policy period August 1, 2014 - August 1, 2015 because, on information and belief, one or more insured made one or more misrepresentations, omissions, concealments of fact and/or incorrect statements in the course of applying for insurance which were material to UMIA's acceptance of the risk. The insureds were aware of claims or potential claims, as defined in the UMIA policy, prior to the policy's inception.

7.    On January 15, 2016, the District Court entered its Order on Initial Pretrial Conference, Order Bifurcating Discovery, and Order Scheduling Phase I, which Order was amended on March 22, 2016 (the "**Bifurcation Order**") (D-ECF Nos. 57, 60). The Bifurcation Order required that—due to the: (a) complexity of the case, (b) number of the parties and issues, (c) sensitivity of the discovery to be sought, and (d) diversity of the claims asserted—the Insurance Coverage Litigation would be bifurcated into two separate phases. (D-ECF No. 57 at ¶ 2.) Phase I, and all discovery conducted therein, deals only with whether insurance coverage exists under the policies issued to the Debtor and/or Powell Hospital District. (*Id*.) At the conclusion of Phase I, only if coverage is determined to exist after dispositive motion practice, the parties would then be permitted to engage in discovery with respect to any allegations that Homeland and/or UMIA acted in bad faith regarding coverage determinations, including claims for attorneys' fees and costs pursuant to W.S. § 2-15-124, *i.e.*, Phase II. (*Id*. at ¶ 16.) There are no allegations of bad faith against Lexington.

4

8. Pursuant to the Bifurcation Order, the Insurance Companies engaged in substantial discovery with the Debtor and other non-Debtor defendants. Specifically, the Insurance Companies issued initial and supplemental disclosures pursuant to Fed. R. Civ. P. 26(a) and (f). Additionally, the parties engaged in substantial written discovery in the form of responding to interrogatories and requests for production of documents propounded by the Debtor.[2]

### B. *The Debtor's Bankruptcy Filing.*

9. On May 16, 2016 (the "**Petition Date**"), the Debtor commenced this bankruptcy case (the "**Bankruptcy Case**") by filing its voluntary petition under Chapter 11 of the Bankruptcy Code. (B-ECF No. 1).

10. The Debtor has asserted that the purpose underlying its decision to file this Bankruptcy Case was to "provide a framework for the fair and expeditious resolutions of the Lawsuits" brought by Dr. Hansen's patients. (B-ECF No. 9 at ¶¶ 28-33). These are the same lawsuits for which insurance coverage is sought from the Insurance Companies and at issue in the Insurance Coverage Litigation.

11. As a result of the Debtor's filing this Bankruptcy Case, the Insurance Coverage Litigation was stayed by operation of law pursuant to Section 362(a) of the Bankruptcy Code.

12. On May 25, 2016, the District Court entered its own separate order completely staying the Insurance Coverage Litigation. (D-ECF No. 74).

### C. *Current Status of the Bankruptcy Case.*

13. On or about June 21, 2016, the Official Committee of Unsecured Creditors (the "**Committee**") was formed for this case by the United States Trustee (B-ECF No. 145). Shortly

---

[2] The Insurance Companies' responses to the Debtor's and defendants' written discovery requests are subject to a protective order prohibiting them from being attached to this Motion. (*See* D-ECF No. 64 at ¶¶ 5-6).

5

thereafter, the Committee hired its own counsel. On information and belief, the Committee and the Debtor have engaged in negotiations regarding the potential structure of a Chapter 11 plan, but to date significant issues remain unresolved between them. Accordingly, no plan of reorganization has yet been submitted to the Court.

14. By Order of this Court dated October 5, 2016, the exclusive period for the Debtor to file a plan of reorganization under 11 U.S.C. § 1121(b) was extended through and including to December 14, 2016 and the exclusive period for the Debtor to obtain acceptance of its plan was extended through and including to February 14, 2017 (B-ECF No. 340).

## IV.    RELIEF REQUESTED

15. The Insurance Companies request, pursuant to Section 362(d)(1) of the Bankruptcy Code, that this Court grant relief from the automatic stay so that the parties to the Insurance Coverage Litigation may resume determination of the issues in Phase I, *i.e.*, whether insurance coverage exists for the Patient Claims.

## V.    BASIS FOR RELIEF REQUESTED

16. Section 362(d)(1) of the Bankruptcy Code permits a party in interest, after notice and a hearing, to seek relief from the automatic stay for "cause". *See* 11 U.S.C. § 362(d)(1); *In re JE Livestock, Inc.*, 375 B.R. 892, 897 (B.A.P. 10th Cir. 2007) ("While cause under § 362(d)(1) includes 'the lack of adequate protection of an interest in property,' it is not so limited. . . Because 'cause' is not further defined in the Bankruptcy Code, relief from stay for cause is a discretionary determination made on a case by case basis."). Once the movant has demonstrated that "cause" exists, the burden then shifts to the debtor to demonstrate that the stay should remain in place. *See Wilson v. Unioil (In re Unioil)*, 54 B.R. 192, 194 (Bankr. D. Colo. 1985).

6

17. In the context of requesting stay relief in order to proceed with pending litigation in another tribunal, this Court has followed the twelve-factor list set forth in *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984). *See In re Danzik*, 2016 Bankr. LEXIS 1115, 4-6 (Bankr. D. Wyo. Apr. 7, 2016) (Parker, J., following the factors set forth in *Curtis*). The *Curtis* factors are:

> (i) whether the relief will result in a partial or complete resolution of the issues; (ii) the lack of any connection with or interference with the bankruptcy case; (iii) whether the foreign proceeding involves the debtor as a fiduciary; (iv) whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases; (v) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; (vi) whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question; (vii) whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties; (viii) whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c); (ix) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f); (x) the interest of judicial economy and the expeditious and economical determination of litigation for the parties; (xi) whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and (xii) the impact of the stay on the parties and the "balance of hurt."

*In re Danzik*, 2016 Bankr. LEXIS 1115, 4-6.

18. As demonstrated below, application of the *Curtis* factors to the issue at hand warrants granting relief from the stay in order to resolve the coverage dispute. Furthermore, other bankruptcy courts have granted relief from the stay in order to allow pending prepetition coverage litigation to continue. *QA3 Fin. Corp. v. Catlin Specialty Ins. Co.*, 2012 U.S. Dist. LEXIS 11714 (D. Neb. Feb. 1, 2012) (affirming bankruptcy court's order granting relief from stay to proceed with pending coverage dispute in a different forum); *Marlin Leasing Corp. v. Hill (In re Burr Wolff, LP)*, 2007 U.S. Dist. LEXIS 75365 (S.D. Tex. Oct. 10, 2007) (holding that the bankruptcy court erred when it refused to grant relief from stay in order to permit a coverage action to proceed before determining whether policy proceeds were property of the estate).

4820-6208-2107, v. 2

## VI.  APPLICATION OF THE *CURTIS* FACTORS

**A.  *Allowing the coverage dispute to proceed in the District Court will result in a complete resolution thereof and will determine the direction of this case—the first Curtis factor.***

19. The first *Curtis* factor, *i.e.*, whether the relief will result in a partial or complete resolution of the issues, militates strongly in favor of granting relief from the automatic stay. The District Court determined that the issue of insurance coverage—a critical factor in any plan the Debtor could propose—was of such significant importance that it warranted bifurcating the issue from all other aspects of the case. As recognized by the District Court, unless insurance coverage exists under the policies issued to the Debtor, there is no reason to expend additional resources on claims of alleged bad faith.

20. Furthermore, the existence of insurance coverage directly bears on the ability of the Debtor to propose a confirmable plan of reorganization to pay creditors, and the nature of the denial of coverage by the Insurance Companies is central to determining the pool of resources available to pay potential tort claimants. Thus, the first *Curtis* factor favors granting relief from the automatic stay.

**B.  *The outcome of the Insurance Coverage Litigation is directly connected to the Debtor's Chapter 11 case—the second Curtis factor.***

21. As noted above, the determination of insurance coverage will have a significant impact on the nature, and potentially the success, of the Debtor's reorganization effort. As alleged by the Debtor, the insurance policies provide—under the best possible scenario—up to $30 million in coverage for the Patient Claims, valued by the Debtor to exceed $70 million. (B-ECF No. 60 at ¶ 9). Moreover, the Debtor has conceded that it cannot effectively deal with all of its stakeholders, namely the tort claimants, without receiving a determination on the coverage issue. Accordingly, the second *Curtis* factor, *i.e.*, the lack of any connection with or interference with the bankruptcy case, certainly cuts in favor of granting relief from the automatic stay

8

because the success to be achieved in this bankruptcy case is directly connected to the outcome in the Insurance Coverage Litigation.

C. **The District Court is the correct court to determine all coverage issues under any insurance policies, because it has been the court overseeing these issues for more than a year—the fourth, tenth, and eleventh *Curtis* factors.**

22. The fourth, tenth, and eleventh *Curtis* factors all militate in favor of granting relief from the stay in order to determine the coverage issue. These factors focus on whether there is a better court or tribunal to determine the issues at hand and, if so, whether the issue has sufficiently progressed in that court or tribunal such that judicial economy mandates that the issues proceed in the other court or tribunal.

23. Specifically, the fourth *Curtis* factor looks at whether a specialized tribunal has been established to hear the particular cause of action and has the expertise to hear such cases. While the District Court is not a "specialized tribunal," it clearly has jurisdiction to determine the issue of coverage and it already had exercised that jurisdiction before this Bankruptcy Case was filed. This Court, on the other hand, does not have jurisdiction to determine the issue of coverage in light of *Stern v. Marshal*, 564 U.S. 462 (2011) and its progeny. In the post-*Stern* era, courts have found that insurance coverage actions should be allowed to proceed outside the bankruptcy court. *See Silverman v. Tudor Ins. Co. (In re Lenders Abstract & Settlement Serv.)*, 493 B.R. 385, 395 (Bankr. E.D.N.Y. 2013) (finding that action to determine insurance coverage was a claim that "cannot be finally adjudicated by a bankruptcy judge under Article III of the Constitution."); *Kirschenbaum v. Fed. Ins. Co. (In re Ems Fin. Servs., LLC)*, 491 B.R. 196, 204 (Bankr. E.D.N.Y. 2013) (same); *see also Brenenstuhl v. Amica Mut. Ins. Co.*, 2013 U.S. Dist. LEXIS 92401 (Bankr. N.D.N.Y. July 1, 2013) (finding that insurance coverage action was a non-core proceeding that should be adjudicated by the district court where action was originally removed). In the Debtor's case, determination of insurance coverage must be wholly decided

9

under Wyoming state law; this Court does not have constitutional jurisdiction to rule on the issue notwithstanding any effect this might have on this Bankruptcy Case. *Longview Power, LLC v. First Am. Title Ins. Co. (In re Longview Power, LLC)*, 515 B.R. 107, 115 (Bankr. D. Del. 2014) (holding that a determination of whether coverage exists under a title insurance policy is non-core). Accordingly, the District Court is uniquely positioned—as compared to this Court—to determine whether coverage exists under the insurance policies issued to the Debtor.

24. The tenth *Curtis* factor requires granting relief from the stay in the interest of judicial economy and the expeditious and economical determination of litigation for the parties. As noted above, by entering the Bifurcation Order, the District Court recognized that the issue of insurance coverage must be decided in favor of the Debtor before the issue of alleged bad faith could be addressed, if at all. As a result, thus far the parties to the Insurance Coverage Litigation have focused only on whether insurance coverage exists for the Patient Claims under the Insurers' respective policies. Since the District Court has already held its Rule 26(f) Conference and is intimately familiar with the issues, the expeditious and economic interests of the parties favor continued determination of the coverage issue in the District Court. The parties would be greatly disadvantaged if they were forced to start over in this Court.

25. The eleventh *Curtis* factor further weighs in favor of granting relief from the stay. The Insurance Coverage Litigation was commenced in February 2015. Furthermore, the parties in the Insurance Coverage Litigation had been in the process of exchanging written discovery with respect to the coverage issue for some time before this Bankruptcy Case was commenced. Had the Debtor not initiated this Chapter 11 case, deposition testimony would have been imminent between the parties. Accordingly, the District Court has a significant head-start with

10

respect to being able to determine whether coverage exists under any policies issued to the Debtor.

### D. *The fifth, seventh, and twelfth Curtis factors are neutral.*

26. The fifth *Curtis* factor, *i.e.*, whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation, is essentially irrelevant in the current context because the Insurance Companies *themselves*—on their own behalf and not on behalf of the Debtor—are disputing any liability in the Insurance Coverage Litigation.

27. The seventh *Curtis* factor, *i.e.*, whether litigation in the other forum would prejudice the interests of other creditors, the creditors' committee and other interested parties, is neutral. The necessary parties to the Insurance Coverage Litigation have already appeared and answered such that the case was—until the filing of the petition—progressing in the normal fashion. All of the Debtor's stakeholders (*e.g.*, creditors, the Creditors' Committee, and all other interested parties) have only a derivative stake in the outcome of the Insurance Coverage Litigation. The only tangible effect the Insurance Coverage Litigation has on any stakeholder is that: (i) to the extent the coverage issue is decided against the Debtor, the assets available to creditors through the Bankruptcy Case will not include such insurance proceeds, and (ii) to the extent the coverage issue is decided against the Insurance Companies, the assets available to creditors through the Bankruptcy Case will include such insurance proceeds, and the issue of claims of alleged bad faith may also be taken up by the District Court. In either event, this Bankruptcy Case is heavily dependent on the outcome of the coverage issue in the Insurance Coverage Litigation.

28. The twelfth *Curtis* factor, *i.e.*, the impact of the stay on the parties and the 'balance of hurt', is neutral as applied to both the Insurance Companies and the Debtor. In order to move its case forward, the Debtor needs the coverage issue resolved. While the Insurance

4820-6208-2107, v. 2

Companies are not *per se* prejudiced by the imposition of the automatic stay, the Insurance Companies do have an interest in obtaining finality on the coverage issue.

### E. *The third, sixth, eighth, and ninth Curtis factors are inapplicable.*

29. The Insurance Coverage Litigation does not involve the Debtor acting as a fiduciary, thereby making the third *Curtis* factor inapplicable. The Debtor is not a bailee or conduit for goods or proceeds; therefore, the sixth *Curtis* factor is inapplicable. The issues in the Insurance Coverage Litigation do not implicate Section 510(c) of the Bankruptcy Code; therefore, the eighth *Curtis* factor is inapplicable. Finally, the outcome of the Insurance Coverage Litigation will not result in a judicial lien that is avoidable under Section 522(f) of the Bankruptcy Code, so the ninth *Curtis* factor is inapplicable.

### VII. CONCLUSION

30. The Insurance Companies submit that they have demonstrated that "cause" exists, under an application of the *Curtis* factors, such that they should be granted relief from the automatic stay pursuant to Section 362(d)(1) of the Bankruptcy Code in order to continue with the Insurance Coverage Litigation. The coverage issue is of paramount importance to the Debtor and its ability to reorganize under Chapter 11 for the ultimate benefit of its stakeholders—namely the tort claimants. Granting relief from the stay is warranted under these circumstances.

WHEREFORE, the Insurance Companies respectfully request that this Court enter an Order granting this Motion, which grants relief from the automatic stay pursuant to Section 362(d)(1) of the Bankruptcy Code so that the parties to the Insurance Coverage Litigation may proceed with Phase I thereof in order to determine whether insurance coverage exists under insurance policies issued to the Debtor, and for such other and further relief as is just and proper.

Dated: October 31, 2016

        **MOYE WHITE LLP**

        */s/ James T. Burghardt*
        James T. Burghardt (Colorado Bar No. 10431)
        Timothy M. Swanson (Colorado Bar No. 47267)
        1400 16th Street, Sixth Floor
        Denver, CO 80202
        Telephone:  (303) 292-2900
        Facsimile: (303) 292-4510

*Attorneys for UMIA Insurance, Inc.*

**MEAGHER & GEER PLLP**

/s/ Tiffany M. Brown
Charles E. Spevacek (MN #1260444)
*Admitted Pro Hac Vice*
Tiffany M. Brown (#302272)
*Admitted Pro Hac Vice*
Meagher & Geer, P.L.L.P.
33 S. Sixth Street, Suite 4400
Minneapolis, MN 55402
Ph: (612) 371-1324
Fax: (612) 877-3015
cspevacek@meagher.com
tbrown@meagher.com

--and--

Judith Studer
Patrick T. Holscher
Schwartz, Bon, Walker & Studer, LLC
141 S. Center St., Suite 500
Casper, WY 82601
(307) 235-6681
(307) 234-5099 Fax
jstuder@schwartzon.com
pat@schwartzbon.com

*Attorneys for Homeland Insurance Company of New York*

**ZEICHNER ELLMAN & KRAUSE LLP**

/s/ Bryan D. Leinbach
Michael S. Davis
Bryan D. Leinbach
1211 Avenue of the Americas
New York, NY 10036
Tel: (212) 223-0400
Fax: (212) 753-0396
mdavis@zeklaw.com
bleinbach@zeklaw.com

--and--

Deborah M. Kellam
Hall & Evans, LLC
2015 Central Avenue, Suite C
Cheyenne, WY 82001
Tel: (307) 514-2567
Fax: (307) 514-2568
kellamd@hallevans.com

*Counsel to Lexington Insurance Company*

## NOTICE OF TIME TO OBJECT

YOU ARE HEREBY NOTIFIED that if you desire to oppose the **INSURANCE COMPANIES' JOINT MOTION FOR RELIEF FROM AUTOMATIC STAY TO PERMIT PREPETITION LITIGATION TO CONTINUE IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF WYOMING, AND NOTICE OF OPPORTUNITY TO OBJECT**, you are required to file with this court and serve on Timothy M. Swanson, Tiffany M. Brown, and Bryan D. Leinbach, attorneys for the movants, whose addresses are shown above, a written objection to the motion on or before **November 17, 2016**, or the relief requested may be granted by the Court.

Dated: October 31, 2016.

/s/ James T. Burghardt
Attorney for UMIA Insurance, Inc.


/s/ Tiffany M. Brown
Attorney for Homeland Insurance Company of New York


/s/ Bryan D. Leinbach
Counsel to Lexington Insurance Company

4820-6208-2107, v. 2

# **CERTIFICATE OF SERVICE**

       The undersigned certifies that on October 31, 2016, a copy of the foregoing was served *via* U.S. Mail, postage prepaid, upon the debtor, debtor's attorney, Official Committee of Unsecured Creditors, all parties listed on the Label Matrix for local noticing dated October 31, 2016, attached hereto as **Exhibit 1**, and to the parties listed below:

Michelle Oliver
c/o Randy Royal, Esq.
524 5th Avenue. South
PO Box 551
Greybull, WY 82426

Joetta Johnson
c/o Randy Royal, Esq.
524 5th Avenue. South
PO Box 551
Greybull, WY 82426


                                          */s/ James T. Burghardt*
                                          James T. Burghardt

4820-6208-2107, v. 2

```
Label Matrix for local noticing        Donald D. Allen                         Ethan J. Birnberg
1089-2                                  Markus Williams Young & Zimmermann, LLC Lindquist & Vennum P.L.L.P.
Case 16-20326                           1700 Lincoln Street Suite 4550          600 17th Street Suite 1800 South
District of Wyoming                     Denver, CO 80203-4509                   Denver, CO 80202-5402
Cheyenne
Mon Oct 31 11:37:10 MDT 2016

Tiffany M. Brown                        (c)JAMES T. BURGHARDT                   Chad S. Caby
Meagher & Geer, PLLP                    MOYE WHITE LLP                          Lewis Roca Rothgerber LLP
33 South Sixth Street                   1400 16TH ST STE 600                    1200 17th Street, Suite 3000
Suite 4400                              DENVER CO  80202-1486                   Denver, CO 80202-5855
Minneapolis, MN 55402-3720

Brent R. Cohen                          Jamie Cotter                            Michael S. Davis
Lewis Roca Rothgerber Christie LLP      Spencer Fane Britt & Browne             Zeichner Ellman & Krause LLP
1200 17th Street, Suite 3000            1700 Lincoln St., Suite 2000            1211 Avenue of the Americas
Denver, CO 80202-5855                   Denver, CO 80203-4554                   40th Floor
                                                                                New York, NY 10036-6149

Gregory C. Dyekman                      Lisa A. Epps                            Scott J. Goldstein
Dray, Dyekman, Reed & Healey, P.C.      Spencer Fane LLP                        Spencer Fane LLP
204 East 22nd Street                    1000 Walnut Street, Suite 1400          1000 Walnut Street, Suite 1400
Cheyenne, WY 82001-3799                 Kansas City, MO 64106-2168              Kansas City, MO 64106-2168

Heiser, Larry                           Patrick T. Holscher                     Bradley T Hunsicker
c/o Randy L. Royal, P.C.                141 South Center, Suite 500             Markus Williams Young & Zimmermann LLC
P.O. Box 551                            Casper, WY 82601-2569                   106 East Lincolnway, Suite 300
Greybull, WY 82426-0551                                                         Cheyenne, WY 82001-4567

Eric L. Johnson                         Deborah Kellam                          Sarah A. Kellogg
Spencer Fane Britt & Browne LLP         2015 Central Avenue, Suite 300          The Spence Law Firm, LLC
1000 Walnut Street, Suite 1400          Cheyenne, WY 82001-3755                 PO Box 548
Kansas City, MO 64106-2140                                                      15 S. Jackson St
                                                                                Jackson, WY 83001-8520

Robert A. Krause                        Bryant T. Lamer                         Larry Heiser
The Spence Law Firm, LLC                Spencer Fane LLP                        c/o Randy L Royal
P.O. Box 548                            1000 Walnut Street, Suite 1400          PO Box 551
Jackson, WY 83001-0548                  Kansas City, MO 64106-2168              524 5th Ave. S.
                                                                                Greybull WY 82426-2322

Markus Williams Young & Zimmermann LLC  Daniel J. Morse                         Alan Motes
106 East Lincolnway, Suite 300          Assistant U.S. Trustee                  United States Trustee, Region 19
Cheyenne, WY 82001-4567                 308 West 21st Street, Room 203          Byron G. Rogers Federal Building
                                        Cheyenne, WY 82001-3669                 1961 Stout Street, Suite 12-200
                                                                                Denver, CO 80294-6004

Catherine A. Naltsas                    Official Committee of Unsecured Creditors  Philip A. Pearlman
Lynberg & Watkins                       c/o Spencer Fane LLP                    Spencer Fane Britt & Browne LLP
1150 S. Olive St, Suite 1800            1700 Lincoln Street, Suite 200          1700 Lincoln St., Suite 2000
Los Angeles, CA 90015-2211              Denver, CO 80203-4500                   Denver, CO 80203-4554

Powell Valley Health Care, Inc.         George E. Powers Jr.                    Elizabeth Richards
777 Avenue H                            1725 Carey Avenue                       The Spence Law Firm, LLC
Powell, WY 82435-2260                   PO Box 328                              15 S. Jackson St.
                                        Cheyenne, WY 82003-0328                 P.O. Box 548
                                                                                Jackson, WY 83001-0548
```

Exhibit 1

```
Randy L. Royal                    Jennifer M. Salisbury              Daniel R. Schimizzi
P.O. Box 551                      Markus Williams Young & Zimmermann LLC   Bernstien-Burkley, P.C.
524 5th Ave. S.                   1700 Lincoln Street, #4550        707 Grant Street, Suite 2200
Greybull, WY 82426-2322           Denver, CO 80203-4509             Gulf Tower
                                                                    Pittsburgh, PA 15219-1945


Lance E. Shurtleff                John C. Smiley                    Sommerville, Veronica
Hall & Evans LLC                  Lindquist & Vennum P.L.L.P        c/o Randy L Royal
1125 17th St., Ste. 600           600 17th Street                   PO Box 551
Denver, CO 80202-2052             Suite 1800 South                  524 5th Ave. S.
                                  Denver, CO 80202-5402             Greybull WY 82426-2322


Charles E. Spevacek               Timothy M Swanson                 Julie Nye Tiedeken
Meagher & Geer, PLLP              Moye White LLP                    McKellar, Tiedeken & Scoggin, LLC
33 South Sixth Street             1400 16th Street                  702 Randall Avenue
Suite 4400                        Denver, CO 80202-1486             P.O. Box 748
Minneapolis, MN 55402-3720                                          Cheyenne, WY 82003-0748


US Trustee                        Wilson, Shane                     Wilson, Shane
308 West 21st Street, 2nd Floor   52 West 8th Street                c/o Jon Moyer
Cheyenne, WY 82001-3669           Lovell, WY 82431-1511             490 N 31st St, Ste 101
                                                                    Billings, MT 59101-1256


Timothy L. Woznick                John F. Young
Dray, Dyekman, Reed & Healey, P.C. Markus Williams Young & Zimmermann LLC
204 East 22nd Street              1700 Lincoln Street Suite 4000
Cheyenne, WY 82001-3799           Denver, CO 80203-4540
```

                Addresses marked (c) above for the following entity/entities were corrected
                   as required by the USPS Locatable Address Conversion System (LACS).


```
James T. Burghardt                End of Label Matrix
Moye White LLP                    Mailable recipients    43
1400 16th St., 6th Floor          Bypassed recipients     0
Denver, CO 80202                  Total                  43
```