Deborah M. Kellam | Special Counsel
Hall & Evans, LLC
866 N. 4th Street, Suite 3
Laramie, WY  82072
kellamd@hallevans.com
T:  307-514-2567 - Kellam
F:  307-514-2568

Michael S. Davis (pro hac vice)
Zeichner Ellman & Krause LLP
1211 Avenue of the Americas
New York, NY 10036
mdavis@zeklaw.com
T:  212-223-0400
F:  212-753-0396

*Counsel for Lexington Insurance Company*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF WYOMING

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| POWELL VALLEY HEALTH CARE, INC. | ) Case No. 16-20326 |
| | ) |
| Debtor-in-Possession | ) |

## INSURANCE COMPANIES' JOINT OPPOSITION TO
## MOTION FOR AUTHORIZATION TO CONDUCT RULE 2004 EXAMINATION
## AND REQUEST TO BE HEARD

Lexington Insurance Company ("**Lexington**"), UMIA Insurance Company ("**UMIA**"), and Homeland Insurance Company of New York ("**Homeland**") (collectively, the "**Insurance Companies**"), file this opposition to the Motion of Debtor Powell Valley Health Care, Inc. ("**PVHC**", or the "**Debtor**"), seeking an order, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2004-1 of the Local Bankruptcy Rules (the "**Local Rules**"), authorizing the issuance of subpoenas upon the Insurance Companies, and authorizing the Debtor to examine various officials and/or designated representatives within the Insurance Companies [Docket No. 353] (the "**Motion**").   The

Insurance Companies oppose the Motion and request that a hearing be held on the Motion concurrent with the Court's determination of the Insurance Companies' Joint Motion for Relief from Automatic Stay to Permit Prepetition Litigation to Continue in the United States District Court for the District of Wyoming [Docket No. 354] (the "**Stay Relief Motion**").

## I.      INTRODUCTION

1.      The Motion should be denied because the extent of coverage available under the various insurance policies issued by the Insurance Companies has been the subject of an action pending before Judge Johnson in the United States District Court for the District of Wyoming since February 2015 titled *Homeland Insurance Company of New York v. Powell Hospital District et al.*, Case No. 1:15-cv-00031 (ABJ) (the "**Pending Action**").  The Debtor and the Insurance Companies are all parties to the Pending Action, which seeks rulings with regard to the Debtor's purported insurance coverage under certain insurance policies issued by the Insurance Companies.  Discovery in the Pending Action was well underway when the Pending Action was stayed as a result of the Debtor filing its voluntary bankruptcy petition in May 2016. The Insurers have sought relief from the automatic stay to continue the Pending Action, and all discovery related to the issue of coverage under the insurance policies should be subject to the oversight of Judge Johnson.

2.      In the Stay Relief Motion, the Insurance Companies moved to lift the automatic stay in order to permit discovery to continue in the Pending Action in order to determine what, if any, insurance coverage exists to pay the tort claimants of the Debtor.  The discovery sought in the Motion relates to the insurance policies and any potential coverage thereunder.  Such discovery should proceed in the Pending Action before Judge Johnson—not this Court.  As set forth below, the Debtor should not be allowed to use Bankruptcy Rule 2004 to

2

seek discovery as an end around of the Pending Action.  Rather, this Court should grant the

Insurance Companies' Stay Relief Motion which would allow the Debtor's requested discovery

to proceed in the Pending Action.  Granting the Stay Relief Motion, and denying this Motion, is

appropriate as substantial discovery regarding the issue of coverage under the insurance policies

has already progressed in the Pending Action.

## II.    ARGUMENT

### A.    THE "PENDING LITIGATION RULE" PREVENTS THE DEBTOR FROM USING BANKRUTPYC RULE 2004 TO TAKE DISCOVERY RELATIVE TO THE ISSUES IN THE PENDING ACTION

3.    It is settled that a party cannot use Bankruptcy Rule 2004 to obtain

discovery in another action.  For instance, Local Rule 2004-1 provides:

> A Rule 2004 examination should not be used to conduct discovery
> in an adversary proceeding or a contested matter.

> Wyoming LBR 2004-1.

4.    Similarly under the "pending litigation rule," "[o]nce an adversary

proceeding or a particular contested matter is under way, discovery sought in furtherance of

litigation is subject to the F. R. Civ. P. rather than the broader bounds of [Rule 2004]." In re

Blinder, Robinson & Co., 127 B.R. 267, 274 (D. Co. 1991); In re Bennett Funding Group, Inc.,

203 B.R. 24, 29 (Bankr. N.D.N.Y. 1996) (once an adversary proceeding or contested matter has

commenced, discovery is made pursuant to the Federal Rules of Civil Procedure made applicable

by the Bankruptcy Rules, rather than by Bankruptcy Rule 2004).

5.    Courts applying the rule have recognized that Bankruptcy Rule 2004

examinations may be inappropriate "where the party requesting the Rule 2004 examination could

benefit their pending litigation outside of the bankruptcy court against the proposed Rule 2004

examinee." In re Enron Corp., 281 B.R. 836, 842 (Bankr. S.D.N.Y. 2002).  Specifically, courts

have refused to allow parties to use Bankruptcy Rule 2004 to take discovery in a case pending outside the bankruptcy court.  See Snyder v. Soc'y Bank, 181 B.R. 40, 42 (S.D. Tex. 1994), aff'd sub nom. In re Snyder, 52 F.3d 1067 (5th Cir. 1995) ("The use of Rule 2004 to further [Appellant's] case in state court constitutes an abuse of Rule 2004…Bankruptcy Judge Richard Schmidt's denial of production in light of Appellant's primary motive to use in litigation for another cause of action was not an abuse of discretion in light of the specific facts."); Enron Corp., 281 B.R. at 842 (denying plaintiff-movant's motion seeking to use Bankruptcy Rule 2004 to collect information for use in a securities class action pending in federal district court).

6.      Here, the Motion should be denied because it is an attempt to seek discovery which belongs in the Pending Action before Judge Johnson.  The Motion seeks information that exclusively relates to the issues of coverage that are to be addressed in the Pending Action.  As the Debtor is seeking to use Bankruptcy Rule 2004 to collect information for use in the Pending Action, the Debtor's request runs afoul of the "pending litigation rule" and Local Rule 2004-1.  For this reason alone the Motion should be denied.

**B.      THE DISCOVERY REQUESTED BY THE MOTION IS DUPLICATIVE OF DISCOVERY ALREDY REQUESTED IN THE PENDING ACTION**

7.      On March 1, 2016, the Debtor propounded its First Set of Interrogatories (the "**Interrogatories**") to each of the Insurance Companies in the Pending Action.  Attached as Group Exhibit 1 are true and correct copies of the discovery propounded by the Debtor in the Pending Action.   Each set of Interrogatories to the Insurance Companies included an Interrogatory requesting "the name, contact information, employer and job title or position for every person who participated in, or contributed to, the decision to deny coverage for [or to defend under reservation of rights] any of the [tort claimants]." Each set of Interrogatories to the Insurance Companies included an Interrogatory requesting "the name, contact information,

employer and job title or position for every person who reviewed any information relevant to coverage [for the underlying tort claims], together with a description of the information reviewed."  Additionally, the Interrogatories propounded to Homeland and UMIA each included an Interrogatory requesting "the name, contact information, employer and job title or position for every person who is now or has been responsible for claims handling, monitoring and evaluation of any of the Underlying [tort] Claims."  Similar to the Interrogatories served in the Pending Action, the interrogatories proposed in the Motion are aimed to discover the "Claims management process within each Insurance Company" and the identification of the "names, addresses and contact information for those individuals responsible for determining coverage under the Insurance Policies for Claims made by the Tort Claimants."  *See* Motion at Ex. B.  The discovery sought in the Motion is improper for two reasons.  First, the requested discovery in the Motion is largely duplicative of the discovery previously sought in the Pending Action. Attached hereto as <u>Group Exhibit 2</u> are summary tables identifying the duplicative and largely overlapping nature of the discovery sought in the Motion as compared with the discovery sought in the Pending Action.  Second, the Insurance Companies have already provided information responsive to the requests in the Motion to the Debtor when they complied with their discovery obligations in the Pending Action.[1]  Accordingly, the interrogatories in the Debtor's Motion are duplicative of discovery in the Pending Action and have been previously provided to the Debtor thereby making the most recent round of discovery improper and wasteful.

8.      In addition to Interrogatories, on March 1, 2016, the Debtor propounded its First Set of Requests for Production on the Insurance Companies (the "**RFPs**").  As with the

---

[1] On March 30, 2016, Lexington provided substantive responses to the Debtor's Interrogatories.  On April 29, 2016, Homeland provided substantive responses to Debtor's Interrogatories.  On May 6, 2016, UMIA provided substantive responses to Debtor's Interrogatories.

Interrogatories, each of the Insurance Companies provided substantive responses to the RFPs.[2]

When the Debtor commenced this case, which stayed the Pending Action, UMIA had already

produced documents responsive to the RFPs, and Lexington and Homeland were in the process

of preparing their responsive documents for production.  The documents requested in the RFPs

included complete claims files for each of the tort claims for which the Insurance Companies

denied coverage (duplicative of Exhibit A of Debtor's Motion, No. 5), complete correspondence,

including electronic documents, regarding any of the tort claims between officers or employees

of the Insurance Companies which relate to any of the tort claims or underwriting or coverage

issues in the Pending Action (duplicative of Exhibit A of Debtor's Motion, Nos. 3, 6, 7, and 8),

all documents about the tort claims reviewed by individuals at the Insurance Companies who

reviewed information relevant to coverage of the tort claims (duplicative of Exhibit A of

Debtor's Motion, Nos. 3, 5, 6, 7, and 8), all documents relied upon by individuals at the

Insurance Companies who reviewed information relevant to coverage of the tort claims and

denied coverage of the tort claims (duplicative of Exhibit A of Debtor's Motion, Nos. 1, 2, 3, 5,

6, 7, and 8), and all communications between the Insurance Companies relating to the facts of

the Pending Action (Exhibit A of Debtor's Motion, No. 4).  Accordingly, the documents sought

in the Motion are duplicative of the documents previously requested in the Pending Action.  See

Group Exhibit 2.

**C.    THE DISCOVERY PLAN IN THE MOTION IS OVERBROAD AND
       POTENTIALLY PREMATURE IN THAT IT SEEKS DISCOVERY TO ASSESS
       BAD FAITH CLAIMS BEFORE COVERAGE HAS BEEN FOUND TO EXIST**

9.    On January 14, 2016, the Insurance Companies and the Debtor appeared

before Judge Johnson for an Initial Planning Conference in the Pending Action. The Insurance

---

[2] On March 30, 2016, Lexington provided substantive written responses to the RFPs.  On April 29, 2016, Homeland provided written responses to the RFPs.  On May 6, 2016 UMIA provided written responses to the RFPs.

Companies, together with the Debtor, agreed to conduct discovery in the Pending Action in two separate phases: (a) Phase I discovery aimed to determine whether coverage exists for the tort claims, and (b) Phase II discovery—provided that Phase I discovery reveals coverage exists for the tort claims—aimed to determine whether UMIA and/or Homeland acted in "bad faith" in their respective position(s) with respect to any tort claim.  Attached hereto as <u>Exhibit 3</u> is a true and correct copy of the order establishing phased discovery.  The District Court recognized the importance of phased discovery to the orderly administration of the insurance coverage issues and ordered that discovery related to bad faith claims against certain Insurance Companies would go forward <u>only</u> if coverage was first found to exist.  Any discovery sought in the Motion that pertains to the issues of bad faith is overbroad and premature because the issue of coverage has yet to be decided in favor of the Debtor in the Pending Action.  Accordingly, any order granting the Debtor discovery into the issue of bad faith would directly conflict with the phased discovery approach established in the Pending Action.

**D.    THE STAY RELIEF MOTION MUST BE DECIDED IN CONJUNCTION WITH THIS MOTION AS THE ISSUES IN BOTH MOTIONS OVERLAP AND CANNOT BE DECIDED IN A VACUUM**

10.    The Insurance Companies filed their Stay Relief Motion on October 31, 2016—mere hours after the Debtor filed this Motion.  As set forth in Stay Relief Motion, the Insurance Companies are able to show "cause" for relief from the automatic stay to prosecute the Pending Action.  The issues in the Stay Relief Motion, *i.e.*, whether cause exists to lift the stay in order to continue with discovery in the Pending Action, are directly implicated in this Motion.  As set forth in the Stay Relief Motion, "cause" exists to lift the automatic stay under factors set forth in <u>In re Curtis</u>, 40 B.R. 795 (Bankr. D. Utah 1984) that have previously been addressed by the Tenth Circuit Court of Appeals, and adopted by this Court, including: (i) whether relief

would result in a partial or complete resolution of the issues; (ii) whether litigation in another forum would prejudice the interests of other creditors; (iii) whether movant's success in the other proceeding would result in a judicial lien available by the debtor; and (iv) the interests of judicial economy and the expeditious and economical resolution of the litigation. In re Curtis, 40 B.R. 795, 799-800 (identifying factors to consider in deciding "whether or not to modify the stay to permit litigation against the debtor to proceed in another forum."); In re Busch, 294 B.R. 137, 141 (10th Cir. 2003) (Curtis factors "widely adopted by bankruptcy courts"). The Insurance Companies adopt and incorporate the entirety of the Stay Relief Motion in this pleading in support of their request that the Motion be denied. Accordingly, any determination of the issues in this Motion cannot be made without analyzing the issues set forth in the Stay Relief Motion as the issues in both bear directly on each other.

11. Further supporting the relief requested in the Stay Relief Motion, and consequently supporting denial of the relief requested in this Motion, is the United States Supreme Court's ruling in Stern v. Marshal, 564 U.S. 462 (2011). In Stern, the Supreme Court found a bankruptcy court does not have the constitutional authority to issue a final judgment on claims not necessarily determined as part of the process of allowing or disallowing proofs of claim. See id. 564 U.S. at 497-499. Courts have found that, under the ruling in Stern, insurance coverage actions should be allowed to proceed outside the bankruptcy court. See Silverman v. Tudor Ins. Co. (In re Lenders Abstract & Settlement Serv.), 493 B.R. 385, 395 (Bankr. E.D.N.Y. 2013) (insurance coverage "cannot be finally adjudicated by a bankruptcy judge under Article III of the Constitution."); Kirschenbaum v. Fed. Ins. Co. (In re Ems Fin. Servs., LLC), 491 B.R. 196, 204 (Bankr. E.D.N.Y. 2013) (same); see also Brenenstuhl v. Amica Mut. Ins. Co., 2013 U.S. Dist. LEXIS 92401, *9-10 (Bankr. N.D.N.Y. July 1, 2013) (insurance coverage action was a

non-core proceeding that should be adjudicated by the district court).  Accordingly, it makes no sense to permit the Debtor to engage in lengthy, costly, and duplicative discovery that has already progressed in the Pending Action and for which this Court does not have jurisdiction over the underlying subject matter of the dispute.

### III.     CONCLUSION AND REQUEST FOR HEARING

For each of the foregoing reasons, the Insurance Companies respectfully request that the Court deny the Motion, and grant such other and further relief as the Court deems just and proper.  Finally, the Insurance Companies request a hearing on the issues set forth in the Motion and this opposition, and that such hearing be joined with the Insurance Companies' Stay Relief Motion.

**HALL & EVANS, LLC**

*s/Deborah M. Kellam*

Dated:  November 2, 2016     Deborah M. Kellam | Special Counsel
866 N. 4th Street, Suite 3
Laramie, WY  82072
kellamd@hallevans.com
T: 307-514-2567 - Kellam
F: 307-514-2568
and
Michael S. Davis (admitted pro hac vice)
ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas
New York, New York 10036
mdavis@zeklaw.com
T:  212-223-0400
*Attorneys for Lexington Insurance Company*

*s/Timothy M. Swanson*

Dated:  November 2, 2016

**MOYE WHITE, LLP**
Jim Bughardt (CO Bar No. 10431)
Timothy M. Swanson (CO Bar No. 47267)
16 Market Square 6th Floor
1400 16th Street
Denver CO 80202-1486
Tim.Swanson@moyewhite.com
T:  303-292-2900
F:  303-292-4510
*Attorneys for UMIA Insurance Company*

*s/Tiffany M. Brown*

Dated:  November 2, 2016

Charles E. Spevacek (MN #1260444)
*Admitted Pro Hac Vice*
Tiffany M. Brown (#302272)
*Admitted Pro Hac Vice*
MEAGHER & GEER, P.L.L.P.
33 S. Sixth Street, Suite 4400
Minneapolis, MN 55402
T: 612-371-1324
F: 612-877-3015
cspevacek@meagher.com
tbrown@meagher.com
and
Judith Studer
Patrick T. Holscher
Schwartz, Bon, Walker & Studer, LLC
141 S. Center St., Suite 500
Casper, WY 82601
T: 307-235-6681
F: 307-234-5099
jstuder@schwartzon.com
pat@schwartzbon.com
*Attorneys for Homeland Insurance
Company of New York*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of November, 2016, a true and correct copy of the foregoing **INSURANCE COMPANIES' JOINT OPPOSITION TO MOTION FOR AUTHORIZATION TO CONDUCT RULE 2004 EXAMINATION AND REQUEST TO BE HEARD**, was filed and served via ECF/electronic submission using CM/ECF to all attorneys of record in this matter.  Further, a copy of said document was provided to the parties as listed on the Court's Label Matrix.

*s/V. Dawn Brimer*, Legal Assistant to
Deborah M. Kellam, Hall & Evans, LLC

_____