# GROUP EXHIBIT 1

Tracy Copenhaver, Bar #5-2063
COPENHAVER, KATH, KITCHEN & KOLPITCKE, LLC
P.O. Box 839
Powell, WY 82435
(307) 754-2276
*Attorneys for Powell Valley Hospital, PVHC*

IN THE UNITED STATES COURT
DISTRICT OF WYOMING

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil No. 15-CV-31-J |
| POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTH CARE, INC., HEALTHTECH MANAGEMENT SERVICES, INC., JEFFREY HANSEN, M.D., and WILLIAM D. PATTEN, | ) ) ) ) ) |
| Defendants. | ) ) |
| and | ) Powell Hospital District, ) Powell Valley Health Care, Inc. and Jeffrey Hansen, |
| HEALTHTECH MANAGEMENT SERVICES, INC. and BILL PATTEN, | ) M.D.'s First Interrogatories to ) Homeland ) |
| Counterclaimants, | ) ) |
| v. | ) ) ) |
| UMIA INSURANCE, INC. and LEXINGTON INSURANCE COMPANY, | ) ) ) |
| Counterclaim Defendants. | ) ) |
| and | ) ) |
| POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTH CARE, INC., and JEFFREY HANSEN, M.D., | ) ) ) ) |
| Cross-Claimants, | ) ) ) |
| v. | ) ) |

UMIA INSURANCE, INC., and )
LEXINGTON INSURANCE COMPANY, )
)
    Crossclaim-Defendants. )
)

---

### FIRST INTERROGATORIES OF POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTHCARE, INC. AND JEFFREY HANSEN, M.D. TO PLAINTIFF HOMELAND INSURANCE COMPANY

---

Powell Hospital District, Powell Valley Healthcare, Inc. and Jeffrey Hansen, M.D., request that Plaintiff Homeland answer the following interrogatories in accordance with the applicable Federal Rules of Civil Procedure:

<u>DEFINITIONS AND REQUIREMENTS</u>

Each Interrogatory calls for all information known by you and your attorneys, officers and agents, and all information from sources under your control, and all information given to you by others.

Whenever in the following Interrogatories, any writing must be described or identified, all writings in the possession or control of yourself and your representatives are included, and all such writings shall be identified by date, author, addresses, subject, and title of document. As to each such writing, the address of the present location of such writing, and the name and address of the custodian thereof, are also requested. The term "writing" is used herein in its broadest sense; it includes any original production or copy of any kind of writing or any documentary material, including without limitations,

-2-

correspondence, memoranda, diaries, records, reports, studies, notes and any and all other recorded data.

With respect to each Interrogatory herein relating to oral communications, it is intended and requested that the answers to each said Interrogatory setforth whether or not the oral communication was by telephone, or face to face, and also that each answer setforth the names, addresses, business positions and occupations of the persons involved in the said communications, and the names and addresses of any other persons present during said communications.

Whenever in the course of answering these Interrogatories information is called for which is other than the personal knowledge of the person executing the answers hereto, you are requested in addition to providing such information, to provide the name, address, telephone number, official capacity and job title of each person providing such information to you, or if information is obtained from a writing, to identify each such writing as described above.

Supplementation of responses is hereby requested to all Interrogatories which seek the following information:

the identity and location of persons having knowledge of discoverable facts;

the identity and location of experts expected to be called at trial, the subject matter and substance of their testimony.

Supplementation of responses is also requested for any new information which you receive that shows an original response to these Interrogatories was

incorrect when made, or although correct when made, is no longer true in light of such new information. The duty to supplement shall be continuing as to the above described types of information, and supplementary responses are hereby requested to be served whenever such information is discovered or determined.

INTERROGATORY NO. 1.    For each of the "Underlying Claims," referred to in Paragraph 39.d. of your Complaint separately:

    a. Provide the Claimant's name;

    b. Give the date and a brief description of the act, error, omission, or wrongful act, which gave rise to the claim;

    c. State the name of all insureds who had knowledge of each event described in your answer to NO. 1. b., before the inception date of the Primary Policy identified in ¶ 20 of your Complaint, giving the date each insured acquired that knowledge, and the factual basis separately for any assertion that such knowledge by each insured possessing it, means that the claim is excluded from coverage.

ANSWER:

INTERROGATORY NO. 2.    Provide the name, contact information, employer and job title or position for every person who reviewed any information relevant to coverage for the Underlying Claims referred to in ¶39.d. of your Complaint, together with a description of the information reviewed.

ANSWER:

INTERROGATORY NO. 3.    Provide the name, contact information, employer and job title or position for every person who participated in, or contributed to, the decision to deny coverage or to defend on a reservation of rights, any of the Underlying Claims mentioned in ¶39.d. of your Complaint.

ANSWER:

-4-

INTERROGATORY NO. 4.    Provide the name, contact information, employer and job title or position for every person who participated in the underwriting or issuance of the Primary Policy and the Excess Policy described in your Complaint, including agents, brokers.

ANSWER:

INTERROGATORY NO. 5.    Provide the name, contact information, employer and job title or position for every person who is now or has been responsible for claims handling, monitoring and evaluation of any of the "Underlying Claims."

ANSWER:

INTERROGATORY NO. 6.    Please give the complete factual basis for the allegations of ¶39.a. of your Complaint, that the DuRose and Harris claims are "related claims."

ANSWER:

INTERROGATORY NO. 7.    Please give the complete factual basis for the allegations of ¶39.c. of your Complaint that the Underlying Claims were first made prior to August 1, 2013.

ANSWER:

INTERROGATORY NO. 8.    Please give the complete factual basis for the allegations in ¶39.e. of your Complaint that the "Underlying Claims" were the subject of any notice given under any other policy of insurance in effect prior to August 1, 2013.

ANSWER:

-5-

INTERROGATORY NO. 9.    Please give the complete factual basis for the allegations of ¶39.i. of your Complaint that the Stambaugh I and II claims result from fraudulent, dishonest or criminal acts.

ANSWER:

INTERROGATORY NO. 10.    Please give the complete factual basis for the allegations of ¶39.j. of your Complaint.

ANSWER:

INTERROGATORY NO. 11.    Please describe in detail who did what due diligence or evaluation to determine pricing and, from your perspective, the acceptability of the risk undertaken in the Primary Policy and the Excess policy, and identify what documents were reviewed.

ANSWER:

DATED this 1st day of March, 2016.

TRACY COPENHAVER, Bar #5-2063
COPENHAVER, KATH, KITCHEN &
KOLPITCKE, LLC
P.O. Box 839
Powell, WY 82435
(307) 754-2276
tracy@ckattorneys.net

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and accurate copy of the foregoing upon the following counsel of record, via email this 1st day of March, 2016:

Judith Studer
Schwartz, Bon, Walker & Studer, LLC
141 South Center Street, Suite 500
Casper, WY 82601
jstuder@schwartzbon.com

Joanna R. Vilos
Holland &Hart, LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003
jvilos@hollandhart.com

Jose A. Ramirez
Holland & Hart
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003
jramirez@hollandhart.com

Julie Nye Tiedeken
McKellar, Tiedeken & Scoggin, LLC
702 Randall Avenue
Cheyenne, WY 82001
jtiedeken@mtslegal.net

Jon F. Sands
Sweetbaum, Sands, Anderson PC
1125 17th Street, #2100
Denver, CO 80202
jsands@sweetbaumsands.com

Deborah M. Kellam
Hall & Evans, LLC
2015 Central Avenue, Suite C
Cheyenne, WY 82001
kellamd@hallevans.com

Charles E. Spevacek
Tiffany M. Brown
Meagher & Geer, PLLP
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
cspevacek@meagher.com
tbrown@meagher.com

Catherine A. Naltas
R. Jeff Carlisle
Lynberg &Watkins
888 S. Figueroa Street, 16th Floor
Los Angeles, CA 90017
cnaltsas@lynberg.com
jcarlisle@lynberg.com

Tracy Copenhaver

Tracy Copenhaver, Bar #5-2063
COPENHAVER, KATH, KITCHEN & KOLPITCKE, LLC
P.O. Box 839
Powell, WY 82435
(307) 754-2276
*Attorneys for Powell Valley Hospital, PVHC*

## IN THE UNITED STATES COURT
### DISTRICT OF WYOMING

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, ) | |
| Plaintiff, ) | |
| v. ) | Civil No. 15-CV-31-J |
| POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTH CARE, INC., HEALTHTECH MANAGEMENT SERVICES, INC., JEFFREY HANSEN, M.D., and WILLIAM D. PATTEN, ) | |
| Defendants. ) | Powell Hospital District, Powell Valley Health Care, Inc. and Jeffrey Hansen, M.D.'s First Request for Documents to Homeland |
| and | |
| HEALTHTECH MANAGEMENT SERVICES, INC. and BILL PATTEN, ) | |
| Counterclaimants, ) | |
| v. ) | |
| UMIA INSURANCE, INC. and LEXINGTON INSURANCE COMPANY, ) | |
| Counterclaim Defendants. ) | |
| and | |
| POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTH CARE, INC., and JEFFREY HANSEN, M.D., ) | |
| Cross-Claimants, ) | |
| v. ) | |

UMIA INSURANCE, INC., and )
LEXINGTON INSURANCE COMPANY, )
)
Crossclaim-Defendants. )

---

### FIRST REQUEST FOR PRODUCTION OF DOCUMENTS OF POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTHCARE, INC. AND JEFFREY HANSEN, M.D. TO PLAINTIFF HOMELAND INSURANCE COMPANY

---

Powell Hospital District, Powell Valley Healthcare, Inc. and Jeffrey Hansen, M.D., request that Plaintiff Homeland produce the following documents in accordance with the applicable Federal Rules Civil Procedure:

### DEFINITIONS

Unless otherwise indicated, the following definitions will be applicable to this Request for Production:

A. "Person" shall mean and include a natural person, partnership, firm, or corporation or any other kind of business or legal entity, its agents or employees. In each instance where you are asked to "identify" a person or provide the "identity" of a person, state with respect to each such person his name and last known residence, business address and telephone number.

B. "You" shall refer to Plaintiff, his/her attorneys, agents and representatives.

C. "Knowledge" includes first hand knowledge and information derived from any other source, including but not limited to, hearsay knowledge.

-2-

D.  "Document" and "documents" refer to and include any and all tangible things and documents, whether written, recorded, graphic, typewritten, printed, computerized (stored on any computer hard drive or disk) or otherwise capable of being visually reproduced of which you have any knowledge or information, referring, relating or pertaining in any way to the subject matters in connection with which the word is used, and includes, but without limitation, all originals, all file copies and all other copies, no matter how or by whom prepared, and all drafts prepared in connection with such documents, whether used or not, including but not limited to:   paper; agreements; contracts; letters; cables; wires; e-mails; notes; memoranda; correspondence; telegrams; patents; books; reports; studies; minutes; records; accounting books; maps; plans; blueprints; sketches; charts; drawings; diagrams; photographs; movies; films; assignments; notebooks; ledgers; bills; statements; invoices; checks; receipts; analyses; surveys; transcriptions; recordings; publications; drawings; graphs; reports; forecasts; financial records, including but not limited to, general entries in books of accounts; diaries, summaries or records of personal or telephone conversations; appointment books; tape or similar recordings, note pads, telephone call books, day books, diaries, travel and expense vouchers, or other records of expenses (together with the documents attached thereto or in support or explanation thereof); and directories, lists or bills containing names, addresses or telephone numbers prepared or used in the course of employment or records of telephone

calls not used in the course of employment but used in connection with the business of the employer.

 All of the Requests for Production herein are deemed continuing. If, after responding to these Requests, you acquire any document requested herein, or any information related to any document herein which is not reflected by any documents produced or any response to these requests, you must file supplemental responses or indicate to counsel for Defendant the existence of such documents.  Such supplementation is requested herein in addition to any supplementation required by the Wyoming Rules of Civil Procedure.  You are also notified that at the pretrial conference or discovery conference in this action (or if there is no conference, then by appropriate motion or otherwise), the undersigned will apply to the Court for an order expressly directing that these and all prior Requests for Production, after the service of Responses, you be required to serve supplemental responses referring to and/or producing all later acquired documents and that Plaintiff be precluded at the trial of this action from introducing any evidence, whether by testimony or documents or other exhibits, relating to the subject matter of any document which has not been produced or disclosed by timely responses, whether before or after the entry of the pretrial or discovery order.

 If any document or portion thereof which is responsive to any request herein is or will be withheld from production, inspection or copying, please fully identify such document or portion thereof in your response and fully state in your response the reason it is or will be withheld.  In addition, if

-4-

any document is practically impossible of production, inspection or copying, please fully identify such document and the reason for the practical impossibility.

REQUEST NO. 1. With respect to Homeland's Initial Self-Executing Discovery, please produce the following items from Part B.

¶ 5.   Discovery from the *Harris* action.
¶ 6.   Homeland's claim file materials.

RESPONSE:

REQUEST NO. 2. The complete claims files for each of the "Underlying Claims" referred to ¶ 39.d. of your Complaint, and also for the Bonamarte and Wilson claims.

RESPONSE:

REQUEST NO. 3. The complete correspondence, including electronic documents, regarding any of the "Underlying Claims" between officers or employees of Homeland which relate to any of the Underlying Claims or underwriting or coverage issues in this case.

RESPONSE:

REQUEST NO. 4. The agency, producer or broker agreement between Homeland and any person or entity which participated in the initiation or issuance of the Primary Policy and Excess Policy referred to in your Complaint.

RESPONSE:

REQUEST NO. 5. The complete files of any agency, producer or broker involved in the initiation or underwriting of the Primary Policy and Excess Policy referred to in your Complaint.

RESPONSE:

REQUEST NO. 6. All documents which you contend demonstrate that any insured had knowledge of any event described in your Answer to Interrogatory No. 1 of these parties' First Interrogatories to Homeland Insurance Company.

RESPONSE:

REQUEST NO. 7. All documents about Underlying Claims reviewed by the persons identified in your Answer to Interrogatory No. 2 of these parties' First Interrogatories to Homeland Insurance Company.

RESPONSE:

REQUEST NO. 8. All documents relied upon to deny coverage or to defend under a reservation of rights by the persons identified in your Answer to Interrogatory No. 3 of these parties' First Interrogatories to Homeland Insurance Company.

RESPONSE:

REQUEST NO. 9. All documents reviewed about the underwriting or issuance of the Primary Policy or Excess Policy by the persons identified in your Answer to Interrogatory Nos. 4 and 11 of these parties' First Interrogatories to Homeland Insurance Company.

RESPONSE:

-6-

REQUEST NO. 10.   The documents which relate to your conclusion in ¶39.a. of your Complaint that the DuRose and Harris claims are "related claims."

RESPONSE:

REQUEST NO. 11.  All documents which relate to the allegations of 39.c. of your Complaint; that the "Underlying Claims" were first made prior to August 1, 2013.

RESPONSE:

REQUEST NO. 12.   All documents which relate to the allegations of ¶39.i. of your Complaint; that the Stambaugh I and II claims result from fraudulent, dishonest or criminal acts.

RESPONSE:

REQUEST NO. 13.   All communication between the parties Homeland, UMIA and Lexington about any of the facts or issues in this case.

RESPONSE:

DATED this 1st day of March, 2016.

_____
TRACY COPENHAVER, Bar #5-2063
COPENHAVER, KATH, KITCHEN &
KOLPITCKE, LLC
P.O. Box 839
Powell, WY 82435
(307) 754-2276
tracy@ckattorneys.net

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and accurate copy of the foregoing upon the following counsel of record, via email this 1st day of March, 2016:

Judith Studer
Schwartz, Bon, Walker & Studer, LLC
141 South Center Street, Suite 500
Casper, WY 82601
jstuder@schwartzbon.com

Joanna R. Vilos
Holland &Hart, LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003
jvilos@hollandhart.com

Jose A. Ramirez
Holland & Hart
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003
jramirez@hollandhart.com

Julie Nye Tiedeken
McKellar, Tiedeken & Scoggin, LLC
702 Randall Avenue
Cheyenne, WY 82001
jtiedeken@mtslegal.net

Jon F. Sands
Sweetbaum, Sands, Anderson PC
1125 17th Street, #2100
Denver, CO 80202
jsands@sweetbaumsands.com

Deborah M. Kellam
Hall & Evans, LLC
2015 Central Avenue, Suite C
Cheyenne, WY 82001
kellamd@hallevans.com

Charles E. Spevacek
Tiffany M. Brown
Meagher & Geer, PLLP
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
cspevacek@meagher.com
tbrown@meagher.com

Catherine A. Naltas
R. Jeff Carlisle
Lynberg &Watkins
888 S. Figueroa Street, 16th Floor
Los Angeles, CA 90017
cnaltsas@lynberg.com
jcarlisle@lynberg.com

Tracy Copenhaver

Tracy Copenhaver, Bar #5-2063
COPENHAVER, KATH, KITCHEN & KOLPITCKE, LLC
P.O. Box 839
Powell, WY 82435
(307) 754-2276
*Attorneys for Powell Valley Hospital, PVHC*

IN THE UNITED STATES COURT
DISTRICT OF WYOMING

| | | |
|---|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTH CARE, INC., HEALTHTECH MANAGEMENT SERVICES, INC., JEFFREY HANSEN, M.D., and WILLIAM D. PATTEN, | ) ) ) ) ) ) ) | Civil No. 15-CV-31-J |
| Defendants. | ) ) | |
| and | ) ) | Powell Hospital District, Powell Valley Health Care, Inc., and Jeffrey Hansen, |
| HEALTHTECH MANAGEMENT SERVICES, INC. and BILL PATTEN, | ) ) ) | M.D.'s First Interrogatories to Lexington |
| Counterclaimants, | ) ) ) | |
| v. | ) ) | |
| UMIA INSURANCE, INC. and LEXINGTON INSURANCE COMPANY, | ) ) ) | |
| Counterclaim Defendants. | ) ) ) | |
| and | ) ) | |
| POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTH CARE, INC., and JEFFREY HANSEN, M.D., | ) ) ) ) | |
| Cross-Claimants, | ) ) ) | |
| v. | ) ) ) | |

UMIA INSURANCE, INC., and )
LEXINGTON INSURANCE COMPANY, )
)
    Crossclaim-Defendants. )
)

---

### FIRST INTERROGATORIES OF POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTHCARE, INC. AND JEFFREY HANSEN, M.D., TO LEXINGTON

---

COME NOW, Powell Hospital District, Powell Valley Healthcare, Inc. and Jeffrey Hansen, M.D., and request that Lexington answer the following interrogatories in accordance with the applicable Federal Rules of Civil Procedure:

### DEFINITIONS AND REQUIREMENTS

Each Interrogatory calls for all information known by you and your attorneys, officers and agents, and all information from sources under your control, and all information given to you by others.

Whenever in the following Interrogatories, any writing must be described or identified, all writings in the possession or control of yourself and your representatives are included, and all such writings shall be identified by date, author, addresses, subject, and title of document. As to each such writing, the address of the present location of such writing, and the name and address of the custodian thereof, are also requested. The term "writing" is used herein in its broadest sense; it includes any original production or copy of any kind of writing or any documentary material, including without limitations,

correspondence, memoranda, diaries, records, reports, studies, notes and any and all other recorded data.

With respect to each Interrogatory herein relating to oral communications, it is intended and requested that the answers to each said Interrogatory set forth whether or not the oral communication was by telephone, or face to face, and also that each answer set forth the names, addresses, business positions and occupations of the persons involved in the said communications, and the names and addresses of any other persons present during said communications.

Whenever in the course of answering these Interrogatories information is called for which is other than the personal knowledge of the person executing the answers hereto, you are requested in addition to providing such information, to provide the name, address, telephone number, official capacity and job title of each person providing such information to you, or if information is obtained from a writing, to identify each such writing as described above.

Supplementation of responses is hereby requested to all Interrogatories which seek the following information:

the identity and location of persons having knowledge of discoverable facts;

the identity and location of experts expected to be called at trial, the subject matter and substance of their testimony.

Supplementation of responses is also requested for any new information which you receive that shows an original response to these Interrogatories was

incorrect when made, or although correct when made, is no longer true in light of such new information. The duty to supplement shall be continuing as to the above described types of information, and supplementary responses are hereby requested to be served whenever such information is discovered or determined.

INTERROGATORY NO. 1.    Provide the name, contact information, employer and job title or position for every person who reviewed any information relevant to coverage for the Underlying Claims referenced in the Homeland Complaint.

ANSWER:

INTERROGATORY NO. 2.    Provide the name, contact information, employer and job title or position for every person who participated in, or contributed to, the decision to deny coverage for any of the Underlying Claims mentioned in the Homeland Complaint.

ANSWER:

DATED this 1st day of March, 2016.

TRACY COPENHAVER, Bar #5-2063
COPENHAVER, KATH, KITCHEN &
KOLPITCKE, LLC
P.O. Box 839
Powell, WY 82435
(307) 754-2276
tracy@ckattorneys.net

-4-

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and accurate copy of the foregoing upon the following counsel of record, via email this 1st day of March, 2016:

Judith Studer
Schwartz, Bon, Walker & Studer, LLC
141 South Center Street, Suite 500
Casper, WY 82601
jstuder@schwartzbon.com

Joanna R. Vilos
Holland &Hart, LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003
jvilos@hollandhart.com

Jose A. Ramirez
Holland & Hart
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003
jramirez@hollandhart.com

Julie Nye Tiedeken
McKellar, Tiedeken & Scoggin, LLC
702 Randall Avenue
Cheyenne, WY 82001
jtiedeken@mtslegal.net

Jon F. Sands
Sweetbaum, Sands, Anderson PC
1125 17th Street, #2100
Denver, CO 80202
jsands@sweetbaumsands.com

Deborah M. Kellam
Hall & Evans, LLC
2015 Central Avenue, Suite C
Cheyenne, WY 82001
kellamd@hallevans.com

Charles E. Spevacek
Tiffany M. Brown
Meagher & Geer, PLLP
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
cspevacek@meagher.com
tbrown@meagher.com

Catherine A. Naltas
R. Jeff Carlisle
Lynberg &Watkins
888 S. Figueroa Street, 16th Floor
Los Angeles, CA 90017
cnaltsas@lynberg.com
jcarlisle@lynberg.com

Tracy Copenhaver

Tracy Copenhaver, Bar #5-2063
COPENHAVER, KATH, KITCHEN & KOLPITCKE, LLC
P.O. Box 839
Powell, WY 82435
(307) 754-2276
*Attorneys for Powell Valley Hospital, PVHC*

IN THE UNITED STATES COURT
DISTRICT OF WYOMING

| | | |
|---|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| | ) | Civil No. 15-CV-31-J |
| POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTH CARE, INC., HEALTHTECH MANAGEMENT SERVICES, INC., JEFFREY HANSEN, M.D., and WILLIAM D. PATTEN, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | Powell Hospital District, Powell Valley Health Care, Inc. and Jeffrey Hansen, M.D.'s First Request for Documents to Lexington |
| and | ) | |
| HEALTHTECH MANAGEMENT SERVICES, INC. and BILL PATTEN, | ) ) ) | |
| Counterclaimants, | ) ) | |
| v. | ) ) | |
| UMIA INSURANCE, INC. and LEXINGTON INSURANCE COMPANY, | ) ) ) | |
| Counterclaim Defendants. | ) ) ) | |
| and | ) | |
| POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTH CARE, INC., and JEFFREY HANSEN, M.D., | ) ) ) ) | |
| Cross-Claimants, | ) ) | |
| v. | ) ) | |

UMIA INSURANCE, INC., and )
LEXINGTON INSURANCE COMPANY, )
)
    Crossclaim-Defendants. )

---

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS OF POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTHCARE, INC. AND JEFFREY HANSEN, M.D., TO LEXINGTON

---

Powell Hospital District, Powell Valley Healthcare, Inc., and Jeffrey Hansen, M.D. request that Lexington produce the following documents in accordance with the applicable Federal Rules Civil Procedure:

DEFINITIONS

Unless otherwise indicated, the following definitions will be applicable to this Request for Production:

A.   "Person" shall mean and include a natural person, partnership, firm, or corporation or any other kind of business or legal entity, its agents or employees.   In each instance where you are asked to "identify" a person or provide the "identity" of a person, state with respect to each such person his name and last known residence, business address and telephone number.

B.   "You" shall refer to Plaintiff, his/her attorneys, agents and representatives.

C.   "Knowledge" includes first hand knowledge and information derived from any other source, including but not limited to, hearsay knowledge.

-2-

D.  "Document" and "documents" refer to and include any and all tangible things and documents, whether written, recorded, graphic, typewritten, printed, computerized (stored on any computer hard drive or disk) or otherwise capable of being visually reproduced of which you have any knowledge or information, referring, relating or pertaining in any way to the subject matters in connection with which the word is used, and includes, but without limitation, all originals, all file copies and all other copies, no matter how or by whom prepared, and all drafts prepared in connection with such documents, whether used or not, including but not limited to:   paper; agreements; contracts; letters; cables; wires; e-mails; notes; memoranda; correspondence; telegrams; patents; books; reports; studies; minutes; records; accounting books; maps; plans; blueprints; sketches; charts; drawings; diagrams; photographs; movies; films; assignments; notebooks; ledgers; bills; statements; invoices; checks; receipts; analyses; surveys; transcriptions; recordings; publications; drawings; graphs; reports; forecasts; financial records, including but not limited to, general entries in books of accounts; diaries, summaries or records of personal or telephone conversations; appointment books; tape or similar recordings, note pads, telephone call books, day books, diaries, travel and expense vouchers, or other records of expenses (together with the documents attached thereto or in support or explanation thereof); and directories, lists or bills containing names, addresses or telephone numbers prepared or used in the course of employment or records of telephone

calls not used in the course of employment but used in connection with the business of the employer.

All of the Requests for Production herein are deemed continuing. If, after responding to these Requests, you acquire any document requested herein, or any information related to any document herein which is not reflected by any documents produced or any response to these requests, you must file supplemental responses or indicate to counsel for Defendant the existence of such documents. Such supplementation is requested herein in addition to any supplementation required by the Wyoming Rules of Civil Procedure. You are also notified that at the pretrial conference or discovery conference in this action (or if there is no conference, then by appropriate motion or otherwise), the undersigned will apply to the Court for an order expressly directing that these and all prior Requests for Production, after the service of Responses, you be required to serve supplemental responses referring to and/or producing all later acquired documents and that Plaintiff be precluded at the trial of this action from introducing any evidence, whether by testimony or documents or other exhibits, relating to the subject matter of any document which has not been produced or disclosed by timely responses, whether before or after the entry of the pretrial or discovery order.

If any document or portion thereof which is responsive to any request herein is or will be withheld from production, inspection or copying, please fully identify such document or portion thereof in your response and fully state in your response the reason it is or will be withheld. In addition, if

-4-

any document is practically impossible of production, inspection or copying, please fully identify such document and the reason for the practical impossibility.

REQUEST NO. 1. The complete claims files for each of the "Underlying Claims" that you have denied coverage for.

RESPONSE:

REQUEST NO. 2. The complete correspondence, including electronic documents, regarding any of the "Underlying Claims" between officers or employees of Lexington which relate to any of the Underlying Claims or underwriting or coverage issues in this case.

RESPONSE:

REQUEST NO. 3. All documents about Underlying Claims reviewed by the persons identified in your Answer to Interrogatory No. 1 of these parties' First Interrogatories to Lexington Insurance Company.

RESPONSE:

REQUEST NO. 4. All documents relied upon to deny coverage by the persons identified in your Answer to Interrogatory No. 2 of these parties' First Interrogatories to Lexington Insurance Company.

RESPONSE:

REQUEST NO. 5.    All communication between the parties Homeland, UMIA and Lexington about any of the facts or issues in this case.

RESPONSE:

DATED this 1st day of March, 2016.

TRACY COPENHAVER, Bar #5-2063
COPENHAVER, KATH, KITCHEN &
KOLPITCKE, LLC
P.O. Box 839
Powell, WY 82435
(307) 754-2276
tracy@ckattorneys.net

CERTIFICATE OF SERVICE

I hereby certify that I served a true and accurate copy of the foregoing upon the following counsel of record, via email this 1st day of March, 2016:

Judith Studer
Schwartz, Bon, Walker &
Studer, LLC
141 South Center Street, Suite
500
Casper, WY 82601
jstuder@schwartzbon.com

Jose A. Ramirez
Holland & Hart
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003
jramirez@hollandhart.com

Jon F. Sands
Sweetbaum, Sands, Anderson
PC
1125 17th Street, #2100
Denver, CO 80202
jsands@sweetbaumsands.com

Charles E. Spevacek
Tiffany M. Brown
Meagher & Geer, PLLP
33 South Sixth Street,
Suite 4400
Minneapolis, MN 55402
cspevacek@meagher.com
tbrown@meagher.com

Joanna R. Vilos
Holland &Hart, LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003
jvilos@hollandhart.com

Julie Nye Tiedeken
McKellar, Tiedeken & Scoggin,
LLC
702 Randall Avenue
Cheyenne, WY 82001
jtiedeken@mtslegal.net

Deborah M. Kellam
Hall & Evans, LLC
2015 Central Avenue, Suite C
Cheyenne, WY 82001
kellamd@hallevans.com

Catherine A. Naltas
R. Jeff Carlisle
Lynberg &Watkins
888 S. Figueroa Street,
16th Floor
Los Angeles, CA 90017
cnaltsas@lynberg.com
jcarlisle@lynberg.com

Tracy Copenhaver

Tracy Copenhaver, Bar #5-2063
COPENHAVER, KATH, KITCHEN & KOLPITCKE, LLC
P.O. Box 839
Powell, WY 82435
(307) 754-2276
*Attorneys for Powell Valley Hospital, PVHC*

IN THE UNITED STATES COURT
DISTRICT OF WYOMING

| | | |
|---|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil No. 15-CV-31-J |
| POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTH CARE, INC., HEALTHTECH MANAGEMENT SERVICES, INC., JEFFREY HANSEN, M.D., and WILLIAM D. PATTEN, | ) | |
| | ) | |
| Defendants. | ) | Powell Hospital District, Powell Valley Health Care, Inc. and Jeffrey Hansen, M.D.'s First Interrogatories to UMIA |
| and | ) | |
| HEALTHTECH MANAGEMENT SERVICES, INC. and BILL PATTEN, | ) | |
| | ) | |
| Counterclaimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UMIA INSURANCE, INC. and LEXINGTON INSURANCE COMPANY, | ) | |
| | ) | |
| Counterclaim Defendants. | ) | |
| | ) | |
| and | ) | |
| POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTH CARE, INC., and JEFFREY HANSEN, M.D., | ) | |
| | ) | |
| Cross-Claimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |

UMIA INSURANCE, INC., and          )
LEXINGTON INSURANCE COMPANY,       )
                                   )
    Crossclaim-Defendants.         )

---

### FIRST INTERROGATORIES OF POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTHCARE, INC. AND JEFFREY HANSEN, M.D. TO UMIA INSURANCE, INC.

---

Powell Hospital District, Powell Valley Healthcare, Inc. and Jeffrey Hansen, M.D., request that UMIA respond to the following interrogatories in accordance with the applicable Federal Rules of Civil Procedure:

<u>DEFINITIONS AND REQUIREMENTS</u>

Each Interrogatory calls for all information known by you and your attorneys, officers and agents, and all information from sources under your control, and all information given to you by others.

Whenever in the following Interrogatories, any writing must be described or identified, all writings in the possession or control of yourself and your representatives are included, and all such writings shall be identified by date, author, addresses, subject, and title of document. As to each such writing, the address of the present location of such writing, and the name and address of the custodian thereof, are also requested. The term "writing" is used herein in its broadest sense; it includes any original production or copy of any kind of writing or any documentary material, including without limitations, correspondence, memoranda, diaries, records, reports, studies, notes and any and all other recorded data.

-2-

With respect to each Interrogatory herein relating to oral communications, it is intended and requested that the answers to each said Interrogatory setforth whether or not the oral communication was by telephone, or face to face, and also that each answer setforth the names, addresses, business positions and occupations of the persons involved in the said communications, and the names and addresses of any other persons present during said communications.

Whenever in the course of answering these Interrogatories information is called for which is other than the personal knowledge of the person executing the answers hereto, you are requested in addition to providing such information, to provide the name, address, telephone number, official capacity and job title of each person providing such information to you, or if information is obtained from a writing, to identify each such writing as described above.

Supplementation of responses is hereby requested to all Interrogatories which seek the following information:

the identity and location of persons having knowledge of discoverable facts;

the identity and location of experts expected to be called at trial,

the subject matter and substance of their testimony.

Supplementation of responses is also requested for any new information which you receive that shows an original response to these Interrogatories was incorrect when made, or although correct when made, is no longer true in light of such new information. The duty to supplement shall be continuing as to the

above described types of information, and supplementary responses are hereby requested to be served whenever such information is discovered or determined.

INTERROGATORY NO. 1. Please give a complete factual basis for the allegations in your Counterclaim that the Hospital and HTMS were attempting to conceal the fact that they were aware of the risk created by Hansen's medical practice.

ANSWER:

INTERROGATORY NO. 2. For each of underlying claim for which you seek a declaration in this case that there is no coverage under the UMIA Policy separately:

    a. Provide the Claimant's name;

    b. Give the date and a brief description of the act, error, omission, or wrongful act, which gave rise to the claim;

    c. State the name of all insureds who had knowledge of each event described in your answer to interrogatory No. 2.b., before the inception date of the policy for the year the claim was submitted, giving the date each insured acquired that knowledge, and the factual basis separately for each claim for any assertion that such knowledge by each insured possessing it, means that the claim is not within the policy coverage.

ANSWER:

INTERROGATORY NO. 3. State the complete factual basis for the allegations of ¶43 of your Counterclaim.

ANSWER:

INTERROGATORY NO. 4. State the complete factual basis for the allegations of ¶44 of your Counterclaim.

-4-

ANSWER:

INTERROGATORY NO. 5. With regard to allegations of ¶54 of your Counterclaim, please list "true facts" which you contend were required to be disclosed in the Application.

ANSWER:

INTERROGATORY NO. 6. Please list completely all "true facts" about Powell Valley Healthcare and Dr. Hansen which were known to UMIA at the inception date of the UMIA Policy.

ANSWER:

INTERROGATORY NO. 7.    Provide the name, contact information, employer and job title or position for every person who reviewed any information relevant to coverage for any claim for which you seek a declaration that the claim is not covered, together with a description of the information reviewed.

ANSWER:

INTERROGATORY NO. 8. Provide the name, contact information, employer and job title or position for every person who participated in, or contributed to, the decision to deny coverage or to defend on a reservation of rights, any of the claims for which you seek a declaration that there is no coverage.

ANSWER:

INTERROGATORY NO. 9. Provide the name, contact information, employer and job title or position for every person who participated in the

underwriting or issuance of the policy described in your ¶ 7 of your Counterclaim,, including agents, producers or brokers.

ANSWER:

INTERROGATORY NO. 10. Provide the name, contact information, employer and job title or position for every person who is now or has been responsible for claims handling, monitoring and evaluation of any of the claims for which you seek a declaration of no coverage.

ANSWER:

INTERROGATORY NO. 11. Please describe in detail who did the due diligence or evaluation to determine pricing and, from your perspective, the acceptability of the risk undertaken in the policy described in ¶7 of Your Counterclaim, and identify all documents that were reviewed.

ANSWER:

DATED this 1st day of March, 2016.

TRACY COPENHAVER, Bar #5-2063
COPENHAVER, KATH, KITCHEN &
KOLPITCKE, LLC
P.O. Box 839
Powell, WY 82435
(307) 754-2276
tracy@ckattorneys.net

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and accurate copy of the foregoing upon the following counsel of record, via email this 1st day of March, 2016:

Judith Studer
Schwartz, Bon, Walker & Studer, LLC
141 South Center Street, Suite 500
Casper, WY 82601
jstuder@schwartzbon.com

Joanna R. Vilos
Holland &Hart, LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003
jvilos@hollandhart.com

Jose A. Ramirez
Holland & Hart
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003
jramirez@hollandhart.com

Julie Nye Tiedeken
McKellar, Tiedeken & Scoggin, LLC
702 Randall Avenue
Cheyenne, WY 82001
jtiedeken@mtslegal.net

Jon F. Sands
Sweetbaum, Sands, Anderson PC
1125 17th Street, #2100
Denver, CO 80202
jsands@sweetbaumsands.com

Deborah M. Kellam
Hall & Evans, LLC
2015 Central Avenue, Suite C
Cheyenne, WY 82001
kellamd@hallevans.com

Charles E. Spevacek
Tiffany M. Brown
Meagher & Geer, PLLP
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
cspevacek@meagher.com
tbrown@meagher.com

Catherine A. Naltas
R. Jeff Carlisle
Lynberg &Watkins
888 S. Figueroa Street, 16th Floor
Los Angeles, CA 90017
cnaltsas@lynberg.com
jcarlisle@lynberg.com

Tracy Copenhaver

Tracy Copenhaver, Bar #5-2063
COPENHAVER, KATH, KITCHEN & KOLPITCKE, LLC
P.O. Box 839
Powell, WY 82435
(307) 754-2276
*Attorneys for Powell Valley Hospital, PVHC*

IN THE UNITED STATES COURT
DISTRICT OF WYOMING

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF NEW YORK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 15-CV-31-J |
| ) | |
| POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTH CARE, INC., HEALTHTECH MANAGEMENT SERVICES, INC., JEFFREY HANSEN, M.D., and WILLIAM D. PATTEN, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| and | |
| ) | |
| HEALTHTECH MANAGEMENT SERVICES, INC. and BILL PATTEN, ) | |
| ) | |
| Counterclaimants, ) | Powell Hospital District, Powell Valley Health Care, Inc. and Jeffrey Hansen, M.D.'s First Request for Documents to UMIA |
| v. ) | |
| ) | |
| UMIA INSURANCE, INC. and LEXINGTON INSURANCE COMPANY, ) | |
| ) | |
| Counterclaim Defendants. ) | |
| ) | |
| and | |
| ) | |
| POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTH CARE, INC., and JEFFREY HANSEN, M.D., ) | |
| ) | |
| Cross-Claimants, ) | |
| ) | |
| v. ) | |

UMIA INSURANCE, INC., and                    )
LEXINGTON INSURANCE COMPANY,                 )
                                             )
     Crossclaim-Defendants.                   )

---

### FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS OF POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTHCARE, INC. AND JEFFREY HANSEN, M.D. TO UMIA INSURANCE, INC.

---

Powell Hospital District, Powell Valley Healthcare, Inc. and Jeffrey Hansen, M.D., request that  UMIA Insurance, Inc. produce the following documents in accordance with the applicable Federal Rules Civil Procedure:

### DEFINITIONS

Unless otherwise indicated, the following definitions will be applicable to this Request for Production:

A.  "Person" shall mean and include a natural person, partnership, firm, or corporation or any other kind of business or legal entity, its agents or employees.  In each instance where you are asked to "identify" a person or provide the "identity" of a person, state with respect to each such person his name and last known residence, business address and telephone number.

B.  "You" shall refer to Plaintiff, his/her attorneys, agents and representatives.

C.  "Knowledge" includes first hand knowledge and information derived from any other source, including but not limited to, hearsay knowledge.

D.  "Document" and "documents" refer to and include any and all tangible  things  and  documents,  whether  written,  recorded,  graphic,

-2-

typewritten, printed, computerized (stored on any computer hard drive or disk) or otherwise capable of being visually reproduced of which you have any knowledge or information, referring, relating or pertaining in any way to the subject matters in connection with which the word is used, and includes, but without limitation, all originals, all file copies and all other copies, no matter how or by whom prepared, and all drafts prepared in connection with such documents, whether used or not, including but not limited to:    paper; agreements; contracts; letters; cables; wires; e-mails; notes; memoranda; correspondence; telegrams; patents; books; reports; studies; minutes; records; accounting books; maps; plans; blueprints; sketches; charts; drawings; diagrams; photographs; movies; films; assignments; notebooks; ledgers; bills; statements; invoices; checks; receipts; analyses; surveys; transcriptions; recordings; publications; drawings; graphs; reports; forecasts; financial records, including but not limited to, general entries in books of accounts; diaries, summaries or records of personal or telephone conversations; appointment books; tape or similar recordings, note pads, telephone call books, day books, diaries, travel and expense vouchers, or other records of expenses (together with the documents attached thereto or in support or explanation thereof); and directories, lists or bills containing names, addresses or telephone numbers prepared or used in the course of employment or records of telephone calls not used in the course of employment but used in connection with the business of the employer.

All of the Requests for Production herein are deemed continuing.  If, after responding to these Requests, you acquire any document requested herein, or any information related to any document herein which is not reflected by any documents produced or any response to these requests, you must file supplemental responses or indicate to counsel for Defendant the existence of such documents.  Such supplementation is requested herein in addition to any supplementation required by the Wyoming Rules of Civil Procedure.  You are also notified that at the pretrial conference or discovery conference in this action (or if there is no conference, then by appropriate motion or otherwise), the undersigned will apply to the Court for an order expressly directing that these and all prior Requests for Production, after the service of Responses, you be required to serve supplemental responses referring to and/or producing all later acquired documents and that Plaintiff be precluded at the trial of this action from introducing any evidence, whether by testimony or documents or other exhibits, relating to the subject matter of any document which has not been produced or disclosed by timely responses, whether before or after the entry of the pretrial or discovery order.

If any document or portion thereof which is responsive to any request herein is or will be withheld from production, inspection or copying, please fully identify such document or portion thereof in your response and fully state in your response the reason it is or will be withheld.   In addition, if any document is practically impossible of production, inspection or copying, please fully identify such document and the reason for the practical impossibility.

-4-

REQUEST NO. 1. With    respect    to    UMIS's Initial Self-Executing Discovery, please produce the following items from Part B:

All documents listed in ¶¶ 14 through 23.

RESPONSE:

REQUEST NO. 2. For each of the claims for which you seek a declaration in this case that there is no coverage under the IMIA Policy, the "Underlying Claims," the complete claims file.

RESPONSE:

REQUEST NO. 3. The complete correspondence regarding any of the Underlying Claims between officers or employees of UMIA which relate to any of the Underlying Claims or underwriting or coverage issues in this case.

RESPONSE:

REQUEST NO. 4. The agency, producer or broker agreement between UMIA and any person or entity which participated in the initiation or issuance of the UMIA Policy referred to in ¶ 7 of your Counterclaim.

RESPONSE:

REQUEST NO. 5. The complete files of any agency, producer or broker involved in the initiation or underwriting of that same UMIA Policy.

RESPONSE:

REQUEST NO. 6. All documents which you contend demonstrate that any insured had knowledge of any event described in your Answer to Interrogatory No. 2 of these parties' First Interrogatories to UMIA.

RESPONSE:

-5-

REQUEST NO. 7. All documents about Underlying Claims reviewed by the persons identified in your Answer to Interrogatory No. 7 of these parties' First Interrogatories to UMIA.

RESPONSE:

REQUEST NO. 8. All documents relied upon to deny coverage or to defend under a reservation of rights by the persons identified in your Answer to Interrogatory No. 8 of these parties' First Interrogatories to UMIA.

RESPONSE:

REQUEST NO. 9. All documents reviewed about the underwriting or issuance of the Primary Policy or Excess Policy by the persons identified in your Answer to Interrogatory Nos. 4 and 11 of these parties' First Interrogatories to Homeland Insurance Company.

RESPONSE:

REQUEST NO. 10. All communication between the parties Homeland, UMIA and Lexington about any of the facts or issues in this case.

RESPONSE:

DATED this 1st day of March, 2016.

_____
TRACY COPENHAVER, Bar #5-2063
COPENHAVER, KATH, KITCHEN &
KOLPITCKE, LLC
P.O. Box 839
Powell, WY 82435
(307) 754-2276
tracy@ckattorneys.net


## CERTIFICATE OF SERVICE

I hereby certify that I served a true and accurate copy of the foregoing upon the following counsel of record, via email this 1st day of March, 2016:

Judith Studer
Schwartz, Bon, Walker & Studer, LLC
141 South Center Street, Suite 500
Casper, WY 82601
jstuder@schwartzbon.com

Joanna R. Vilos
Holland &Hart, LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003
jvilos@hollandhart.com

Jose A. Ramirez
Holland & Hart
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003
jramirez@hollandhart.com

Julie Nye Tiedeken
McKellar, Tiedeken & Scoggin, LLC
702 Randall Avenue
Cheyenne, WY 82001
jtiedeken@mtslegal.net

Jon F. Sands
Sweetbaum, Sands, Anderson PC
1125 17th Street, #2100
Denver, CO 80202
jsands@sweetbaumsands.com

Deborah M. Kellam
Hall & Evans, LLC
2015 Central Avenue, Suite C
Cheyenne, WY 82001
kellamd@hallevans.com

-7-

Charles E. Spevacek
Tiffany M. Brown
Meagher & Geer, PLLP
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
cspevacek@meagher.com
tbrown@meagher.com

Catherine A. Naltas
R. Jeff Carlisle
Lynberg &Watkins
888 S. Figueroa Street, 16th Floor
Los Angeles, CA 90017
cnaltsas@lynberg.com
jcarlisle@lynberg.com

Tracy Copenhaver