Brent R. Cohen, Wyo. Reg. No. 5-2008
Chad S. Caby, Wyo. Reg. No. 7-5457
LEWIS ROCA ROTHGERBER CHRISTIE LLP
1200 17th Street, Suite 3000
Denver, CO  80202-5855
Tel:     303.623.9000
Fax:     303.623.9222
Email:   bcohen@lrrc.com
         ccaby@lrrc.com

*Attorneys for Powell Hospital District*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| In re: | ) |
| | ) Case No. 16-20326 |
| POWELL VALLEY HEALTH CARE, INC., | ) |
| | ) Chapter 11 |
| | ) |
| Debtor. | ) |

**OBJECTION TO APPLICATION FOR ORDER AUTHORIZING RETENTION OF EISNERAMPER LLP AS ACCOUNTANT AND FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Powell Hospital District (the "District"), by and through its undersigned counsel, Lewis Roca Rothgerber Christie LLP, hereby files its Objection to Application for Order Authorizing Retention of EisnerAmper LLP as Accountant and Financial Advisor to the Official Committee of Unsecured Creditors (the "Objection") and states as follows:

**INTRODUCTION**

Conceptually, the District has no objection to the Committee hiring a financial advisor; however, to the extent the Committee seeks approval from the Court to allow its advisor to value property owned exclusively and solely by the District, the District objects.

Powell Hospital District is a special district organized pursuant to Wyo. Stat. § 35-2-401, *et seq*.  The Debtor is a separate Wyoming nonprofit corporation qualified to do business

2010722675_1

pursuant to Section 501(c)(3) of the Internal Revenue Code. The Debtor was created in 1992 for the purpose of leasing and operating the District's hospital facilities. Through the years, the District, as lessor, and the Debtor, as lessee, entered into several lease agreements allowing the Debtor to lease real property, equipment, furniture and fixtures from the District in order to ensure the availability of hospital facilities for the provision of health care services to and around Powell, Wyoming.

Notwithstanding the fact that the Debtor and the District are entirely separate and distinct legal entities and operate in a manner consistent with their separateness, the Committee asserts, without legal or factual support, that the District controls the Debtor. Based on this assertion, the Committee requests approval to employ a financial broker which purportedly will value real property, equipment and other assets owned exclusively by the District.

## BACKGROUND

1. On May 16, 2016 (the "Petition Date"), Powell Valley Health Care, Inc. ("PVHC" or the "Debtor") filed a Voluntary Petition for relief under Chapter 11 of Title 11 of the U.S. Bankruptcy Code (the "Bankruptcy Code") with the U.S. Bankruptcy Court for the District of Wyoming (the "Court").

2. On June 21, 2016, the United States Trustee appointed an Official Unsecured Creditors' Committee in the Debtor's case (Docket No. 145). Thereafter, on July 14, 2016, the Official Committee of Unsecured Creditors (the "Committee") sought to employ Spencer Fane LLP as its counsel (Docket No. 217). On July 19, 2016, this Court approved the hiring of Spencer Fane LLP as counsel for the Committee (Docket No. 219).

3. On October 24, 2016, the Committee, through its counsel, filed its Application for Order Authorizing Retention of EisnerAmper LLP as Accountant and Financial Advisor to the Official Committee of Unsecured Creditors (Docket No. 349) (the "Application"). The Application, *inter alia*, seeks approval from this Court so that the Committee may employ a financial advisor to perform various financial services for the Committee, including the valuation of non-debtor property, namely property owned by the District that is leased to the Debtor.

**OBJECTION**

4. In the Application, the Committee asserts, without any support or credible evidence, that the District is an "insider and controls the Debtor." *Application*, p. 2 and p. 3, ¶ 11. The Committee further asserts that "given the fact that the District controls the Debtor, it is in need of its own financial advisor to interface with Debtor's financial advisor and maximize the value of the estate for the Debtor's creditors." *Application*, p. 3, ¶ 11.

**A.    There Has Been No Finding that the District is an Insider of the Debtor or Otherwise Controls the Debtor**

5. As noted above, the Committee's statement that the District "is an insider and controls the Debtor" has no basis in fact or law. Indeed, the Committee has not cited any legal authority, order or other pleading that would support or otherwise indicate that the District controls the Debtor. Instead, this erroneous assertion is made in support of this Court entering an Order that would *arguably* allow the Committee's financial advisor to appraise or value non-debtor assets that are completely separate from the Debtor and owned solely by the District. *See* Application ("The contemplated role of the Committee's financial advisor would be to: . . . advise the Debtor with respect to the valuation of assets that are alleged to be owned by the District . . . ." and "The services that EisnerAmper is to render include . . . [e]valuate the property claimed to be owned by the District and consult with the Committee and Committee's counsel

2010722675_1                                     - 3 -

regarding financial issues related to the District . . . ."). There is no legal or factual basis to allow the Committee's financial advisor to value the District's property.

**B.     The Committee's Application is an Attempted End-Run Around Requesting and Receiving Substantive Relief from this Court or Another Court of Competent Jurisdiction**

6.     The Committee's Application is an attempt to avoid seeking substantive relief against the District by obtaining an Order from this Court that arguably would allow it to value the District's assets in conjunction with its valuation of the Debtor's assets.

7.     Moreover, in order for the Committee to even allege that a non-debtor's assets should be incorporated into a plan, something the Committee appears to be implicitly requesting through its Application, there must be some adjudication or finding that would allow for the same. *In re Jefferson Cnty., Ala.*, 474 B.R. 228, 254 (Bankr. N.D. Ala. 2012) ("property interests that a debtor did not have as of the filing of a bankruptcy case do not become property of the estate or property of a debtor unless some provision of the Bankruptcy Code would enable a post petition expansion beyond what were a debtor's property interests on filing a bankruptcy case") (citing in *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205-06, 209-10 (1983).

8.     Indeed, the Committee has not sought any affirmative relief under the Bankruptcy Code or otherwise in order to allege that the District's completely separate and distinct property interests should be incorporated into the Debtor's bankruptcy case for proposing a plan of reorganization. Although the Committee continues to assert that it may bring claims against the District for alter ego, piercing the corporate veil or substantive consolidation, no pleading has been filed requesting the same.

9. That is likely because alter ego and/or piercing the corporate veil theories are inapplicable to governmental entities, municipalities and/or special district entities. Moreover, the "veil-piercing doctrine is a means of transferring liability for the acts of a corporation to its *equity holders*." *In re Katz v. Holzberg*, 2013 WL 5523488 (D.N.J. Oct. 2, 2013) (emphasis added). In fact, as noted by the Sixth Circuit, "no court has gone so far to suggest that a municipality can be bound by contracts entered into by a corporation and a third party." *Foster Wheeler Energy Corp. v. Metro. Knox Solid Waste Auth.*, 970 F.2d 199, 204 (6th Cir 1992). *Foster* has been adopted by numerous courts agreeing that alter ego or veil piercing theories have no applicability in the context of municipalities or special districts. *See, e.g., McDaniel v. Board of Educ. of City of Chicago*, 956 F.Supp.2d 887, 896 (N.D. Ill. 2013); *In Newcrete Prod. v. City of Wilkes-Barre,* 37 A.3d 7 (Pa. Commw. Ct. 2012); *Swan v. Bd. of Educ. of City of Chicago*, 2013 WL 3455860 (N.D. Ill. July 9, 2013). Furthermore, undersigned counsel can find no legal authority where a special district was voluntarily or involuntarily consolidated with another debtor. This is understandable, because any attempt to do so would likely violate the Tenth Amendment of the U.S. Constitution and 11 U.S.C. §§ 903 and 904 of the Bankruptcy Code.

10. While reserving all of its rights with regard to this Objection and any other or additional arguments, the District objects to the Committee's Application to the extent the Committee intends for EisnerAmper LLP to be employed for the purpose of valuing the District's assets or any other non-debtor property.

WHEREFORE, Powell Hospital District respectfully objects to the Application for Order Authorizing Retention of EisnerAmper LLP as Accountant and Financial Advisor to the Official Committee of Unsecured Creditors and requests such other and further relief as may be just and proper under the circumstances.

Respectfully submitted this 3rd day of November, 2016.

                LEWIS ROCA ROTHGERBER CHRISTIE LLP

                *s/ Chad S. Caby*
                Brent R. Cohen, Wyo. Reg. No. 5-2008
                Chad S. Caby, Wyo. Reg. No. 7-5457
                1200 17th Street, Suite 3000
                Denver, CO  80202-5855
                Phone:   303.623.9000
                Fax:       303.623.9222
                Email:    bcohen@lrrc.com
                            ccaby@lrrc.com

                *Attorneys for Powell Hospital District*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on November 3, 2016, a true and correct copy of the foregoing OBJECTION TO APPLICATION AUTHORIZING RETENTION OF EISNERAMPER LLP AS ACCOUNTANT AND FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FILED BY POWELL HOSPITAL DISTRICT was mailed by depositing same in the United States mail, first-class postage prepaid, addressed to the CM/ECF registered attorneys and parties in interest at the addresses of record on the Court's electronic database as of the date of service of the above.  See attached Service List.

                *s/ Kimberly Means*
                OF: LEWIS ROCA ROTHGERBER CHRISTIE LLP

Label Matrix for local noticing
1089-2
Case 16-20326
District of Wyoming
Cheyenne
Thu Nov  3 10:43:01 MDT 2016

Donald D. Allen
Markus Williams Young & Zimmermann, LLC
1700 Lincoln Street Suite 4550
Denver, CO 80203-4509

Ethan J. Birnberg
Lindquist & Vennum P.L.L.P.
600 17th Street Suite 1800 South
Denver, CO 80202-5402

Tiffany M. Brown
Meagher & Geer, PLLP
33 South Sixth Street
Suite 4400
Minneapolis, MN 55402-3720

(c)JAMES T. BURGHARDT
MOYE WHITE LLP
1400 16TH ST STE 600
DENVER CO  80202-1486

Chad S. Caby
Lewis Roca Rothgerber LLP
1200 17th Street, Suite 3000
Denver, CO 80202-5855

Brent R. Cohen
Lewis Roca Rothgerber Christie LLP
1200 17th Street, Suite 3000
Denver, CO 80202-5855

Jamie Cotter
Spencer Fane Britt & Browne
1700 Lincoln St., Suite 2000
Denver, CO 80203-4554

Michael S. Davis
Zeichner Ellman & Krause LLP
1211 Avenue of the Americas
40th Floor
New York, NY 10036-6149

Gregory C. Dyekman
Dray, Dyekman, Reed & Healey, P.C.
204 East 22nd Street
Cheyenne, WY 82001-3799

Lisa A. Epps
Spencer Fane LLP
1000 Walnut Street, Suite 1400
Kansas City, MO 64106-2168

Scott J. Goldstein
Spencer Fane LLP
1000 Walnut Street, Suite 1400
Kansas City, MO 64106-2168

Patrick T. Holscher
141 South Center, Suite 500
Casper, WY 82601-2569

Bradley T Hunsicker
Markus Williams Young & Zimmermann LLC
106 East Lincolnway, Suite 300
Cheyenne, WY 82001-4567

Eric L. Johnson
Spencer Fane Britt & Browne LLP
1000 Walnut Street, Suite 1400
Kansas City, MO 64106-2140

Deborah Kellam
866 N. 4th Street, Suite 3
Laramie, WY 82072-2530

Sarah A. Kellogg
The Spence Law Firm, LLC
PO Box 548
15 S. Jackson St
Jackson, WY 83001-8520

Robert A. Krause
The Spence Law Firm, LLC
P.O. Box 548
Jackson, WY 83001-0548

Bryant T. Lamer
Spencer Fane LLP
1000 Walnut Street, Suite 1400
Kansas City, MO 64106-2168

Markus Williams Young & Zimmermann LLC
106 East Lincolnway, Suite 300
Cheyenne, WY 82001-4567

Daniel J. Morse
Assistant U.S. Trustee
308 West 21st Street, Room 203
Cheyenne, WY 82001-3669

Alan Motes
United States Trustee, Region 19
Byron G. Rogers Federal Building
1961 Stout Street, Suite 12-200
Denver, CO 80294-6004

Catherine A. Naltsas
Lynberg & Watkins
1150 S. Olive St, Suite 1800
Los Angeles, CA 90015-2211

Philip A. Pearlman
Spencer Fane Britt & Browne LLP
1700 Lincoln St., Suite 2000
Denver, CO 80203-4554

Powell Valley Health Care, Inc.
777 Avenue H
Powell, WY 82435-2260

George E. Powers Jr.
1725 Carey Avenue
PO Box 328
Cheyenne, WY 82003-0328

Elizabeth Richards
The Spence Law Firm, LLC
15 S. Jackson St.
P.O. Box 548
Jackson, WY 83001-0548

Randy L. Royal
P.O. Box 551
524 5th Ave. S.
Greybull, WY 82426-2322

Jennifer M. Salisbury
Markus Williams Young & Zimmermann LLC
1700 Lincoln Street, #4550
Denver, CO 80203-4509

Daniel R. Schimizzi
Bernstein-Burkley, P.C.
707 Grant Street, Suite 2200
Gulf Tower
Pittsburgh, PA 15219-1945

Lance E. Shurtleff
Hall & Evans LLC
1125 17th St., Ste. 600
Denver, CO 80202-2052

John C. Smiley
Lindquist & Vennum P.L.L.P
600 17th Street
Suite 1800 South
Denver, CO 80202-5402

Charles E. Spevacek
Meagher & Geer, PLLP
33 South Sixth Street
Suite 4400
Minneapolis, MN 55402-3720

Timothy M Swanson
Moye White LLP
1400 16th Street
Denver, CO 80202-1486

Julie Nye Tiedeken
McKellar, Tiedeken & Scoggin, LLC
702 Randall Avenue
P.O. Box 748
Cheyenne, WY 82003-0748

Timothy L. Woznick
Dray, Dyekman, Reed & Healey, P.C.
204 East 22nd Street
Cheyenne, WY 82001-3799

John F. Young
Markus Williams Young & Zimmermann LLC
1700 Lincoln Street Suite 4000
Denver, CO 80203-4540


Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).


James T. Burghardt
Moye White LLP
1400 16th St., 6th Floor
Denver, CO 80202

End of Label Matrix
Mailable recipients   36
Bypassed recipients    0
Total                 36