Bradley T. Hunsicker (Wyo. Bar 7-4579)
**MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC**
106 East Lincolnway, Suite 300
Cheyenne, WY  82001
Telephone: 307-778-8178
bhunsicker@markuswilliams.com

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POWELL VALLEY HEALTH CARE, INC., | ) | Case No. 16-20326 |
| | ) | |
| Debtor-in-Possession. | ) | |

## RESPONSE TO INSURANCE COMPANIES' JOINT OPPOSITION TO MOTION FOR AUTHORIZATION TO CONDUCT RULE 2004 EXAMINATION AND REQUEST TO BE HEARD

Powell Valley Health Care, Inc. ("**PVHC**", or the "**Debtor**"), the debtor and debtor in possession in the above captioned case, hereby responds to the objection filed by UMIA Insurance, Inc. ("**UMIA**"), Lexington Insurance Company ("**Lexington**"), and Homeland Insurance Company of New York ("**Homeland**") (collectively, the "**Insurance Companies**") to PVHC's *Motion of the Debtor for Authorization to Conduct Rule 2004 Examination of the Malpractice Insurance Companies* [Doc. 353] (the "Motion for 2004 Examination"), wherein PVHC seeks an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2004-1 of the Local Bankruptcy Rules (the "**Local Rules**") authorizing issuance and service of a subpoena *duces tecum* upon the Insurance Companies, and authorizing PVHC to examine

various officials within the Insurance Companies or any other designated representative(s) of the Insurance Companies. In support hereof, PVHC states as follows:

## I.  INTRODUCTION

The Insurance Companies misapprehend the nature of the Debtor's request and thus have failed to actually address the issues facing this Court when they argue the Debtor will be able to obtain discovery in the U.S. District Court declaratory judgment action they brought against the Debtor. The Debtor intends to propose a plan containing a "Personal Injury Trust", the ultimate beneficiaries of which will be the malpractice claimants. The Debtor plans to assign various claims stemming from the liability insurance policies issued to the Debtor by the Insurance Companies to the trust. The Debtor does not intend to go forward with the litigation in the declaratory judgment action and does not intend to spend its resources in that action since it will ultimately be controlled by a third party, i.e., the trustee of the Personal Injury Trust.

The Debtor is having meaningful settlement talks with the Committee regarding the proposed trust. The Committee has requested that the Debtor provide it with information regarding the Debtor's defenses to the insurance coverage litigation and its claims for bad faith denial of coverage against the Insurance Companies. The Debtor filed the Motion for 2004 Examination, in part, to obtain the information requested by the Committee. The Committee needs the information requested in order to determine whether it should support the Debtor's proposed plan. Simply stated, it will be extremely difficult for the Debtor to reach a consensual resolution of matters with the Committee if the Debtor is prevented from obtaining the limited amount of information it

intends to request from the Insurance Companies. Also, the information is needed to flesh out these issues in the Debtor's disclosure statement so that all creditors and the Court will have the necessary information to make an informed decision on the Debtor's proposed plan.

The Debtor needs to obtain information requested in the Motion for 2004 Examination to better assess its past, current, and potential liabilities and potential recoveries on malpractice insurance policies issued by the Insurance Companies. Exhibit A to the Motion for 2004 Examination is a list of the categories of documents the Debtor intends to request from the Insurance Companies, and Exhibit B to the motion for 2004 Examination lists the topics for examination, as well as the phases of the Rule 2004 discovery plan. It is not overly broad, but instead, is narrowly focused on the Debtor's plan and disclosure statement.

The Insurance Companies misinterpret the so-called pending litigation rule. Also, contrary to the Insurance Companies' argument, the Motion for 2004 Examination seeks information which the Insurance Companies have not yet provided. The Debtor believes that the Insurance Companies' statement that "[d]iscovery in the [declaratory judgment action] was well underway when the [declaratory judgment action] was stayed" is without any support. Nothing could be further from the truth. The undersigned has reviewed the Insurance Companies' responses to said discovery. Although the undersigned is not comfortable providing those documents to the Court without consent

3

from the Insurance Companies[1], the undersigned can say that the responses clearly demonstrate the Insurance Companies have no intentions to cooperate with respect to discovery. The information about the bad faith claims is important to the Debtor and its creditors and should be provided by the Insurance Companies; equally important, the Insurance Companies' argument that coverage is a predicate to bad faith claims is wrong under Wyoming law.

## II. ARGUMENTS

**A. The "Pending Litigation Rule" does not bar the discovery sought by the Debtor.**

1. First, the Insurance Companies cite Local Rule 2004 stating that the discovery requested by the Debtor should not go forward.[2] They are wrong. There is no adversary proceeding. There is no contested matter pending to which the Debtor's Motion for 2004 Examination relates. Local Rule 2004, by its own terms, does not bar the Debtor's Motion for 2004 Examination.

2. Second, even where there is litigation pending outside the bankruptcy case, that fact alone does not bar 2004 examinations.[3] In *In re Table Talk, Inc.*, 51 B.R. 143

---

[1] If the Insurance Companies are adamant that they provided substantive responses to discovery, the undersigned would encourage the Insurance Companies to provide their responses to the Court for an in camera review.

[2] Local Rule 2004-1 provides that a "Rule 2004 examination should not be used to conduct discovery in an adversary proceeding or a contested matter."

[3] The Insurance Companies' statement, "It is settled that a party cannot use Bankruptcy Rule 2004 to obtain discovery in another action", overstates the pending litigation rule. Further, it misses the point that the Debtor is not, by its Motion for 2004 Examination, seeking discovery in another action.

(Bkrtcy. D. Mass. 1985) the court surveyed the law and concluded that "[i]t is, however, 'clear that pending litigation against the person sought to be examined and the possible use of 205 [now 2004] testimony in that collateral litigation is not sufficient reason for denying examination.'" *Table Talk at 145*. What is important is the reason for the discovery. As the Debtor made clear in its Motion for 2004 Examination, it seeks information that is essential to the plan and disclosure statement that the Debtor intends to file in this case. It is limited in both scope and breadth. Unlike the cases cited by the Insurance Companies, here the Debtor seeks to obtain information for purposes of development of its plan and disclosure statement, not to advance its position in the declaratory judgment action.[4] In fact, since it is the Debtor's intent to assign rights in the insurance policies to the Personal Injury Trust, it will not benefit from the discovery requested at all in the declaratory judgment action.

     **B.    The discovery requested by the Debtor is not duplicative, but in any case, is necessary as the Insurance Companies have failed to provide sufficient information relating to the insurance policies and claims made.**

     3.    The Insurance Companies argue that the information sought by the Debtor is duplicative of what has already been sought by the Debtor. Furthermore, they argue they have already provided the information the Debtor requested in the declaratory judgment action. There are several simple answers to this argument. If the information

---

[4] *See e.g., In re Enron Corp.*, 281 B.R. 836 (Bkrptcy. S.D.N.Y. 2002) (the securities fraud plaintiff's "motions are devoid of any invocation of what matters it seeks under Rule 2004 and the nexus of those materials to the Regents as a party in interest in this bankruptcy case.") In *Enron*, the court denied the securities fraud plaintiff, as a party in interest in the bankruptcy case, from using a Rule 2004 examination to circumvent discovery rulings rendered in the related securities fraud action in the district court. Here the Debtor's sole purpose in taking the discovery is for purposes of negotiating its plan and disclosure statement.

has already been sought, then it should constitute no burden to them to provide relevant information necessary for the Debtor's disclosure statement. This is not a valid reason for denying the Debtor's request.

4. However, the argument that the Insurance Companies have already provided the bulk of the information requested is simply false. While the Insurance Companies cite numerous discovery requests the Debtor made pre-petition, they fail to provide the answers they gave to those pre-petition discovery requests. In many, if not most cases, the Insurance Companies simply objected to the discovery and did not provide substantive responses; instead, they objected to almost all requests. Finally, wherever the Debtor requested any information implicating bad faith, the Insurance Companies objected and have failed to provide any information responsive to the Debtor's requests. An example of the problem with the Insurance Companies' argument is the Homeland's responses to the Debtor's pre-petition discovery requests for documents.[5] In almost every instance, Homeland responded as follows:

> **RESPONSE**: Homeland specifically objects to this Request: (a) on the grounds that it seeks information and/or documents that are protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other privilege or immunity; (b) on the grounds that it is overly broad in both time and scope to the extent it seeks documents concerning Underlying Claims for which coverage is not

---

[5] Response to Request to Produce No. 2 is set forth above. In their Motion for Relief, the Insurance Companies have taken the position that their discovery responses are subject to the protective order in the District Court action. In their objection to the Motion for 2004 examination, they apparently have abandoned that argument by disclosing substantial information from their discovery responses. In any case, the above cited discovery response contains no confidential information in any case.

      sought from Homeland by Powell, PVHC and Dr. Hansen as set forth in their Counterclaim against Homeland; (c) on the grounds that it seeks information that is not relevant to any party's claim or defense in this matter to the extent it seeks the complete contents of any claims files maintained by Homeland; and (d) on the grounds that it is beyond the scope of Phase I as set forth in the Court's January 15, 2016 Order Bifurcating Discovery and Scheduling Phase I because the complete contents of any claims files maintained by Homeland are not relevant to the issue of coverage and only potentially relevant to claims of bad faith.

5. After setting forth this lengthy response, Homeland indicated it would produce documents not subject to the objection. Upon the best information and believe, to date, Homeland has produced no documents.

**C.    The Debtor's discovery plan is not overbroad and is not premature.**

6. The Insurance Companies next argument is also flawed. They argue the Debtor's request for information on bad faith is premature because the declaratory judgment action will be tried in phases, with coverage occurring first and then bad faith. This misses the point of the Debtor's discovery, but in any case, misstates the law on bad faith insurance claims.

7. In Wyoming, the court does not have to determine coverage exists under the policy before a bad faith claim relating to the policy can be determined. A finding of coverage is not a prerequisite to have colorable claim for bad faith. *See Hatch v. State Farm Fire and Cas. Co.*, 842 P.2d 1089 (Wyo. 1992) (reaffirming previous holding that a plaintiff may bring both an action for breach of contract and for bad faith, and need not prevail on the contract claim in order to prevail on the bad faith claim – the claims are

independent of one another); *also see Darlow v. Farmers Ins. Exchange*, 822 P.2d 820 (Wyo.1991).

**D.     The Debtor is not seeking to determine the coverage issues in bankruptcy and there are no jurisdictional issues implicated by the Debtor's Motion for 2004 Examination.**

8.     The Insurance Companies final argument is also not well founded. Citing *Stern v. Marshal*, 564 U.S. 462 (2011), the Insurance Companies suggest this Court does not have jurisdiction to enter any rulings relating to insurance coverage issues. The Debtor has never suggested that the Bankruptcy Court has or should rule on the coverage issues which are presently before the District Court. The Debtor seeks limited discovery to help it prepare a plan and disclosure statement. The ultimate determination of coverage will be determined in the District Court in due course; however, at the present the Debtor simply wants to develop sufficient information to inform the Bankruptcy Court and the creditors on the position taken by the Insurance Companies in the declaratory judgment action.

**WHEREFORE**, the Debtor respectfully requests the Court to grant its previous Motion for 2004 Examination on the limited basis it requested.

Dated: November 16, 2016.

**MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC**

By: */s/ Bradley T. Hunsicker*
Bradley T. Hunsicker (WY Bar No 7-4579)
John F. Young (Pro Hac Vice)
106 East Lincolnway, Suite 300
Cheyenne, WY 82001
Telephone: 307-778-8178
Facsimile: 307-638-1975
Email: bhunsicker@markuswilliams.com

Counsel for the Debtor and Debtor-in-Possession

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on November 16, 2016, a copy of the foregoing was served via U.S. Mail, postage prepaid, upon those parties indicated below:

| **UMIA Insurance, Inc.** | **UMIA Insurance, Inc.** |
|---|---|
| c/o James T. Burghardt | c/o Julie Nye Tiedeken |
| Timothy M. Swanson | McKellar, Tiedeken & Scoggin, LLC |
| Moye White LLP | 702 Randall Avenue |
| 1400 16th St., 6th Floor | P.O. Box 748 |
| Denver, CO 80202 | Cheyenne, WY 82003 |
| **Homeland Insurance Company of NY:** | Charles E. Spevacek |
| | Tiffany M. Brown |
| Judith Studer | Meagher & Geer, P.L.L.P. |
| Patrick T. Holscher | 33 S. Sixth Street, Suite 4400 |
| Schwartz, Bon, Walker & Studer, LLC | Minneapolis, MN 55402 |
| 141 S. Center St., Suite 500 | Ph: (612) 371-1324 |
| Casper, WY 82601 | Fax: (612) 877-3015 |
| (307) 235-6681 | cspevacek@meagher.com |
| (307) 234-5099 Fax | tbrown@meagher.com |
| jstuder@schwartzon.com | |
| pat@schwartzbon.com | |

**Lexington Insurance Company, Inc.:**

Deborah M. Kellam
Lance E. Shurtleff
Hall & Evans, L.L.C.
2015 Central Ave., Suite C
Cheyenne, WY 820014


Michael S. Davis
Bryan D. Leinbach
**ZEICHNER ELLMAN & KRAUSE LLP**
1211 Avenue of the Americas
New York, NY 10036
Tel: (212) 223-0400
Fax: (212) 753-0396
mdavis@zeklaw.com
bleinbach@zeklaw.com

                                    */s/Jenny F. Tokuoka*
                                    Jenny F. Tokuoka