Jamie N. Cotter (Wyoming Bar No. 74721)
Philip A. Pearlman (Colorado Bar No. 11426)
Scott J. Goldstein (Missouri Bar No. 28698)
Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver, Colorado 80203
Telephone: (303) 839-3800
Facsimile: (303) 839-3838
jcotter@spencerfane.com
*Counsel to the Official Committee of
Unsecured Creditors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| **In Re:** | ) | **Chapter 11** |
| | ) | **Case No. 16-20326** |
| **POWELL VALLEY HEALTH CARE, INC.,** | ) | |
| | ) | |
| **Debtor-in-possession.** | ) | |

**BRIEF IN SUPPORT OF APPLICATION AUTHORIZING RETENTION
OF EISNERAMPER LLP AS ACCOUNTANT AND FINANCIAL ADVISOR
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

The Official Committee of Unsecured Creditors (the "Committee") for its Brief in Support of Application Authorizing Retention of EisnerAmper LLP as Accountant and Financial Advisor to the Official Committee of Unsecured Creditors states as follows:

1. On October 24, 2016, the Committee filed its Application for Order Authorizing Retention of EisnerAmper LLP as Accountant and Financial Advisor to the Official Committee of Unsecured Creditors (the "Application").

2. On November 1, 2016, the Debtor filed its Debtor's Objection to the Official Committee of Unsecured Creditors' Application for An Order Authorizing the Retention of EisnerAmper LLP as Accountant and Financial Advisor (the "Debtor's Objection").

3. On November 3, 2016, the Powell Hospital District (the "District") filed its Objection to Application for Order Authorizing Retention of EisnerAmper LLP as Accountant

and Financial Advisor to the Official Committee of Unsecured Creditors (the "District's Objection").

    4.    The Committee's response to the Debtor is as follows:

- The Debtor and its representatives and the Committee and its representatives met on November 11, 2016, which meeting included H2C (the Debtor's financial advisor).

- As of the date of this Brief, the parties continue to discuss settlement.

- If there is no settlement and the case proceeds to a contested confirmation hearing, the Committee believes in its reasonable business judgment that it will need its own financial advisor (which is common) because based on the meeting there may very well be disagreements with H2C's and the Debtor's position with respect to a plan and confirmation of the same.

- A Committee financial advisor will aid the Court to understand the tort claimants' views and they are the main creditor constituency in this case and the reason the case was filed. Not to belabor the point, but the Debtor voluntarily filed this case, and the consequences of it and costs associated with it are an unfortunate reality of a complex Chapter 11 case.

- If the case is not settled by the time of the hearing or proceeding to settlement, the Committee will further clarify and confirm with the Court and the parties that any valuation analyses are limited to property of the estate, a relevant confirmation issue, or to counter any analyses of H2C, and the cost and

    expenses of the Committee's financial advisor will be subject to a reasonable cap.[1]

5. The Committee's response to the District is as follows:

- The District says it has no objection to the Application, except to allowing the Committee's advisor to value property owned by the District. The District's Objection goes well beyond any objection to the Application, which it admits it does not oppose, except to the extent the Committee's financial advisor is employed to value non-estate property. As heretofore stated, if matters are not settled and there is to be a contested confirmation hearing, the Committee will clarify the financial advisor's retention as aforesaid and this should not be an issue.[2]

WHEREFORE, the Committee respectfully requests that the Application be approved, and for other and further relief as is appropriate.

---

[1] As to the insider issue which was raised in the Debtor's Objection, the Debtor itself, in the SOFAs, answer to no. 4, "Payments or other transfers of property made within 1 year before filing this case that benefitted any insider," the District was listed as having received $878,750 in rent—obviously on the basis that the District is in control of the Debtor. Also, under W.S. 34-14-202 (Wyoming's fraudulent transfer statute), a person in control of a debtor is an "insider" and a "person" under that statute includes a government or governmental subdivision or agency, so indeed the District is an admitted insider.

[2] On the control issue, see footnote 1. The Committee reserves all rights on the control issue, noting, however, that it has on several occasions provided documents, admissions and legal argument (and it is fairly obvious) that the District controls the Debtor. See, for example, the Committee's Objection to Motion For Entry of An Order (1) Authorizing the Debtor to Assume Unexpired Non-Residential Real Property Leases Pursuant to Section 365 of the Bankruptcy Code and Bankruptcy Rule 6006 and (2) Establishing Cure Amount, and Request for Evidentiary Hearing [Dkt. No. 292] (footnote 2). The point is that if this Debtor is controlled by the District, it is another reason why the Committee should be able to have its own financial advisor.

Date:  November 16, 2016

        Respectfully submitted,

        SPENCER FANE LLP

        <u>/s/ Jamie N. Cotter</u>
        Jamie N. Cotter            WY #74721
        1700 Lincoln Street, Suite 2000
        Denver, CO 80203-4554
        (303) 839-3800
        (303) 839-3838—Fax
        jcotter@spencerfane.com