Jamie N. Cotter (Wyoming Bar No. 74721)
Philip A. Pearlman (Colorado Bar No. 11426)
Scott J. Goldstein (Missouri Bar No. 28698)
Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver, Colorado 80203
Telephone: (303) 839-3800
Facsimile: (303) 839-3838
jcotter@spencerfane.com
*Counsel to the Official Committee of
Unsecured Creditors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| **In Re:** | ) | Chapter 11 |
| | ) | Case No. 16-20326 |
| **POWELL VALLEY HEALTH CARE, INC.,** | ) | |
| | ) | |
| **Debtor-in-possession.** | ) | |

### JOINDER TO DEBTOR'S OBJECTION TO INSURANCE COMPANIES' JOINT MOTION FOR RELIEF FROM STAY

The Official Committee of Unsecured Creditors (the "Committee") for its Joinder to Debtor's Objection to Insurance Companies' Joint Motion For Relief From Stay (the "Joinder"), states as follows:

1. On October 31, 2016, UMIA Insurance, Inc., Lexington Insurance Company and Homeland Insurance Company of New York (collectively, the "Insurance Companies") filed their Insurance Companies' Joint Motion for Relief From Automatic Stay to Permit Prepetition Litigation to Continue in the United States District Court for the District of Wyoming, and Notice of Opportunity to Object (the "Insurance Companies' Motion").

2. On November 17, 2016, the Debtor filed its Debtor's Objection to Insurance Companies' Joint Motion for Relief from Stay (the "Debtor's Objection").

3. For the reasons set forth in the Debtor's Objection, the Committee joins in the Debtor's Objection and incorporates by reference the arguments set forth by the Debtor in said Objection. The Committee, while reserving its rights with regard to this Joinder and any other or

additional arguments, for all the reasons set forth in the Debtor's Objection which are incorporated herein, supports Debtor's Objection.

4. In further response to the Insurance Companies' Motion, the Committee notes that the Insurance Companies that created the need for the bankruptcy case to begin with, now purport to advise the Debtor and the Committee (and this Court) that proceeding with litigation in the midst of difficult plan settlement discussions is in their best interests. This action is clearly designed to interfere with the bankruptcy case as evidenced by the fact that both the Debtor and Committee strongly oppose it.

5. As properly pointed out by the Debtor, stay relief at this time harms and prejudices both the Committee and the tort claimants. The Committee and the tort claimants are in the midst of settlement discussions with respect to a plan with the Debtor. The plan is likely to provide that the Debtor's rights and claims against the Insurance Companies will be assigned to a liquidating trust to be controlled by the tort claimants and pursuant to which they will hire counsel of their choosing and engage their own trial strategy. A premature lifting of the automatic stay is simply a litigation tactic by the Insurance Companies to obtain an advantage in the litigation. In reality, the Insurance Companies are merely attempting to benefit themselves by trying to force a lifting of the automatic stay before the Debtor and Committee and tort claimants are ready to proceed with the litigation.

6. The Insurance Companies admit that they are not prejudiced by the imposition of the automatic stay. In effect, the Insurance Companies' Motion is merely an effort to harass and prejudice the Debtor, Committee and the tort claimants.

WHEREFORE, for the reasons set forth herein and in the Debtor's Objection, the Committee respectfully requests that the Court deny the Insurance Companies' Motion and for other and further relief as may be just and proper under the circumstances.

Date:  November 17, 2016

        Respectfully submitted,

        SPENCER FANE LLP

        /s/ Jamie N. Cotter
        Jamie N. Cotter          WY #74721
        1700 Lincoln Street, Suite 2000
        Denver, CO 80203-4554
        (303) 839-3800
        (303) 839-3838—Fax
        jcotter@spencerfane.com