Bradley T. Hunsicker (Wyo. Bar 7-4579)
**MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC**
106 East Lincolnway, Suite 300
Cheyenne, WY  82001
Telephone: 307-778-8178
bhunsicker@markuswilliams.com

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF WYOMING

| | |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| POWELL VALLEY HEALTH CARE, INC., | ) Case No. 16-20326 |
|  | ) |
| Debtor-in-Possession. | ) |

## DEBTOR'S THIRD MOTION TO EXTEND EXCLUSIVITY PERIODS PURSUANT TO 11 U.S.C. § 1121(d)

Powell Valley Health Care, Inc. ("PVHC", or the "Debtor"), the debtor and debtor in possession in the above captioned case, by and through its counsel, respectfully submits this *Third Motion to Extend Exclusivity Periods Pursuant to 11 U.S.C. § 1121(d)* (the "Motion").  In support of the Motion, PVHC states as follows:

### BACKGROUND FACTS

1.	On May 16, 2016 (the "Petition Date"), PVHC filed its petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.	PVHC has continued in the possession of its property and has continued to operate and manage its business as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

3.  On June 21, 2016, the Office of the United States Trustee for Region 19 (the "U.S. Trustee") appointed an official committee of unsecured creditors for the Chapter 11 case (the "Creditor Committee") [D.E. 145].

4.  On September 8, 2016, PVHC filed its *Debtor's Motion to Extend Exclusivity Periods Pursuant to 11 U.S.C. § 1121(d)* [Doc. 284].

5.  On October 5, 2016, the Court entered its *Order Granting Debtor's Motion to Extend Exclusivity Periods Pursuant to 11 U.S.C. § 1121(d)* [Doc. 340] wherein the Court extended PVHC's exclusivity period to file a plan through and including to December 14, 2016, and extended PVHC's exclusivity period to obtain acceptance of its plan through and including to February 14, 2017.

6.  In light of encouraging negotiations with the Creditor Committee, on December 8, 2016, PVHC filed its *Debtor's Second Motion to Extend Exclusivity Periods Pursuant to 11 U.S.C. § 1121(d)* [Doc. 408].

7.  On January 5, 2017, the Court entered its *Order Granting Debtor's Second Motion to Extend Exclusivity Periods Pursuant to 11 U.S.C. § 1121(d)* [Doc. 419] wherein Court extended PVHC's exclusivity period to file a plan through and including to January 10, 2017, and extended PVHC's exclusivity period to obtain acceptance of its plan through and including to March 10, 2017.

8.  Currently, PVHC is continuing to negotiate terms of a consensual plan with the Creditor Committee. At this juncture, multiple plan term sheets have been circulated between the parties and it appears that all but a few key provisions of the plan are agreed upon. Unfortunately, additional time is required to complete negotiations of the plan

term sheet and then draft the plan itself.  As a result, PVHC is filing this Motion to extend its exclusivity periods.

### RELIEF REQUESTED

9. By this Motion, PVHC seeks to extend the expiration of its exclusivity period to file a plan through and including to February 10, 2017.  PVHC also seeks to extend the exclusivity period to obtain acceptance of its plan through and including to April 10, 2017.  Upon the best information and belief, the Creditor Committee and the U.S. Trustee do not oppose the relief requested herein.

### ARGUMENT

10. 11 U.S.C. § 1121(b) provides that "only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter."

11. In the event that a debtor has not filed a plan "before 120 days after the date of the order for relief" or "the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief", then any party in interest may file a plan.  See 11 U.S.C. § 1121(c)(2) and (3).

12. In this instance, the exclusivity period for PVHC to file its plan of reorganization under 11 U.S.C. § 1121(b) will expire, unless extended, on January 10, 2017.  The exclusivity period for PVHC to obtain acceptance of its plan will expire, unless extended, on March 10, 2017.

13. Pursuant to 11 U.S.C. § 1121(d)(1), "on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the

180-day period . . .".

14. 11 U.S.C. § 1121(d)(2)(A) provides that the exclusivity period "may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter."

15. 11 U.S.C. § 1121(d)(2)(B) provides that the exclusivity period to obtain acceptance of a plan "may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter."

16. "Cause" for purposes of increasing exclusivity is not defined under 11 U.S.C. § 1121(d). However, courts have adopted a non-exclusive list of factors that a court may consider in determining whether to extend an exclusivity period. See *In re Friedman's, Inc.*, 336 B.R. 884, 888 (Bankr. S.D. Ga. 2005) (citing *In re Service Merch. Co.*, 256 B.R. 744, 751 (Bankr. M.D. Tenn. 2000); *In re Express One Intern., Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); and *In re McLean Indus. Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987)).

17. Such factors include:
   a. the size and complexity of the debtor's case;
   b. the necessity of sufficient time to negotiate and prepare adequate information;
   c. the existence of good faith progress toward reorganization;
   d. whether the debtor is paying its bills as they come due;
   e. whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    f.  whether the debtor has made progress in negotiations with its creditors;

    g.  the amount of time which has elapsed in the case;

    h.  whether the debtor is seeking an extension to pressure creditors; and,

    i.  whether an unresolved contingency exists.

18.    Cause for an extension of the above referenced exclusivity periods exists in this case as shown by the following:

    a.  <u>The size and complexity of the case and the necessity of sufficient time to prepare adequate information</u>: Undoubtedly, this case presents several unique complexities given the underlying facts and circumstances that gave rise to the filing. Compounding these issues, filed claims in the case now exceed $150,000,000. As a result, additional time is needed to prepare adequate information so that creditors will be in a position to make an informed decision with respect to any proposed plan of reorganization.

    b.  <u>The existence of good faith progress toward reorganization and whether the debtor has demonstrated reasonable prospects for filing a viable plan</u>: PVHC is moving its case forward. PVHC is in meaningful settlement negotiations with the Creditor Committee and anticipates filing a consensual plan (presumably before February 10, 2017). PVHC simply needs additional time to finalize the terms of a consensual plan of reorganization.

    c.  <u>Whether the debtor is paying its bills as they come due</u>: PVHC has been paying its bills as they come due as shown by its most recent Monthly

Operating Reports.

d. <u>Whether the debtor has made progress in negotiations with its creditors:</u> PVHC has been diligently working with its creditors, and specifically, the Creditor Committee, in an effort to reach consensual resolution of matters. PVHC believes that substantial progress has been achieved.

e. <u>The amount of time which has elapsed in the case:</u> This is PVHC's third request for an extension of the exclusivity periods and the requested extensions are within the deadlines imposed by 11 U.S.C. §§ 1121(d)(2)(A) and 1121(d)(2)(B).

f. <u>Whether the debtor is seeking an extension to pressure creditors and whether an unresolved contingency exists</u>: PVHC is not seeking this extension to pressure creditors. Rather, negotiations between PVHC and its creditors continue to move forward.

19. PVHC has demonstrated progress toward analyzing, resolving, and dealing with issues in this case that must be addressed prior to developing and seeking confirmation of a plan. Extending the exclusivity periods will not materially prejudice the interests of creditors and other interested parties. Finally, PVHC is not requesting an extension to gain a tactical advantage over any of its creditors.

20. This Motion is being made without prejudice to PVHC's rights to request further extensions of the exclusivity periods described above.

21. Notice of this Motion has been provided to all creditors and interested parties on PVHC's Limited Service List attached hereto.

**WHEREFORE**, for the reasons described herein, PVHC respectfully requests that the Court enter an order in the form attached hereto extending PVHC's exclusivity period to file a plan through and including to February 10, 2017, and extending PVHC's exclusivity period to obtain acceptance of its plan through and including to April 10, 2017, and for such other relief as deemed proper.

Dated: January 9, 2017.

**MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC**

By: */s/ Bradley T. Hunsicker*
Bradley T. Hunsicker (WY Bar No 7-4579)
John F. Young (Pro Hac Vice)
106 East Lincolnway, Suite 300
Cheyenne, WY 82001
Telephone: 307-778-8178
Facsimile: 307-638-1975
Email: bhunsicker@markuswilliams.com

Counsel for the Debtor and Debtor-in-Possession