Bradley T. Hunsicker (Wyo. Bar 7-4579)
**MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC**
106 East Lincolnway Suite 300
Cheyenne, WY  82001
Telephone: 307-778-8178
bhunsicker@markuswilliams.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POWELL VALLEY HEALTH CARE, INC., | ) | Case No. 16-20326 |
| | ) | |
| Debtor-in-Possession. | ) | |

### DEBTOR'S MOTION FOR AN ORDER AMENDING COURT'S PRIOR ORDER ON DEBTOR'S MOTION FOR AUTHORITY TO EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS

Powell Valley Health Care, Inc. ("PVHC" or, the "Debtor"), by its undersigned counsel, Markus Williams Young & Zimmermann LLC, hereby files its motion (the "Motion") pursuant to sections 105, 327 and 328 of title 11 of the United States Code (the "Bankruptcy Code"), seeking an order from the Court amending its prior *Order Granting in Part and Denying in Part, Debtor's Motion for Authority to Employ Professionals Used in the Ordinary Course of Business* (the "Order Allowing Employment of Ordinary Course Professionals") [Doc. 257], effective as of the date of the filing of this Motion.  In support of the Motion, PVHC respectfully represents:

### I.      BACKGROUND

1.     On May 16, 2016 (the "Petition Date"), PVHC filed with this Court a voluntary petition (the "Petition") under chapter 11 of title 11 of the United States Code

(the "Bankruptcy Code"), thereby commencing the above-captioned bankruptcy case (the "Bankruptcy Case" or the "Chapter 11 Case").

2. A description of the background of PVHC and the events leading up to the filing of the voluntary petition by PVHC is provided in the Declaration of Michael L. Long in Support of First Day Motions (the "First Day Declaration") [Doc. 9], which is incorporated herein by reference

3. PVHC is authorized to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On June 21, 2016, the United States Trustee appointed an Official Unsecured Creditors Committee (the "Committee").

5. On June 22, 2016, PVHC filed is *Motion for Authority to Employ Professionals Used in the Ordinary Course of Business* (the "Motion to Employ Ordinary Course Professionals") [Doc. 146] wherein PVHC sought an order allowing it to employ certain professionals typically used in the ordinary course of the PVHC's business, and unrelated to the administration of its Chapter 11 Case, without the need for filing formal retention or fee applications for each professional pursuant to sections 327, 328, 329 and 330 of the Bankruptcy Code (each an "Ordinary Course Professional"). The arguments presented in the Motion to Employ Ordinary Course Professionals are incorporated herein by this reference.

6. More relevant for purposes of this Motion, through its Motion to Employ Ordinary Course Professionals, PVHC requested that Ordinary Course Professionals be

excused from the formal retention and fee applications so long as the fees of each Ordinary Course Professional did not exceed $20,000 per month (*see* ¶11 of Motion to Employ Ordinary Course Professionals). This dollar amount (*i.e.*, $20,000) was chosen because at the time of the filing of the Motion to Employ Ordinary Course Professionals, PVHC did not expect to pay any Ordinary Course Professional more than $20,000 per month.

7. On August 24, 2016, the Court entered its Order Allowing Employment of Ordinary Course Professionals, wherein the Court granted in part, and denied in part, the PVHC's Motion to Employ Ordinary Course Professionals. Pursuant to that order, the Court capped the monthly amount PVHC could pay to an Ordinary Course Professional at $20,000 (consistent with PVHC's request).

8. On February 27, 2017, Michael L. Long, PVHC's Chief Financial Officer, resigned. Mr. Long's last day as a full-time employee of PVHC was March 24, 2017.[1]

9. In light of Mr. Long's departure from PVHC, it is necessary for PVHC to find a suitable replacement to serve as Chief Financial Officer ("CFO"). In that regard, PVHC has determined, in its business judgment, that it is in the best interest of its estate and all creditors for PVHC to enter into a contract with HealthTech Management Services, Inc. d/b/a HealthTechS3 ("HealthTech") whereby HealthTech will provide an

---

[1] PVHC may add Mr. Long to the Ordinary Course Professionals identified on Exhibit A attached to PVHC's Motion to Employ Ordinary Course Professionals in accordance with the Court's Order Allowing Employment of Ordinary Course Professionals, and specifically, the provision on page 6 of that Order which allows PVHC to file a "Supplement" (as defined therein).

interim CFO to PVHC - Mr. Stephen Miller (*see* Interim Staffing Agreement attached hereto at Exhibit A).

    10.    The material terms of the Interim Staffing Agreement are as follows:

        i.    HealthTech shall provide PVHC with an independent contractor to serve as interim CFO for an initial term of one (1) year, which shall automatically renew for additional one (1) year periods unless terminated within thirty (30) days of the then current term;

        ii.    HealthTech shall be responsible for all compensation payable to such interim CFO;

        iii.    The interim CFO shall comply with all applicable federal and state laws and regulations regarding the confidential and secure treatment of identifiable health information;

        iv.    PVHC shall retain all authority and control over is business, policies, operations and assets;

        v.    PVHC shall indemnify HealthTech from any losses from or alleged to arise from or in any way connected with the ownership or operation of PVHC's hospital;

        vi.    PVHC shall maintain insurance and the interim CFO shall be covered as an "insured" and HealthTech shall be named as an additional insured;

        vii.    PVHC shall pay HealthTech $1,293.50 per day for the interim CFO; and,

        viii.    PVHC shall reimburse HealthTech for all reasonable expenses of the CFO for travel, housing, meals, etc.

## II.    JURISDICTION

    11.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### III. RELIEF REQUESTED

12. By this Motion, PVHC requests, pursuant to sections 105, 327 and 328 of the Bankruptcy Code, an amended Order Allowing Employment of Ordinary Course Professionals, effective as of the date of the filing of this Motion, authorizing PVHC to pay an Ordinary Course Professional up to $40,000 per month before the Ordinary Course Professional is required to comply with formal retention or fee applications. Such an amended order is necessary for PVHC to retain HealthTech, and more specifically, the interim CFO identified above, as an Ordinary Course Professional without the need for filing formal retention or fee applications pursuant to sections 327, 328, 329 and 330 of the Bankruptcy Code. PVHC has conferred with the Committee and the Committee has indicated it does not object to the relief requested herein.

### IV. BASIS FOR RELIEF

13. As a preliminary matter, the Court and parties in this case have been advised through various pleadings that HealthTech currently provides PVHC with an interim Chief Executive Officer, as well as other services. As a result, execution of the Interim Staffing Agreement is in the ordinary course of PVHC's business.

14. Further, because the interim Chief Financial Officer is not intended to play a central role in the administration of PVHC's Chapter 11 Case, but instead, is going to be involved in the day-to-day mechanics of PVHC's business, PVHC does not believe that the interim Chief Financial Officer is a "professional" under the Bankruptcy Code. *See, e.g., In re Biocoastal Corporation*, 149 B.R. 216, 218 (Bankr. M.D. Fla. 1993)

5

(defining professional as a person who assists a debtor in the administration of its bankruptcy case). Simply stated, but for the $20,000 cap on compensation, PVHC would have simply filed a Supplement to its Motion to Employ Ordinary Course Professionals (the term "Supplement" is defined on p.6 of the Order Allowing Employment of Ordinary Course Professionals).

15. Out of an abundance of caution, PVHC finds it prudent to demonstrate to the Court that the interim CFO is not a "professional" pursuant to the Bankruptcy Code. This Court previously looked to the following factors when determining if an employee is a "professional" within the meaning of 11 U.S.C. § 327: (1) whether the employee controls, manages, administers, invests, purchases or sells assets that are significant to the debtor's reorganization; (2) whether the employee is involved in negotiating the terms of a Plan of Reorganization; (3) whether the employment is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations; (4) whether the employee is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate, i.e. the qualitative approach; (5) the extent of the employee's involvement in the administration of the debtor's estate, *i.e.* the quantitative approach; and (6) whether the employee's services involve some degree of special knowledge or skill, such that the employee can be considered a "professional" within the ordinary meaning of the term. *See* pp2-3 of Order Allowing Employment of Ordinary Course Professionals.

16. Applying the factors above, the interim CFO will not control, manage, administer, invest, purchase or sell assets that are significant to the PVHC's reorganization. Rather, PVHC retains complete control of all aspects of its business and its reorganization. It is also unlikely that the interim CFO will be involved in negotiating terms of a Plan considering that PVHC believes the majority of the Plan terms have already been determined. Further, the interim CFO's employment will be related to the routine operations of PVHC, and the interim CFO will not be involved in the administration of PVHC's estate (notwithstanding the foregoing, it is possible that the interim CFO will assist with monthly operating reports but that task has already been assigned to another employee of PVHC familiar with the process). In sum, while the interim CFO's services involve a degree of special knowledge and skill, the totality of the requisite factors supports the conclusion that the interim CFO is not a "professional" under the Bankruptcy Code.

17. It should be noted that while HealthTech has filed a claim for contractual indemnity for damage claims asserted against HealthTech by third parties claiming personal injury, PVHC does not foresee that such claim will compromise the services provided by HealthTech during the pendency of this Chapter 11 Case. Moreover, PVHC is not requesting authority to pay any amounts owing to HealthTech on account of services rendered prior to the Petition Date.

## V. CONCLUSION

WHEREFORE, PVHC respectfully requests that the Court enter the proposed order attached hereto at Exhibit B effective as of the date of the filing of this Motion, and grant such other relief as the Court deems just and proper.

Dated: March 30, 2017.
Cheyenne, Wyoming

**MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC**

By: /s/ Bradley T. Hunsicker
Bradley T. Hunsicker (WY Bar No 7-4579)
106 East Lincolnway, Suite 300
Cheyenne, WY 82001
Telephone: 307-778-8178
Facsimile: 307-638-1975
Email: bhunsicker@markuswilliams.com

Counsel for the Debtor and Debtor-in-Possession

### CERTIFICATE OF SERVICE

The undersigned certifies that on March 30, 2017, a copy of the foregoing was served via U.S. Mail, postage prepaid, upon **The Office of the United States Trustee** and those parties as stated on the matrix attached hereto.

*s/Jenny F. Tokuoka*
Jenny F. Tokuoka