# SECURED PROMISSORY NOTE

US $2,500,000                                                                 _____, 2017

FOR VALUE RECEIVED, Powell Valley Health Care, Inc., having an address of 777 Avenue H, Powell, WY 82435 ("Debtor"), promises to pay to the order of the Powell Valley Health Care, Inc. Personal Injury Trust dated the \_\_\_ day of _____, 2017 ("Secured Party"), in lawful money of the United States of America, the principal sum of Two Million Five Hundred Thousand Dollars ($2,500,000), payable in monthly installments equal to (a) $30,000, commencing on the first day of the calendar month following the Effective Date (as such term is defined in the Plan) of the Chapter 11 Plan of Reorganization for Powell Valley Heath Care, Inc., dated the \_\_\_ day of _____, 2017, and filed in the United States Bankruptcy Court for the District of Wyoming, Case No. 16-20326 (the "Plan"), and continuing on the first day of each calendar month thereafter for sixty (60) months (the "Initial Monthly Distributions") and (b) $20,000, commencing on the first day of the sixty-first (61st) calendar month following the Effective Date of the Plan and continuing on the first day of each calendar month thereafter for thirty-five (35) months (the "Subsequent Monthly Distributions"), with a final payment in an aggregate amount equal to the entire unpaid amount of indebtedness hereunder due on the \_\_\_\_ day of _____, 2024 (the "Maturity Date").

1. The amounts owing under this Secured Promissory Note (as amended, modified, supplemented or restated from time to time, this "Note") shall not accrue interest and no interest payments or interest amounts shall be deemed owing by Debtor to Secured Party.

2. Debtor may prepay this Note, in whole or in part, at any time without premium or penalty of any kind. Any amount of this Note that is repaid and/or any amount of principal that is prepaid may not be reborrowed.

3. All payments made hereunder shall be payable in immediately available United States funds.

4. The obligations of Debtor under this Note are secured by a second priority Lien on Debtor's Accounts (as such term is defined in the Security Agreement), as more particularly described in the Security Agreement of even date herewith (as amended, modified, supplemented or restated from time to time, the "Security Agreement") between Debtor and Secured Party. All capitalized terms used herein that are not otherwise defined herein shall have the meanings given to them in the Security Agreement.

5. If Debtor should fail to make any payment of principal due hereunder, which failure remains uncured for a period of thirty (30) days after receipt by Debtor and First Bank of Wyoming, the first priority Lien holder against the same Accounts, of notice from Secured Party that such payment has not been made, then, and in each such event, Secured Party, through the Personal Injury Trustee (as such term is defined in the

{Z0165284/1 }

Plan), may, at its option, subject to all rights of First Bank of Wyoming as first priority Lien holder in the same Accounts, exercise and enforce any or all rights and remedies available upon default to a secured party under the Uniform Commercial Code or all rights and remedies available to Secured Party under the Security Agreement.

6. No delay or failure by Secured Party in exercising any right, power, privilege or remedy hereunder shall affect such right, power, privilege or remedy or be deemed to be a waiver of the same or any part thereof; nor shall any single or partial exercise thereof or any failure to exercise the same in any instance preclude any further or future exercise thereof, or exercise of any other right, power, privilege or remedy, and the rights and privileges provided for hereunder are cumulative and not exclusive.

7. If any payment under this Note becomes due and payable on a day other than a business day, the due date thereof shall be extended to the next succeeding business day.

8. Whenever in this Note reference is made to Secured Party or Debtor, such reference shall be deemed to include, as applicable, a reference to their respective permitted successors, assigns, heirs, executors and beneficiaries, and the provisions of this Note shall be binding upon and shall inure to the benefit of such permitted successors and assigns, heirs, executors and beneficiaries, including, without limitation, a receiver, trustee or debtor in possession of or for Debtor.  Unless the context in which used herein otherwise clearly requires, "or" has the inclusive meaning represented by the phrase "and/or".

9. Whenever possible each provision of this Note shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Note shall be prohibited by or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Note.

10. This Note shall be governed by and construed in accordance with the laws of the State of Wyoming (other than conflict laws).

11. DEBTOR AND SECURED PARTY (BY ITS ACCEPTANCE OF THIS NOTE) HEREBY WAIVE TRIAL BY JURY IN ANY ACTION, PROCEEDING, CLAIM OR COUNTERCLAIM, WHETHER IN CONTRACT OR TORT, AT LAW OR IN EQUITY, ARISING OUT OF OR IN ANY WAY RELATED TO THIS NOTE.

12. No modification or amendment of the terms of this Note, and no discharge or termination of this Note, shall be effective unless made in a writing signed by Debtor and Secured Party.

[Signature page follows.]

IN WITNESS WHEREOF, Debtor has duly executed this Note the day and year first above written.

**POWELL VALLEY HEALTH CARE, INC.**

By: _____
Name: _____
Title: _____

