Bradley T. Hunsicker (Wyo. Bar 7-4579)
**MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC**
106 East Lincolnway, Suite 300
Cheyenne, WY  82001
Telephone: 307-778-8178
bhunsicker@markuswilliams.com

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POWELL VALLEY HEALTH CARE, INC., | ) | Case No. 16-20326 |
| | ) | |
| Debtor-in-Possession. | ) | |

## MOTION TO APPROVE FORM OF ORDER SETTING HEARING ON APPROVAL OF DEBTOR'S DISCLOSURE STATEMENT

Powell Valley Health Care, Inc. ("PVHC", or the "Debtor"), the debtor and debtor in possession in the above captioned case, hereby files this motion to approve the form of order (attached hereto as Exhibit A; the "Proposed Order") setting a hearing on the approval of PVHC's *Disclosure Statement in Support of Chapter 11 Plan of Reorganization Dated April 24, 2017 for Powell Valley Health Care, Inc.* [Doc. 498] (the "Disclosure Statement") filed herein on April 24, 2017, and in support thereof shows the Court as follows:

1.   PVHC filed its Disclosure Statement on April 24, 2017.  Attached to the Disclosure Statement was PVHC's *Chapter 11 Plan of Reorganization for Powell Valley Health Care, Inc.* [Doc. 498-2] (the "Plan").  To avoid confusion on the docket, the Plan was also filed as a standalone document on April 25, 2017 (*see* [Doc. 499]).

2. Pursuant to Local Rule 3016-2, "a chapter plan proponent must simultaneously file a chapter 11 disclosure statement and a proposed chapter 11 plan of reorganization." PVHC has complied with the Local Rule.

3. More important for purposes of this motion, once the disclosure statement and plan are filed, the Court is to "issue an order setting the time and place for the hearing on the adequacy of the disclosure statement and the specific date fixed for filing any objections." *See* Local Rule 3016-2.

4. PVHC files the present motion to ensure that the order entered by the Court setting the hearing on the approval of PVHC's Disclosure Statement is appropriate given the size and complexity of this case.

5. On May 26, 2016, this Court entered its *Order Granting Debtor's Motion for an Immediate Order Authorizing the Debtor to Limit Service of Pleadings and Other Notices* (the "Order Allowing Limited Notice") [Doc. 72] wherein the Court authorized PVHC to limit service of pleadings to the following parties: (1) PVHC's secured lenders; (2) the top twenty (20) unsecured creditors; (3) the Tort Claimants; (4) the Committee; (5) counsel to the Committee; (6) the United States Trustee; (7) any party against whom relief is sought by the particular intended action; (8) the priority creditors; and, (9) those who have formally entered an appearance and requested notice (collectively, the "Limited Notice Parties").

6. Notwithstanding the Order Allowing Limited Notice, it is PVHC's intent to provide additional notice of the time and place for the hearing on the adequacy of the Disclosure Statement and the specific date fixed for filing any objections thereto to all

creditors listed in its Schedules (over 600), along with approximately 3,300 unlisted parties (prior patients) with prior connections to PVHC (that while unlikely, could conceivably have a claim against PVHC) (collectively, the "Additional Notice Parties"). However, the expense associated with serving the (unapproved) Disclosure Statement, Plan and all exhibits thereto (totaling more than 150 pages) on roughly 4,000 parties is significant, and impracticable, especially considering that PVHC does not believe that any of 3,300 unlisted parties have a claim against PVHC.

7. Accordingly, PVHC proposes that it serve the Proposed Order, Disclosure Statement and Plan (and exhibits thereto) on the Limited Notice Parties, and then serve the Proposed Order (only) on the Additional Notice Parties. Such a process will minimize expenses while ensuring that all parties are adequately advised of the time and place for the hearing on the adequacy of the Disclosure Statement, as well as the date fixed for filing any objections thereto. Additionally, as indicated in the Proposed Order, the Additional Notice Parties will be afforded the opportunity to request copies of the Disclosure Statement and Plan (and all exhibits thereto) via email or mail by contacting counsel for PVHC.

8. In an effort to ensure that this case can proceed to confirmation as expeditiously as possible, PVHC proposing the following dates and deadlines applicable to the Proposed Order:

- Within five (5) days of the entry of the Proposed Order: deadline to serve the Proposed Order, Disclosure Statement and Plan (and exhibits thereto) on the Limited Notice Parties;

- Within five (5) days of the entry of the Proposed Order: deadline to serve the Proposed Order on the Additional Notice Parties;

- June 9, 2017: deadline to file objections to the proposed Disclosure Statement (assumes the Proposed Order will be entered on or before May 8, 2017, and service will be completed prior to May 12, 2017;

- June 16, 2017: deadline for any party intending to introduce exhibits or call witnesses at the hearing on the approval of the Disclosure Statement to file a schedule of proposed exhibits and anticipated witnesses; and,

- June 23, 2017[1]: hearing on approval of Disclosure Statement.

9. Pursuant to Rule 2002(b), all creditors must receive "not less than 28 days notice by mail of the time fixed (1) for filing objections and the hearing to consider approval of a disclosure statement." The timeline above will comply with Rule 2002(b).

**WHEREFORE**, PVHC respectfully requests that the Court enter the Proposed Order substantially in the form attached hereto at Exhibit A setting the time and place for the hearing on the adequacy of the Disclosure Statement and the specific date fixed for filing any objections thereto, and for sure other and further relief as appropriate.

---

[1] Counsel for PVHC is aware that Scott Goldstein, lead Committee counsel, is out of the country through June 30, 2017, and that the proposed date for the hearing otherwise conflicts with his schedule. However, PVHC does not anticipate having a contested hearing on the approval of the Disclosure Statement. In the event that there is going to be a contested hearing on the approval of the Disclosure Statement, counsel for PVHC will move to continue the hearing to accommodate Mr. Goldstein's schedule.

Additionally, because Mr. Goldstein is not leaving the country until June 9, 2017, he will be given sufficient time to file an objection to the Disclosure Statement if deemed necessary.

Dated: May 4, 2017.

**MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC**

By: */s/ Bradley T. Hunsicker*
Bradley T. Hunsicker (WY Bar No 7-4579)
106 East Lincolnway, Suite 300
Cheyenne, WY 82001
Telephone: 307-778-8178
Facsimile: 307-638-1975
Email: bhunsicker@markuswilliams.com

Counsel for the Debtor and Debtor-in-Possession