Bradley T. Hunsicker (Wyo. Bar 7-4579)
Jennifer Salisbury (Wyo. Bar 7-5218)
**MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC**
106 East Lincolnway Suite 300
Cheyenne, WY 82001
Telephone: 307-778-8178
bhunsicker@markuswilliams.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF WYOMING

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| POWELL VALLEY HEALTH CARE, INC., | ) Case No. 16-20326 |
| | ) |
| Debtor-in-Possession. | ) |
| | ) |

### DEBTOR'S THIRD MOTION FOR ORDER EXTENDING PERIOD WITHIN WHICH PARTIES MAY REMOVE ACTIONS

Powell Valley Healthcare, Inc. (the "Debtor"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), section 1452 of title 28 of the United States Code (the "Judicial Code") and rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), hereby files its Third Motion for Order Extending Period Within Which Parties May Remove Actions (the "Motion"). In support of the Motion, the Debtor respectfully represents:

I.

### CERTIFICATE OF CONFERENCE

{Z0167844/1 }

Counsel for the Debtor has discussed the relief requested in this Motion with counsel for the Committee. The Committee does not oppose the relief sought herein.

## II.

## BACKGROUND

**B.  General Background**

1. The Debtor is a Wyoming non-profit corporation qualified to do business pursuant to section 501(c)(3) of the United States Internal Revenue Code as a public charity. Its mission is to provide healthcare services to the greater-Powell, Wyoming community. In fulfilling its mission statement, the Debtor serves a total population of approximately 7500 people with the highest concentration of the population in Powell. The Debtor is the only acute care healthcare facility in Park County, Wyoming and is over 25 miles driving distance from the closest comparable facility.

2. On May 16, 2016 (the "Petition Date"), the Debtor filed its voluntary petition (the "Petition") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-captioned chapter 11 case (the "Chapter 11 Case"). The Debtor continues to manage and operate its business as a debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108. No trustee or examiner has been requested or appointed in the Chapter 11 Case.

3. On June 21, 2016, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors for the Chapter 11 Case.

C. **Background Facts Specific to the Motion**

4. Prior to the Petition Date, the Debtor was named as a defendant in a number of civil actions. Certain of these actions (the "Actions") remain pending in state and federal courts Wyoming. The Debtor has not at this time determined whether it will remove all or any of such actions to the district court for the district in which such actions are pending, *i.e.*, the United States District Court for the District of Wyoming (the "District Court").

5. On August 5, 2016, the Debtor filed a motion to extend the deadline by which the Actions must be removed to the District Court. On August 25, 2016, this Court entered an order extending the removal deadline to February 17, 2017. On February 15, 2017, the Debtor filed its second motion to extend the deadline by which the Actions must be removed to District Court. On March 8, this Court entered an order extending the removal deadline under May 15, 2017.

6. The Debtor has filed a disclosure statement and plan of reorganization. The Debtor does not believe that the plan will be confirmed prior to the May 15, 2017 deadline and the Debtor further does not believe that it will be in a position to make an informed decision with respect to removal while confirmation of the plan is pending. Accordingly, the Debtor brings this Motion.

## III.

## JURISDICTION

7. This Court has jurisdiction to consider this matter pursuant to sections 157 and 1334 of the Judicial Code. This is a core proceeding pursuant to section 157(b) of the Judicial Code. Venue is proper before this Court pursuant to sections 1408 and 1409 of the Judicial Code.

## IV.

## RELIEF REQUESTED

8. By this Motion, the Debtor requests an order fixing October 15, 2017 as the deadline to remove civil actions initiated prior to the Petition Date (the "Removal Deadline"). The Removal Deadline is currently fixed, per Court order, as May 15, 2017. The Removal Deadline requested herein, if approved, would constitute a five month extension of the existing Removal Deadline.

## IV.

## BASIS FOR RELIEF REQUESTED

9. Bankruptcy Rule 9027 and Judicial Code section 1452 govern the removal of pending civil actions. Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

{Z0167844/1 }                                         4

28 U.S.C. § 1452(a). Bankruptcy Rule 9027 sets forth the time period for filing notices to remove claims or causes of action and provides, in relevant part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

10.  Bankruptcy Rule 9006(b)(1) permits the Court to enlarge unexpired time periods as follows:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1).

11.  The Debtor is a party to the Actions, which are numerous and complex. Additional time is necessary to determine which, if any, of the Actions should be removed to the District Court. The Debtor has filed a disclosure statement and plan of reorganization and if that plan (or a similar one is confirmed), the Debtor will *not* remove

the Actions. However, if the proposed plan (or a similar one) is not confirmed, the Debtor wishes to preserve its right to remove the Actions. Moreover, an extension of the Removal Deadline will afford other parties to the Actions time to focus upon and evaluate the proposed plan of reorganization as opposed to responding to a removal proceeding which may become moot if the Debtor's proposed plan (or a similar one) is confirmed.

12. The Debtor submits that extending the Removal Deadline will ensure that the Debtor's decisions are fully informed and consistent with the best interests of its estate. Furthermore, nothing herein will prejudice any party to any Action that the Debtor may ultimately seek to remove from seeking to remand such action pursuant to section 1452(b) of the Judicial Code at the appropriate time.

13. For the foregoing reasons, the Debtor submits that the relief requested herein is in the best interests of the Debtor, its estate, and its creditors. As the Court is authorized to grant the relief requested and extend the Removal Deadline, *see, e.g., Pacor v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984); (period in which to file motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *In re Fairfield Sentry Ltd.*, 458 B.R. 665, 691 (S.D.N.Y. 2011) (same), the Debtor respectfully requests that it do so.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court grant (a) the relief requested herein; and (b) such other relief as the Court deems just and proper.

Dated:  Cheyenne, Wyoming

May 11, 2017

        MARKUS WILLIAMS YOUNG AND
        ZIMMERMANN LLC

        By: /s/ *Jennifer Salisbury*
        Bradley T. Hunsicker (WY Bar No. 7-4579)
        Jennifer Salisbury (WY Bar No. 7-5218)
        106 East Lincolnway Suite 300
        Cheyenne, WY 82001
        Telephone: 307-778-8178
        Facsimile: 307-638-1975
        Email: bhunsicker@markuswilliams.com;
            jsalisbury@markuswilliams.com

        Counsel for the Debtor and Debtor-in-Possession

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 11, 2017, a copy of the foregoing was served via U.S. Mail, postage prepaid, upon **The Office of the United States Trustee** and those parties as stated on the Limited Service List attached hereto.

        */s/ Jessica M. Anderson*
        Jessica M. Anderson

# In re POWELL VALLEY HEALTH CARE, INC.
## Wyoming Bankruptcy Case No. 16-20326

### LIMITED SERVICE LIST
Last Updated: May 11, 2017

| Parties Who Have Entered Their Appearance ||
|---|---|
| **First Bank of Wyoming**<br>c/o Timothy L. Woznick<br>Gregory C. Dyekman<br>Dray, Dyekman, Reed & Healey, P.C.<br>204 East 22nd Street<br>Cheyenne, Wyoming 82001 | **US Trustee**<br>308 West 21st Street, 2nd Floor<br>Cheyenne, WY 82001 |
| **United States Trustee**<br>c/o Daniel J. Morse<br>308 W. 21st St., Ste. 203<br>Cheyenne, WY 82001 | **United States Trustee**<br>c/o Alan Motes<br>United States Trustee, Region 19<br>Byron G. Rogers Federal Building<br>1961 Stout Street, Suite 12-200<br>Denver, CO 80294 |
| *Darcy Ronne, Jan and Bart Brinkerhoff, Jody and Jerry Sessions, Joetta Johnson, Keela and Brock Meier, Lynn and Janet Snell, Martha and Richard McMillen, Michelle Oliver, Nathaniel and Sheena Bates, Shannon Eller, Veronica and William Sommerville, Anthony and Laurie DiPilla, Kalan Nicholson, Nancy and Earl Crawford, III, Nancy and Larry Heiser, Sheryl and Darin Henderson, Susan and Scot Stambaugh, Beverley Curtis, Harry and Jo Ann Knopp, Mark Bonamarte, Shane and Jayme Wilson and Susan and Doug Scott, Nanette Nofzinger, Kelly Hatcher; William C. Haney*<br>c/o Randy L. Royal<br>P.O. Box 551<br>524 5th Ave. S.<br>Greybull, WY 82426 | **Stryker Instruments, a Division of Stryker Corporation**<br>c/o Lori L. Purkey<br>Purkey & Associates, P.L.C.<br>5050 Cascade Road, SE, Suite A<br>Grand Rapids, MI 49546 |

{Z0115738/1}

| | |
|---|---|
| **UMIA Insurance, Inc.**<br>c/o James T. Burghardt<br>Timothy M. Swanson<br>Moye White LLP<br>1400 16th St., 6th Floor<br>Denver, CO 80202 | **UMIA Insurance, Inc.**<br>c/o Julie Nye Tiedeken<br>McKellar, Tiedeken & Scoggin, LLC<br>702 Randall Avenue<br>P.O. Box 748<br>Cheyenne, WY 82003 |
| **Powell Hospital District**<br>c/o Chad S. Caby<br>Brent R. Cohen<br>Lewis Roca Rothgerber LLP<br>1200 17th Street, Suite 3000<br>Denver, CO 80202-5855 | **Homeland Insurance Company of NY**<br>c/o Patrick T. Holscher<br>141 South Center, Suite 500<br>Casper, WY 82601 |
| **HealthTech Management Services, Inc.**<br>George E. Powers, Jr.<br>1725 Carey Avenue<br>PO Box 328<br>Cheyenne, WY 82003-0328 | **William D. Patten**<br>George E. Powers, Jr.<br>1725 Carey Avenue<br>PO Box 328<br>Cheyenne, WY 82003-0328 |
| **HealthTech Management Services, Inc.**<br>c/o Ethan J. Birnberg<br>John C. Smiley<br>Lindquist & Vennum P.L.L.P.<br>600 17th Street Suite, 1800 South<br>Denver, CO 80202 | **Beckman Coulter, Inc.**<br>c/o Daniel R. Schimizzi<br>Bernstien-Burkley, P.C.<br>707 Grant Street, Suite 2200<br>Gulf Tower<br>Pittsburgh, PA 15219 |
| *Anthony and Laurie DiPilla; Darcy Ronne, Jan and Bart Brinkerhoff, Jody and Jerry Sessons, Joetta Johnson, Kalan Nicholson, Keela and Brock Meier, Lynn and Janet Snell, Martha and Richard McMillen, Michelle Oliver, Nancy and Earl Crawford, III, Nancy and Larry Heiser, Nathaniel and Sheena Bates, Shannon Eller, Sheryl and Darin Henderson, Veronica and William Sommerville*<br>c/o Sarah A. Kellogg<br>Robert A. Krause<br>Elizabeth Richards<br>The Spence Law Firm, LLC<br>P.O. Box 548<br>Jackson, WY 83001-0548 | **Lexington Insurance Company, Inc.**<br>Deborah M. Kellam<br>Lance E. Shurtleff<br>Hall & Evans, L.L.C.<br>2015 Central Ave., Suite C<br>Cheyenne, WY 82001 |

{Z0115738/1}

| 20 Largest Unsecured Creditors ||
|---|---|
| McKesson Corp Bank of America<br>Lock Box LAC-057256 2706<br>Media Center Dr<br>Los Angeles, CA 90065 | COMPHEALTH<br>P.O. Box 972651<br>Dallas, TX 75397-2651 |
| MRI CONTRACT STAFFING, INC.<br>10 Penn Center 14th<br>FI-MRI CS TREA<br>Philadelphia, PA 19103 | Vista Staffing Solutions, Inc.<br>#50834<br>File 50834<br>Los Angeles, CA 90074-0834 |
| Command Health<br>PO Box 844797<br>Dallas, TX 75284-4797 | WEATHERBY LOCUMS, INC.<br>PO Box 972633<br>Dallas, TX 75397-2633 |
| ENTECH<br>7300 West Detroit Street<br>Chandler, AZ 85226 | SYSCO FOOD SERVICES<br>PO Box 31198<br>Billings, MT 59107-1198 |
| OWENS & MINOR<br>PO Box 841420<br>Dallas, TX 75284-1420 | Toshiba Am Med Sys, Inc.<br>PO Box 91605<br>Chicago, IL 60693 |
| AIRGAS USA, LLC<br>P.O. Box 676015<br>Dallas, TX 75267-6015 | FUSION HEALTHCARE STAFFING<br>PO Box 1865<br>Sandy, UT 84091 |
| PHILIPS HC INFORMATICS<br>PO Box 403831<br>Atlanta, GA 30384-3831 | They Improv, LLC<br>17275 Collins Ave, #401<br>North Miami Beach, FL 33160 |
| West Park Hospital<br>ATTN: MELISSA WASSINK<br>707 Sheridan Avenue<br>Cody, WY 82414 | SIEMANS HLTHCR DIAG, INC.<br>PO Box 121102<br>Dallas, TX 75312-1102 |
| HEALTH TECH MGMNT (HTMS)<br>5110 Maryland Way Suite 200<br>Brentwood, TN 37027 | NOVA BIOMEDICAL CORPORATION<br>PO Box 983115<br>Boston, MA 02298-3115 |

{Z0115738/1}

| | |
|---|---|
| Epiphany Healthcare Data Mgmt LLC<br>3000 E Boundry Terrace, Suite 2<br>Midlothian, VA 23112 | Powell Electric<br>PO Box 151<br>Powell, WY 82435 |
| Personal Injury Tort Claimants 1-25<br>c/o Their counsel identified below | |

| Tort Claimants ||
|---|---|
| Spence Law Firm, LLC<br>Attn: Robert Krause<br>P.O. Box 548 or 15 South Jackson St.<br>Jackson, WY 83001 | Burg, Simpson, Kepler & Edwards<br>Attn: William L. Simpson<br>1135 14th St.<br>Cody, WY 82414 |
| Moyers Law, P.C.<br>Attn: Jon M. Moyers<br>490 N 31st St, Suite 101<br>Billings, MT 59101 | Hallman Hunt & Mickelson, P.C.<br>Attn: Georgia Antley Hunt<br>PO Box 469<br>Greybull, WY 82426 |
| William R. Fix<br>350 E Broadway,<br>PO Box 297<br>Jackson, WY 83001 | Wind River Law Center<br>Attn: Cynthia Van Fleet<br>202 S 6th St E,<br>Riverton, WY 82501 |
| The Law Offices of Collin Hopkins, P.C.<br>Attn: Collin C. Hopkins<br>705 E. Washington Ave.<br>Riverton, WY 82501 | |

| Secured Creditor |
|---|
| First Bank of Wyoming<br>245 East 1st<br>PO Box 907<br>Powell, WY 82435<br>(See Parties Who Have Entered Their Appearance) |

{Z0115738/1 }

| Committee | |
|---|---|
| Jamie N. Cotter (Wyoming Bar No. 74721)<br>Philip A. Pearlman<br>Spencer Fane LLP<br>1700 Lincoln Street, Suite 2000<br>Denver, Colorado 80203 | Bryant T. Lamer<br>Eric L. Johnson<br>Lisa A. Epps<br>Scott J. Goldstein<br>Spencer Fane LLP<br>1000 Walnut Street, Suite 1400<br>Kansas City, Missouri 64106 |

| Priority Claimants |
|---|
| N/A |

| Office of the United States Trustee |
|---|
| See parties entering an appearance |

| Parties Against Whom Relief is Sought |
|---|
| N/A |

{Z0115738/1}