Jamie N. Cotter (Wyoming Bar No. 74721)
Philip A. Pearlman (Colorado Bar No. 11426)
Scott J. Goldstein (Missouri Bar No. 28698)
Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver, Colorado 80203
Telephone: (303) 839-3800
Facsimile: (303) 839-3838
jcotter@spencerfane.com
*Counsel to the Official Committee of
Unsecured Creditors*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In Re: | ) | **Chapter 11** |
| | ) | **Case No. 16-20326** |
| **POWELL VALLEY HEALTH CARE, INC.,** | ) | |
| | ) | |
| **Debtor-in-possession.** | ) | |

### INITIAL OBJECTION TO MOTION FOR ORDER AUTHORIZING
### 2004 EXAMINATIONS AND PRODUCTION OF DOCUMENTS

The Official Unsecured Creditors Committee ("UCC"), by and through its undersigned counsel, respectfully submits the following initial objection to the Motion for Order Authorizing Rule 2004 Examinations and Production of Documents ("Rule 2004 Motion"), filed by HealthTech Management Services, Inc. and William D. Patten (together, "HealthTech").

### INTRODUCTION

Pursuant to Wyo. L.B.R. 2004-1, a motion for an order authorizing a Rule 2004 examination may be granted by the Court *ex parte*. To ensure that the Court is timely advised of the UCC's opposition to Rule 2004 Motion, the UCC files this brief initial objection. The UCC intends to supplement this filing with a more thorough objection within seven (7) days of the date hereof. The UCC is informed that the Debtor also

vigorously objects to the Rule 2004 Motion and that it will file its objection within seven (7) days, as well.[1]  In addition, the UCC is informed that the individual members of the UCC will likely file objections.  The UCC respectfully requests that the Court defer its decision on the Rule 2004 Motion until all affected parties have had a reasonable opportunity to make their positions known.

## **INITIAL OBJECTION**

The Debtor has filed its Plan and Disclosure Statement.  HealthTech is unhappy with its treatment under the proposed Plan.  HealthTech filed the Rule 2004 Motion for the principal purpose of gaining leverage in the ongoing negotiations pertaining to finalization of the Plan.

To impose unnecessary and improper pressure upon the UCC, the Rule 2004 Motion is directed to the six <u>individual members</u> of the UCC, rather than the <u>UCC itself</u>; thus forcing the members' own legal representatives to further deplete their already strained resources by responding to the motion.  The Rule 2004 Motion is a flagrant (and truly heartless) effort to intimidate these medical malpractice victims who have volunteered their time to serve as the appointed members of the UCC.[2]

---

[1] The UCC and the Debtor may file a joint objection.

[2] In ¶11(a) of the Rule 2004 Motion, HealthTech states that the UCC's counsel "generally agreed to cooperate with HealthTech's request to set mutually convenient times and places for examinations, but took no formal position."  This is not accurate.  Counsel for the UCC was informed that HealthTech might request permission to conduct 2004 examinations, but counsel for the UCC never formally *or informally* agreed that such examinations would be appropriate.

Under the pretext of seeking a further "understand[ing] of the Debtor's Disclosure Statement and Plan,"[3] HealthTech requests authority to issue subpoenas compelling the six committee members to travel from their homes in the Wyoming towns of Worland, Powell, Cody, and Lovell, and Mountainburg, Arkansas, to some unstated location to undergo oral examinations,[4] and to produce 17 categories of documents including emails, letters, and documents they have received or sent in relation to their tragic involvements with the Debtor, HealthTech, and others from June 1, 2013 to the present.[5]

There is absolutely no reason why each and every member of the UCC should be orally examined. In the same Rule 2004 Motion, HealthTech turns its wrath on the individual members of the Debtor's board of directors (again, rather than the board itself), and seeks oral examinations of all of them, as well. **Thus, a total of 16 individuals, plus a representative of the Powell Hospital District, are designated for oral examinations.**

The documents sought from the individual members of the UCC include confidential and privileged information. *See Kaiser Steel Corp. v. Frates*, 84 B.R. 202, 205 (Banks. D. Colo. 1988) (upholding the common interest doctrine between a debtor-in-possession and creditors committee due to common interests in maximizing the value of the debtor's estate). If the Rule 2004 Motion were granted, the document requests

---

[3] Rule 2004 Motion, ¶9.

[4] Rule 2004 Motion, ¶13.

[5] Rule 2004 Motion, Exhibit C.

3

would place <u>each</u> individual member of the UCC in the untenable position of having to determine whether turnover of documents in his or her possession is permissible.

It is clear that HealthTech's purpose is to compound the expense of the UCC, its members, the Debtor, its board of directors, and the Powell Hospital District.

Although Rule 2004 has broad application, the Court must guard against abuse. As stated in *In re Mittco, Inc.*, 44 B.R. 35, 36 (Bankr. E.D. Wis. 1984):

> Where there is a showing that the purpose of the examination is to enable a party to probe into matters which may lead to the discovery of assets by examining not only the debtor, but also other witnesses, such inquiry is allowed. Nevertheless, there are limits. An examination cannot be used for purposes of abuse or harassment.

*Accord*: *In re Strecker*, 251 B.R. 878, 882 (Bankr. D. Colo. 2000) ("Rule 2004 examinations cannot be used for the purpose of abuse or harassment and the examination cannot go beyond the bounds of what is, or may be, relevant to the inquiry."); and *Buckner v. Okla. Tax Comm'n (In re Buckner)*, BAP No. EO-00-073, 2001 Bankr. LEXIS 1053, at *12 (U.S. B.A.P. 10th Cir. Aug. 30, 2001) (same).

WHEREFORE, the Official Unsecured Creditors Committee respectfully requests that the Court deny the Rule 2004 Motion, and for such other and further relief as is just.

Dated: May 19, 2017            SPENCER FANE LLP

/s/ Jamie N. Cotter
Jamie N. Cotter        WY #74721
Philip A. Pearlman     CO #11426
Scott J. Goldstein     MO #28698

COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED
CREDITORS