Randy L. Royal (WSB #5-1754)
RANDY L. ROYAL, P.C.
524 5th Avenue South
Po Box 551
Greybull, WY 82426
(307) 765-4433
(307) 765-9563 (Fax)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING**

| In Re: | |
|---|---|
| Powell Valley Health Care, Inc., | Case No. 16-20326 |
| Debtor. | Chapter 11 |

**OBJECTION TO MOTION FOR RULE 2004 EXAMINATION OF THE
UNIFORM CREDITORS COMMITTEE MEMBERS**

Unsecured Creditors Committee Members Larry Heiser, Michelle Oliver, Shane Wilson, Veronica Sommerville, Joetta Johnson, and Susan Stambaugh, by and through their attorney, Randy Royal of RANDY L. ROYAL, PC, hereby file their Objection to HealthTech Management Services, Inc.'s Motion for Order Authorizing Examinations and Production of Documents.

<u>INTRODUCTION</u>

On May 18, 2017, HealthTech Management Services, Inc. and William D. Patten (collectively "HealthTech") filed a motion for Rule 2004 examinations relating to numerous individuals, including all six members of the Unsecured Creditors Committee. This Opposition is filed on behalf of Larry Heiser, Michelle Oliver, Shane Wilson,

1

Veronica Sommerville, Joetta Johnson, and Susan Stambaugh (collectively "Committee Members") in their individual capacity.

Each of the Committees Members has asserted a claim against the Debtor Powell Valley Health Care, Inc. ("PVHC") as a result of the medical malpractice of Dr. Jeffery Hansen, a former employee of the Debtor. HealthTech is a hospital management company. Pursuant to its management agreement with the Debtor, HealthTech placed one if its employee's, Mr. Patten, to serve as the CEO of PVHC. Doc 244-1, at 163 (Management Agreement). Many of the Committee Members have also filed claims for negligence against HealthTech for its mismanagement of PVHC.

The underlying claims against HealthTech arise because HealthTech ignored credible complaints and patient safety concern about Dr. Hansen and mismanaged PVHC. For example, concerns about the quality of care provided by Dr. Hansen were raised to HealthTech by Dr. Bradley Mangum, a doctor of chiropractic medicine and a nurse practitioner who worked closely with Dr. Hansen. *See* Doc 271, 26, Mangum Dep. (*Durose*), 136:4-8. In an earlier case, Dr. Mangum testified that he told Mr. Patten "that I felt like I had moved from a surgery suite into a butcher shop, and that there had been multiple injuries. And I turned it over to the right person and nothing was happening." *Id.* When Dr. Mangum questioned why HealthTech and PVHC were not taking meaningful action in response to his concerns about Dr. Hansen, he was told by Timothy Seeley, the risk manager of PVHC, "we can't kill the goose that's laying the golden egg until we get another goose." Doc 271, 28, Mangum Dep. (*Durose*), 138:9-11. Mr. Seeley reported to Mr. Patten and Mr. Patten knew that Mr. Seeley made this statement. *See* Doc 271, 33, Patten Dep. (*Durose*), 77. And yet, it took roughly eight months from

the time that Dr. Mangum began complaining about Dr. Hansen until Dr. Hansen was finally suspended in November 2013. *See* Doc 271, 30, Mangum Dep. (*Durose*), 140-141.

Each of the Committee Members (or their spouse) was severely injured as a result of HeathTech and PVHC's negligence. The Committee Members oppose this Motion because the Rule 2004 examinations are a thinly veiled attempt to harass the Committee Members.

### STANDARD OF REVIEW

Rule 2004 of the Federal Rules of Bankruptcy Procedure allows for examinations of limited scope. Fed. R. Bankr. P. 2004. "As a general rule, examinations under Rule 2004 are allowed for the purpose of discovering assets, examining transactions, and determining whether wrongdoing has occurred." *In re Buckner,* 271 B.R. 213, *4 (B.A.P. 10th Cir. 2001). "Its obvious purposes are the discovery of assets of the estate and the exposure of the fraudulent conduct." *In re Symington,* 209 B.R. 678, 684 (Bankr.D.Md. 1997). "Despite its characterization as being tantamount to a 'fishing examination,' a Rule 2004 examination must be both **relevant and reasonable**." *Id.* (internal citations omitted)(emphasis added). "Rule 2004 examinations cannot be used for the purpose of **abuse or harassment**, and the examination cannot go beyond the bounds of what is, or may be relevant to the inquiry." *In re Buckner,* 271 B.R. at *4 (emphasis added).

The Local Rules further require that a motion for an order authorizing a Rule 2004 examination **must** include: (1) the name of the party to be examined; (2) the

3

specific time and place for the examination; and (3) cause for the examination. Wyo. L.B.R. 2004-1.

ARGUMENT

HealthTech offers no explanation as to why the information it seeks cannot be readily obtained through less intrusive means, such as the examination of the Debtor and the Hospital District. Rather, this Motion is an attempt to harass the Committee Members by forcing them to take time away from their jobs, young children, and medical recoveries, in order to attend a deposition at an undisclosed location. Further, this Motion should be denied because HealthTech has failed to comply with the local rules by (1) failing to show cause for the examination of Committee Members; and (2) failing to disclose a time and place for the examination.

1. **This Motion is an attempt to harass the Committee Members — information sought from the committee members is already in HealthTech's possession or could be readily obtained from another source**

First, Rule 2004 examination may not be used "for the purpose of abuse or harassment." *In re Buckner,* 217 B.R. 213 (B.A.P. 10th Cir. 2001). "[W]hile Federal Rule of Bankruptcy Procedure 2004 does not contain an explicit requirement of 'good cause' for the granting of a motion to conduct an investigation, such a requirement is implicit…" *See In re Symington*, 209 B.R. at 687. A movant acts in "bad faith… where the information purportedly sought is either already well-known or within the would-be examiner's possession." *Id.* at 688.

Here, HealthTech has provided absolutely no explanation, let alone "good cause," for why it believes that the Committee Members have any information that could not be more easily obtained for the Debtor or from public records. For example, HealthTech seeks the following documents from the committee members:

4

- Request Number 3: "Please produce all documents concerning communications during the Time Period between you and the Debtor regarding the Bankruptcy case…";

- Request Number 7: "Please produce all documents demonstrating that the State of Wyoming recognizes the Debtor as a governmental entity under the Wyoming Governmental Claims Act.";

- Request Number 13: "Please produce all documents concerning, relating to, or evidencing the basis for the Debtor's contention that there are no Allowed Reimbursement, Contribution and Indemnity Claims, as defined and stated in the Plan."; and

- Request Number 16: "Produce all documents that demonstrate the District does not have ultimate control or authority over the Debtor's operations…."

Doc. 525-3. The Committee Members have no special expertise or knowledge of topics such as "the basis for the Debtor's contention that there are no… Indemnity Claims." Doc 525-3, at ¶13. If HealthTech wants to know the Debtor's basis for this contention, it should ask the Debtor, not the Committee Members. Likewise, if HealthTech wants to know whether the District has "ultimate control over the Debtor's operations," it should ask the Debtor or the District. *Id.* at ¶ 16.

Further, many of the documents and topics that HealthTech seeks to discover are obviously shielded by privilege. For example, other than publically available documents or documents in that are also in the Debtor's possession, the only documents that the Committee Member's may have regarding whether or not "the State of Wyoming recognizes the Debtor as a governmental entity," would be legal research performed by

5

counsel, and any such documents would be shielded by the work-product privilege. Doc. 525-3, ¶ 7.

The only remaining explanation for the inclusion of all of the Committee Members in HealthTech's Motion is that it is an attempt to put pressure on the Committee Members regarding their underlying claims against HealthTech. Rule 2004 examinations may not be used for abuse or harassment or to pressure a settlement in separate litigation. *See In re Strecker,* 251 B.R. 878, 883 (Bankr. D. Col. 2000) (denying a request for Rule 2004 examination and explaining "motions to produce documents and supply information under Fed.R.Bankr.P. 2004, tend to intimidate, and/or coerce debtors into (a) summarily seeking unwise or forced settlement, (b) incurring unnecessary and burdensome attorney's fees and other costs…."); *In re Braxton,* 516 B.R. 787, 795 (E.D. N.C. 2014) ("Rule 2004 examinations may be inappropriate where the party requesting the examination could benefit their pending litigation outside of the bankruptcy court against the proposed Rule 2004 examinee.").

**2. HealthTech has failed to comply with the local rules**

Not only is HealthTech's Motion harassing and in bad faith, but it is also improper under this Court's local rules because (1) HealthTech has failed to articulate any "cause" for the examination and (2) HealthTech has not included "the specific time and place for the examination." Wyo. B.L.R. 2004-1.

### a. HealthTech has not shown cause for the examination of Committee Members

First, HealthTech has not even attempted to show "cause" for the examination of the Committee Members, as required by the local rules. Wyo. L.B.R. 2004-1. As set forth above, HealthTech has not articulated what information it believes could be

6

obtained from the Committee Members that is not more readily obtained from the Debtor or is not already in HealthTech's possession. That HealthTech is merely seeking the same information from the Committee Members as it is seeking from the Debtor is apparent in the Request for Production of Documents that HealthTech has provided as Exhibits A, B, and C to its Motion. Nearly every request to the Committee Members is a mirror image of a request made to the Debtor. There is simply no reason to believe that the Committee Members have any information about these topics that could not be more readily obtained from the Debtor or the District and HealthTech certainly has not shown "cause" for the examination of each individual Committee Member on these topics.

### b. HealthTech has not designated the time and place of the examination of the Committee Members

HealthTech has also failed to comply with the local rules by failing to include the time and location of the proposed Rule 2004 examination. Wyo. L.B.R. 2004-1. The local rules require that "Motions brought for an order authorizing a Rule 2004 examination **must** include… the specific time and place for the examination…" *Id.* HealthTech's statement that it will request the production of documents to an out-of-state law firm in Denver, Colorado, does not satisfy this requirement. Doc. 525, at ¶ 13. Even assuming that HealthTech had properly designated Denver as the location of the Rule 2004 examination — this would only further demonstrate why this HealthTech's request for Rule 2004 examination is harassing. HealthTech simply cannot articulate why each of the six Committee Members should be compelled to travel more than five hundred miles (from Powell, Wyoming to Denver, Colorado) and across state lines, when the same information is readily available from other sources.

7

CONCLUSION

For all of these reasons, the Committee Members respectfully request that HealthTech's Motion for Rule 2004 Examinations be denied as it relates to the Committee Members.

DATED: May 19, 2017

/s/ Randy L. Royal, Attorney at Law

**CERTIFICATE OF SERVICE**

I, Randy L. Royal, do hereby certify that a copy of the **OBJECTION TO MOTION FOR RULE 2004 EXAMINATION OF THE UNIFORM CREDITORS COMMITTEE MEMBERS** was served on the following parties on May 19, 2017 as indicated below. The electronic notice will be done by the U.S. Bankruptcy Clerk.

**Via: United States Mail:**

Donald D. Allen
Markus Williams Young & Zimmermann, LLC
1700 Lincoln Street Suite 4550
Denver, CO 80203

Timothy M Swanson
Moye White LLP
1400 16th Street
Denver, CO 80202
Attorney for UMIA Insurance, Inc.

Stryker Medical, a Division of Stryker Corporation
c/o Lori L. Purkey, Esq.
Purkey & Associates, P.L.C.
5050 Cascade Road, SE, Suite A
Grand Rapids, MI 49546

Daniel R. Schimizzi
Bernstien-Burkley, P.C.
707 Grant Street, Suite 2200
Gulf Tower
Pittsburgh, PA 15219
Attorney for Beckman Coulter, Inc.

DACA VI LLC
1565 Hotel Circle South, Suite 310
San Diego, CA 92108

Fair Harbor Capital LLC
PO Box 237037
New York, NY 10023

Charles E. Spevacek on behalf of Creditor Homeland Insurance Company of New York
Meagher & Geer, PLLP
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402

Diana Rhodes on behalf of Creditor Nanette and Ric Nofzinger
Rhodes Law Firm
2015 Warren Ave.
Cheyenne, WY 82001

Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver, CO 80203

Hammond Hanlon Camp, LLC
623 Fifth Avenue, 29th Floor
New York, NY 10022

**Via: Electronic Notice:**

| | |
|---|---|
| James T. Burghardt | John F. Young |
| Jennifer M. Salisbury | Elizabeth Richards |
| Greg C. Dyekman | Julie Nye Tiedeken |
| Timothy L. Woznick | Robert A. Krause |
| Chad S. Caby | Sarah A. Kellogg |
| Brent R. Cohen | Ethan J. Birnberg |
| Jamie Cotter | Patrick T. Holscher |
| Lisa Epps | Catherine A. Naltsas |
| Scott J. Goldstein | Michael S. Davis |
| Bryant T. Lamer | Lance E, Shurtleff |
| Eric L. Johnson | Deborah Kellam |
| Philip A. Pearlman | Tiffany Brown |
| Bradley T. Hunsicker | Jon M. Moyers |
| George E. Powers, Jr. | Daniel J. Morse, Assistant UST |
| John C. Smiley | Alan Motes, UST, Region 19 |
| Jason E. Ochs | US Trustee |

/s/ Randy L. Royal, Attorney at Law