Chad S. Caby, Wyo. Reg. No. 7-5457
LEWIS ROCA ROTHGERBER CHRISTIE LLP
1200 17th Street, Suite 3000
Denver, CO  80202-5855
Tel:     303.623.9000
Fax:    303.623.9222
Email:   ccaby@lrrc.com

*Attorneys for Powell Hospital District*

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 16-20326 |
| POWELL VALLEY HEALTH CARE, INC., | ) ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

## OBJECTION TO MOTION FOR ORDER AUTHORIZING RULE 2004 EXAMINATIONS AND PRODUCTION OF DOCUMENTS FILED BY HEALTHTECH MANAGEMENT SERVICES, INC. AND WILLIAM D. PATTEN

Powell Hospital District (the "District"), by and through its undersigned counsel, Lewis Roca Rothgerber Christie LLP, hereby files its Objection to Motion for Order Authorizing Rule 2004 Examinations and Production of Documents Filed by HealthTech Management Services, Inc. and William D. Patten (the "Objection") and states as follows:

### INTRODUCTION

Powell Hospital District is a special district organized pursuant to Wyo. Stat. § 35-2-401, *et seq*. The above-captioned Debtor is a separate Wyoming nonprofit corporation qualified to do business pursuant to Section 501(c)(3) of the Internal Revenue Code. The Debtor was created in 1992 for the purpose of leasing and operating the District's hospital facilities. Through the years, the District, as lessor, and the Debtor, as lessee, have entered into lease agreements

101372277_1

allowing the Debtor to lease certain real property, equipment, furniture and fixtures from the District in order to ensure the availability of hospital facilities for the provision of health care services in and around Powell, Wyoming.

Conceptually, the District has no objection to HealthTech Management Services Inc. and William D. Patten (together, "HealthTech") seeking and obtaining information through the use of Bankruptcy Rule 2004. However, the scope and breadth of the requested information, as it pertains to the District, far exceeds the typical parameters of Rule 2004 examinations and is highly duplicative of requests made of the Debtor and the Committee, burdensome, and requests confidential and/or private information that in no way impacts the Debtor's bankruptcy case.

**BACKGROUND**

1. On May 16, 2016 (the "Petition Date"), Powell Valley Health Care, Inc. (the "Debtor") filed a Voluntary Petition for relief under Chapter 11 of Title 11 of the U.S. Bankruptcy Code (the "Bankruptcy Code") with the U.S. Bankruptcy Court for the District of Wyoming (the "Court").

2. On June 21, 2016, the United States Trustee appointed an Official Unsecured Creditors' Committee in the Debtor's case (Docket No. 145). Thereafter, on July 14, 2016, the Official Committee of Unsecured Creditors (the "Committee") sought to employ Spencer Fane LLP as its counsel (Docket No. 217). On July 19, 2016, the Court approved the hiring of Spencer Fane LLP as counsel for the Committee (Docket No. 219).

3. Since the formation of the Committee, the Debtor, the Committee and various interested parties have sought input from various creditor constituencies in order to file a consensual plan of reorganization. Indeed, on April 24, 2017, the Debtor filed its Disclosure Statement in Support of Chapter 11 Plan of Reorganization Dated April 24, 2017 (Docket

No. 498) (the "Disclosure Statement") and Chapter 11 Plan of Reorganization Dated April 24, 2017 (Docket No. 499) (the "Plan").

4. Thereafter, on May 19, 2017, HealthTech filed its Motion for Order Authorizing Rule 2004 Examinations and Production of Documents (Docket No. 525) (the "Rule 2004 Motion"). The Rule 2004 Motion requests documents and examination of not only the District but of several of the Debtor's board of directors and certain *individual* Committee members (a total of 16 individuals, plus presumably a representative of the District) regarding the Disclosure Statement, the Plan and other matters pertaining to the Debtor's bankruptcy case.

5. Since the filing of the Rule 2004 Motion, the Committee, certain individual Committee members and the Debtor have objected or will be objecting to the Rule 2004 Motion based on numerous grounds. *See, e.g.,* Docket Nos. 527 and 529 (collectively, the "Objections"). The District shares many of the concerns raised in the various Objections including, but not limited to, whether the Rule 2004 process is being employed for an improper purpose.

6. As the Rule 2004 Motion specifically relates to the District, the District believes it is largely duplicative of discovery being sought from the Debtor and the Committee. Additionally, the breadth and scope of the document requests directed at the District (Exhibit B to Rule 2004 Motion) is overwhelming. HealthTech demands documents and information relating to 27 separate areas of inquiry that, if allowed by the Court, would place an extreme time and financial burden on the District and its employees. In addition, some of the requested documents are simply irrelevant to the Debtor's bankruptcy case and/or are highly confidential. Accordingly, as set forth in greater detail below, the District objects to the Rule 2004 Motion.

**OBJECTION**

7. The District joins in and incorporates each of the Objections filed by the Debtor, the Committee, and the individual Committee members as if fully set forth herein.

8. Rule 2004(a) allows a court to order the examination of any entity. However, the scope of examination is not unlimited. Rule 2004(b) provides:

> The examination of an entity under this rule or of the debtor under § 343 of the Code may relate *only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate*, or to the debtor's right to a discharge. In a family farmer's debt adjustment case under chapter 12, an individual's debt adjustment case under chapter 13, *or a reorganization case under chapter 11 of the Code, other than for the reorganization of a railroad, the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan*.

FED. R. BANKR. P. 2004(b) (emphasis added).

9. "Rule 2004 examinations cannot be used for the purpose of abuse or harassment [and] should not be used to annoy, embarrass or oppress the debtor." *See, e.g.*, *In re Strecker*, 251 B.R. 878, 882 (Bankr. D. Colo. 2000). Moreover, "while the scope of Rule 2004 is broad, the rule cannot be used to harass, abuse, or inquire into irrelevant matters, and examinations should not be overly disruptive or costly." *In re Lufkin*, 255 B.R. 204, 209 (Bankr. E.D. Tenn. 2000) (citing *In re Fearn*, 96 B.R. 135 (Bankr. S.D. Ohio 1989)).

10. It is within this court's discretionary power of Rule 2004(a) to deny Rule 2004 discovery when discovery is improper or is requested for an improper purpose. *See In re Snyder*, 52 F.3d 1067 (5th Cir. 1995) (bankruptcy court did not abuse its discretion by denying production under Rule 2004 subpoena where appellant's primary motivation was to use those materials in a state court action against the examinee). It is also within the Court's § 105(a)

equitable power to do the same. *See In re Adelphia Commc'ns Corp.*, 294 B.R. 39, 44-45 (Bankr. S.D.N.Y. 2003) ("[T]he Court believes that it has the power under . . . Bankruptcy Code section 105(a), to stay discovery from parties and non-parties alike, and to stay document discovery as well as depositions.").

A.  **The Document Requests to the District Are Largely Duplicative of the Document Requests served on the Debtor and the Committee**

11.  The Rule 2004 Motion, as it pertains to the District, is largely duplicative of the information sought from the Debtor and, to a lesser degree, the Committee. *Compare* Exhibits A and B to the Rule 2004 Motion. By way of illustration, Document Requests 1-4, 6-9, 14-23 and 25-27 made to the District are largely duplicative (with nominal changes) of Document Requests 1-4, 6-9, 15, 18-27 and 29-31 made to the Debtor.

12.  In providing some or all of the information requested by HealthTech, the District will be forced to unnecessarily, and at significant time and expense to the District and its employees, produce essentially the same documents being requested from the Debtor (and, to a lesser degree, the Committee). In instances such as these, the Court has the ability to limit discovery when the discovery sought is unreasonably cumulative or duplicative or can otherwise be obtained from other sources on a more convenient, less burdensome and/or less expensive basis. *Cf. In re Miller,* 2012 WL 2953111, at *4–5 (Bankr. D. Colo. 2012) ("In every case, the court has the discretion in the interests of justice to prevent excessive or burdensome discovery. Moreover, FED. R. CIV. P. 26(b)(2)(C) requires the Court to limit the frequency or extent of discovery, whether by motion or on its own, if the Court determines: (i) *the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive*; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of

the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.") (citing *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) (emphasis added)).

13. The District requests that the Court limit any and all duplicative discovery requests in which HealthTech requests the same or substantially the same discovery from the Debtor or the Committee. Without the requested limitation, the District asserts that the discovery sought by HealthTech is unreasonably cumulative and/or duplicative or otherwise can be obtained from some other source that is more convenient, less burdensome, or less expensive.

**B.     Certain Discovery Requests Require the District to Provide Information that is Private and Confidential and/or Irrelevant to the Debtor's Bankruptcy Case**

14. HealthTech requests the District provide private and confidential information serving absolutely no purpose in the Debtor's bankruptcy case. For example, HealthTech has requested federal and state income tax returns from the District for the last four years. *See* Exhibit B, Document Request 12. This information is private and confidential; HealthTech has demonstrated absolutely no basis for why this information is necessary and, more importantly, how it relates to the Debtor's financial circumstances, the Disclosure Statement or the Plan.

15. HealthTech also requests "all documents concerning, relating to or evidencing [the District's] indemnification obligations . . . owed to any other person or entity, whether the obligations are currently owed or contingent." *See* Exhibit B, Document Request 13. Again, HealthTech has demonstrated absolutely no basis for why this information is necessary or how the *District's* indemnification obligations, if any, relate to the Debtor's financial circumstances.

16. Furthermore, at Request No. 15, HealthTech requests "all documents concerning, relating to, or evidencing the basis for the **Debtor's** contention that there are no Allowed Reimbursement, Contribution and Indemnity Claims, as defined and stated in the Plan." *See* Exhibit B, Document Request 14 (emphasis added). This Document Request, like many others, appears that it should be directed to the Debtor and not to the District.

17. At Request Nos. 15 and 16, HealthTech states as follows:

- Please Produce all documents concerning or related to files you provided to any governmental unit during the Time Period, including any health department.

- Produce all documents during the Time Period related to current or former board of directors and/or trustees, including their names, dates of service, voting results, their salaries and reimbursements, and any other documents related to or demonstrating compliance with Wyo. Stat. § 35-2-404.

*See* Document Request Nos. 15 and 16. It is difficult to determine how or why this information is necessary or how it relates to the Debtor's financial circumstances. Similarly, it is difficult to understand how Document Requests 20, 22, 23 and 27 have anything to do with the Debtor's financial condition.

18. As set forth above, the District does not have a *per se* objection to providing HealthTech with responsive documents. Additionally, the District is willing to discuss these matters with HealthTech in order to significantly limit the breadth and scope of each request directed at the District. However, the District believes the current Document Requests directed at the District are burdensome, duplicative or otherwise request confidential, private or irrelevant information that will require extensive time and resources to complete. Accordingly, the District objects to HealthTech's Rule 2004 Motion.

WHEREFORE, Powell Hospital District respectfully objects to HealthTech's Rule 2004 Motion and requests the Court deny the same as it pertains to the District, and requests such other and further relief as may be just and proper under the circumstances.

Respectfully submitted this 25th day of May, 2017.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

*s/ Chad S. Caby*
Chad S. Caby, Wyo. Reg. No. 7-5457
1200 17th Street, Suite 3000
Denver, CO  80202-5855
Phone:   303.623.9000
Fax:     303.623.9222
Email:   ccaby@lrrc.com

*Attorneys for Powell Hospital District*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on May 25, 2017, a true and correct copy of the foregoing OBJECTION TO MOTION FOR ORDER AUTHORIZING RULE 2004 EXAMINATIONS AND PRODUCTION OF DOCUMENTS FILED BY HEALTHTECH MANAGEMENT SERVICES, INC. AND WILLIAM D. PATTEN was mailed by depositing same in the United States mail, first-class postage prepaid, addressed to the CM/ECF registered attorneys and parties in interest at the addresses of record on the Court's electronic database as of the date of service of the above.  See attached Service List.

*s/ Kimberly Means*
OF: LEWIS ROCA ROTHGERBER CHRISTIE LLP

Label Matrix for local noticing
1089-2
Case 16-20326
District of Wyoming
Cheyenne
Thu May 25 15:33:17 MDT 2017

Tiffany M. Brown
Meagher & Geer, PLLP
33 South Sixth Street
Suite 4400
Minneapolis, MN 55402-3720

Brent R. Cohen
Lewis Roca Rothgerber Christie LLP
1200 17th Street, Suite 3000
Denver, CO 80202-5855

Gregory C. Dyekman
Dray, Dyekman, Reed & Healey, P.C.
204 East 22nd Street
Cheyenne, WY 82001-3799

Patrick T. Holscher
141 South Center, Suite 500
Casper, WY 82601-2569

Deborah Kellam
866 N. 4th Street, Suite 3
Laramie, WY 82072-2530

Bryant T. Lamer
Spencer Fane LLP
1000 Walnut Street, Suite 1400
Kansas City, MO 64106-2168

Alan Motes
United States Trustee, Region 19
Byron G. Rogers Federal Building
1961 Stout Street, Suite 12-200
Denver, CO 80294-6004

Jason E. Ochs
Ochs Law Firm, P.C.
323 S. David St.
Casper, WY 82601-2421

George E. Powers Jr.
1725 Carey Avenue
PO Box 328
Cheyenne, WY 82003-0328

Donald D. Allen
Markus Williams Young & Zimmermann, LLC
1700 Lincoln Street Suite 4550
Denver, CO 80203-4509

(c)JAMES T. BURGHARDT
MOYE WHITE LLP
1400 16TH ST STE 600
DENVER CO 80202-1486

Jamie Cotter
Spencer Fane Britt & Browne
1700 Lincoln St., Suite 2000
Denver, CO 80203-4554

Lisa A. Epps
Spencer Fane LLP
1000 Walnut Street, Suite 1400
Kansas City, MO 64106-2168

Bradley T Hunsicker
Markus Williams Young & Zimmermann LLC
106 East Lincolnway, Suite 300
Cheyenne, WY 82001-4567

Sarah A. Kellogg
The Spence Law Firm, LLC
PO Box 548
15 S. Jackson St
Jackson, WY 83001-8520

Markus Williams Young & Zimmermann LLC
106 East Lincolnway, Suite 300
Cheyenne, WY 82001-4567

Jon M. Moyers
Moyers Law P.C.
490 N. 31st Street, Suite 101
Billings, MT 59101-1256

Philip A. Pearlman
Spencer Fane Britt & Browne LLP
1700 Lincoln St., Suite 2000
Denver, CO 80203-4554

Diana Rhodes
Rhodes Law Firm
2015 Warren Ave.
Cheyenne, WY 82001-3725

Ethan J. Birnberg
Lindquist & Vennum P.L.L.P.
600 17th Street Suite 1800 South
Denver, CO 80202-5402

Chad S. Caby
Lewis Roca Rothgerber Christie LLP
1200 17th Street, Suite 3000
Denver, CO 80202-5855

Michael S. Davis
Zeichner Ellman & Krause LLP
1211 Avenue of the Americas
40th Floor
New York, NY 10036-6149

Scott J. Goldstein
Spencer Fane LLP
1000 Walnut Street, Suite 1400
Kansas City, MO 64106-2168

Eric L. Johnson
Spencer Fane Britt & Browne LLP
1000 Walnut Street, Suite 1400
Kansas City, MO 64106-2140

Robert A. Krause
The Spence Law Firm, LLC
P.O. Box 548
Jackson, WY 83001-0548

Daniel J. Morse
Assistant U.S. Trustee
308 West 21st Street, Room 203
Cheyenne, WY 82001-3669

Catherine A. Naltsas
Lynberg & Watkins
1150 S. Olive St, Suite 1800
Los Angeles, CA 90015-2211

Powell Valley Health Care, Inc.
777 Avenue H
Powell, WY 82435-2260

Elizabeth Richards
The Spence Law Firm, LLC
15 S. Jackson St.
P.O. Box 548
Jackson, WY 83001-0548

| | | |
|---|---|---|
| Randy L. Royal<br>P.O. Box 551<br>524 5th Ave. S.<br>Greybull, WY 82426-2322 | Jennifer M. Salisbury<br>Markus Williams Young & Zimmermann LLC<br>1700 Lincoln Street, #4550<br>Denver, CO 80203-4509 | Daniel R. Schimizzi<br>Bernstien-Burkley, P.C.<br>707 Grant Street, Suite 2200<br>Gulf Tower<br>Pittsburgh, PA 15219-1945 |
| Lance E. Shurtleff<br>Hall & Evans LLC<br>1125 17th St., Ste. 600<br>Denver, CO 80202-2052 | John C. Smiley<br>Lindquist & Vennum P.L.L.P<br>600 17th Street<br>Suite 1800 South<br>Denver, CO 80202-5402 | Charles E. Spevacek<br>Meagher & Geer, PLLP<br>33 South Sixth Street<br>Suite 4400<br>Minneapolis, MN 55402-3720 |
| (c)TIMOTHY M SWANSON<br>MOYE WHITE LLP<br>1400 16TH ST STE 600<br>DENVER CO  80202-1486 | Julie Nye Tiedeken<br>McKellar, Tiedeken & Scoggin, LLC<br>702 Randall Avenue<br>P.O. Box 748<br>Cheyenne, WY 82003-0748 | US Trustee<br>308 West 21st Street, 2nd Floor<br>Cheyenne, WY 82001-3669 |
| Timothy L. Woznick<br>Dray, Dyekman, Reed & Healey, P.C.<br>204 East 22nd Street<br>Cheyenne, WY 82001-3799 | John F. Young<br>Markus Williams Young & Zimmermann LLC<br>1700 Lincoln Street Suite 4000<br>Denver, CO 80203-4540 | |

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

| | | |
|---|---|---|
| James T. Burghardt<br>Moye White LLP<br>1400 16th St., 6th Floor<br>Denver, CO 80202 | Timothy M Swanson<br>Moye White LLP<br>1400 16th Street, 6th Floor<br>Denver, CO 80202 | End of Label Matrix<br>Mailable recipients    40<br>Bypassed recipients     0<br>Total                  40 |