Jamie N. Cotter (Wyoming Bar No. 74721)
Philip A. Pearlman (Colorado Bar No. 11426)
Scott J. Goldstein (Missouri Bar No. 28698)
Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver, Colorado 80203
Telephone: (303) 839-3800
Facsimile: (303) 839-3838
jcotter@spencerfane.com
*Counsel to the Official Committee of*
*Unsecured Creditors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| **In Re:** | ) | **Chapter 11** |
| | ) | **Case No. 16-20326** |
| **POWELL VALLEY HEALTH CARE, INC.,** | ) | |
| | ) | |
| **Debtor-in-possession.** | ) | |

## COMMENTS TO DEBTOR'S DISCLOSURE STATEMENT

The Official Committee of Unsecured Creditors (the "Committee"), for its Comments to

Debtor's Disclosure Statement (the "Comments"), states as follows:

1.      The Committee is not objecting to the Debtor's Disclosure Statement.  Rather, in

furtherance of its Comment filed on May 1, 2017, the Committee requests the Debtor either

provide a supplement to the Disclosure Statement, or that it be set out in any order approving the

Disclosure Statement the following matters (to the extent they are not resolved before the hearing

on July 6, 2017) for clarification purposes, so that all Tort Claimants and other parties in interest

are aware of the major remaining issues the Committee has with the Disclosure Statement, Plan

and/or Personal Injury Trust (the "Plan Documents").[1]

2.      The clarifications are as follows:

(a)      The Plan Documents should be amended to provide that the transfer to the

Personal Injury Trust includes any claims, if any, whether arising under contract or tort, against

---

[1] These clarifications relate to the major remaining issues.  The Committee reserves all rights to object to the Plan, whether included in these Comments or not.

WA 9768424.1

any insurance brokers or agents that obtained and/or assisted the Debtor in obtaining any insurance, including but not limited to Wyoming Financial Services, Willis of Wyoming/Willis Group (now USI Insurance Services and/or Risk Placement Services, Inc.

(b)     With respect to Class 7, at this time the insurance carriers have distinguished coverage issues based, in many instances, on policy years and not the alleged tort-feasor.  The Committee understands that currently USI will agree to coverage for four (4) claims made in year 2 of its policy (8-1-15 – 8-1-16) and One Beacon Insurance Company has agreed to provide coverage relating to one (1) claim made during its policy year – 8-1-13 – 8-1-14.  The Committee's further understanding is that two (2) of the claims relate to Dr. Hansen and three (3) claims apparently do not.  The Committee will work with the Debtor to amend Class 7 as appropriate, as it is clear at this time the insurance carriers are disputing coverage to several of the non-Hansen related claims.

(c)     The Committee is continuing to discuss issues relating to the tax treatment of the trust and language contained in the Plan Documents relating thereto, to clarify the Committee's belief that the trust qualifies as a Qualified Settlement Fund, is not subject to a five (5) year term requirement and any income of the trust will be taxed to the trust.

(d)     The Plan Documents need to be clarified as to the rights of the Personal Injury Trustee and Tort Claimants upon a default by the Debtor under the Plan Documents and/or a breach by the District of its Amended Lease Obligations, and the jurisdiction where the enforcement of any such default and/or breach may be enforced.

(e)     The Plan Documents need to be clarified to provide that the Bankruptcy Court shall not have exclusive jurisdiction over the Transferred Causes of Action, but they may be filed and/or pursued wherever jurisdiction exists.

WA 9768424.1

(f)     The Plan Documents need to be clear that to the extent the Tort Claimants have direct claims against any parties which are not released under the Plan and/or by the Tort Claimants, including but not limited to Hansen, HealthTech and/or Patten, the Trust Claimants are not prevented under any provision of the Plan Documents from proceeding against such parties in any appropriate jurisdiction.

(g)     The Debtor and Committee currently disagree as to the construction and effect of the so-called "excess recovery" / "make whole" provisions in the Plan Documents. These are the provisions that define under what circumstances the Debtor may share in, or succeed to recoveries by the Personal Injury Trustee as a result of litigation relating to the Transferred Causes of Action, and what fees and costs may be taken into account in determining any such calculations.  The Debtor and Committee are continuing to discuss these matters and the Committee understands the Debtor and Tort Claimants reserve all rights at this time with respect thereto.

(h)     Finally, as in virtually all bankruptcy cases involving a number of tort claims and the creation of a trust to administer them, the Debtor and Committee have been in discussions concerning trust distribution procedures that describe the method and timing of the liquidation of tort claims, and any issues relating thereto, including but not limited to the prosecution of any extra-contractual claims against any insurance companies.  At this time, the parties reserve all rights, except that the Committee contemplates requiring as a condition of confirmation of the Debtor's Plan and any trust distributions procedures that the Court enter an order (which it believes is merely a statement of law) that neither the discharge nor injunction which arise by operation of law under the Bankruptcy Code affect the ability of the Personal Injury Trustee to assert bad faith claims, if any, under Wyoming law with respect to the

WA 9768424.1

Transferred Causes of Action, and that the trust distribution procedures ultimately approved by

the Court similarly be conditioned upon a finding by the Court that:  (i) the process and any

settlement determined under the trust distribution procedures shall be considered reasonable, in

good faith and non-collusive for purposes of establishing any bad faith liability, if any, of any

insurers; and (ii) any bad faith claims are preserved notwithstanding any discharge under the

Plan pursuant to 11 U.S.C. § 1141 or any injunction provided for under 11 U.S.C. § 524.

3.      The Committee reserves all rights to amend and supplement these Comments

prior to the hearing on the Disclosure Statement.

Respectfully submitted,

SPENCER FANE LLP

/s/ Jamie N. Cotter
Jamie N. Cotter WY #74721
Philip A. Pearlman CO #11426
1700 Lincoln Street, Suite 2000
Denver, CO 80203-4554
(303) 839-3800
(303) 839-3838—Fax
jcotter@spencerfane.com
ppearlman@spencerfane.com


Scott J. Goldstein  MO #28698
1000 Walnut, Suite 1400
Kansas City, MO 64106
(816) 474-8100
(816) 474-3216– Fax
sgoldstein@spencerfane.com

COUNSEL TO OFFICIAL COMMITTEE OF
UNSECURED CREDITORS

WA 9768424.1