Jamie N. Cotter (Wyoming Bar No. 74721)
Philip A. Pearlman (Colorado Bar No. 11426)
Scott J. Goldstein (Missouri Bar No. 28698)
Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver, Colorado 80203
Telephone: (303) 839-3800
Facsimile: (303) 839-3838
jcotter@spencerfane.com
*Counsel to the Official Committee of
Unsecured Creditors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In Re: ) | Chapter 11 |
| ) | Case No. 16-20326 |
| **POWELL VALLEY HEALTH CARE, INC.,** ) | |
| ) | |
| **Debtor-in-possession.** ) | |

### MOTION FOR ORDER DIRECTING MEDIATION AND APPOINTING
### THE HONORABLE MARK L. CARMAN TO SERVE AS MEDIATOR

The Official Committee of Unsecured Creditors (the "Committee"), for its Motion for Order Directing Mediation and Appointing the Honorable Mark L. Carman to Serve as Mediator (the "Motion"), states as follows:

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding.

2. The Petition commencing this Chapter 11 case was filed on May 16, 2016. The case is currently pending before this Court.

3. The Motion arises under 11 U.S.C. § 105 of the Bankruptcy Code, and Local Rule 9019-2 (incorporating Wyoming United States District Court Local Rule 16.3).

### RELIEF REQUESTED

4. The Committee respectfully requests that this Court enter an order directing, on consent of all parties set forth herein (the "Mediation Parties"), a mediation, and appointing The

Honorable Mark L. Carman, United States Magistrate Judge for the District of Wyoming, to serve as Mediator. The Mediation Parties are as follows:

- Debtor Powell Valley Healthcare, Inc.
- The Committee.
- The Tort Claimants, by and through their respective counsel, Jon Moyers, William Fix, Robert Krause, Randy Royal and Collin Hopkins (representing the Tort Claimants listed on **Exhibit A** attached hereto).
- UMIA Insurance, Inc. ("UMIA").
- Lexington Insurance Company.
- One Beacon Insurance Company ("Homeland").
- HealthTech Management Services, Inc.
- William D. Patten.
- Dr. Jeffrey Hansen.
- Powell Hospital District (the "District").
- Any other party(ies) the mediator determines should be present.

## BACKGROUND

5. As the Court and the Mediation Parties are well aware, this is a complicated case involving the survival of Powell Valley Health Care, Inc., the fair treatment of persons who claim to have been injured by the acts and conduct of one of its former doctors, and certain other parties and the extent to which any such acts are covered by insurance.

6. The Debtor and Committee have been negotiating a fair resolution of these matters, which resulted in the filing by the Debtor on April 24, 2017, of a Plan, Disclosure Statement and Personal Injury Trust (the "Plan Documents"). As stated by the Committee in its Comment filed on May 1, 2017, the Debtor and Committee are close to consensus, but there are still several issues regarding the Plan Documents for which the parties are continuing to

negotiate, but the Debtor, Committee and Tort Claimants are working hard to resolve these issues.

7. Nevertheless, there are other parties included within the list of Mediation Parties for which consensus on the Plan Documents has not been reached.

8. The Mediation Parties have, therefore, been in discussions to conduct a global mediation which the Committee believes, if successful, may resolve many, if not all of the remaining issues of all of the Mediation Parties, and allow this case to go forward to confirmation without any delay from the normal disclosure statement and confirmation process (which will likely include objections, evidentiary hearings and other motions which, without a complete resolution, may cause considerable delay to the confirmation process).

## MEDIATION

9. Judge Carman has agreed to conduct a mediation on two (2) alternate sets of dates, either August 2, 3, and 4 or August 9, 10, and 11. Not all of the parties are able to participate on all of these dates, but the Committee anticipates being able to coordinate schedules to achieve a workable solution.

10. All of the Mediation Parties have agreed to the mediation, subject to certain conditions that the Committee will make certain are included in Judge Carman's mediation schedules, procedures and deadlines, including the following: (i) the plan confirmation process shall be held in abeyance for approximately sixty days beginning on the date this Motion is filed (including the hearing on approval of the disclosure statement) to allow all parties to focus on the mediation; (ii) the mediation will include the issues of coverage, liability, and damages as to all claims for which any Tort Claimant is seeking liability against the Debtor, District, HealthTech Management Services, Inc., Mr. Patten, and/or Dr. Hansen, and including any issues arising from any assignments or attempted assignments of such claims and any claims among the Mediation

Parties arising from such claims, except for the five (5) claims set forth on **Exhibit B;** (iii) as to Homeland, the Committee, in consultation with the Debtor, shall provide a counter-offer to the outstanding offer of Homeland before the mediation commences, according to the schedules and procedures determined by Judge Carman; and (iv) as to requests for production of documents served by UMIA on the Debtor in the pre-petition declaratory judgment action, the Committee and Debtor agree to use good faith efforts to provide non-privileged information and documents responsive to those requests within a timeframe that enables UMIA to thoroughly evaluate them in advance of the mediation date, pursuant to schedules and procedures established by Judge Carman (but notwithstanding the foregoing, the Debtor retains its right to object to the requests for production of documents, in good faith, on any grounds which would have been available to the Debtor had this bankruptcy case not been commenced).  All parties to the mediation agree that the restrictions and procedures set forth in the Protective Order dated April 12, 2016 entered by Judge Carman in *Homeland Ins. Co. of New York v. Powell Hospital District, et,al.*, Case No. 15-cv-31, United States District Court for the District of Wyoming, shall apply to all information exchanged by any of the Mediation Parties in connection with the mediation.  A copy of the Protective Order is attached hereto as **Exhibit C**.

11.    Within the mediation, the Tort Claimants shall provide written submissions of the asserted liability for and value of the claims for each tort claim subject to mediation, with supporting documentation, for the review and consideration of Judge Carman and the other Mediation Parties.  The other Mediation Parties may provide such information to the Judge as they may determine might assist the Judge.

12. The Mediation Parties shall specifically address insurance coverage issues, including but not included to the rescission claims asserted by the insurance companies in the declaratory judgment action.

13. The mediation shall be held at a location of the choosing of Judge Carman on the dates set forth herein, but may be in Jackson Hole, Wyoming, or Denver, Colorado, or other location convenient to the mediator and the parties.

14. The mediation shall be conducted by Judge Carman without cost to the estate or any other party; provided, however, that Judge Carman may require the Mediation Parties to agree that he may hire Cody Balzer, Esq. to assist him, at a reasonable hourly rate to be paid by the Mediation Parties, provided, however, that UMIA shall not be obligated to contribute toward payment of any evaluation of the individual Tort Claimants' claims by Mr. Balzer or any other professional not hired directly by UMIA. The mediator shall not be involved in that payment process. Committee counsel agrees to handle the payment of Mr. Balzer with the Mediation Parties.

15. Judge Carman shall, upon entry of an order approving this Motion, and subject to the terms of that order and any further order of this Court, manage the mediation moving forward, including but not limited to the establishment of schedules and protocols for the mediation process.

16. While participation in the mediation is and shall remain voluntary on the part of each Mediation Party, each party participating in the mediation shall do so in good faith.

17. Absent further order of a court or a written waiver by the disclosing party, no communication of any type, whether oral or written, or documents or information related in any way to the mediation, may be used by any party for any purpose, including impeachment, in any

arbitration, judicial, administrative or other proceeding, and may not be disclosed to any non-party to the mediation. All such communications, documents, and information are subject to Fed. R. Evid. 408, Wyoming United States District Court Local Rule 16.3, and all other applicable settlement privileges arising under applicable law.

WHEREFORE, the Committee respectfully requests that this Court enter an order directing mediation and appointing The Honorable Judge Mark L. Carman to serve as mediator as set forth herein.

Dated: June 27, 2017.

Respectfully submitted,

SPENCER FANE LLP

/s/ Philip A. Pearlman, Esq.
Philip A. Pearlman  CO  #11426
Jamie N. Cotter  WY #74721
1700 Lincoln Street, Suite 2000
Denver, CO 80203-4554
(303) 839-3800
(303) 839-3838—Fax
jcotter@spencerfane.com
ppearlman@spencerfane.com


Scott J. Goldstein   MO #28698
1000 Walnut, Suite 1400
Kansas City, MO 64106
(816) 474-8100
(816) 474-3216– Fax
sgoldstein@spencerfane.com

COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS

# EXHIBIT A

**Tort Claimants**

Nathaniel Bates
Sheena Bates
Nathaniel Bates and Sheena Bates, as the parents
and natural guardians of I.S.B.

Jan Brinkerhoff
Bart Brinkerhoff

Anthony DiPilla
Laurie DiPilla

Shannon Eller

Nancy Heiser
Larry Heiser

Sheryl Henderson
Darin Henderson

Joetta Johnson

Martha McMillen
Richard McMillen

Keela Meier
Brock Meier

Kanan Nicholson

Michelle Oliver

Darcy Ronne

Jody Sessions
Jerry Sessions

Lynn Snell
Janet Snell

Veronica Sommerville
William Sommerville
Veronica & William Sommerville, as the parents
and natural guardians of A.L.S.

Susan Stambaugh
Scot Stambaugh

Shane Wilson
Jayme Wilson

Kelly Hatcher

Harry Allan Knopp
Jo Ann Knopp

Susan Scott
Doug Scott

Werbelow

# EXHIBIT B

**Tort Claimants**

Nancy Crawford,
Earl Crawford III

Mark Bonamarte
Nanette Nofzinger

Beverley Curtis

William C. Haney

EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

FILED
*8:09 am, 4/13/16*
**Stephan Harris
Clerk of Court**

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF OF NEW YORK | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 15-CV31-J<br>) |
| POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTHCARE, INC., HEALTHTECH MANAGEMENT SERVICES, INC., JEFFREY HANSEN, M.D. and WILLIAM D. PATTEN, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |
| and | ) |
| HEALTHTECH MANAGEMENT SERVICES, INC. and WILLIAM D. PATTEN, | )<br>)<br>) |
| Counterclaimants | )<br>) |
| v. | )<br>) |
| UMIA INSURANCE, INC. and LEXINGTON INSURANCE COMPANY | )<br>)<br>) |
| Counterclaim-Defendants | )<br>) |
| and | ) |
| POWELL HOSPITAL DISTRICT, POWELL VALLEY HEALTH CARE, INC., and JEFFREY HANSEN, M.D., | )<br>)<br>)<br>) |
| Cross-Claimants, | )<br>) |
| v. | )<br>) |
| UMIA INSURANCE, INC., and LEXINGTON INSURANCE COMPANY | )<br>)<br>) |
| Crossclaim-Defendants. | ) |

## PROTECTIVE ORDER

IT IS HEREBY ORDERED by the Court that the following restriction and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1. Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential if counsel determines, in a good faith, that such designation is necessary to protect the interests of the client ("Confidential"). Information and documents designated by a party as Confidential will be stamped "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "Confidential Information."

2. In addition, non-parties producing documents or information in the course of this action may also designate such documents or information as "Confidential," subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served alone with any subpoena served in connection with this action. All documents produced by such non-parties shall be treated as "Confidential Information" for a period of fourteen (14) days from the date of their production, and during that period any party may designate such documents as "Confidential Information" pursuant to the terms of the Protective Order.

3. Unless ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action, including but not limited to use of Confidential Information at trial.

4. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

2

5.  Information or documents designated as "Confidential" shall not be disclosed to any person, except:

    a.  The requesting party and counsel, including in-house counsel;
    b.  Employees of such counsel assigned to and necessary to assist in the litigation;
    c.  Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;
    d.  Any person from whom testimony is taken or is to be taken in these actions, except that such a person may only be shown that Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information;
    e.  The Court (including any clerk, stenographer, or other person having access to any Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions; and
    f.  Auditors, regulators, accountants, reinsurance and retrocessionnaires of any party to this Agreement.

6.  Each Party and all persons bound by the terms of this Agreement shall use Confidential documents or Confidential Information only for the purpose of prosecution or defense of this Litigation, including but not limited to evaluating and resolving the coverage dispute between the Parties in this Litigation and further including handling, evaluating and resolving insurance coverage for the underlying claims at issue in this Litigation.

7.  Prior to disclosing or displaying the Confidential Information to any person, counsel shall:

    a.  inform the person of the confidential nature of the information or documents; and
    b.  inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person, as provided in this Protective Order.

8.  The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 4(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses

3

to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

9. If Confidential Information is disclosed to anyone other than in a manner authorized by this Protective Order, the Party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the producing Party and make every reasonable effort to retrieve such Confidential Information and to prevent further disclosure.

10. The disclosure of a document of information without designating it as Confidential shall not constitute a waiver of the right to designate such document or information as Confidential Information provided that the material is designated pursuant to the procedures set forth herein no later than that latter of fourteen (14) days after the close of discovery or fourteen (14) days after the document or information's production; and further provided that confidentiality of protected health information as defined at 45 CFR § 164.512 shall not be deemed waived merely through failure to designate the document containing such information as confidential as provided in this Agreement. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

11. All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal to the extent permitted by law (including without limitation any applicable rules of court) and kept under seal until further order of the Court. To the extent the Court requires any further act by the parties as a precondition to the filing of documents under seal (beyond the submission of this Stipulation and Order Regarding Confidential Information), it shall be the obligation of the producing party of the documents to be filed with the Court to satisfy any such precondition. Where possible, only confidential portions of filings with the Court shall be filed under seal.

12. Upon final termination of this Litigation, unless otherwise agreed to in writing by an attorney of record for the designating Party, each Party and its counsel and agents shall either destroy, or shall return to the producing party, all Confidential Documents, and copies and samples which include Confidential Information and/or reflect Counsel's work product; provided, however, that such Confidential Information and Confidential Documents may be retained in the files of the entities listed in paragraph (5) above, and may be destroyed pursuant to those entities' regular file retention policies, so long as such Confidential Information and Confidential Documents are maintained in a secure environment to prevent unauthorized access or disclosure.

13.     This Protective Order shall apply to information and documents produced via discovery in this litigation which contain protected health information as defined at 45 CFR § 160.103, and as to such information constitutes a qualified protective order pursuant to 45 CFR § 164.512(e)(1)(v).

The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.  This Order may be enforced by either party and any violation may result in the imposition of sanction by the Court.

**DATED** this 12th day of April, 2016

_____
MARK L. CARMAN
UNITED STATES MAGISTRATE JUDGE

5

# EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Homeland Insurance Company of New York, et al., v. Powell Hospital District, et al.*, No. 15-CV31-J , U.S. District Court for the District of Wyoming, have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____ DATED:

Signed in the presence of:

_____

(Attorney)