Collin C. Hopkins, WSB #6-4032
The Law Offices of Collin Hopkins, P.C.
705 East Washington
Riverton, WY 82501
Telephone: 307-856-9101
ceehop@gmail.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POWELL VALLEY HEALTH CARE, INC., | ) | Case No. 16-20326 |
| | ) | |
| Debtor-in-Possession. | ) | |

_____

## MOTION FOR ENTRY OF AN ORDER ALLOWING PROOF OF CLAIM #95-1 PURSUANT TO RULE 9006(b)(1) OR IN THE ALTERNATIVE MOTION FOR RELIEF FROM STAY

_____

Tort Claimant and party-in-interest, Peggi Jo Werbelow ("Claimant"), by and through undersigned counsel, hereby files her Motion for Entry of an Order Allowing Proof of Claim #95-1 or in the alternative Motion for Relief from Stay and in response to the Court's Order entered October 12, 2017 (Doc 704) states as follows:

### RELEVANT FACTS

Peggi Jo Werbelow filed suit for medical malpractice against Powell Valley Health Care, Inc. ("Debtor" or "PVHC") and Jeffrey Hansen, M.D., individually ("Dr. Hansen") on April 27, 2015 *In re*: The District of Park County, Wyoming, Fifth Judicial District,

Civil Action No. 28031.[1]  PVHC filed its *Answer* on or about July 13, 2015 and Dr. Hansen filed his *Answer* on or about July 20, 2015.  Defendants did not raise an affirmative defense of bankruptcy.

On or about August 12, 2015 Dr. Hansen produced his *Initial Rule 26 Disclosures*, which included a copy of PVHC's insurance policy and declarations from UMIA Insurance, Inc., policy period from 8/1/2014 to 8/1/2015, evidence of potential insurance coverage for plaintiff's claims.

Cynthia Van Vleet, Wind River Law Center, P.C. ("WRLC, P.C") represented Claimant in a limited scope representation capacity before the Wyoming Medical Review Panel governed by Wyoming Statute 9-2-1513 through 9-2-1523.  When the MRP was dismissed, WRLC, P.C. continued to represent Claimant in a limited scope capacity in order to initially preserve plaintiff's claims in the district court with undersigned counsel ("The Law Offices of Collin Hopkins, P.C." or "TLOCH, P.C.")[2]

Significant to this matter on January 6, 2016, Cynthia Van Vleet filed a *Motion to Withdraw* in Civil Action No. 28031 with undersigned counsel continuing to represent plaintiff.  The *Order Allowing Counsel to Withdraw* was entered January 12, 2016.  Peggi Jo Werbelow's entire file was delivered to TLOCH, P.C. on February 26, 2016.  *Id*.

---

[1] Pleadings in Civil Action No. 28031 are a matter of public record and are not attached as Exhibits; however all documents can be provided at the Court's request.  *See also* Verified Complaint attached to Proof of Claim #95-1.

[2] See *Affidavit of Cynthia Van Vleet* attached hereto and incorporated herein by reference as Exhibit "A".

Thereafter, PVHC filed its *Notice of Bankruptcy and Automatic Stay* in <u>Civil Action No. 28031</u> on or about May 18, 2016.

Debtor filed its Chapter 11 Voluntary Petition on May 16, 2016 (Doc 1) and filed an attachment to the petition - form 201A, *Creditor Matrix*, consisting of 65 pages (Doc 6). Wind River Law Center, P.C., 202 S. 6th Street East, Riverton, WY 82501 is listed on the matrix; however did not represent Claimant at the time. Undersigned counsel or The Law Offices of Collin C. Hopkins, P.C., 705 East Washington, Riverton, WY 82501 was **not** on the matrix. At the time, Wind River Law Center, P.C. and The Law Offices of Collin Hopkins, P.C., had no active cases between them and were located at two separate locations.

Notice of Creditor's Meeting was filed May 17, 2016 (Doc 19) setting the creditor's meeting for 6/9/2016 and setting deadline for proof of claims ("POC") on 9/7/2016. Again, undersigned counsel or The Law Offices of Collin C. Hopkins, P.C. was **not** on the matrix. Undersigned counsel did not receive notice of the proof of claim deadline. Doc 19 did not contain a Certificate of Service and the Court then ordered Debtor to *Service Notice of Bankruptcy of Chapter 11 Bankruptcy Case, Official Form 309-F on Creditors* (Doc 32). The Law Office of Collin C. Hopkins, P.C. was **not** on the matrix. At the time, undersigned counsel had no experience in bankruptcy matters.[3]

---

[3] Further, as of the date of the filing of this Motion, undersigned counsel has **not** received a Solicitation Package, as ordered by the Court, however, WRLC, PC **did** receive said Solicitation Package.

3

At the same time Debtor began filing their first day motions and undersigned counsel began receiving via regular mail copies of certain pleadings in this matter after Claimant was identified on Form B104 or the "20 Largest Unsecured Creditors" listed as a "Tort Claimant". (Doc 28). Since that time, Claimant has participated in the Official Committee of Unsecured Creditors, which included a determination of whether the Court would channel and allocate the UMIA insurance policy proceeds through these bankruptcy proceedings. (*See also*, but not limited to, Doc 308, Doc 336, Doc 354, Doc 367, Doc 373, et seq.). Undersigned counsel also participated in mediation.

## JURISDICTION

1.  Claimant does not dispute this Court's jurisdiction and venue is proper.

2.  The statutory basis for the relief sought herein is 11 U.S.C. § 1111 as supplemented by Bankruptcy Rule 9006(b)(1) and Local Rule 9006-1 allowing a "Tardy" proof of claim; or in the alternative 11 U.S.C. § 362(a) and 11 U.S.C. § 524(e) seeking an order for relief from the stay.

## RELIEF REQUESTED

1.  By this Motion for leave to file her proof of claim out of time, Claimant respectfully requests this Court exercise its discretion pursuant to Fed. R. Bankr. P. Rule 9006(b)(1) and Local Rule 9006-1 to enter an order allowing her proof of claim out of time; or

2.  In the alternative allow a Motion for Relief from Stay as against Jeffrey Hansen, M.D. individually to be considered at a hearing on or before the deadlines imposed in the Court's order entered October 12, 2017 (Doc 704), or as soon thereafter as the court is available.

4

## ADDITIONAL RELEVANT BACKGROUND
## AND BASIS FOR RELIEF REQUESTED

1. PVHC filed a voluntary petition for bankruptcy in Chapter 11 and the Court set the creditor's § 341 meeting and deadline for proof of claims and undersigned counsel did not receive a copy of the notice via regular mail.

2. At the same time, Debtor filed a list of its 20 largest unsecured creditors and identified Peggi Jo Werbelow as a "Tort Claimant" and undersigned counsel was identified on the Certificate of Service and received a copy. Even though undersigned counsel was unaware of the bar date Claimant joined in the bankruptcy.

3. The bar date for filing proof of claims was 9/7/2016 and Claimant filed her claim 5/9/2017 which is considered a "Tardy Claim" and it was submitted in good faith by counsel, in order that the Court can hold a confirmation hearing on Debtor's Plan without disruption. However, Claimant has never waived her right to seek relief from Dr. Hansen individually or seek relief from PVHC's insurance carrier outside the bankruptcy matter. It is undisputed Claimant is included in the Official Committee of Unsecured Creditors and included as a Tort Claimant in the confirmation plan. (Doc 701).

4. Specifically addressing the "Tardy Claim" the United States Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) held "an attorney's inadvertent failure to file a proof of claim by the bar date can constitute "excusable neglect" within the meaning of Rule 9006(b)(1). *Id.* at pp. 1494-1499. Specific to Chapter 11 cases, the *Pioneer* court made note that Congress contemplated courts would be permitted to accept late filings caused by "inadvertence,

mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control" and "[T]his flexible understanding comports with the ordinary meaning of 'neglect'" in accordance with the underlying policies of Chapter 11 bankruptcy rules, which entrust "broad equitable powers to the courts in order to ensure the success of a debtor's reorganization". *Id*. at 1491.

5. In *Pioneer*, the Court identified several factors to be considered in order to determine whether a creditor has satisfied the requirement of excusable neglect under Bankruptcy Rule 9006(b). Those factors are (1) whether granting the delay will prejudice the debtor; (2) the length of delay and its impact on efficient court administration; (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform; (4) whether the creditor acted in good faith; and (5) whether clients should be penalized for their counsel's mistake or neglect. *Id*. at 1490.

6. Here, there is no prejudice to debtor. Debtor has not objected to the proof of claim and Debtor has included Claimant in these proceedings. By 5/1/2017 Debtor submitted their Disclosure Statement, Reorganization Plan and the Official Committee of Unsecured Creditors submitted their Comment to the filings. (Doc 498, 499, 500) thus Claimant's POC is timely in that regard. Since Claimant has been included in these proceeding (by Debtor) since inception there has been no delay on efficient court administration as well.

7. Claimant filed a POC. However, if the Court denies the "Tardy Claim" the effect will be the same as not filing one at all. Generally, a creditor who fails to file a proof of claim during the bankruptcy proceedings waives her rights to recover against a debtor; however with regard to applicability of 11 U.S.C. §524(e), which promulgates that the

6

discharge of the debtors debt does not affect the liability of any third-party liable for such debt, the failure to file a proof of claim does not bar the continuation of a claim by a creditor. *Lebron v. St. Vincent Med. Ctr.*, 2008 NY Slip Op 52542(U) (N.Y. Sup. Ct. 12/17/2008, 2008 NY Slip Op 52542 (N.Y. Sup. Ct., 2008).

8. In *Lebron*, the Court concluded that "11 U.S.C. §524(e) does not preclude liability against the debtor provided that any damages stemming therefrom would be paid by another; such as a surety or insurance company . . . [T]hus, when a debtor's insurance policies are not channeled and allocated as part of the bankruptcy estate, 11 U.S.C. §524(a) does not become a bar to the prosecution of an action against the debtor for the limited purpose of securing a damages award from debtor's insured as authorized by 11 U.S.C. §524(e)". *Id.* at p. 11.

9. Since inception of these bankruptcy proceedings, Claimant has participated as a "Tort Claimant" evidenced by the pleadings filed in this case including but not limited to: Debtor identifying her as a "Tort Claimant", Claimant is included in the Adversary proceedings filed by PVHC on August 30, 2016 where she is a named Defendant. (Doc 272), Claimant's participation in the Official Committee of Unsecured Creditors (who has not voted on the final Plan, *see also* Doc 500), and finally a requirement from the Court that a proxy be submitted on her behalf to Debtor's Plan.

10. The UMIA insurance policy is now currently part of the *Second Amended Disclosure Statement in Support of Amended Chapter 11 Plan of Reorganization Dated September 26, 2017 for Powell Valley Health Care, Inc.* (Doc 701); however this fact does

7

not preclude a motion for relief from the stay for Dr. Hansen, individually where Debtor's inclusion in the litigation will be necessary to determine liability.

11.  Pursuant to 11 U.S.C. § 524(e) Peggi Jo Werbelow may proceed against the debtor "simply in order to establish liability as a prerequisite to recover from another, an insurer, who may be liable".  *Jet Florida Systems, Inc*., In re, 883 F.2d 970 (C.A. 11 (Fla.), 1989) and bring an action against Dr. Hansen individually where there is insurance coverage and she was as an intended 3rd party beneficiary to the UMIA contract.

12.  Finally, it is contemplated by Claimant that Dr. Hansen has submitted a proof of claim against PVHC in the amount of $70,000,000.00 ($70 million dollars).  (Proof of Claim #. 74-1).  Claimant may be entitled to any proceeds paid on that claim, which will continue to complicate the bankruptcy proceedings.

13.  Claimant respectfully submits that good cause exists to allow her "Tardy Claim" which is of great importance to her rights and granting such will not prejudice the debtor; the length of delay does not impact an efficient court administration; the delay was beyond the reasonable control of undersigned counsel who acted in good faith and Claimant should not be penalized.

## NOTICE

This Motion shall be filed on November 15, 2017, and notice of this Motion has been given to those entities and individuals on the Limited Service List updated September 12, 2016, via USPS or electronically, as appropriate, on November 15, 2017 (electronic) and November 16, 2017 (USPS). A copy of the Limited Service List updated September 12, 2016, is attached hereto and incorporated herein by reference.

**WHEREFORE,** Claimant respectfully requests that the Court enter an order, substantially in the form attached hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

**DATED** this 15th day of November, 2017.

/s/ _____
Collin C. Hopkins, WSB #6-4032
The Law Offices of Collin Hopkins, P.C.
705 East Washington
Riverton, WY 82501
Telephone: 307-856-9101
Facsimile:  307-855-4010
ceehop@gmail.com
*Attorneys for Peggi Jo Werbelow*