## Exhibit A

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | Case No. 16-20326 |
| **POWELL VALLEY HEALTH CARE, INC.,** | ) | |
| | ) | |
| **Debtor-in-possession.** | ) | |

**DECLARATION OF SCOTT J. GOLDSTEIN IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF SPENCER FANE LLP AS ATTORNEYS FOR THE COMMITTEE AND DISCLOSURE STATEMENT PURSUANT TO 11 U.S.C. §§ 328(a), 329 AND 504 AND BANKRUPTCY RULES 2014(a) AND 2016(b), <u>NUNC PRO TUNC</u> TO JUNE 21, 2016**

I, Scott J. Goldstein, do state and declare as follows:

1.   I am an attorney at law and a partner in the firm of Spencer Fane LLP ("Spencer Fane"). I have read the foregoing Application for Order Authorizing Employment of Spencer Fane LLP as Counsel for the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. § 327 ("Application"), and, to the best of my knowledge, all the facts stated therein are true and correct.

2.   I submit this Declaration in connection with the Application compliance with 11 U.S.C. §§ 328(a), 329 and 504 ("Code") and to provide the disclosure required under Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure ("Rules").  Unless otherwise stated in this Declaration, I have personal knowledge of the facts hereinafter set forth.  To the extent that any information disclosed herein requires amendment or modification due to Spencer Fane's completion of further analysis or additional creditor information becoming available, a supplemental Declaration will be submitted to the Court reflecting the same.

3.   Neither I, Spencer Fane, nor any partner of Spencer Fane, any attorney who is of counsel to Spencer Fane, nor any associate thereof, insofar as I have been able to ascertain,

represents any other party in interest in this Chapter 11 case, or their respective attorneys and accountants.

4. Spencer Fane is experienced in matters of bankruptcy, insolvency and corporate reorganization, and in the representation of debtors, creditors, creditors' committees and trustee, proceedings and matters under the Bankruptcy Code and is well qualified to represent debtors, creditors, creditors' committees and trustees in such cases, proceedings and matters.

5. Except as described herein, and based on the conflict inquiry process described herein, both Spencer Fane and I are a "disinterested person" within the meaning of 11 U.S.C. § 101(14).

**Firm Procedures**

6. In preparing this Declaration, I and others at Spencer Fane under my direction utilized a set of procedures established by Spencer Fane to ensure compliance with the Code and the Rules regarding the retention of professionals by the Committees under the Code.

7. In that connection, I and others at Spencer Fane under my direction caused the names of all of Debtor's secured and unsecured creditors and all parties in interest in the captioned case that are known to me after inquiry to be submitted for review under the conflict check system and adverse party index maintained by Spencer Fane.

8. Spencer Fane maintains and systematically updates this system in the regular course of business of the firm, and it is the regular practice of the firm to make and maintain these records. The conflict check system and adverse party index maintained by Spencer Fane is designed to include every matter on which the firm is now or has been engaged, the entity by which the firm is now or has been engaged, and, in each instance, it is to include and record the identity of related parties and adverse parties and the attorney in the firm that is knowledgeable about the matter. It is the policy of Spencer Fane that no new matter may be accepted or opened

within the firm without the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter and related and adverse parties being completed and submitted to those charged with maintaining the conflict check system and adverse party index. Accordingly, the database is regularly updated for every new matter undertaken by Spencer Fane. The scope of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.

**Spencer Fane's Connection with Parties in Matters Unrelated to the Chapter 11 Case**

9. Through diligent inquiry, I have ascertained that, to the best of my knowledge and belief based upon such inquiry, there is no connection (as such term is utilized in Code § 101(14)(E) and Rule 2014(a)) between Spencer Fane and (i) the United States Trustee or any person employed by the Office of the United States Trustee, (ii) any creditor of Debtor, or (iii) any attorneys, accountants and financial consultants who represent or may represent claimants or parties in interest in the captioned case, except as may be set forth herein. As part of its practice, Spencer Fane appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants and investment bankers, some of which now or may in the future represent claimants and parties in interest in this case. Spencer Fane has not represented and will not represent any of such entities in relation to this Chapter 11 case.

10. Spencer Fane, its partners and associates, and attorneys who are of counsel to Spencer Fane, may have in the past represented, may currently represent and may in the future represent entities that may assert claims against Debtor, or who may otherwise be parties in interest in this case, or in matters totally unrelated to the captioned Chapter 11 case. Spencer Fane has a large and diversified legal practice that encompasses the representation of many financial institutions and commercial corporations, some of which are, or may consider themselves to be, creditors, equity security holders, or parties in interest in the captioned Chapter

11 case or otherwise have an interest in this case. Spencer Fane does not, and will not, represent any individual creditors, or any of their respective affiliates or subsidiaries, in matters related to Debtor or its Chapter 11 case.

11.     To the best of my knowledge and belief, Spencer Fane has no connection with Debtor, its creditors, any other parties in interest, their respective attorneys and accountants, the United States Trustee, or any other person employed in the office of the United States Trustee.

## Spencer Fane is Disinterested

12.     To the best of my knowledge, information and belief, Spencer Fane does not hold or represent any interest adverse to Debtor or Debtor's estate and is disinterested within the meaning of Code § 327. In addition, except as otherwise described herein, to the best of my knowledge, information, and belief, Spencer Fane has no material connections with Debtor, Debtor's creditors, or any party in interest, their respective attorneys or accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

13.     Based upon the information available to me, after following the procedures described herein, and except as otherwise described herein, Spencer Fane holds no interest adverse to Debtor, its estate or the Committee as to the matters for which it is to be employed.

14.     Accordingly, I submit that Spencer Fane is a "disinterested person" as that term is defined in Code § 101(14), as modified by Code § 1107(b).

## Spencer Fane's Rates and Billing Practices

15.     Spencer Fane intends to apply for compensation for professional services rendered, and for reimbursement of expenses incurred, in connection with this case at its customary hourly rates, in accordance with the provisions of the Code, Rules, and the local rules and orders of this Court (the "Local Rules").

16. Spencer Fane's current customary hourly rates, subject to change from time to time, are:

    a. Partners: $300-$425 per hour

    b. Of Counsel/Associates $235-$300 per hour

    c. Paralegals $150 per hour

17. Spencer Fane anticipates that the following timekeepers will assist The Committee in its Chapter 11 case: Scott J. Goldstein ($425/hour); Philip A. Pearlman ($410/hour); Lisa A. Epps ($400/hour); Eric L. Johnson ($400/hour); Bryant T. Lamer ($335/hour); Jamie N. Cotter ($305/hour); Ryan Hardy ($270/hour); Andrea M. Chase ($235/hour); and Lisa F. Wright ($150/hour).

18. No promises have been received by Spencer Fane or any partner of Spencer Fane, any attorney who is of counsel to Spencer Fane, or any associate of Spencer Fane, as to payment or compensation in connection with this case other than in accordance with the provisions of the Code, the Rules, or the Local Rules. Spencer Fane has no agreement with any other entity to share with such entity any compensation received by Spencer Fane.

19. The foregoing constitutes the statement of Spencer Fane pursuant to Code §§ 328(a), 329 and 504 and Rules 2014(a) and 2016(b).

Date: July 14 , 2016

                                             /s/ Scott J. Goldstein