Bradley T. Hunsicker (WY Bar No. 7-4579)
Jennifer Salisbury (WY Bar No. 7-5218)
Markus Williams Young & Zimmermann LLC
106 E. Lincolnway, Suite 300
Cheyenne, WY  82001
Telephone (307) 778-8178
Facsimile (307) 778-8953
bhunsicker@MarkusWilliams.com
jsalisbury@MarkusWilliams.com

*Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF WYOMING**

| | |
|---|---|
| In re: ) | |
| ) | Case No.: 16-20326 |
| POWELL VALLEY HEALTH CARE, INC., ) | Chapter 11 |
| Debtor. ) | |
| ) | |

**STIPULATION BETWEEN DEBTOR, LEXINGTON INSURANCE COMPANY, HOMELAND INSURANCE COMPANY OF NEW YORK AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS REGARDING AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR POWELL VALLEY HEALTH CARE, LLC**

Powell Valley Health Care, Inc. (the "Debtor"), Lexington Insurance Company ("Lexington"), Homeland Insurance Company of New York ("Homeland") and the Official Committee of Unsecured Creditors (the "Committee"), through their respective counsel, enter into this Stipulation regarding the Debtor's *Amended Chapter 11 Plan of Reorganization dated September 26, 2017* [Doc. 656] (the "Amended Plan"):

WHEREAS on May 16, 2016 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Wyoming (the "Court");

WHEREAS the Debtor has continued in the possession of its property and has

continued to operate and manage its business as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108;

WHEREAS on September 26, 2017, the Debtor filed its Amended Plan and attached to the Amended Plan as Exhibit 2 was the *Powell Valley Health Care, Inc. Personal Injury Trust* [Doc. 656-2] (the "Personal Injury Trust"), and attached to the Amended Plan as Exhibit 3 was the *Trust Distribution Procedures* [Doc. 656-3] (the "Trust Distribution Procedures") (the Personal Injury Trust and the Trust Distribution Procedures shall collectively be referred to herein as the "Plan Documents");

WHEREAS on October 25, 2017, the Court entered its *Order Approving Debtor's Second Amended Disclosure Statement* [Doc. 713] wherein the Court approved the Debtor's *Second Amended Disclosure Statement in Support of Amended Chapter 11 Plan of Reorganization dated September 26, 2017 for Powell Valley Health Care, Inc.* [Doc. 701];

WHEREAS on October 25, 2017, the Court entered its *Order Scheduling Confirmation Hearing, Establishing Confirmation Procedures, Setting Deadline for Filing Tardy Claims and Fixing Time for Filing Acceptances or Rejections of Amended Plan and Notice of Hearing* [Doc. 714] (the "Procedures Order") wherein the Court, among other things, set November 28, 2017, as the deadline for parties to file objections to the Debtor's Amended Plan;

WHEREAS on November 28, 2017, the Court entered its *Order Approving Stipulated Motion to Extend Time for (I) UMIA Insurance Inc., Lexington Insurance Company, Homeland Insurance Company of New York, Official Committee of Unsecured

{Z0196973/1 }

*Creditors and Tort Claimants to Objection to Debtor's Amended Chapter 11 Plan of Reorganization Dated September 26, 2017 and (II) Parties to File And Serve Schedules of Exhibits and Anticipated Witnesses* [Doc. 741] whereby the Court extended the deadline for those parties to object to the Amended Plan to December 6, 2017; and,

WHEREAS the Debtor, Lexington, Homeland and the Committee have been in extensive negotiations and have agreed to language revising certain provisions in the Amended Plan and Plan Documents to resolve potential objections that Lexington and Homeland may have related to the Amended Plan.

Now therefore, the Debtor, Lexington, Homeland and the Committee hereby stipulate and agree as follows:

1. Section 7.2 of the Amended Plan shall be amended to include the following language:

> Notwithstanding anything in the Plan, the Plan Documents or the Confirmation Order: (1) the TDPs (including any amendments thereto) and the Claim values determined through the TDPs shall not be binding on the Insurance Companies; (2) the Insurance Companies remain free to challenge the reasonableness of any Claim values determined through the TDPs; and (3) no deference shall be given in the Declaratory Judgment Action to the Claim values determined through the TDPs because the Claim values were determined and the TDPs were approved by the Bankruptcy Court – said Claim values may be used and disputed in the Declaratory Judgment Action by any party as allowed by law.

2. Section 13.1(xix) of the Amended Plan shall be amended to delete the following sentences:

> The Bankruptcy Court shall not have jurisdiction over the Declaratory Judgment Action. Rather, exclusive jurisdiction over the Declaratory Judgment Action shall be in the United States District Court for the District of Wyoming.

and the following language will be added:

Notwithstanding the foregoing, the Retention of Jurisdiction in this Plan shall not apply to the Declaratory Judgment Action currently pending in the United States District Court for the District of Wyoming, or any other action which concerns similar claims, cross-claims or counterclaims relating to insurance coverage for the Trust Personal Injury Claims. Nothing in this Plan will impair the jurisdiction of the United States District Court for the District of Wyoming to hear the Declaratory Judgment Action. Furthermore, nothing in this Plan will impair or otherwise prejudice the rights, claims and defenses as asserted by the parties to the Declaratory Judgment Action (including but not limited to the Personal Injury Trustee as the representative of the Debtor's estate, as that term is used in Section 1123(b)(3)(B) of the Bankruptcy Code), including as such rights, claims and defenses existed as of the Petition Date.

3. Section 14.19 of the Amended Plan shall be amended to read as follows:

Nothing in the Plan, the Disclosure Statement, the Plan Documents or the Confirmation Order or any other document adopted to implement or carry out the Plan shall: (1) preclude the Insurance Companies from asserting in any proceeding any and all claims, defenses, rights or causes of action that they have or may have under or in connection with any Insurance Policies; or, (2) be deemed to waive any claims, defenses, rights or causes of action that the Insurance Companies have or may have under the provisions, terms, conditions, defenses and/or exclusions contained in the Insurance Policies, it being the intent that the rights of the Insurance Companies shall be determined under the Insurance Policies and applicable Law; or (3) be deemed to alter or impair the legal, equitable or contractual rights, duties or obligations under the Insurance Policies, or otherwise affect in any way, the claims or defenses that may be asserted by any insured (including but not limited to the Personal Injury Trustee as the representative of Debtor's estate, as that term is used in Section 1123(b)(3)(B) of the Bankruptcy Code), the Tort Claimants or any insurers or their affiliates, arising out of or in connection with any of the Insurance Policies. The rights, duties and obligations of all persons and entities arising in connection with the Insurance Policies shall be determined in accordance with the Insurance Policies and applicable non-bankruptcy law. Notwithstanding the foregoing, nothing in this Section 14.19 shall preclude the entry or effectiveness of the Confirmation Order or shall affect or limit, or be construed as affecting or limiting, the protections, rights or injunction, exculpation, release or discharge provisions afforded to the Debtor, the District, Dr. William J. Jarvis, HealthTech or Patten under the Plan, the Plan Documents or the Confirmation Order.

4. The last "WHEREAS" clause contained in the Personal Injury Trust shall be amended to include the red-lined language as follows:

> WHEREAS, the Plan provides, among other things, that the Personal Injury Trustee shall be empowered to liquidate the Claims of Tort Claimants pursuant to the Tort Claimants' Claims and Distribution Procedures (the "TDPs") attached hereto as Exhibit B and incorporated herein by reference <span style="color:red">including any amendments thereto</span>, pursue litigation regarding the Personal Injury Trust Assets, and make distrubtions on the Claims on behalf of, and for the benefit of, the Tort Claimants, who are also beneficiaries under the Personal Injury Trust (the "Beneficiaries"), and the Debtor.

5. The Personal Injury Trust shall be amended to include a new section 10.13 which shall state as follows:

> 10.13. **TDPs Not Binding on Insurance Companies.** Notwithstanding anything in the Plan, the Plan Documents or the Confirmation Order: (1) the TDPs (including any amendments thereto) and the Claim values determined through the TDPs shall not be binding on the Insurance Companies; (2) the Insurance Companies remain free to challenge the reasonableness of any Claim values determined through the TDPs; and (3) no deference shall be given in the Declaratory Judgment Action to the Claim values determined through the TDPs because the Claim values were determined and the TDPs were approved by the Bankruptcy Court – said Claim values may be used and disputed in the Declaratory Judgment Action by any party as allowed by law.

Current sections 10.13 and 10.14 of the Personal Injury Trust shall be renumbered as sections 10.14 and 10.15, respectively.

6. The Trust Distribution Procedures shall be amended to include a new section 2.4 which shall state as follows:

> 2.4   Claim Valuations Not Binding on Insurance Companies.
>
> Notwithstanding anything in the Plan, the Plan Documents or the Confirmation Order: (1) the TDPs (including any amendments thereto) and the Claim values determined through the TDPs shall not be binding on the Insurance Companies; (2) the Insurance Companies remain free to challenge the reasonableness of any Claim values determined through the TDPs; and (3) no deference shall be given the Declaratory Judgment Action to the Claim values determined through the TDPs because the Claim values were determined and the TDPs were approved by the Bankruptcy Court – said

{Z0196973/1 }

Claim values may be used and disputed in the Declaratory Judgment Action by any party as allowed by law. For the avoidance of doubt, the Insurance Companies are not required to participate in the TDPs, including but not limited to the Binding Mediation Procedure set forth in paragraph 2.3 herein, and the refusal of any insurer to participate in the TDPs shall not be a waiver of the insurer's right to challenge the reasonableness of any Claim values determined through the TDPs.

7. Subject to the revisions in paragraphs 1-6 above being made to the Amended Plan and Plan Documents, Homeland and Lexington will not file an objection to the Amended Plan or to confirmation of the Amended Plan.

Dated:      Cheyenne, Wyoming
            December 5, 2017

**MARKUS WILLIAMS YOUNG AND ZIMMERMANN LLC**

By:  /s/  *Bradley T. Hunsicker*
Bradley T. Hunsicker (WY Bar No 7-4579)
106 East Lincolnway Suite 300
Cheyenne, WY 82001
Telephone: 307-778-8178
Facsimile: 307-638-1975
Email: bhunsicker@markuswilliams.com;

*Counsel for the Debtor and Debtor-in-Possession*

**MEAGHER & GEER PLLP**

By:  /s/ *Charles E. Spevacek*
Charles E. Spevacek (MN #1260444)
*Admitted Pro Hac Vice*
Tiffany M. Brown (#302272)
*Admitted Pro Hac Vice*
Meagher & Geer, P.L.L.P.
33 S. Sixth Street, Suite 4400
Minneapolis, MN 55402
Ph: (612) 371-1324
Fax: (612) 877-3015
cspevacek@meagher.com

tbrown@meagher.com

--and--

Judith Studer
Patrick T. Holscher
Schwartz, Bon, Walker & Studer, LLC
141 S. Center St., Suite 500
Casper, WY 82601
(307) 235-6681
(307) 234-5099 Fax
jstuder@schwartzon.com
pat@schwartzbon.com

*Attorneys for Homeland Insurance Company of New York*

**ZEICHNER ELLMAN & KRAUSE LLP**

By: /s/ *Michael S. Davis*
Michael S. Davis
Bryan D. Leinbach
1211 Avenue of the Americas
New York, NY 10036
Tel: (212) 223-0400
Fax: (212) 753-0396
mdavis@zeklaw.com
bleinbach@zeklaw.com

--and--

Deborah M. Kellam
Hall & Evans, LLC
2015 Central Avenue, Suite C
Cheyenne, WY 82001
Tel: (307) 514-2567
Fax: (307) 514-2568
kellamd@hallevans.com

*Attorneys for Lexington Insurance Company*

**SPENCER FANE LLP**

{Z0196973/1 }

        By: */s/ Jamie N. Cotter*
Jamie N. Cotter WY #74721
1700 Lincoln Street, Suite 2000
Denver, CO 80203-4554
(303) 839-3800
(303) 839-3838—Fax
jcotter@spencerfane.com
ppearlman@spencerfane.com

--and--

Scott J. Goldstein MO #28698
1000 Walnut, Suite 1400
Kansas City, MO 64106
(816) 474-8100
(816) 474-3216– Fax
sgoldstein@spencerfane.com

*Attorneys for Official Committee of Unsecured Creditors*

## CERTIFICATE OF SERVICE

    The undersigned certifies that on December 5, 2017, a copy of the foregoing was served *electronically* upon **The Office of the United States Trustee** and those parties requesting notice and registered on the Court's CM/ECF system.

        */s/Bradley T. Hunsicker*
Bradley T. Hunsicker

{Z0196973/1 }