Jamie N. Cotter (Wyoming Bar No. 74721)
Philip A. Pearlman (Colorado Bar No. 11426)
Scott J. Goldstein      (Missouri Bar No. 28698)
Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver, Colorado 80203
Telephone: (303) 839-3800
Facsimile: (303) 839-3838
jcotter@spencerfane.com
*Counsel to the Official Committee of
Unsecured Creditors*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| **In Re:** | ) | **Chapter 11** |
| | ) | **Case No. 16-20326** |
| **POWELL VALLEY HEALTH CARE, INC.,** | ) | |
| | ) | |
| **Debtor-in-possession.** | ) | |

### COMMENT/LIMITED OBJECTION TO CONFIRMATION OF AMENDED PLAN

The Official Committee of Unsecured Creditors (the "Committee") for its Comment/Limited Objection to Confirmation of Amended Plan (the "Comment") states as follows:

1.  As of the deadline for filing objections to confirmation of the Debtor's Amended Plan (the "Plan"), the Committee believes there is a Global Settlement Agreement with UMIA Insurance, Inc. ("UMIA") which will resolve all issues with UMIA (the "UMIA Agreement"), and which will require a continuation of the confirmation hearing in order to allow proper notice to be given of such settlement. The Committee believes the confirmation of the Plan and hearing on the UMIA Agreement should then be scheduled for the same date. In the event a motion to approve the UMIA Agreement is not filed and the case moves forward to confirmation on December 12, 2017, the Committee reserves all of its rights to request further changes/clarifications to the Plan that are consistent with the lack of any agreement with UMIA.

2. As of the time of the filing of this Comment, the Committee requests the following clarifications to the Plan. The Committee does not believe that the clarifications materially alter the Plan under 11 U.S.C. § 1127, or require additional notice:

### Amended Plan

- In Class 7, on page 7, if the UMIA Agreement is approved, there will be only one (1) remaining Class 7—Covered Claim—Tort Claimant Curtis.

- **7.2  The Personal Injury Trust.**

     Pursuant to 11 U.S.C. §§ 1123(a)(5) and (b)(23)(B) of the Bankruptcy Code, the Personal Injury Trust shall be created in substantially the same form as the document attached hereto as **Exhibit 2**, which shall govern, among other things, the liquidation and distribution of the Allowed Trust Personal Injury Claims, and which shall hold, among other things, the Personal Injury Note attached hereto as **Exhibit 3** and a security agreement in the form attached hereto as **Exhibit 4**. The terms and provisions of the Personal Injury Trust are incorporated herein as though fully set forth in the Plan.

- **7.14.  HealthTech and Patten Settlement.**

     The settlement with HealthTech and Patten (collectively, the "HTMS Settling Parties") (sometimes, the "HealthTech and Patten Settlement") shall be as follows:

  - The HTMS Settling Parties shall pay a total of $127,500.00, which shall be paid in two (2) installments. The first payment shall be made one (1) year after entry of a final non-appealable Confirmation Order. The first payment shall be $2,500.00 to Tort Claimants Crawfords, and $50,000.00 to be allocated per capita (unless otherwise agreed upon in writing by all of the Tort Claimants identified below) to each Tort Claimant identified below:

    Nathaniel Bates
    Sheena Bates
    Nathaniel Bates and Sheena Bates, as the parents and natural guardians of I.S.B.
    Jan Brinkerhoff
    Bart Brinkerhoff
    Anthony DiPilla
    Laurie DiPilla
    Shannon Eller
    Nancy Heiser

Larry Heiser
Sheryl Henderson
Darin Henderson
Joetta Martin (formerly Joetta Johnson)
Martha McMillen
Richard McMillen
Keela Meier
Brock Meier
~~Kanan~~ Kalan Nicholson
Michelle Oliver
Darcy Ronne
Jody Sessions
Jerry Sessions
Lynn Snell
Janet Snell
Veronica Sommerville
William Sommerville
Veronica & William Sommerville, as the parents and natural guardians of A.L.S.
Susan Stambaugh
Scot Stambaugh
Shane Wilson
Jayme Wilson
Kelly Hatcher
Harry Allan Knopp
Jo Ann Knopp
Susan Scott
Doug Scott
Peggie Jo Werbelow
Mark Bonamarte
Nanette Nofzinger
Beverley Curtis
William C. Haney

The second payment shall be made two (2) years after entry of a final non-appealable Confirmation Order. The second payment shall be $75,000.00 and shall be paid to the Personal Injury Trust, unless otherwise directed by the Personal Injury Trustee (sometimes, the "HealthTech and Patten Settlement Payment"). For the avoidance of doubt, the HealthTech and Patten Settlement Payment shall be assigned to the Personal Injury Trust and shall be included in the Personal Injury Trust Assets.

- The HTMS Settling Parties shall on the Effective Date assign to the Personal Injury Trust, to the extent assignable by applicable bankruptcy and non-bankruptcy law: (i) all rights and claims as an insured under the

Insurance Policies, and all rights and claims set forth in, or arising under the Declaratory Judgment Action, including but not limited to coverage claims and extra-contractual claims, including bad faith claims, without representations or warranties (the "HTMS Settling Parties Transferred Causes of Action"); and, (ii) all rights and claims, if any, arising under or relating to the HPL Coverage provision set forth in Lexington policies 6796764 and 6797081, without representations or warranties (collectively, the claims referred to herein are the "HTMS Settling Parties Transferred Causes of Action"). For the avoidance of doubt, however, the HTMS Settling Parties are not assigning any claims or rights relating to the Errors and Omissions Coverage of any policies, including but not limited to policies 6796764 and 6797081.

- With respect to ~~the HTMS Settling Parties Transferred Causes of Action~~ the Trust Personal Injury Claims, the HTMS Settling Parties shall agree to entry of a judgment with a covenant not to execute or enforce against the HTMS Settling Parties. Any judgment shall be enforceable only against available insurance coverage relating to the Insurance Policies.

- Within three (3) Business Days after the Effective Date, the HTMS Settling Parties shall withdraw with prejudice their Proofs of Claim (Nos. 8 and 9). For the avoidance of doubt, the HTMS Settling Parties shall not be entitled to any distribution, or to share in any distribution, under the Plan.

- The HTMS Settling Parties shall support confirmation of the Plan.

- The HTMS Settling Parties shall cooperate with the Personal Injury Trust in the prosecution of all of its claims acquired under the Plan. The Personal Injury Trust shall pay all costs and legal fees associated with the Declaratory Judgment Action proceeding after assignment. With respect to other litigation and the Declaratory Judgment Action, the Personal Injury Trust shall pay the HTMS Settling Parties' out of pocket costs, excluding legal fees. For the avoidance of doubt, "out of pocket costs" include but are not limited to plane tickets, hotel fees, and other travel expenses. Out of pocket costs do not include compensating HealthTech employees for their time necessary to comply with HealthTech and Patten's cooperation obligations. For example, out of pocket costs do not include payment of HealthTech's employees' salaries, or Patten's salary, for the time necessary to assist the Personal Injury Trust in responding to discovery requests.

- The HTMS Settling Parties shall cooperate to achieve the remand of any cases for which they sought removal.

- **7.15. Release of HTMS Settling Parties.**

    Upon the Effective Date, and in consideration of the performance of the covenants set forth in Section 7.14, the HTMS Settling Parties, including their officers, directors, employees, agents, insurers, representatives, successors and assigns and Professionals (provided that nothing in this Section 7.15 shall be construed to release any party or entity from the HTMS Settling Parties Transferred Causes of Action, each of which is preserved as otherwise set forth in the Plan), shall, except for the covenants set forth in Section 7.14 of the Plan, be unconditionally and forever released from any and all Claims by the Debtor, the Debtor-in-Possession, the Creditors Committee, the Tort Claimants, the Personal Injury Claims Committee, the Personal Injury Trust, the Trust Personal Injury Claimants, the Personal Injury Trustee, the Disbursing Agent, as well as any other Person, and all other creditors holding Claims against the Debtor, whether asserted, unasserted, unmatured, contingent or unknown which arose on or before the Effective Date, including, but not limited to, claims related to alter-ego, piercing the corporate veil, fraudulent transfer, avoidance claims under Chapter 5 of the Bankruptcy Code or otherwise, substantive, consolidation or any other Claims which would, could or may seek to impose liability on the HTMS Settling Parties for creditor Claims of the Debtor, including Claims of any Tort Claimants or Covered Personal Injury Claimants.  <ins>For the avoidance of doubt, however, as to the Trust Personal Injury Claims of the Tort Claimants, they shall not be released as set forth in Section 7.14.</ins>

- The last paragraph of **13.1-- Scope of Retention of Jurisdiction**.

    The Bankruptcy Court shall not have jurisdiction over the Declaratory Judgment Action.  Rather, exclusive jurisdiction over the Declaratory Judgment Action shall be in the United States District Court for the District of Wyoming.  <ins>For the avoidance of doubt, the Bankruptcy Court shall not have exclusive jurisdiction over any of the Transferred Causes of Action, the HTMS Settling Parties Transferred Causes of Action or any claims, if any, which may be retained and pursued individually by the Tort Claimants, to the extent they have retained, if any, individual claims against any third parties.  Any such claims which may be pursued post-confirmation may be pursued in any appropriate forum.</ins>

- **14.2    Satisfaction of Claims**

    The rights afforded in the Plan and the treatment of all Claims herein shall be in exchange for and in complete ~~satisfaction,~~ discharge~~, and release~~ of all Claims of any nature whatsoever against the Debtor, the Estate, the Debtor in Possession or any of their Assets. Except as otherwise provided herein, on the Effective Date, all Claims against the Debtor and the Debtor in Possession shall be ~~satisfied,~~ discharged~~, and released~~ in full. Except as otherwise

provided herein, all Persons shall be precluded and forever barred from asserting against the Debtor, the Estate and its Assets any event, occurrence, condition, thing, or other or further Claims or Causes of Action based upon any act, omission, transaction, or other activity of any kind or nature that occurred or came into existence prior to the Effective Date, whether or not the facts of or legal bases therefore were known or existed prior to the Effective Date.

- **14.5    Discharge of Debtor.**

    Except as otherwise provided in the Plan or the Confirmation Order, on the Effective Date, without further notice or order, all Claims of any nature whatsoever shall be automatically discharged forever. Except as otherwise provided in the Plan or the Confirmation Order, on the Effective Date, the Debtor and its Estate shall be deemed fully discharged ~~and released~~ from any and all Claims, including, but not limited to, demands and liabilities that arose before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), and 502(i) of the Bankruptcy Code, whether or not (a) a proof of claim based upon such debt is filed or deemed filed under section 501 of the Bankruptcy Code; (b) a Claim based upon such debt is allowed under section 502 of the Bankruptcy Code; or (c) the holder of a Claim based upon such debt has accepted the Plan. The Confirmation Order shall be a judicial determination of discharge of all liabilities of the Debtor and its Estate. As provided in section 524 of the Bankruptcy Code, such discharge shall void any judgment against the Debtor and its Estate to the extent it relates to a discharged Claim, and operates as an injunction against the prosecution of any action against the Debtor, its Estate or its Assets to the extent it relates to a discharged Claim.

- **14.16    Releases by the Debtor.**

    As of the Effective Date, for good and valuable consideration, the Debtor, in its individual capacity and as Debtor in Possession, will be deemed to release and forever waive and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action and liabilities, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are based in whole or part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtor, the Chapter 11 Case, the Plan or the Disclosure Statement, and that could have been asserted by or on behalf of the Debtor or its Estate against (i) the Debtor's present and former officers and directors and any of its employees; (ii) the HTMS Settling Parties (except for the HTMS Settling Parties Transferred Causes of Action); (iii) the District (except for the Amended Lease Obligations); and, (iv) the attorneys, accountants, investment bankers, restructuring consultants and

financial advisors of the Debtor; provided that nothing in this Section 14.16 of the Plan shall be construed to release any party or entity from (A) willful misconduct or gross negligence as determined by a Final Order; or (B) any Transferred Causes of Action, each of which is preserved as otherwise set forth in the Plan. For the avoidance of doubt, there shall be no release by the Debtor with respect to all D&O claims, if any, to the extent of any insurance coverage against the Debtor's and/or District's directors, officers, and/or trustees, including but not limited to breach of fiduciary duty claims, breach of the duty of loyalty claims and/or negligence claims which shall not be released. For the avoidance of doubt, claims against insurance agents and/or brokers are included as Transferred Causes of Action and are not included herein.

- **14.17    Injunction.**

    (iv)  **asserting any setoff, right of subrogation or recoupment of any kind; provided, that any defenses, offsets or counterclaims which the Debtor may have or assert in respect of the above referenced Claims are fully preserved in accordance with Section 14.14; provided, however, that nothing in this Section 14.17 of the Plan shall prevent the Trust Personal Injury Claimants from obtaining a judgment as provided by the Personal Injury Trust or against Hansen, nor shall it prevent the Personal Injury Trustee from pursuing the Transferred Causes of Action, if any, against, but not limited to, Hansen, nor shall it prevent the Covered Claimants from pursing their retained rights in accordance with Section 4.1(g).**

- **14.20    Effect of Releases, Exculpations and Injunctions under the Plan.**

    Notwithstanding anything to the contrary in the Plan, Disclosure Statement, the Plan Documents or the Confirmation Order, ~~no~~ including but not limited to exculpation, release of, injunction regarding, or discharge of the Debtor, the District, Dr. William J. Jarvis, HealthTech, Patten or any other party, the Tort Claimants' Trust Personal Injury Claims shall be dealt with as set forth in the Personal Injury Trust and TDPs, and nothing shall diminish, impair or otherwise affect or limit the rights of the Personal Injury Trustee as representative of, and successor to the Debtor under 11 U.S.C. 1123 (b)(3)(B) or the Tort Claimants to pursue coverage or any other claims arising under the Insurance Policies in the Declaratory Judgment Action, or in any other proceeding, including but not limited to proceedings to pursue the Transferred Causes of Action.

- The Plan Documents should be clarified that in the definition of Transferred Causes of Action, it includes -- as to insurance agent and/or broker claims in all definitions of Transferred Causes of Action.

- Exhibit A should be revised in the Personal Injury Trust to match the earlier changes in the Plan with respect to certain names of the Tort Claimants.

- Finally, the Committee is continuing to discuss issues relating to the tax treatment of the Trust and language contained in the Plan Documents relating thereto, to clarify the Committee's belief that the Trust qualifies as a Qualified Settlement Fund, is not subject to a five (5) year term requirement and any income of the Trust will be taxed to the Trust.

### Personal Injury Trust

- 6.5 **Procedure for Obtaining Approval of the Personal Injury Claims Committee**.

    (b) The Personal Injury Claims Committee must consider in good faith and in a timely fashion any request by the Personal Injury Trustee for approval of a matter described herein as one requiring majority approval. "Majority approval" means a majority of the Personal Injury Claims Committee has voted to take the action, or approved the request of the Personal Injury Trustee in writing. In taking or failing to take any action hereunder, the Personal Injury Trustee may rely upon a written statement (including signatures by counterpart facsimile or approval by electronic transmission) by such majority of the Personal Injury Claims Committee. In the event there is action that must be taken which requires majority approval ~~of~~ or unanimous approval and it cannot be obtained, the Personal Injury Trustee shall submit the request to the Bankruptcy Court and all members of the Personal Injury Claims Committee and the Personal Injury Trustee agree to be bound by the Bankruptcy Court's decision regarding the request.

### Exhibit A – Personal Injury Trust

### EXHIBIT A

| **Trust Personal Injury Claimants** | **Covered Claimants** |
|---|---|
| Nathaniel Bates | Mark Bonamarte |
| Sheena Bates | Nanette Nofzinger |
| Nathaniel Bates and Sheena Bates, as the parents and natural guardians of I.S.B. | William C. Haney |
| Jan Brinkerhoff | Beverley Curtis |
| Bart Brinkerhoff | |
| Nancy Crawford | |
| Earl Crawford III | |
| Anthony DiPilla | |
| Laurie DiPilla | |
| Shannon Eller | |

Nancy Heiser
Larry Heiser
Sheryl Henderson
Darin Henderson
Joetta Martin (formerly Joetta Johnson)
Martha McMillen
Richard McMillen
Keela Meier
Brock Meier
~~Kanan~~ Kalan Nicholson
Michelle Oliver
Darcy Ronne
Jody Sessions
Jerry Sessions
Lynn Snell
Janet Snell
Veronica Sommerville
William Sommerville
Veronica and William Sommerville, as the
parents and natural guardians of A.L.S.
Susan Stambaugh
Scot Stambaugh
Shane Wilson
Jayme Wilson
Kelly Hatcher
Harry Allan Knopp
Jo Ann Knopp
Susan Scott
Doug Scott

Date:  December 6, 2017

        Respectfully submitted,

        SPENCER FANE LLP

        /s/ Jamie N. Cotter
        Jamie N. Cotter       WY #74721
        1700 Lincoln Street, Suite 2000
        Denver, CO 80203-4554
        (303) 839-3800
        (303) 839-3838—Fax
        jcotter@spencerfane.com
        ppearlman@spencerfane.com

        Scott J. Goldstein    MO #28698
        1000 Walnut, Suite 1400
        Kansas City, MO 64106
        (816) 474-8100
        (816) 474-3216– Fax
        sgoldstein@spencerfane.com

        COUNSEL TO OFFICIAL COMMITTEE OF
        UNSECURED CREDITORS