Bradley T. Hunsicker (Wyo. Bar 7-4579)
Jennifer Salisbury (Wyo. Bar 7-5218)
**MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC**
106 East Lincolnway, Suite 300
Cheyenne, WY  82001
Telephone: 307-778-8178
bhunsicker@markuswilliams.com
jsalisbury@markuswilliams.com

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF WYOMING

| | |
|---|---|
| In re: | ) |
| | ) Case No.: 16-20326 |
| POWELL VALLEY HEALTH CARE, INC., | ) Chapter 11 |
| | ) |
| Debtor. | ) |

## DEBTOR'S BALLOT REPORT

Powell Valley Health Care, Inc. (the "Debtor") hereby submits this Ballot Report with respect to the Debtor's *Amended Chapter 11 Plan of Reorganization dated September 26, 2017* [Doc. 656|] (the "Plan"), and informs the Court as follows:

Attached hereto as Exhibit A is a spreadsheet summarizing the results (the "Ballot Results") derived from the voting on the Plan. As the Court will note from the Ballot Results, undersigned counsel for the Debtor received 47 ballots from holders of claims.

    A.    <u>Class 1: Priority Claims (Accepted)</u>

Holders of Claims in Class 1 (Priority Non-Tax Claims) are unimpaired under the Plan and, therefore, are conclusively presumed to accept the Plan pursuant to § 1126(f) of the Bankruptcy Code.

    B.    <u>Class 2: Secured Claims (Accepted)</u>

{Z0202519/1 }

Holders of Claims in Class 2 have voted to accept the Plan because, of the creditors voting on the Plan, at least two-thirds in amount and more than one-half in number of such claims in Class 2 have voted to accept the Plan. *See* 11 U.S.C. § 1126(c). More specifically, the First Bank of Wyoming – the holder of the two Class 2 Claims – voted both of its claims (presumably, the only secured claims in the case) in favor of the Plan.

C. Class 3: Trust Personal Injury Claims (Accepted)

Holders of Claims in Class 3 have voted to accept the Plan because, of the creditors voting on the Plan, at least two-thirds in amount and more than one-half in number of such claims in Class 3 have voted to accept the Plan. *See* 11 U.S.C. § 1126(c). More specifically, thirty-one of the thirty-two votes cast from Class 3 voted in favor of the Plan and these creditors hold $31,000,000 of $33,000,0000 in claims. One creditor voted against the Plan with an alleged claim of $2 million. However, the creditor voting against the Plan does not have an "allowed" claim for voting purposes. The rejecting creditor, Peggi Jo Werbelow, did not file a timely claim and thus her claim is not "allowed" for voting purposes pursuant to 11 U.S.C. §§ 502(b)(9) and 1126(a). Irrespective of the foregoing, upon information and belief, Peggi Jo Werbelow has expressed her willingness to be bound by the Plan.

D. Class 4: Trade Claims (Accepted)

Holders of Claims in Class 4 have voted to accept the Plan because, of the creditors voting on the Plan, at least two-thirds in amount and more than one-half in number of such claims in Class 4 have voted to accept the Plan. *See* 11 U.S.C. § 1126(c).

More specifically, all of the six votes cast from Class 4 voted in favor of the Plan. No Class 4 creditor voted to reject the Plan.

  E. <u>Class 5: Reimbursement, Contribution and Indemnity Claims (Accepted)</u>

Holders of Claims in Class 5 have voted to accept the Plan because, of the creditors voting on the Plan, at least two-thirds in amount and more than one-half in number of such claims in Class 5 have voted to accept the Plan. *See* 11 U.S.C. § 1126(c). More specifically, all of the four votes cast from Class 5 voted in favor of the Plan. No Class 5 creditor voted to reject the Plan.

  F. <u>Class 6: Subordinated Claims (No Votes)</u>

No claims falling within Class 6 have voted in regard to the Plan, and no creditors holding such claims have objected to the Plan. Upon information and belief, no creditors of the Debtor exist that hold "Allowed Subordinated Claims."

  G. <u>Class 7: Covered Claims (Accepted)</u>

Holders of Claims in Class 7 have voted to accept the Plan because, of the creditors voting on the Plan, at least two-thirds in amount and more than one-half in number of such claims in Class 5 have voted to accept the Plan. *See* 11 U.S.C. § 1126(c). More specifically, all of the three votes cast from Class 7 voted in favor of the Plan. No Class 7 creditor voted to reject the Plan.

  H. <u>Class 8: Other Unsecured Claims (No Votes)</u>

No claims falling within Class 8 have voted in regard to the Plan, and no creditors holding such claims have objected to the Plan. Pursuant to the Court's *Order Scheduling Confirmation Hearing, Establishing Confirmation Procedures, Setting Deadline for*

*Filing Tardy Claims and Fixing Time for Filing Acceptances or Rejections of Amended Plan and Notice of Hearing* (Docket No. 714), a Class that contains claims entitled to vote but for which no votes are returned is deemed to have accepted the Plan.

Dated:   Cheyenne, Wyoming
            January 12, 2018

          MARKUS WILLIAMS YOUNG AND ZIMMERMANN LLC

          By:  /s/ *Bradley T. Hunsicker*
          Bradley T. Hunsicker (WY Bar No 7-4579)
          Jennifer Salisbury (WY Bar No. 7-5218)
          106 East Lincolnway Suite 300
          Cheyenne, WY 82001
          Telephone: 307-778-8178
          Facsimile: 307-638-1975
          Email: bhunsicker@markuswilliams.com;

          Counsel for the Debtor-in-Possession

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served this 12th day of January, 2018, by placing a copy in the U.S. mail, first class postage prepaid upon those parties identified on the mailing matrix attached hereto at Exhibit B.

          */s/ Bradley T. Hunsicker*
          Bradley T. Hunsicker