# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re: ) | |
| ) | Case No.: 16-20326 |
| POWELL VALLEY HEALTH CARE, INC., ) | Chapter 11 |
| ) | |
| Debtor-in-Possession. ) | |

## INSURANCE COMPANIES' MOTION TO HOLD MOTION FOR RELIEF FROM THE AUTOMATIC STAY IN ABEYANCE

UMIA Insurance, Inc. ("**UMIA**"), Lexington Insurance Company ("**Lexington**"), and Homeland Insurance Company of New York ("**Homeland**") (collectively, the "**Insurance Companies**"), each a party in interest[1] in this Chapter 11 case involving Debtor Powell Valley Health Care, Inc. ("**Debtor**"), submits their *Motion to Hold the Motion for Relief from the Automatic Stay in Abeyance,* and in support thereof, states as follows:

### INTRODUCTION

1. Insurance Companies submitted their *Motion for Relief from the Automatic Stay* (Docket No. 354) ("Motion") seeking relief from this Court to resume current Insurance Coverage Litigation involving the Debtor in District Court.

2. As the Insurance Companies involvement relates directly to whether insurance proceeds are owed to any Tort Claimants in Class 3 of the Amended Plan, believing the most efficient way in which to deal with proceeds, if any, are available to those Tort Claimants, the Insurance Companies filed their *Motion* in order to proceed.

3. However, a hearing is scheduled in the District Court for _____, on the issue of _____.

---

[1] Both UMIA and Lexington are also creditors of the Debtor's estate and each timely filed proofs of claim against the Debtor's estate. (*See* Claims Reg. Nos. 73 and 77).

## ARGUMENT

"In a case where a court is not required to abstain under 18 U.S.C §1334(c)(20, it may use its discretion to abstain from hearing a case where the interest of the bankruptcy court in adjudicating the matter is outweighed by other factors." *In re Ellicott Springs Resources, LLC,* 57 Bankr.Ct.Dec.143 citing *Lucre Mgmt. Grp., LLC v. Schempp Real Estate, LLC (In re Schempp Real Estate, LLC),* 303 B.B. 866 (Bankr.D.Colo.2003). In determining whether to abstain from action, the bankruptcy courts may consider:

> (1) The effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) **the presences of a related proceeding commenced in state court or other nonbankruptcy court,** (5) the jurisdictional basis, if any, other than 28 U.S.C. §1334, (6) **the degree of relatedness** or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presences in the proceeding of nondebtor parties.

The relief sought by the Insurance Companies in their *Motion for Relief from the Automatic Stay* was to obtain an order allowing the Insurance Companies to proceed in the prepetition litigation, *Homeland Insurance Company of New York, et al., v. Powell Hospital District, et al.,* No. 15-CV-00031-ABJ, ("Insurance Coverage Litigation") specifically relating to the availability of insurance coverage, if any, to the Debtor. A determination on this issue in the Insurance Coverage Litigation in the United States District Court for the District of Wyoming, will be dispositive of any coverage issue and thereby any proceeds available to any Tort Claimants composing Class 3. It is anticipated the District Court will render such an opinion at a hearing scheduled for _____ determining this exact issue, insurance coverage, if any, available to

Debtor. If such is the case, further action and consideration of the *Motion for Relief from the Motion to Stay* may be rendered moot.

Therefore, it would be in the is interests of judicial economy to hold any hearings and further disposition on the Insurance Companies *Motion for Relief from the Motion to Stay* in abeyance pending resolution of the \_\_\_\_\_ in \_\_\_\_\_ Court.

Dated: January 22, 2018.

/s/_____
Judith Studer
Patrick T. Holscher
Schwartz, Bon, Walker & Studer, LLC
141 S. Center St., Suite 500
Casper, WY 82601
(307) 235-6681
(307) 234-5099 Fax
jstuder@schwartzon.com
pat@schwartzbon.com

*Attorneys for Homeland Insurance Company of New York*