Bradley T. Hunsicker (Wyo. Bar 7-4579)
**MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC**
106 East Lincolnway, Suite 300
Cheyenne, WY  82001
Telephone: 307-778-8178
bhunsicker@markuswilliams.com

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF WYOMING

| | |
|---|---|
| In re: | ) |
| | ) Case No.: 16-20326 |
| POWELL VALLEY HEALTH CARE, INC., | ) Chapter 11 |
| | ) |
| Debtor. | ) |

## SUBMISSION OF MODIFIED AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR POWELL VALLEY HEALTH CARE, INC DATED JANUARY 19, 2018

The above-named Debtor-in-Possession (the "Debtor"), by and through its counsel, hereby informs the that it has filed its Modified Chapter 11 Plan of Reorganization dated January 19, 2018 for Powell Valley Heath Care, Inc. [Doc. 807] (the "Modified Amended Plan"), and for purposes of clarification, shows the Court as follows:

1.     On September 26, 2018, the Debtor filed its *Amended Plan of Reorganization dated September 26, 2017 for Powell Valley Health Care, Inc.* (the "Amended Plan").

2.     On December 5, 2017, the Debtor, Lexington Insurance Company, Homeland Insurance Company of New York, and the Official Committee of Unsecured Creditors (the "Committee") filed a *Stipulation Regarding Amended Chapter 11 Plan of*

*Reorganization for Powell Valley Health Care, Inc*. (the "Stipulation") (doc. 757) in which the parties agreed to modify the Amended Plan to resolve potential objections that Lexington and Homeland may have related to the Amended Plan.

3. On December 6, 2017, the Committee filed a *Comment/Limited Objection to Confirmation of Amended Plan* (Doc. No. 759) (the "Comment/Limited Objection), in which the Committee requested that certain clarifications be made to the Amended Plan.

4. On January 19, 2018, the Debtor filed its Modified Amended Plan which includes the modifications and clarifications requested by Homeland and Lexington in the Stipulation and the Committee in its Comment/Limited Objection.

5. The purpose of this submission is to inform the Court the substance of the modifications it has made to the Amended Plan and the attached plan documents, including the Glossary, the Trust and the Trust Distribution Procedures.

6. To wit, the revisions made to the Amended Plan include the following:

**Page 1:**

---

**<span style="color:red">MODIFIED</span> AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR POWELL VALLEY HEALTH CARE, INC.**

---

Dated this <span style="color:red">19</span>th day of January, 201<span style="color:red">8</span>.

**Page 2:**

Powell Valley Health Care, Inc. (the "Debtor"), the debtor in the above captioned chapter 11 case, hereby proposes the following amended chapter 11 plan of reorganization <span style="color:red">as modified</span>:

**Page 7:**

(g)    Class 7 – Covered Claims

{Z0204047/1 }                                          2

~~The debtor believes that there are four (4) Covered Claimants in this class - Tort Claimants Bonamarte, Nofzinger, Haney and Curtis. As to the three (3) Covered Personal Injury Claims of Bonamarte, Nofzinger and Haney, on August 16, 2017, UMIA stated by letter to counsel for the Creditors Committee that:~~

> ~~"As of the date of this letter, UMIA will provide coverage consistent with the terms and conditions of the August 1, 2015 through August 1, 2016 insurance policy of the following Second Year Claims:~~
> 
> - ~~Bonamarte;~~
> - ~~Nofzinger; and~~
> - ~~Haney.~~
> 
> ~~You may represent to the bankruptcy court, including in any proposed plan of reorganization, that UMIA will provide coverage of the specific Second Year Claims identified in this letter."~~

The Debtor believes there is one Covered Claimant in this Class – Tort Claimant Curtis. Homeland has agreed to provide coverage for Tort Claimant Curtis.

~~Because of the sometimes-changing nature of the Insurance Companies' obligations to cover these claims, UMIA Policy #WY920017 for Policy Period 08/01/2015 to 08/01/216 is to be assigned as one of the Transferred Causes of Action under the Plan.~~

Notwithstanding the same, however, each Covered Claimant shall retain his or her claim against the applicable insurance policy covering such claim, and shall neither receive nor retain under the Plan any other property of any kind or nature whatsoever, including, without limitation, cash or any interest in any of the Personal Injury Trust Assets, except as set forth in the Personal Injury Trust and the TDPs as a Covered Claimant. On the Effective Date of the Plan, the automatic stay shall terminate with respect to Tort Claimant Curtis, and she shall be free to pursue whatever rights or claims she has against the Insurance Companies to the extent of insurance coverage as set forth herein including the right to file suit against the Personal Injury Trustee as successor to the Debtor as set forth herein – in state court or other appropriate forum. To the extent, however, as set forth in the Personal Injury Trust and the TDPs, that at any time after the Effective Date any of the Insurance Companies withdraw coverage, then each such Covered Claimant shall thereafter be subject to the TDPs, shall have their claims valued as set forth therein, and shall be subject to distribution as set forth therein as a Non-Covered Claimant (as defined in the TDPs).

**Section 7.2**

Pursuant to 11 U.S.C. §§ 1123(a)(5) and (b)(3)(B) of the Bankruptcy Code, the Personal Injury Trust shall be created in substantially the same form as the document attached hereto as **Exhibit 2**, which shall govern, among other things, the liquidation and distribution of the Allowed Trust Personal Injury Claims, and which shall hold, among other things, the Personal

Injury Note attached hereto as **Exhibit 3** and a security agreement in the form attached hereto as **Exhibit 4**. The terms and provisions of the Personal Injury Trust are incorporated herein as though fully set forth in the Plan.

<span style="color:red">Notwithstanding anything in the Plan, the Plan Documents or the Confirmation Order: (1) the TDPs (including any amendments thereto) and the Claim values determined through the TDPs shall not be binding on the Insurance Companies; (2) the Insurance Companies remain free to challenge the reasonableness of any Claim values determined through the TDPs; and (3) no deference shall be given in the Declaratory Judgment Action to the Claim values determined through the TDPs because the Claim values were determined and the TDPs were approved by the Bankruptcy Court – said Claim values may be used and disputed in the Declaratory Judgment Action by any party as allowed by law.</span>

**Section 7.14**

    Darin Henderson
    Joetta <span style="color:red">Martin (formerly</span> Joetta Johnson<span style="color:red">)</span>
    Martha McMillen
    Richard McMillen
    Keela Meier
    Brock Meier
    ~~Kanan~~ <span style="color:red">Kalan</span> Nicholson

. . .

- With respect to the ~~HTMS Settling Parties Transferred Causes of Action~~ <span style="color:red">Trust Personal Injury Claims</span>, the HTMS Settling Parties <span style="color:red">shall</span> agree to entry of a judgment with a covenant not to execute or enforce against the HTMS Settling Parties. Any judgment shall be enforceable only against available insurance coverage relating to the Insurance Policies.

**Section 7.15**

    **Release of HTMS Settling Parties.**

Upon the Effective Date, and in consideration of the performance of the covenants set forth in Section 7.14, the HTMS Settling Parties, including their officers, directors, employees, agents, insurers, representatives, successors and assigns and Professionals (provided that nothing in this Section 7.15 shall be construed to release any party or entity from the HTMS Settling Parties Transferred Causes of Action, each of which is preserved as otherwise set forth in the Plan), shall, except for the covenants set forth in Section 7.14 of the Plan, be unconditionally and forever released from any and all Claims by the Debtor, the Debtor-in-Possession, the Creditors Committee, the Tort Claimants, the Personal Injury Claims Committee, the Personal Injury Trust, the Trust Personal Injury Claimants, the Personal Injury Trustee, the Disbursing Agent, as well as any other Person, and all other creditors holding Claims against the Debtor, whether asserted, unasserted, unmatured, contingent or unknown which arose on or before the Effective

Date, including, but not limited to, claims related to alter-ego, piercing the corporate veil, fraudulent transfer, avoidance claims under Chapter 5 of the Bankruptcy Code or otherwise, substantive, consolidation or any other Claims which would, could or may seek to impose liability on the HTMS Settling Parties for creditor Claims of the Debtor, including Claims of any Tort Claimants or Covered Personal Injury Claimants. For the avoidance of doubt, however, as to the Trust Personal Injury Claims of the Tort Claimants, they shall not be released as set forth in Section 7.14

**Section 13.1(xix)**

To hear and determine any other matters related hereto and not inconsistent with chapter 11 of the Bankruptcy Code.

Notwithstanding the foregoing, the Retention of Jurisdiction in this Plan shall not apply to the Declaratory Judgment Action currently pending in the United States District Court for the District of Wyoming, or any other action which concerns similar claims, cross-claims or counterclaims relating to insurance coverage for the Trust Personal Injury Claims. Nothing in this Plan will impair the jurisdiction of the United States District Court for the District of Wyoming to hear the Declaratory Judgment Action. Furthermore, nothing in this Plan will impair or otherwise prejudice the rights, claims and defenses as asserted by the parties to the Declaratory Judgment Action (including but not limited to the Personal Injury Trustee as the representative of the Debtor's estate, as that term is used in Section 1123(b)(3)(B) of the Bankruptcy Code), including as such rights, claims and defenses existed as of the Petition Date. ~~The Bankruptcy Court shall not have jurisdiction over the Declaratory Judgment Action. Rather exclusive jurisdiction over the Declaratory Judgment Action shall be in the United States District Court for the District of Wyoming.~~

For the avoidance of doubt, the Bankruptcy Court shall not have exclusive jurisdiction over any of the Transferred Causes of Action, the HTMS Settling Parties Transferred Causes of Action or any claims, if any, which may be retained and pursued individually by the Tort Claimants, to the extent they have retained, if any, individual claims against any third parties. Any such claims which may be pursued post-confirmation may be pursued in any appropriate forum.

**Section 14.2**

The rights afforded in the Plan and the treatment of all Claims herein shall be in exchange for and in complete ~~satisfaction,~~ discharge, ~~and release~~ of all Claims of any nature whatsoever against the Debtor, the Estate, the Debtor in Possession or any of their Assets. Except as otherwise provided herein, on the Effective Date, all Claims against the Debtor and the Debtor in Possession shall be ~~satisfied,~~ discharged~~, and released~~ in full. Except as otherwise provided herein, all Persons shall be precluded and forever barred from asserting against the Debtor, the Estate and its Assets any event, occurrence, condition, thing, or other or further Claims or Causes of Action based upon any act, omission, transaction, or other activity of any kind or nature that occurred or came into existence prior to the Effective Date, whether or not the facts of or legal bases therefore were known or existed prior to the Effective Date.

**Section 14.5**

  Except as otherwise provided in the Plan or the Confirmation Order, on the Effective Date, without further notice or order, all Claims of any nature whatsoever shall be automatically discharged forever. Except as otherwise provided in the Plan or the Confirmation Order, on the Effective Date, the Debtor and its Estate shall be deemed fully discharged ~~and released~~ from any and all Claims, including, but not limited to, demands and liabilities that arose before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), and 502(i) of the Bankruptcy Code, whether or not (a) a proof of claim based upon such debt is filed or deemed filed under section 501 of the Bankruptcy Code; (b) a Claim based upon such debt is allowed under section 502 of the Bankruptcy Code; or (c) the holder of a Claim based upon such debt has accepted the Plan. The Confirmation Order shall be a judicial determination of discharge of all liabilities of the Debtor and its Estate. As provided in section 524 of the Bankruptcy Code, such discharge shall void any judgment against the Debtor and its Estate to the extent it relates to a discharged Claim, and operates as an injunction against the prosecution of any action against the Debtor, its Estate or its Assets to the extent it relates to a discharged Claim.

**Section 14.6**

*If to the Personal Injury Trustee:*

Scott Goldstein
Spencer Fane
1000 Walnut, Suite 1400
Kansas City, MO  64106

**Section 14.16**

  As of the Effective Date, for good and valuable consideration, the Debtor, in its individual capacity and as Debtor in Possession, will be deemed to release and forever waive and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action and liabilities, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are based in whole or part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtor, the Chapter 11 Case, the Plan or the Disclosure Statement, and that could have been asserted by or on behalf of the Debtor or its Estate against (i) the Debtor's present and former officers and directors and any of its employees; (ii) the HTMS Settling Parties (except for the HTMS Settling Parties Transferred Causes of Action); (iii) the District (except for the Amended Lease Obligations); and, (iv) the attorneys, accountants, investment bankers, restructuring consultants and financial advisors of the Debtor; provided that nothing in this Section 14.16 of the Plan shall be construed to release any party or entity from (A) willful misconduct or gross negligence as determined by a Final Order; or (B) any Transferred Causes of Action, each of which is preserved as otherwise set forth in the Plan.  For the avoidance of doubt, there shall be no release by the Debtor with respect to all D&O claims, if any, to the extent of any insurance coverage against the Debtor's and/or District's directors, officers, and/or trustees, including but not limited to breach of fiduciary duty claims, breach of the duty of loyalty claims and/or

negligence claims which shall not be released.  <ins>For the avoidance of doubt, claims against insurance agents and/or brokers are included as Transferred Causes of Action and are not included herein.</ins>

**Section 14.7**

  **(iv) asserting any setoff, right of subrogation or recoupment of any kind; provided, that any defenses, offsets or counterclaims which the Debtor may have or assert in respect of the above referenced Claims are fully preserved in accordance with Section 14.14; <u>provided, however, that nothing in this Section 14.17 of the Plan shall prevent the Trust Personal Injury Claimants from obtaining a judgment as provided by the Personal Injury Trust <ins>or against Hansen</ins>, nor shall it prevent the Personal Injury Trustee from pursuing the Transferred Causes of Action, if any, against, but not limited to, Hansen, nor shall it prevent the Covered Claimants from pursing their retained rights in accordance with Section 4.1(g).</u>**

**Section 14.19**

  <ins>Nothing in the Plan, the Disclosure Statement, the Plan Documents or the Confirmation Order or any other document adopted to implement or carry out the Plan shall: (1) preclude the Insurance Companies from asserting in any proceeding any and all claims, defenses, rights or causes of action that they have or may have under or in connection with any Insurance Policies; or, (2) be deemed to waive any claims, defenses, rights or causes of action that the Insurance Companies have or may have under the provisions, terms, conditions, defenses and/or exclusions contained in the Insurance Policies, it being the intent that the rights of the Insurance Companies shall be determined under the Insurance Policies and applicable Law; or (3) be deemed to alter or impair the legal, equitable or contractual rights, duties or obligations under the Insurance Policies, or otherwise affect in any way, the claims or defenses that may be asserted by any insured (including but not limited to the Personal Injury Trustee as the representative of Debtor's estate, as that term is used in Section 1123(b)(3)(B) of the Bankruptcy Code), the Tort Claimants or any insurers or their affiliates, arising out of or in connection with any of the Insurance Policies. The rights, duties and obligations of all persons and entities arising in connection with the Insurance Policies shall be determined in accordance with the Insurance Policies and applicable non-bankruptcy law. Notwithstanding the foregoing, nothing in this Section 14.19 shall preclude the entry or effectiveness of the Confirmation Order or shall affect or limit, or be construed as affecting or limiting, the protections, rights or injunction, exculpation, release or discharge provisions afforded to the Debtor, the District, Dr. William J. Jarvis, HealthTech or Patten under the Plan, the Plan Documents or the Confirmation Order.</ins>

  ~~Nothing in the Plan, the Disclosure Statement, the Plan Documents or the Confirmation Order shall: (1) preclude the Insurance Companies from asserting in any proceeding any and all claims, defenses, rights or causes of action that they have or may have under or in connection with any Insurance Policies; or, (2) be deemed to waive any claims, defenses, rights or causes of action that the Insurance Companies have or may have under the provisions, terms, conditions, defenses and/or exclusions contained in the Insurance Policies, it being the intent that the rights of the Insurance Companies shall be determined under the Insurance Policies and applicable~~

~~law. Notwithstanding the foregoing, nothing in this Section 14.19 shall preclude the entry or effectiveness of the Confirmation Order or shall affect or limit, or be construed as affecting or limiting, the protections, rights or injunction, exculpation, release or discharge provisions afforded to the Debtor, the District, Dr. William J. Jarvis, HealthTech or Patten under the Plan, the Plan Documents or the Confirmation Order.~~

**Section 14.20**

Notwithstanding anything to the contrary in the Plan, Disclosure Statement, the Plan Documents or the Confirmation Order, ~~no~~ including but not limited to exculpation, release of, injunction regarding, or discharge of the Debtor, the District, Dr. William J. Jarvis, HealthTech, Patten or any other party, the Tort Claimants' Trust Personal Injury Claims shall be dealt with as set forth in the Personal Injury Trust and TDPs, and nothing shall diminish, impair or otherwise affect or limit the rights of the Personal Injury Trustee as representative of, and successor to the Debtor under 11 U.S.C. 1123 (b)(3)(B) or the Tort Claimants to pursue coverage or any other claims arising under the Insurance Policies in the Declaratory Judgment Action, or in any other proceeding, including but not limited to proceedings to pursue the Transferred Causes of Action.

**Last page**

Dated this 19th day of January, 2018.

7. The revisions to Exhibit 1 of the Amended Plan "Glossary of Defined Terms" include:

**Page 5:**

54. "Insurance Companies" ~~means UMIA Insurance, Inc., MMIC Insurance, Inc. (collectively, "UMIA")~~ Homeland Insurance Company of New York, a member of the One Beacon Insurance Group ("Homeland"), and Lexington Insurance Company ("Lexington").

**Page 9:**

- As to insurance agent and/or broker claims, they shall include but not be limited to all claims, whether contract or tort, and including malpractice, negligence and breach of duty, against the following entities:

**Page 10:**

| | |
|---|---|
| ~~UMIA Insurance, Inc. (PHD) (PVHC) Professional Liability and Excess Coverage~~ | Lexington Insurance Company (PVHC) |

~~Policy Periods~~

~~08/01/2015 to~~
~~08/01/16 and 08/01/2014 to 08/01/2015~~    6793042
                                              6793044

**Page 11**

90. "Voting Deadline" means <u>December 1, 2017</u>, the date set by the Bankruptcy Court pursuant to Rule 317 and Rule 3018, establishing the last day to vote to accept or reject the Plan.

8. The modifications to the Exhibit 2 of the Amended Plan, the Powell Valley Health Care, Inc. Personal Injury Trust, include:

**Page 1-2**:

WHEREAS, ~~pursuant to the Plan,~~ <u>the Personal Injury Trustee shall have the right to make an election as to whether it wishes to have</u> the Personal Injury Trust ~~is intended to~~ qualify as a "liquidating trust" within the meaning of section 301.7701-4(d), of the Treasury Regulations and Revenue Procedure 94-45 <u>or as a Qualified Settlement Fund ("QSF") under IRC Section 468B.  The Personal Injury Trustee shall make such election by filing a notice with the Bankruptcy Court on or before ninety (90) days after the Effective Date.  Under no circumstances, however, shall the election cause any taxation to the Debtor</u>; and

WHEREAS, it is the intent of the Debtor, the Personal Injury Trustee, the Committee and the Tort Claimants that the Personal Injury Trust be administered, maintained, and operated at all times ~~as a qualified settlement fund~~ through mechanisms that provide reasonable assurance that the Personal Injury Trust will value, and be in a financial position to pay, the holders of Claims, in strict compliance with the terms of this Personal Injury Trust; and,

WHEREAS, the Plan provides, among other things, that the Personal Injury Trustee shall be empowered to liquidate the Claims of Tort Claimants pursuant to the Tort Claimants' Claims and Distribution Procedures (the "TDPs") attached hereto as Exhibit B and incorporated herein by reference <u>including any amendments thereto</u>, including any amendments thereto, pursue litigation regarding the Personal Injury Trust Assets, and make distributions on the Claims on behalf of, and for the benefit of, the Tort Claimants, who are also the beneficiaries under the Personal Injury Trust (the "Beneficiaries"), and the Debtor.

**Section 1.2:**

The primary purpose of the Personal Injury Trust is to liquidate its assets in accordance with Treas. Reg. § 301.7701-4(d)<u>, or as a QSF, pursuant to the election described above</u>, with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Personal Injury Trust. Accordingly, the Personal Injury Trustee shall, in an expeditious but orderly manner, liquidate and convert to cash the non-cash Personal Injury Trust Assets (as described herein), make timely distributions to the Beneficiaries, and not unduly prolong the duration of the Personal Injury Trust<u>. Depending upon the election that is made, t</u>he Personal Injury Trust is intended to qualify

as a "grantor trust" for federal income tax purposes with the Beneficiaries treated as grantors and owners of the Personal Injury Trust, or as a QSF. As soon as practicable after the Effective Date, the Personal Injury Trustee (to the extent that the Personal Injury Trustee deems it necessary or appropriate in his or her sole discretion) shall value the assets of the Personal Injury Trust based on the good faith determination of the Personal Injury Trustee. The valuation shall be used consistently by all parties for all federal income tax purposes. The Bankruptcy Court shall resolve any dispute regarding such valuation.

**Section 1.3.**

> o   As to insurance agent and/or broker claims, they shall include but not be limited to all claims, whether contract or tort, and including malpractice, negligence and breach of duty, against the following entities:

. . .

| | |
|---|---|
| ~~UMIA Insurance, Inc. (PHD) (PVHC) Professional Liability and Excess Coverage~~ | ~~Policy Periods 08/01/2015 to 08/01/16 and 08/01/2014 to 08/01/2015~~ |
| Lexington Insurance Company (PVHC) | 6793042 6793044 |

## ARTICLE II

Scott Goldstein is hereby appointed to serve as the initial Personal Injury Trustee under the Plan and hereby accepts the appointment and agrees to serve in such capacity, effective upon the date of this Personal Injury Trust. Any successor Personal Injury Trustee shall be appointed as set forth in Section 5.3 in the event the Personal Injury Trustee is removed or resigns pursuant to the Personal Injury Trust, or if such Personal Injury Trustee otherwise vacates the position.

**Section 9.2**:

**Personal Injury Trust**

Depending upon the tax election made by the Personal Injury Trustee, the Personal Injury Trustee will file tax returns ~~pursuant~~ on the basis that the Personal Injury Trust is a "liquidating trust" within the meaning of Treas. Reg. § 301.7701-4(d) and related regulations, or as a QSF. Pursuant to such provisions, for federal income tax purposes, the Personal Injury Trustee will allocate to the Beneficiaries their applicable shares of any income or loss of the Personal Injury Trust Assets, and such Beneficiaries will be subject to tax on the Personal Injury Trust Assets' taxable income on a current basis.  As soon as reasonably practicable after the close of each calendar year, the Personal Injury Trustee will send each affected Beneficiary a statement setting forth such Beneficiary's share of the Personal Injury Trust's income, gain, deduction, loss and credit for the year and will instruct the Beneficiary to report all such items on his, her or its tax

return for such year and pay any tax due with respect thereto. Notwithstanding anything herein to the contrary, and for the avoidance of doubt, any payments made to Beneficiaries, including but not limited to payments derived from payments from the Debtor under the Plan, shall be considered payments on account of personal injury claims, and shall be non-taxable.

**Section 10.13:**

10.13 **TDPs Not Binding on Insurance Companies**. Notwithstanding anything in the Plan, the Plan Documents or the Confirmation Order: (1) the TDPs (including any amendments thereto) and the Claim values determined through the TDPs shall not be binding on the Insurance Companies; (2) the Insurance Companies remain free to challenge the reasonableness of any Claim values determined through the TDPs; and (3) no deference shall be given in the Declaratory Judgment Action to the Claim values determined through the TDPs because the Claim values were determined and the TDPs were approved by the Bankruptcy Court – said Claim values may be used and disputed in the Declaratory Judgment Action by any party as allowed by law.

9. The modifications to Exhibit 3 of the Amended Plan, the Trust Distribution Procedures, include:

**Section 2.3 b):**

b) The Personal Injury Trustee shall give the insurance companies (collectively, the "Insurers") (~~UMIA Insurance, Inc., MMIC Insurance, Inc. (collectively, "UMIA")~~ Homeland Insurance Company of New York, a member of the One Beacon Insurance Group ("Homeland") and Lexington Insurance Company ("Lexington")) reasonable prior notice of each Mediation and an opportunity to participate in the Mediation by notifying the Insurers that any and/or all of them that wish to do so, shall be provided the opportunity to submit materials they deem relevant to the Mediator for each Mediation and a procedure to do so.

**Section 2.4:**

2.4      Claim Valuations Not Binding on Insurance Companies

Notwithstanding anything in the Plan, the Plan Documents or the Confirmation Order: (1) the TDPs (including any amendments thereto) and the Claim values determined through the TDPs shall not be binding on the Insurance Companies; (2) the Insurance Companies remain free to challenge the reasonableness of any Claim values determined through the TDPs; and (3) no deference shall be given the Declaratory Judgment Action to the Claim values determined through the TDPs because the Claim values were determined and the TDPs were approved by the Bankruptcy Court – said Claim values may be used and disputed in the Declaratory Judgment Action by any party as allowed by law. For the avoidance of doubt, the Insurance Companies are not required to participate in the TDPs, including but not limited to the Binding Mediation Procedure set forth in paragraph 2.3 herein, and the refusal of any insurer to participate in the

TDPs shall not be a waiver of the insurer's right to challenge the reasonableness of any Claim values determined through the TDPs.

    10.    The Debtor has also attached hereto copies of the complete red-lined Amended Plan with red-lined exhibits.

Dated:   Cheyenne, Wyoming
           January 22, 2018

                               MARKUS WILLIAMS YOUNG AND ZIMMERMANN LLC

                               By: */s/ Bradley T. Hunsicker*
                               Bradley T. Hunsicker (WY Bar No 7-4579)
                               106 East Lincolnway Suite 300
                               Cheyenne, WY 82001
                               Telephone: 307-778-8178
                               Facsimile: 307-638-1975
                               Email: bhunsicker@markuswilliams.com;

                               Counsel for the Debtor-in-Possession