## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF WYOMING

In re:                                      )
                                            )        Case No.: 16-20326
POWELL VALLEY HEALTH CARE, INC.,            )        Chapter 11
                                            )
        Debtor-in-Possession.               )
_____

## INSURANCE COMPANIES' CORRECTED MOTION TO HOLD MOTION FOR RELIEF FROM THE AUTOMATIC STAY IN ABEYANCE
_____

UMIA Insurance, Inc. ("**UMIA**"), Lexington Insurance Company ("**Lexington**"), and Homeland Insurance Company of New York ("**Homeland**") (collectively, the "**Insurance Companies**"), each a party in interest[1] in this Chapter 11 case involving Debtor Powell Valley Health Care, Inc. ("**Debtor**"), submits their *Motion to Hold the Motion for Relief from the Automatic Stay in Abeyance,* and in support thereof, states as follows:

### INTRODUCTION

1. Insurance Companies submitted their *Motion for Relief from the Automatic Stay* (Docket No. 354) ("Motion") seeking relief from this Court to resume current Insurance Coverage Litigation involving the Debtor in District Court.

2. As the Insurance Companies involvement relates directly to whether insurance proceeds are owed to any Tort Claimants in Class 3 of the Amended Plan, believing the most efficient way in which to deal with proceeds, if any, are available to those Tort Claimants, the Insurance Companies filed their *Motion* in order to proceed.

---

[1] Both UMIA and Lexington are also creditors of the Debtor's estate and each timely filed proofs of claim against the Debtor's estate. (*See* Claims Reg. Nos. 73 and 77).

3. However, a hearing is scheduled in the District Court for January 23, 2018, on Approval of the Plain in its current form.  It is believed by the petitioner that that the current form addresses the topics raised by the earlier motion and approval of the plan will render it moot.

## **ARGUMENT**

"In a case where a court is not required to abstain under 18 U.S.C §1334(c)(20, it may use its discretion to abstain from hearing a case where the interest of the bankruptcy court in adjudicating the matter is outweighed by other factors." *In re Ellicott Springs Resources, LLC,* 57 Bankr.Ct.Dec.143 citing *Lucre Mgmt. Grp., LLC v. Schempp Real Estate, LLC (In re Schempp Real Estate, LLC),* 303 B.B. 866 (Bankr.D.Colo.2003). In determining whether to abstain from action, the bankruptcy courts may consider:

> (1) The effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) **the presences of a related proceeding commenced in state court or other nonbankruptcy court,** (5) the jurisdictional basis, if any, other than 28 U.S.C. §1334, (6) **the degree of relatedness** or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presences in the proceeding of nondebtor parties.

The relief sought by the Insurance Companies in their *Motion for Relief from the Automatic Stay* was to obtain an order allowing the Insurance Companies to proceed in the prepetition litigation, *Homeland Insurance Company of New York, et al., v. Powell Hospital District, et al.,* No. 15-CV-00031-ABJ, ("Insurance Coverage Litigation") specifically relating to the availability of insurance coverage, if any, to the Debtor.  However, negotiations between the parties have addressed how

the movant issues shall subsequently be addressed in the plan and, if the plan is approved, shall render the motion moot.

Therefore, it would be in the is interests of judicial economy to hold any hearings and further disposition on the Insurance Companies *Motion for Relief from the Motion to Stay* in abeyance pending resolution determination of whether the plan shall be approved.

Dated: January 22, 2018.

*/s/Patrick T. Holscher*_____
Judith Studer
Patrick T. Holscher
Schwartz, Bon, Walker & Studer, LLC
141 S. Center St., Suite 500
Casper, WY 82601
(307) 235-6681
(307) 234-5099 Fax
jstuder@schwartzon.com
pat@schwartzbon.com

***Attorneys for Homeland Insurance Company of New York***

I hereby certify that on January 22, 2018, I served **INSURANCE COMPANIES'CORRECTEDMOTION TO HOLD MOTION FOR RELIEF FROM THE AUTOMATIC STAY IN ABEYANCE** upon all parties receiving service pursuant to Electronic Case Filing.

*/s/Patrick T. Holscher*_____
Patrick T. Holscher
Schwartz, Bon, Walker & Studer
141 South Center Street, Suite 500
Casper, WY  82601
Tel:  (307) 235-6681
Fax:  (307) 234-5099
pat@schwartzbon.com