Jamie N. Cotter (WY #74721)
Philip A. Pearlman (CO #11426)
Zachary R.G. Fairlie (MO #68057)
Spencer Fane LLP
1700 Lincoln Street, Suite 200
Denver, CO 80203-4554
(303) 839-3800
(303) 839-3838 fax
jcotter@spencerfane.com

*Counsel for Scott J. Goldstein,*
*Personal Injury Trustee for the*
*Powell Valley Health Care, Inc.*
*Personal Injury Trust*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re:<br><br>POWELL VALLEY HEALTH CARE, INC.,<br><br>Debtor. | Bankruptcy Case No. 16-20326<br>Chapter 11 (Confirmed) |
| SCOTT J. GOLDSTEIN, TRUSTEE OF THE POWELL VALLEY HEALTH CARE, INC., PERSONAL INJURY TRUST,<br><br>Plaintiff,<br><br>v.<br><br>HOMELAND INSURANCE COMPANY OF NEW YORK, and WYOMING FINANCIAL INSURANCE, INC.,<br><br>Defendants. | Adv. Proc. No. [   ] |

## **COMPLAINT**

Scott J. Goldstein, trustee (the "Trustee") of the Powell Valley Health Care, Inc., Personal Injury Trust (the "Personal Injury Trust"), by and through undersigned counsel, for his

Complaint against Defendants Homeland Insurance Company of New York ("Homeland"), and Wyoming Financial Insurance, Inc. ("Wyoming Financial"), states and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 157, 1331, 1334 and Rule 7001 of the Federal Rules of Bankruptcy Procedure. This a proceeding arising under Title 11 or arising in or related to a case under Title 11. Pursuant to paragraph I.O. of the Confirmation Order (as defined below), this Court retained jurisdiction over this matter.

2. This is a "core proceeding" as defined in 28 U.S.C. § 157(b).

3. Venue is proper in this Court under 28 U.S.C. § 1409.

## NATURE OF THE ACTION

4. On May 15, 2016 (the "Petition Date"), Powell Valley Health Care, Inc. (the "Debtor") filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Code"). Within four years before the Petition Date, the Debtor transferred substantial monies to Wyoming Financial and/or Homeland. Contingent in part on the outcome of the Coverage Litigation (as defined herein), it is possible the Debtor made these transfers without receiving reasonably equivalent value in exchange. Thus, this action is filed to recover the monies paid to Wyoming Financial and/or Homeland as permitted under the Code and applicable nonbankruptcy law to the extent any judgment, ruling, determination, and/or outcome in the Coverage Litigation results in the value received in exchange for the Transfers (as defined herein) being less than reasonably equivalent value. For the avoidance of doubt, the relief sought herein is *in the alternative* to relief sought by the Trustee in the Coverage Litigation, and nothing contained herein shall be deemed as (i) a waiver of any right, defense, or otherwise that the Personal Injury Trust or the Trustee may have in the Coverage Litigation or

this action, or (ii) a request or demand by the Personal Injury Trust or the Trustee for rescission or cancellation of the Homeland Insurance Policies (as defined herein). Filed contemporaneously herewith is a motion requesting this Court hold this action in abeyance pending resolution of the Coverage Litigation.

## PARTIES

5. Homeland is an insurance company incorporated in the State of New York with its principal place of business in the State of Minnesota.

6. Wyoming Financial is a Wyoming corporation with its principal place of business in the State of Wyoming.

7. The Personal Injury Trust was created pursuant to the Debtor's Modified Amended Chapter 11 Plan of Reorganization for Powell Valley Health Care, Inc. (the "Plan") [Doc. 807], which this Court confirmed by order dated January 24, 2018 (the "Confirmation Order")[1] [Doc. 826]. Pursuant to Article II of the Personal Injury Trust, incorporated by reference into the Plan, Scott J. Goldstein was appointed as the Personal Injury Trustee. Pursuant to Section 7.9 of the Plan and as defined in the Glossary incorporated therein, Debtor transferred, among other things, all of its rights regarding and relating to any and all claims against the Insurance Companies pursuant to 11 U.S.C. §§ 510(c) and 544-553, including claims for avoidance and recovery of transfers made by the Debtor of any kind or nature, and including but not limited to insurance premium payments.

## ALLEGATIONS COMMON TO ALL COUNTS

8. Upon information and belief, Homeland issued various insurance policies to the Debtor within four years before the Petition Date (the "Homeland Insurance Policies").

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Plan and Confirmation Order.

9. Upon information and belief, the Debtor paid at least $529,083.68 in insurance premiums (the "Transfers") on account of the Homeland Insurance Policies to Wyoming Financial and/or to Homeland.

10. On February 27, 2015, Homeland initiated insurance coverage litigation against the Debtor and others in the United States District Court for the District of Wyoming, styled as *Homeland Insurance Company of New York, et al. v. Powell Hospital District, et al.*, No. 15-CV-00031-ABJ (the "Coverage Litigation").

11. The Coverage Litigation involves, among other things, insurance coverage available to the Debtor for various patient claims (the "Patient Claims") resulting from medical procedures performed by the Debtor, its agents, employees, and/or others (the "Insureds").

12. Specifically, the Coverage Litigation includes Homeland's request for declaratory relief, pursuant to 28 U.S.C. §§ 2201 and 2202, that the Homeland Insurance Policies issued to the Debtor provide no coverage for the Patient Claims and, consequently, that it is under no obligation to defend or indemnify the Insureds from the Patient Claims. In the unlikely event such declaratory relief were granted, it would render the consideration given in exchange for the Transfers worthless.

## COUNT I
## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544(b) and 550(a)(1)

13. The Trustee adopts and incorporates the preceding allegations as if set forth fully herein.

14. Upon information and belief, the Transfers were transfers of property of the Debtor to Homeland and/or Wyoming Financial made within four (4) years before the Petition Date.

15. The Debtor received less than reasonably equivalent value in exchange for the Transfers.

16. The Transfers were made while the Debtor was insolvent, or in the alternative, such Transfers rendered the Debtor insolvent, or in the alternative, the Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction, or in the alternative, the Transfers were made while the Debtor intended to incur, or believed or reasonably should have believed the Debtor would incur, debts beyond the Debtor's ability to pay as they became due.

17. Immediately prior to the Petition Date, the Transfers were avoidable under the Uniform Fraudulent Transfer Act of the State of Wyoming, Wy. Stat. § 34-14-201, et seq. ("UFTA") by the holders of the Patient Claims.

18. On the Petition Date, the Debtor (as debtor-in-possession) succeeded to the transfer avoidance claims of the holders of the Patient Claims, pursuant to 11 U.S.C. § 544(b). Under the Plan, the Trustee now is the party with standing to assert all transfer avoidance claims of the holders of the Patient Claims.

19. The Trustee may recover the Transfers or the value thereof from Homeland as either the initial transferee of the Transfers or the entity for whose benefit such Transfers were made pursuant to 11 U.S.C. § 550(a)(1).

WHEREFORE, the Trustee respectfully requests this Court enter the following:

    a.    an order, pursuant to 11 U.S.C. § 544(b), avoiding the Transfers made to or for the benefit of Homeland;

    b.    judgment in this action against Homeland in an amount equal to the Transfers, together with all applicable pre-judgment interest, post-judgment interest, and costs and attorneys' fees to the extent recoverable under applicable law and the evidence submitted to the Court;

  c. an order pursuant to § 550, for recovery of an amount equal to the Transfers, together with all applicable pre-judgment interest, post-judgment interest, and costs and attorneys' fees to the extent recoverable under applicable law and the evidence submitted to the Court; and

  d. an order for such other and further relief as the Court deems just and proper.

**COUNT II**
**ALTERNATIVELY, AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544(b) and 550(a)(1) and (2)**

20. The Trustee adopts and incorporates the preceding allegations as if set forth fully herein.

21. Upon information and belief, the Transfers were transfers of property of the Debtor to Wyoming Financial made within four (4) years before the Petition Date.

22. The Debtor received less than reasonably equivalent value in exchange for the Transfers.

23. The Transfers were made while the Debtor was insolvent, or in the alternative, such Transfers rendered the Debtor insolvent, or in the alternative, the Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction, or in the alternative, the Transfers were made while the Debtor intended to incur, or believed or reasonably should have believed the Debtor would incur, debts beyond the Debtor's ability to pay as they became due.

24. Immediately prior to the Petition Date, the Transfers were avoidable under the UFTA by holders of the Patient Claims.

25. On the Petition Date, the Debtor (as debtor-in-possession) succeeded to the transfer avoidance claims of the holders of the Patient Claims pursuant to 11 U.S.C. § 544(b). Under the Plan, the Trustee is now the party with standing to assert all transfer avoidance claims of the holders of the Patient Claims.

26. The Trustee may recover the Transfers or the value thereof from Wyoming Financial as an initial transferee pursuant to 11 U.S.C. § 550(a)(1).

27. The Trustee may recover the Transfers or the value thereof from Homeland as a subsequent transferee pursuant to 11 U.S.C. § 550(a)(2).

WHEREFORE, the Trustee respectfully requests this Court enter the following:

a. an order, pursuant to 11 U.S.C. § 544(b), avoiding the Transfers made to Wyoming Financial and Homeland;

b. judgment in this action against Wyoming Financial and Homeland in an amount equal to the Transfers, together with all applicable pre-judgment interest, post-judgment interest, and costs and attorneys' fees to the extent recoverable under applicable law and the evidence submitted to the Court;

c. an order pursuant to § 550(a)(1) and (2), for recovery of an amount equal to the Transfers, together with all applicable pre-judgment interest, post-judgment interest, and costs and attorneys' fees to the extent recoverable under applicable law and the evidence submitted to the Court; and

d. an order for such other and further relief as the Court deems just and proper

Respectfully submitted,

**SPENCER FANE LLP**

/s/ Jaime N. Cotter
Jaime N. Cotter WY #74721
Philip A. Pearlman CO #11426
Zachary R.G. Fairlie MO #68057
1700 Lincoln Street, Suite 2000
Denver, CO 80203-4554
(303) 839-3800
(303) 839-3838—Fax
jcotter@spencerfane.com
ppearlman@spencerfane.com
zfairlie@spencerfane.com

*Counsel for Scott J. Goldstein,*
*Personal Injury Trustee*