Jamie N. Cotter (WY #74721)
Philip A. Pearlman (CO #11426)
Spencer Fane LLP
1700 Lincoln Street, Suite 200
Denver, CO 80203-4554
(303) 839-3800
(303) 839-3838 fax
jcotter@spencerfane.com

*Counsel for Scott J. Goldstein,
Personal Injury Trustee for the
Powell Valley Health Care, Inc.
Personal Injury Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| **In Re:** | ) | **Chapter 11** |
| | ) | **Case No. 16-20326** |
| **POWELL VALLEY HEALTH CARE, INC.,** | ) | |
| | ) | |
| **Debtor.** | ) | |

### EMERGENCY MOTION FOR APPROVAL OF STIPULATION BETWEEN PERSONAL INJURY TRUST AND PEGGI JO WERBELOW DETERMINING CLAIM ALLOWANCE AND AUTHORIZING WITHDRAWAL OF COUNSEL

Scott J. Goldstein, Trustee (the "Trustee") of the Powell Valley Health Care, Inc. ("Debtor") Personal Injury Trust, through counsel, hereby files this Emergency Motion for Approval of Stipulation Between Personal Injury Trust and Peggi Jo Werbelow Determining Claim Allowance and Authorizing Withdrawal of Counsel (the "Motion"), and in support thereof states as follows:

1.      The Trustee understands the Debtor wishes to resolve all pending matters in this case in order to obtain a Final Decree under Rule 3022 of the Rules of Bankruptcy Procedure, in particular because of the accrual of continuing U.S. Trustee's fees.

2.      Other than an adversary proceeding which should not delay the issuance of a Final Decree, the only pending matter of which the Trustee is aware relates to various motions

concerning the claim of Peggi Jo Werbelow ("Werbelow") and the withdrawal of her counsel, Collin Hopkins, Esq. ("Hopkins").

3. The Trustee believes the contemporaneously filed Stipulation Between Personal Injury Trust and Peggi Jo Werbelow Determining Claim Allowance (the "Stipulation") (also attached hereto as <u>Exhibit A</u>) resolves all pending matters relating to Werbelow, including the withdrawal of Hopkins, because the Stipulation indicates that substitute counsel is now representing Werbelow which the Trustee understands has, or shall immediately enter an appearance in this case, and by her actual signature to the Stipulation Werbelow acknowledges she is aware of the withdrawal and consents to the same.

4. As to the Stipulation, pursuant to the Plan and the TDPs, the Trustee believes he is the entity entitled to object to the claim of Werbelow, and said claim has now been resolved pursuant to the Stipulation. Therefore, while the Trustee shall provide notice of the Stipulation, the Trustee believes opportunity for objection by parties in interest is not required.

WHEREFORE, for the reasons set forth herein, the Trustee respectfully requests the entry of an Order approving the Stipulation (a form of which is filed contemporaneously herewith) and approval of the withdrawal of Hopkins.

Dated: May 29, 2018

                           Respectfully submitted,

                           **SPENCER FANE LLP**

                           /s/ Jaime N. Cotter
                           Jaime N. Cotter WY #74721
                           Philip A. Pearlman CO #11426
                           1700 Lincoln Street, Suite 2000
                           Denver, CO 80203-4554
                           (303) 839-3800
                           (303) 839-3838—Fax
                           jcotter@spencerfane.com
                           ppearlman@spencerfane.com

                           *Counsel for Scott J. Goldstein,*
                           *Personal Injury Trustee*

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 29, 2018, a copy of the foregoing was served *electronically* upon all interested parties, The Office of the United States Trustee and those parties requesting notice and registered on the Court's CM/ECF system.

                           */s/ Jaime N. Cotter*
                           Jaime N. Cotter

**EXHIBIT A**

Jamie N. Cotter (WY #74721)
Philip A. Pearlman (CO #11426)
Spencer Fane LLP
1700 Lincoln Street, Suite 200
Denver, CO 80203-4554
(303) 839-3800
(303) 839-3838 fax
jcotter@spencerfane.com

*Counsel for Scott J. Goldstein,
Personal Injury Trustee for the
Powell Valley Health Care, Inc.
Personal Injury Trust*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In Re: ) | **Chapter 11** |
| ) | **Case No. 16-20326** |
| **POWELL VALLEY HEALTH CARE, INC.,** ) | |
| ) | |
| **Debtor-in-possession.** ) | |

### STIPULATION BETWEEN PERSONAL INJURY TRUST AND PEGGI JO WERBELOW DETERMINING CLAIM ALLOWANCE

Scott J. Goldstein, trustee (the "Trustee") of the Powell Valley Health Care, Inc. ("Debtor") Personal Injury Trust (the "Personal Injury Trust"), and Peggi Jo Werbelow ("Werbelow", and collectively with the Trustee, the "Parties", and individually, "Party"), through their respective counsel, enter into this Stipulation (the "Stipulation") regarding Claim Allowance Determination (defined herein) and state and agree as follows:

WHEREAS, on May 16, 2016, the Debtor filed for Chapter 11 relief;

WHEREAS, on June 21, 2016, the Office of the United States Trustee appointed The Official Committee of Unsecured Creditors (the "Committee");

WHEREAS, on May 17, 2016, the Court established September 7, 2016 as the deadline for holders of claims to file proofs of claim against the Debtor [Doc 19];

WHEREAS, on May 9, 2017, Werbelow, by and through counsel, filed proof of claim number 95-1, asserting a general unsecured claim in the amount of $2,000,000;

WHEREAS, on September 26, 2017, the Debtor filed its *Amended Disclosure Statement* [Doc 655] and its *Amended Chapter 11 Plan of Reorganization* [Doc 656];

WHEREAS, on October 25, 2017, the Court entered an order establishing, among other things, a deadline of November 17, 2017 for those wishing to seek allowance of Tardy Claims [Doc 714];

WHEREAS, on November 15, 2017, Werbelow, by and through counsel, filed proof of claim number 95-2, asserting a general unsecured claim in the amount of $2,000,000;

WHEREAS, on November 16, 2017, Werbelow, by and through counsel, filed a *Motion for Entry of an Order Allowing Proof of Claim #95-1 Pursuant to Rule 9006(b)(1) or in the Alternative Motion for Relief from Stay* (the "Motion") [Doc 731], requesting leave to file her proof of claim out of time, or in the alternative, relief from the stay as against Jeffery Hansen, M.D.;

WHEREAS, on December 7, 2017, the Court entered an order requiring compliance with Local Bankruptcy Rule 9013-1(A) within fourteen (14) days of entry of the order;

WHEREAS, on December 19, 2017, the Committee and the Parties entered into a *Stipulation to Determine Claim Allowance Post-Confirmation* [Doc 786], where it was agreed the Court should determine Werbelow's claim allowance post-confirmation (the "Claim Allowance Determination"), with all parties reserving their respective rights to the Claim Allowance Determination;

WHEREAS, on January 19, 2018, Debtor filed its *Modified Amended Chapter 11 Plan of Reorganization for Powell Valley Health Care, Inc.* (the "Plan") [Doc. 807], which this Court confirmed by order dated January 24, 2018 (the "Confirmation Order")[1] [Doc. 826];

WHEREAS, one of the Plan Documents is the Trust Distribution Procedures (the "TDPs") which, in Article II, Section 2.2 Claims, subparagraph (c), states:

(c) The claim of Peggie Jo Werbelow was not timely filed (the "Werbelow Claim"). The Personal Injury Trustee shall object to the Werbelow Claim. To the extent the Bankruptcy Court determines that said claim should be entitled to a distribution from any Personal Injury Trust Assets of any kind or nature, the Personal Injury Trustee shall require this Claimant to comply with the TDPs.

WHEREAS, in light of anticipated costly litigation associated with the Claim Allowance Determination, the Parties wish to settle and compromise their respective claims, defenses, and otherwise regarding the Claim Allowance Determination according to the terms agreed herein.

NOW THEREFORE, in exchange for the promises, covenants, representations, and warranties in this Stipulation and other valuable consideration, which each Party agrees is sufficient, each Party agrees as follows:

1. Werbelow Claim. Werbelow shall have an allowed claim under the TDPs limited to: (1) the HealthTech and Patten Settlement; and (2) the Transferred Causes of Action as defined under the Plan, which include monies related to the settlement of the UMIA claim and other insurance recoveries (the "Werbelow Claim"). For the avoidance of doubt, the Werbelow Claim shall not include a share in any distribution of the $3,000,000 paid or to be paid by the Debtor under the Plan, which includes the $500,000 payment made under the Plan or any payments made by the Debtor under the Personal Injury Note ($2,500,000).

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Plan and Confirmation Order.

WA 11241464.3

2. <u>Compliance with Personal Injury Trust Procedures</u>. Werbelow agrees to abide by the terms and conditions of the Plan, the Confirmation Order, and all ancillary documents including but not limited to the Personal Injury Trust, TDPs, Glossary, and other governing documents (the "Plan Documents").

3. <u>Release of the Trust and Trustee</u>. Werbelow unconditionally, permanently, and irrevocably discharges, releases, waives, and promises not to assert any and all manner of actions, causes of action, suits, proceedings, debts, dues, judgments, damages, claims, expenses, liabilities, rights to payments, acts and/or omissions, demands, and all other claims of every kind, nature, and description, whatsoever, liquidated and unliquidated, fixed and/or contingent, matured and unmatured, priority or non-priority, disputed and/or undisputed, legal or equitable, secured and unsecured, accrued and unaccrued, known and unknown, choate and inchoate, whether based on statutory law, common law, federal law, state law, local law, or otherwise (the "Released Claims"), that Werbelow has or may have against the Trust and the Trustee, and their respective parents, subsidiaries, affiliates, principals, shareholders, members, directors, officers, employees, agents, representatives, attorneys, insurers, predecessors, successors, and assigns, collectively (the "<u>Released Parties</u>"), except for the Werbelow Claim; provided, however, the Released Claims shall not include, and Werbelow retains any future claims which may arise under the Plan Documents following the date of approval of this Stipulation by the Bankruptcy Court.

4. <u>Representation</u>. Each Party agrees they (i) have been represented by competent counsel of their own choosing at all times during the negotiation, execution and delivery of this Stipulation; (ii) have been advised of the facts relating to the subjects of this Stipulation, and (iii) knowingly and voluntarily signed this Stipulation after understanding its provisions.

WA 11241464.3

5. <u>Limitation</u>. Nothing contained in this Stipulation shall be construed as a release of any claim Werbelow has against any attorney who represented exclusively her in the bankruptcy case or with respect to her medical malpractice claim, including prior counsel Collin Hopkins, Esq.

Dated: May 29, 2018

                    Respectfully submitted,

                    **SPENCER FANE LLP**

                    <u>/s/ Jaime N. Cotter</u>
                    Jaime N. Cotter WY #74721
                    Philip A. Pearlman CO #11426
                    1700 Lincoln Street, Suite 2000
                    Denver, CO 80203-4554
                    (303) 839-3800
                    (303) 839-3838—Fax
                    jcotter@spencerfane.com
                    ppearlman@spencerfane.com

                    *Counsel for Scott J. Goldstein,*
                    *Personal Injury Trustee*


                    _____
                    PEGGI JO WERBELOW


                    **MURPHY LAW OFFICES, PLLC**

                    <u>/s/ Edward A. Murphy</u>
                    Edward A. Murphy
                    27 N. Higgins, Ste. 207
                    P.O. Box 2639
                    Missoula, MT 59806
                    Phone: (406) 728-2671
                    Facsimile: (866) 705-2260

WA 11241464.3

**FIX LAW OFFICE**

/s/  William R. Fix
William R. Fix
350 E Broadway
PO Box 297
Jackson, WY 83001
Office: 307.733.5848
Cell:   307.413.2718
Fax:   307.333.0717
fixlawoffice@gmail.com

/s/ _____
Jaime N. Cotter WY #74721
Philip A. Pearlman CO #11426
1700 Lincoln Street, Suite 2000
Denver, CO 80203-4554
(303) 839-3800
(303) 839-3838—Fax
jcotter@spencerfane.com
ppearlman@spencerfane.com

*Counsel for Scott J. Goldstein,
Personal Injury Trustee*

_[signature]_
PEGGI JO WERBELOW