Scott J. Goldstein (MO #28698)
Jamie N. Cotter (WY #74721)
Spencer Fane LLP
1000 Walnut, Suite 1400
Kansas City, MO 64106
Telephone: (816) 474-8100
Facsimile: (816) 474-3216
sgoldstein@spencerfane.com
*Trustee for Powell Valley Healthcare, Inc.,
Personal Injury Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING
CHEYENNE DIVISION**

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | Case No. 16-20326 |
| POWELL VALLEY HEALTH CARE, INC., | ) | |
| | ) | |
| Debtor. | ) | |

**AMENDED PERSONAL INJURY TRUSTEE'S MOTION TO REOPEN
POWELL VALLEY HEALTH CARE, INC. BANKRUPTCY CASE**

Scott J. Goldstein, the Personal Injury Trustee (the "Trustee") of the Powell Valley Health Care, Inc. Personal Injury Trust (the "PVHC Trust"), submits this amended motion (the "Motion"), pursuant to Section 350 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 5010 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 5010-1 of the Local Rules of the United States Bankruptcy Court for the District of Wyoming (the "Local Rules"), for entry of an order reopening the above-captioned bankruptcy case for the limited purposes set forth herein. In support of this Motion, the Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334 and the Modified Amended Chapter 11 Plan of Reorganization for Powell Valley Health Care, Inc., all exhibits thereto (collectively, the "Plan"), and this Court's Order Confirming Modified Amended

Chapter 11 Plan of Reorganization for Powell Valley Health Care, Inc. [Doc. 826] (collectively, the "Plan Documents"), and in particular Article XIII—Retention of Jurisdiction—13.1—Scope of Retention of Jurisdiction, sections (ii), (iii), (iv), (v), (vii), (viii), (ix), (x) and (xix). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). The statutory predicates for the relief sough herein are section 350 of the Bankruptcy Code and Bankruptcy Rule 5010 and Local Rule 5010-1.[1]

## RELEVANT BACKGROUND

2. On May 16, 2016, Powell Valley Health Care, Inc. (the "Reorganized Debtor") filed Chapter 11.

3. On January 24, 2018, the Court approved the Order Confirming Modified Amended Chapter 11 Plan of Reorganization for Powell Valley Health Care, Inc. [Doc. 656] (the "Order").

4. The Plan Effective Date was March 2, 2018.

5. On May 30, 2018, the Reorganized Debtor filed its Final Report and Expedited Motion for Entry of Final Decree [Doc. 881], noting that the continued incurrence of United States Trustee fees at the increased rate would jeopardize the Reorganized Debtor's ability to successfully emerge from bankruptcy.

6. On June 19, 2018, the Court issued the Final Decree and Order Closing Case [Doc. 889].

7. From a time period before the date of the hearing on confirmation of the Plan, counsel for the Unsecured Creditors' Committee (and now the Trustee) has been working diligently on fulfilling what are now his obligations under the Plan Documents, which include

---

[1] Unless otherwise stated, terms used in the Motion have the meanings as defined in the Plan Documents.

the Trust Distribution Procedures (the "TDPs"), to conduct and conclude the required Mediations set forth therein.

8. Having discussed the same with potential insurance defense counsel before the confirmation hearing, on January 24, 2018 (the day after the confirmation hearing and the date the Court signed the Order), the Trustee employed well-respected insurance defense counsel Monty L. Barnett, Esq., of the firm of White and Steele, P.C., to represent the Trustee in the Mediations described in the TDPs. Mr. Barnett and the Trustee, on January 24, 2018, met with retired Judge William F. Downes (the "Mediator"), and since that time the Trustee and his counsel have been working diligently to: (i) assist the Mediator in finalizing and then communicating the mediation process to all of the tort claimants and insurers; (ii) scheduling twenty-five (25) mediations; and (iii) assisting the Mediator in conducting the Mediations and providing whatever other assistance was necessary or required post-Mediation to analyze and then value each claim or set of claims.

9. The Mediations were conducted over a four (4) month period (March, 2018 through June, 2018). The Mediations were completed and a report issued on July 20, 2018, with a brief supplement thereto provided on August 7, 2018 (collectively, the "Mediation Report").

10. The Insurers were provided the Mediation Report by the Trustee's counsel on August 3, 2018 and on August 7, 2018.

11. As soon as the case is reopened, the Trustee will file his Motion to compromise and settle claims (the "9019 Motion") as required by the TDPs (Exhibit 1).

**RELIEF REQUESTED**

12. By this Motion, the Trustee requests entry of an Order reopening this bankruptcy case for the limited purposes of allowing the Trustee to comply with the TDPs by filing the 9019 Motion and obtaining an Order (as set forth in the TDPs) that the tort claims are Allowed Claims

under the Plan for the full amount of the Mediator's determination, and any other relief incident thereto, so the Trustee can make his first distribution from the PVHC Trust to the tort claimants.

## ARGUMENT

13. Pursuant to Section 350(b) of the Bankruptcy Code, a case may be reopened to, inter alia, administer assets. Bankruptcy Code Section 350 provides that "[a] case may be reopened . . . to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. §350(b). See also, Fed. R. Bankr. P. 5010 ("A case may be reopened on motion of the debtor or other party in interest pursuant to §350(b) of the Code). "Party in interest" is broadly construed to enable creditors, as well as the court on its own motion, to reopen closed cases. See Donaldson v. Bernstein, 104 F.3d 547, 552 (3d Cir. 1997); In re Hutchinson, 5 F.3d 750, 756 (4th Cir. 1993). See also Zinchiak v. CIT, 406 F.3d 214, 223 (3d Cir. 2005) (stating that bankruptcy courts have broad discretion to reopen cases after an estate has been administered) (citing Judd v. Wolfe, 78 F.3d 110, 116 (3d Cir. 1996)); In re Becker's Motor Transp., Inc., 632 F.2d 242, 245 (3d Cir. 1980); In re Castillo, 297 F.3d 940, 945 (9th Cir. 2002); In re Woods, 173 F.3d 770, 778 (10th Cir. 1999). The court in In re Seven Fields Development Corp., 505 F.3d 237, 248 n 10 (3rd Cir. 2007), held that it is "within the bankruptcy judge's discretion to reopen the bankruptcy case sue sponte so that 'matters that have a significant connection with the administration of the case can be addressed.'"

14. The reopening of a case is dependent on the circumstances of the individual case, In re Mattera, 203 B.R. 565, 568 (Bankr. D.N.J. 1997), and the decision is left to the court's broad discretion. In re Strano, 248 B.R. 493, 498 (Bankr. D.N.J. 2000); Mattera, 203 B.R. at 568; In re Figlio, 193 B.R. 420, 424 (Bankr. D.N.J. 1996). The court may consider a number of factors including equitable concerns. Strano, 248 B.R. at 498; see also, Zinchiak 406 F.3d at 224

("It is well-recognized that a bankruptcy proceeding may be reopened to administer estate assets and to determine whether additional estate assets may be available for creditors of the estate.").

15. The decision to reopen a case for "other cause" rests within the discretion of the bankruptcy court. See Neville v. Harris, 192 B.R. 825, 829 (D. N.J. 1996). The court can "consider a number of factors including equitable concerns, which should be favored over technical matters." See Strano, 248 B.R. 493, 498 (Bankr. D. N.J. 2000) (citing In re Shondel, 950 F.2d 1301 (7th Cir. 1991)). The standards that the court applies when evaluating these factors are liberal and depend on the circumstances of the individual case. See In re Brennan, 71 B.R. 706 (E.D. Pa. 1997); In re REX, 217 B.R. 57 (Bankr. E.D. Pa. 1998); In re Mattera, 203 B.R. 565 (Bankr. D. N.J. 1997); In re Quackenbos, 71 B.R. 693 (Bankr. E.D. Pa. 1987); In re Skakalski, 67 B.R. 448 (Bankr. W.D. Pa. 1986). See also, Hawkins v. Landmark Finance Co., 727 F.2d 324, 326 (4th Cir. 1984) (noting that the policy underlying this approach is the bankruptcy court's equitable nature).

16. Courts have considered the following equitable factors in determining whether to reopen a case: (1) neglect or misconduct by a party in interest's counsel, (2) good faith and the absence of fraud by the party seeking to reopen the case, (3) a lack of harm or prejudice to the debtor from reopening the case, and (4) the bankruptcy court's position as the sole forum in which a matter can be equitably resolved. See Strano, 248 B.R. at 498 (citing In re Shondel, 950 F.2d at 1304).

17. A balancing of the relevant factors in this case strongly supports reopening the bankruptcy case for the limited purposes set forth herein. The first factor, neglect or misconduct by a party in interest's counsel, is inapplicable. The case was closed at the Reorganized Debtor's request and for good reason. Moreover, the need to reopen the case is required to complete the

contemplated claims reconciliation process and necessary to allow the Trustee to make distributions to the tort claimants.

18.    The Trustee has acted diligently and appropriately in the performance of his functions as set forth herein, and it would not have made practical or economic sense to keep the case open when it was unclear when the Mediations would be completed—in light of the substantial expense to do so.

19.    The second factor, good faith and the absence of fraud by the Trustee (the party seeking to reopen the case), also warrants reopening the case. The Trustee has demonstrated good faith in representing the interests of the tort claimants as set forth in the Plan Documents, but was also sensitive to the Reorganized Debtor's economic concerns about the survival of the hospital. There is no basis whatsoever for any party to assert any fraudulent or wrongful conduct in this matter, nor has any been alleged. In Shondel, the court held that good faith and lack of fraud or intentional design on the part of the movant creditor contributed to its decision to reopen the case. See Strano, 248 B.R. at 498 (citing In re Shondel, 950 F.2d at 1304). Accordingly, the second factor also weighs in favor of reopening the case.

20.    The third factor is lack of harm or prejudice to the Reorganized Debtor from reopening the case. In this case, the hospital will not be harmed or prejudiced by the reopening of the case, the reasons for doing so were always contemplated under the Plan Documents, and the Trustee did not stand in the way of the case being closed to begin with at the Reorganized Debtor's request (nor does the Reorganized Debtor oppose the relief sought as set forth herein).

21.    Courts have held that the lack of harm or prejudice to other parties also factors into the equitable consideration for reopening a case. See Strano, 248 B.R. at 498 (citing In re Stark, 717 F.2d 322, 323 (7th Cir. 1983) (holding that a debtor could reopen a case to include an

additional creditor, where the creditor is not harmed by the case)). There is no harm to any other party. Again, the proposed actions to be taken by the Trustee were contemplated (and in fact required) by the Plan Documents, including the TDPs. Therefore, the third factor also weighs in favor of reopening the case.

22. Finally, the fourth factor also warrants that the case be reopened because the Bankruptcy Court is the most appropriate forum to consider this matter. In Strano, the court looked at the discretionary abstention factors considered under § 1334(c)(1) in deciding whether or not to reopen the case under § 350(b). Strano, 248 B.R. at 504. Such factors include:

> (1) The court's duty to decide what is before it; (2) the effect on the efficient administration of the estate if the court abstains; (3) possibility of inconsistent results if the court abstains; (4) the waste of judicial resources; (5) the presence of difficult or unsettled areas of state law more properly addressed in a state forum; (6) considerations of comity; (7) prejudice to any non-debtor party from proceeding in federal court; (8) the extent to which state law issues predominate over bankruptcy issues; (9) the presence of related proceedings commenced in state court; (10) other jurisdictional basis; (11) how related the case is to the main bankruptcy case; (12) the substance of a "core" proceeding; (13) the feasibility of severing state law claims from the bankruptcy case; (14) the burdens to the court's docket; (15) the existence of a right to a jury trial; and (16) the presence of non debtor parties in the case.

See id. (citing Gibbons v. Stemcor USA, Inc. (In re Livingston & Co., Inc.), 186 B.R. 841, 861-62 (D.N.J. 1995)). Since the present case involves a core matter predominated by bankruptcy and was specifically contemplated to be handled by the Bankruptcy Court for which jurisdiction was reserved in the Plan, the Bankruptcy Court is the appropriate forum for this case.

23. Accordingly, the Trustee submits that the Bankruptcy Court is the appropriate (and Plan designated) forum for the 9019 Motion and related issues.

24. On information and belief, the Reorganized Debtor has no objection to reopening the case, as long as it has no affect on post-confirmation operations, nor expose it to any statutory fees under 28 U.S.C. § 1930 (which it will not). It is the Trustee's intention (and

agreement) to pay any filing fee to reopen the case, any statutory fees that are incurred during the time that it is open, and will keep the case open only for so long as necessary to take the necessary actions under the TDPs, after which time the case will be closed.[2]

## CONCLUSION

25. For the foregoing reasons, the Trustee respectfully requests the entry of an order reopening the case for the limited purposes set forth herein, and requests such other and further equitable relief as the Court deems just and appropriate.

Dated: August 14, 2018

Respectfully submitted,

SPENCER FANE LLP

/s/ Jamie N. Cotter
Scott J. Goldstein    MO #28698
Jamie N. Cotter    WY #74721
sgoldstein@spencerfane.com
jcotter@spencerfane.com
1000 Walnut, Suite 1400
Kansas City, MO 64106
(816) 474-8100
(816) 474-3216– Fax
TRUSTEE FOR POWELL VALLEY HEALTH
CARE, INC. PERSONAL INJURY TRUST

---

[2] As set forth in Local Rule 5010-1, the Trustee will serve a copy of the Motion on the 20 largest unsecured creditors and any party affected by the Motion.